**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__                District of    __New York__
                                              (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | All Year Holdings Limited |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 98-1220822 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 199 Lee Avenue, Suite 693 | 12 Spencer Street, 3rd Floor |
| Number  Street | Number  Street |
| | P.O. Box |
| Brooklyn  New York  11211 | Brooklyn  New York  11205 |
| City  State  ZIP Code | City  State  ZIP Code |
| Kings | **Location of principal assets, if different from principal place of business** |
| County | Number  Street |
| | City  State  ZIP Code |

5. **Debtor's website** (URL)    N/A

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    ☐ Railroad (as defined in 11 U.S.C. § 101(44))
    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    ☒ None of the above <u>Real Estate Holding Company</u>

B. *Check all that apply:*

    ☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
    ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
<u>5313 – Activities Related to Real Estate</u>

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |

    ☐ Chapter 7
    ☐ Chapter 9
    ☒ Chapter 11. *Check all that apply*:

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ A plan is being filed with this petition.

        ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No |
| | If more than 2 cases, attach a separate list. | ☐ Yes  District _____ When ____/____/_____ Case number _____ |
| | | District _____ When ____/____/_____ Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

| | | |
|---|---|---|
| Debtor | See Schedule 1 | Relationship | See Schedule 1 |
| District | Southern District of New York | When | See Schedule 1 |
| Case number, if known | See Schedule 1 | | MM / DD/ YYYY |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| Number | Street |
|---|---|
| City | State | ZIP Code |

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
Contact Name _____
Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☒ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

| 15. | **Estimated assets** (on a consolidated basis with all non-debtor subsidiaries) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|
| 16. | **Estimated liabilities** (on a consolidated basis with all non-debtor subsidiaries) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   December 14, 2021
              MM / DD/ YYYY

✗ _/s/ Assaf Ravid_____    Assaf Ravid
  Signature of authorized representative of debtor    Printed name

  Chief Executive Officer and Chief Restructuring Officer
  Title

**18. Signature of attorney**

✗ /s/ Gary T. Holtzer          Date  December 14, 2021
  Signature of attorney for debtor          MM / DD/ YYYY

  Gary T. Holtzer
  Printed Name

  Weil, Gotshal & Manges LLP
  Firm Name

  767 Fifth Avenue
  Address

  New York, New York 10153
  City/State/Zip

  (212) 310-8000
  Contact Phone

  gary.holtzer@weil.com
  Email Address

  2401859            New York
  Bar Number         State

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Parent Debtor
and Affiliates of the Parent Debtor**

On the date hereof, All Year Holdings Limited (the "**Parent Debtor**") filed a voluntary case for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). On February 22, 2021, Evergreen Gardens Mezz LLC ("**EGM**") filed a voluntary petition with the Bankruptcy Court for relief under chapter 11 of the Bankruptcy Code. On September 14, 2021, Evergreen Gardens I LLC ("**EG I**") and Evergreen Gardens II LLC ("**EG II**" and, together with EGM and EG I, the "**Evergreen Debtors**") each filed voluntary petitions with the Bankruptcy Court for relief under chapter 11 of the Bankruptcy Code. Each of the Evergreen Debtors is a wholly-owned, indirect subsidiary of the Parent Debtor. The Evergreen Debtors' chapter 11 cases are being jointly administered for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the lead case *In re Evergreen Gardens Mezz LLC,* Case No. 21-10335 (MG).

On November 5, 2021, the Bankruptcy Court entered an order [ECF No. 222] confirming the joint chapter 11 plan for the Evergreen Debtors [ECF No. 187] (the "**Evergreen Plan**"). The Evergreen Plan became effective and was substantially consummated on December 2, 2021.

**All Year Holdings Limited
Company Number 1841580
(Company)**

**Partial Minutes of a meeting of the directors**

| | |
|---|---|
| **Date** | Held on December 14, 2021 |
| **Place** | Via video conference |
| **Attendance** | Shaul Schneider, External Director |
| | Ayala Resnick-Dotan, Chairman |
| | Abe Wurzberger, Director |
| | Roni Kleinfeld, External Director |
| **Apologies** | Yoel Goldman, Director |

**1    Chairman**

Ayala Resnick-Dotan was appointed chairman of the meeting.

**2    Interests[1]**

(a) Each director noted that:

(i) The director has:

(A) given to each other director a general notice or notices of each person in which the director is to be regarded as interested and that each notice has been recorded in minutes or written resolutions of the directors; and

(B) no additional interest to declare;

(ii) under article 18.4 of the Company's articles of association of the Company, a director who has a *Personal Interest* in any *Transaction* in which the Company proposes to enter (each as defined in the Company's articles of association), may not be present during deliberations or vote on the approval of that Transaction unless the chairman determines that his attendance is required; and

---

[1] Directors to confirm and amend accordingly.

Legal – 20304893.1

(iii)   the Transaction does not fall within the ambit of article 18 (*Transaction with Officers, Directors and Controlling Shareholders*) of the Company's articles of association.

**3      Notice and quorum**

The Chairman noted that, in accordance with the Company's articles of association:

(a)   notice of the meeting had been given to each director entitled to receive it; and

(b)   a quorum was present comprising of directors entitled to be counted towards the quorum for, and to vote on, the transaction,

and accordingly, declared the meeting properly constituted.

**4      Transactions**

(a) The management of the Company explained that:

   (i)   after due consideration, the Board of Directors believes that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**US Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**US Bankruptcy Court**");

   (ii)  that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, shall hereby be retained as attorneys for the Company in the Chapter 11 Case (defined below), subject to US Bankruptcy Court approval;

(b) The management of the Company further explains:

   (i)   after due consideration, the Board of Directors believes that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that an application be filed by the Company seeking relief under the provisions of the Insolvency Act, 2003 (as amended) of the British Virgin Islands (the "**BVI Bankruptcy Code**") in the BVI Commercial Court (the "**BVI Court**"), including the appointment of a provisional liquidator;

   (ii)  that the law firm of Conyers Dill & Pearman, located at Commerce House, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands VG1110, shall hereby be retained as attorneys for the Company in the Insolvency Act Case (defined below), subject to BVI Court approval, as may be necessary;

**5      Documents**

5.1   The management of the Company noted that (among other things) the following documents (each, a **Document**) would be executed:

(i) All petitions, schedules, motions, lists, applications, pleadings, orders, and other papers in the US Bankruptcy Court and/or BVI Court, and, in connection therewith, to employ and retain all assistance by attorneys, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**") and Insolvency Act, 2003 (as amended) case (the "**Insolvency Act Case**"), including, without limitation, negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments in connection with the transactions and professional retentions set forth herein;

5.2 The management of the Company further explained that the Transaction did not constitute an *Extraordinary Transaction* under the Company's articles of association, and as a result, approval the Company's Audit Committee and the Company's sole shareholder is not required.

## 6 Corporate benefit

After considering the Transaction (as a whole), each director confirms that the director believes that it is in the best interests, and for a proper purpose of the Company to (i) approve the Transaction, (ii) enter into the Documents; and (iii) enter into the Documents and the transactions contemplated by each Document.

## 7 Authorisations

The majority of the directors authorised to vote resolved as follows:

### 7.1 Transaction

The Company's entry into the Transaction and the transactions contemplated by it are approved.

### 7.2 Documents and Consents

(a) Any Authorised Person is authorised to execute (under hand or seal or electronic means) and deliver each Document (and any ancillary or incidental agreements related thereto, as noted above) on behalf of the Company in the form the Authorised Person executing it thinks fit.

(b) Any Authorised Person is authorised to determine the provisional liquidator to be retained for the purposes of the application to the BVI Court.

### 7.3 Additional Documents

Any Authorised Person is authorised to prepare, approve, execute (under hand or seal or electronic means), give and/or deliver on behalf of the Company and the Borrowers (as applicable) any other document of any nature (each, an **Additional Document**), including, without limitation, any:

(a) notice, certificate, instruction, waiver or release;

(b) fee letter or engagement letter;

(c) letter of appointment for any agent (including any process agent), power of attorney or document which contains an appointment of an agent or a power of attorney; and

(d) document which supplements or amends (whether or not in any material way) any Document or any other Additional Document after that Document or other Additional Document has been executed,

that Authorised Person considers, and in any form that Authorised Person considers, to be necessary or desirable in connection with the Transaction, any Document or any transaction contemplated by any Document.

7.4 Delegation

Any Authorised Person is authorised to delegate in writing (by power of attorney, email or otherwise) any of the powers conferred on that Authorised Person by these resolutions to any person(s) and on any terms that Authorised Person thinks fit.

7.5 Further actions

Any Authorised Person is authorised to do (or cause to be done) all other acts and things that Authorised Person considers to be necessary or desirable in connection with the Transaction, any Document or any transaction contemplated by any Document.

7.6 Ratification

Any action taken by any attorney, director, officer, employee or agent of the Company in connection with the Transaction, any Document or any transaction contemplated by any Document, prior to these resolutions being passed is approved, ratified and confirmed in all respects as an act of the Company.

7.7 Interpretation

For the purposes of the above resolutions:

| | |
|---|---|
| **Authorised Person** | means Ephraim Diamond or Assaf Ravid. |
| **execute** | includes to apply any signature, seal or stamp to any document by electronic means. |

Each Authorised Person may exercise, or refrain from exercising, any right, power or discretion conferred on that Authorised Person by these resolutions in that Authorised Person's sole and absolute discretion.

8 **Closure**

Since there was no further business, the Chairman declared the meeting closed.

Signed as a correct record.

Chairman – Ayala Resnick-Dotan

**Fill in this information to identify the case:**

Debtor name: All Year Holdings Limited

United States Bankruptcy Court for the: Southern District of New York (State)

Case number (*If known*): 21-____ ( )

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.[1]

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | Mishmeret Trust Company Ltd. Of 48 Derech Menachem Begin Tel Aviv-Yafo, Israel 6618003 | Attn: Michael Friedman, Esq. Telephone: +1 212 655 2508 Fax: +1 212 697 7210 Email: friedman@chapman.com | Series D Debentures | | | | ILS 562,912,019 ($181,525,965) |
| 2. | Mishmeret Trust Company Ltd. Of 48 Derech Menachem Begin Tel Aviv-Yafo, Israel 6618003 | Attn: Michael Friedman, Esq. Telephone: +1 212 655 2508 Fax: +1 212 697 7210 Email: friedman@chapman.com | Series B Debentures | | | | ILS 440,161,597 ($141,941,824) |
| 3. | Mishmeret Trust Company Ltd. Of 48 Derech Menachem Begin Tel Aviv-Yafo, Israel 6618003 | Attn: Michael Friedman, Esq. Telephone: +1 212 655 2508 Fax: +1 212 697 7210 Email: friedman@chapman.com | Series E Debentures | | | | ILS 106,433,061[2] ($34,322,174) |
| 4. | Mishmeret Trust Company Ltd. Of 48 Derech Menachem Begin Tel Aviv-Yafo, Israel 6618003 | Attn: Michael Friedman, Esq. Telephone: +1 212 655 2508 Fax: +1 212 697 7210 Email: friedman@chapman.com | Series C Debentures | | | | ILS 641,606,871[3] ($206,903,215) |
| 5. | Downtown Capital Partners, LLC 360 Hamilton Avenue, Suite 1110 White Plains, New York 10601 | Attn.: Frank Reddick Phone: +1 310 728 3204 Fax: +1 310 229 1001 Email: freddick@akingump.com | Preferred Equity Guaranty | Contingent, Unliquidated, and Disputed | | | $56,900,000 |
| 6. | DCP Kings Point LLC 360 Hamilton Avenue, Suite 1110 White Plains, New York 10601 | Attn.: Frank Reddick Phone: +1 310 728 3204 Fax: +1 310 229 1001 Email: freddick@akingump.com | Mezzanine Loan Guaranty | Contingent, Unliquidated, and Disputed | | | $3,600,000 |

---

[1] Unsecured claim amounts for Mishmeret Trust Company Ltd. are as of December 13, 2021 and were converted from ILS to USD on the same date.

[2] Pursuant to the Evergreen Debtors' joint chapter 11 plan, which became effective and was substantially consummated on December 2, 2021, the holders of the allowed Series E Bond claims received a distribution from EG II on account of such allowed claims. The claim amount provided herein reflects the Series E Bondholders' deficiency claim against the Parent Debtor, as a co-obligor under the Series E Bonds. The Series E Bondholders, however, have indicated that they may assert a claim against the Parent Debtor for all principal and unpaid interest on the Series E Bonds.

[3] The Series C Debentures were secured by a mortgage delivered by a subsidiary of the Parent Debtor, which jointly owns a property located in Brooklyn, New York, known as the William Vale. The mortgage secured by the William Vale was made in favor of the Parent Debtor and further secured by a collateral assignment of such mortgage in favor of the Series C Debentures which was subsequently assigned in March, 2021 to Mishmeret Trust Company Ltd., as trustee for the Series C Debentures.

| Debtor | All Year Holdings Limited | | Case number (if known) | 21_____ ( ) |
|---|---|---|---|---|
| | Name | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7. | Taz Partners LLC<br>22 Pleasant Ridge Road<br>Spring Valley, New York 10977 | Attn: Ira Lipsius<br>Phone: +1 212 981 8442<br>Email: iral@lipsiuslaw.com | Confession of Judgment | Contingent, Unliquidated, and Disputed | | $37,870,000[4] |
| 8. | MREF REIT Lender 9 LLC<br>60 Columbus Circle, 20th Floor<br>New York, NY 10023 | Attn.: Kizzy L. Jarashow<br>Phone: +1 212 459 7338<br>Email: kjarashow@goodwinlaw.com | Claims Related to Mezzanine Loan | Contingent, Unliquidated, and Disputed | | Unknown |
| 9. | Blank Rome LLP<br>1271 Avenue of the Americas<br>New York, New York 10020 | Attn.: Stephen E. Tisman<br>Phone: +1 212 885 5581<br>Email: stisman@blankrome.com | Legal Fees | Unliquidated | | Unknown |

---

[4] Prior to the date hereof, a confession of judgment in favor of Taz Partners LLC was unilaterally entered into by the Sole Shareholder on behalf of the Parent Debtor. On December 9, 2021, a judgment in the amount of $37,870,000 in connection with that certain confession of judgment was entered by the clerk for the Kings County Supreme Court.

# LIST OF EQUITY HOLDERS[5]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of the equity security holders of All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**").

Check applicable box:

☐  There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Parent Debtor's equity interest.

☒  The following are the Parent Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Yoel Goldman<br>141 Skillman St<br>Brooklyn, NY 11205 | Common Equity | 100% |
| Assaf Ravid and Ephraim Diamond[6]<br>Chief Restructuring Officer and Associate Restructuring Officer,<br>All Year Holdings Limited<br>12 Spencer Street, 3rd Floor<br>Brooklyn, New York 11205 | Class A Equity | 100% |

---

[5]  This list serves as the required disclosure by the Parent Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Parent Debtor's chapter 11 case.

[6]  Mr. Yoel Goldman is the Parent Debtor's founder and sole economic shareholder. However, Mr. Assaf Ravid, as Chief Executive Officer and Chief Restructuring Officer, and Mr. Ephraim Diamond, as Associate Restructuring Officer, hold a Class A voting share (the "**Class A Share**"), which entitles them to vote on appointment or removal of the directors of the Parent Debtor, but confers no other voting rights. The voting rights are set to expire at 11:59 pm (Eastern Time) on January 4, 2022. The Class A share is entitled to $1.00 upon the liquidation of All Year Holdings but confers no right to participate in any dividend or other distribution of the Parent Debtor at any time.

**Fill in this information to identify the case:**

Debtor name: All Year Holdings Limited

United States Bankruptcy Court for the Southern District of New York
(State)

Case number (*If known*):    21-_____ ( )

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors            12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration  List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  December 14, 2021          X  /s/ Assaf Ravid
              MM / DD / YYYY               Signature of individual signing on behalf of debtor

                                           Assaf Ravid
                                           Printed name

                                           Chief Executive Officer and Chief Restructuring Officer
                                           Position or relationship to debtor