

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Gary T. Holtzer
+1 (212) 310-8463
gary.holtzer@weil.com

December 21, 2021

**Via Email and ECF**

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

*Re: In re All Year Holdings Limited, Chapter 11 Case No. 21-12051 (MG)*

Dear Judge Glenn:

We represent All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-referenced chapter 11 case (the "**Chapter 11 Case**"). We submit this letter in advance of the upcoming initial case conference before the Court scheduled for January 10, 2022, at 2:00 p.m. (Eastern Prevailing Time) and to advise the Court of certain actions taken by the Parent Debtor in the British Virgin Islands (the "**BVI**") to protect the Parent Debtor's assets and to preserve the integrity of its restructuring process. Specifically, the Parent Debtor determined it was necessary under the laws of the BVI, as the governing law of incorporation with respect of the Parent Debtor, to seek the appointment of joint provisional liquidators (the "**JPLs**") from the Eastern Caribbean Supreme Court in the BVI (the "**BVI Court**"). An order appointing the JPLs was made by the BVI Court on December 20, 2021.

Founded in 2014 as a BVI Company, the Parent Debtor operates as a holding company that, through its direct and indirect subsidiaries (the "**PropCos**"), focuses on the development, construction, acquisition, leasing and management of residential and commercial income producing properties in Brooklyn, New York. The Parent Debtor commenced its Chapter 11 Case on December 14, 2021.[1]

---

[1] On February 22, 2021, Evergreen Gardens Mezz LLC ("**EGM**") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. On September 14, 2021, Evergreen Gardens I LLC ("**EG I**") and Evergreen Gardens II LLC ("**EG II**", and together with EG I and EGM, the "**Evergreen Debtors**") each commenced a voluntary case with this Court under chapter 11 of the Bankruptcy Code. Each of the Evergreen Debtors is a wholly-owned, indirect subsidiary of the Parent Debtor. The joint chapter 11 plan for the Evergreen Debtors was confirmed by order of the Bankruptcy Court dated November 5, 2021. The Evergreen Debtors' chapter 11 plan became effective and was substantially consummated on December 2, 2021. The Parent Debtor's Chapter 11 Case is separately administered from the Evergreen Debtors' chapter 11 cases.

Weil, Gotshal & Manges LLP is a limited liability partnership of lawyers of other jurisdictions.

United States Bankruptcy Court Southern District of New York
December 21, 2021
Page 2

**Weil, Gotshal & Manges LLP**

  As set forth in the First Day Declaration,[2] the Parent Debtor became aware of a $37 million judgment entered against it in New York State Supreme Court on December 9, 2021, resulting from an outstanding confession of judgment that the sole economic shareholder, Mr. Yoel Goldman (the "**Sole Shareholder**"), unilaterally entered into on behalf of the Parent Debtor without consultation of the Parent Debtor's board of directors (the "**Board**"). The existence of this judgment posed a threat the judgment creditor could attach a lien on the Parent Debtor's assets, including its cash. The imposition of such a lien would divest the Parent Debtor of its ability to continue its ongoing operations and support the operations of the PropCos and precipitated the commencement of the Chapter 11 Case. Notably, the affidavit of confession of judgment against the Parent Debtor entered by the New York State Supreme Court states the Sole Shareholder had his signature acknowledged by a notary public on October 29, 2021, notwithstanding written restrictions limiting his ability to transact on behalf of and bind the Parent Debtor.

  Prior to the commencement of the Chapter 11 Case, the Parent Debtor issued a single Class A voting share (the "**Class A Share**") to the Chief Restructuring Officer and Associate Restructuring Officer on January 4, 2021, entitling them to vote on the appointment or removal of the directors of the Parent Debtor but conferring no other voting rights.[3] The Class A Share arrangement was put in place and agreed to as the Board and the Bondholders were concerned about the Sole Shareholder's decisions, actions, and priorities with respect to the Parent Debtor's operations and restructuring efforts. Following a number of agreed upon extensions with the Sole Shareholder, these voting rights were set to expire at 11:59 pm (British Virgin Islands Time) on January 4, 2022 unless the Sole Shareholder agreed to further amend the organizational documents of the Parent Debtor to extend the voting rights associated with the Class A Share. The expiration of these voting rights could have deprived the Parent Debtor, its bondholders, and other parties in interest of their ability to continue their discussions and finalize an exit transaction for the Parent Debtor.

  The Parent Debtor made bona fide attempts to seek an extension from the Sole Shareholder of the January 4 deadline. The Sole Shareholder, however, declined the Parent Debtor's requests to further extend the Class A Share arrangement absent the Parent Debtor agreeing in return to sell its interest in certain real estate holdings directly to the Sole Shareholder. The Parent Debtor believes the sale of that particular asset would have made it more difficult for the Parent Debtor to reach a restructuring agreement with all of its creditors and stakeholders.

  Further, during the course of these discussions it became apparent that absent a deal with the Sole Shareholder to extend the Class A Share, the Sole Shareholder intended to reassert control over the Parent Debtor's restructuring process. Based on his statements and prior history, the Board had a real and well-founded concern about the Sole Shareholder's questionable decision making and that his priorities were not aligned with the best interests of the Parent Debtor and its estate. The Parent Debtor also was mindful the commencement of the Chapter 11 Case and imposition of the automatic

---

[2] *See Declaration of Assaf Ravid Pursuant to Local Bankruptcy Rule 1007-2 in Support of All Year Holdings Limited's Chapter 11 Petition*, dated December 14, 2021 [ECF No. 4] (the "**First Day Declaration**").

[3] The Class A Share is entitled to $1.00 upon the liquidation of the Parent Debtor but confers no rights to participate in any dividend or other distribution of the Parent Debtor at any time. Separately, the Sole Shareholder was replaced as the managing member of certain of the PropCos and was removed as a signatory from all operating accounts of the Parent Debtor and the PropCos.

United States Bankruptcy Court Southern District of New York
December 21, 2021
Page 3

**Weil, Gotshal & Manges LLP**

stay, pursuant to section 362 of the Bankruptcy Code, may not preclude the Sole Shareholder from taking such actions to the detriment of the estate and its creditors.

In light of the impending expiration of the Class A Share and the Sole Shareholder's prior history, on December 16, 2021, the Parent Debtor determined it was necessary under the laws of the BVI, as the governing law of the Parent Debtor, to file an application with the BVI Court seeking the appointment of JPLs over the Parent Debtor under the applicable provisions of the BVI Insolvency Act, 2003 (the "**JPL Appointment**"). The JPL Appointment was sought with the consent and support of the bondholder trustee, on behalf of the Parent Debtor's Series B, C, D, and E bondholders. An order approving the appointment of Ms. Charlotte Caulfield and Mr. Paul Pretlove of Kalo Advisors, a Caribbean-based independent advisory firm, as the JPLs was made by Mr. Justice Jack on December 20, 2021 (the "**JPL Order**"). Given the commercially sensitive nature of the evidence filed in support of the JPL Application, the BVI Court file relating to the JPL Application and JPL Order has been sealed by the BVI Court, limiting public access to any documents on the BVI Court file. However, copies of the JPL Order will be provided on a confidential basis to the Court and the U.S. Trustee.

The purpose of the JPL Appointment and the provisional liquidation is to assist the Parent Debtor in its ongoing restructuring efforts and, in particular, to support the Chapter 11 Case. Pursuant to the JPL Appointment, the Board was divested of all of its powers and decisional authority over the Parent Debtor was transferred to the JPLs. To assist with the provisional liquidation, a protocol was agreed to, and made part of the JPL Order, pursuant to which the JPLs delegated certain powers to specified individuals – namely, Mr. Shaul Schneider (an external director of the Parent Debtor), Mr. Assaf Ravid (the Parent Debtor's Chief Executive Officer and Chief Restructuring Officer), Mr. Ephraim Diamond (the Parent Debtor's Associate Restructuring Officer), and Mr. Yizhar Shimoni (the Parent Debtor's Chief Financial Officer) – to empower them to maintain the Parent Debtor's operations, pursue the restructuring, and to continue to pursue and oversee the Chapter 11 Case. These individuals will continue to oversee the Parent Debtor's day-to-day operations and lead its ongoing restructuring efforts for the benefit of the estate and its creditors. The JPL Appointment will also facilitate the implementation of a transaction through the Chapter 11 Case and any chapter 11 plan.

As noted above, the appointment of the JPLs in the BVI was necessary, but does not alter the Parent Debtor's view of its prospects for reorganization or its approach to this Chapter 11 Case. The Parent Debtor remains focused on continuing its discussions with its Bondholders, finalizing its selection of an exit transaction, and promptly presenting to the Court a restructuring solution that maximizes value for its creditors and estate.

Respectfully submitted,


Gary T. Holtzer