Presentment Date and Time:  January 28, 2022 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline:  January 21, 2022 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objections Filed):  To Be Determined

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary Holtzer
Jacqueline Marcus
Matthew P. Goren

*Proposed Attorneys for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
                        :

In re                     :        **Chapter 11**

                         :

**ALL YEAR HOLDINGS LIMITED,**   :        **Case No. 21-12051 (MG)**

                         :

           **Debtor.[1]**        :

                         :

**Fed. Tax Id. No. 98-1220822**      :

-----------------------------------------------------------X

### NOTICE OF PRESENTMENT OF MOTION OF PARENT DEBTOR PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328 AND 330 FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

**PLEASE TAKE NOTICE** that All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), will present the annexed motion (the "**Motion**"),[2] pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order approving certain procedures (i) to retain and compensate those professionals that the Parent Debtor and its direct and indirect non-debtor subsidiaries employ in the ordinary course of business

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion.

(collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date, without (a) the submission of separate employment applications or (b) the issuance of separate retention orders for each individual Ordinary Course Professional, and (ii) to compensate and reimburse such Ordinary Course Professionals without individual fee applications, all as more fully set forth in the Motion, to the Honorable Martin Glenn, United States Bankruptcy Judge for the Southern District of New York, for signature on **January 28, 2022 at 10:00 a.m. (Prevailing Eastern Time)**.

> **PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with two single-sided hard copies delivered to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399, the Bankruptcy Rules, and the Local Bankruptcy Rules, so as to be filed and served upon (a) the proposed attorneys for the Parent Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq., Jacqueline Marcus, Esq., and Matthew P. Goren, Esq.); (b) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); and (c) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman & Cutler

LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); by no later than **January 21, 2022 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the above referenced Motion, the Parent Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed and served with respect to the Motion, a hearing (the "**Hearing**") will be held to consider the Motion before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, NY 10004-1408 on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE that, due to the COVID-19 pandemic, the Hearing, if held, will be conducted using Zoom for Government.  Parties should not appear in person and those wishing to appear or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to 4:00 p.m. (Prevailing Eastern Time) on the day prior to the Hearing.  Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at http://www.nysb.uscourts.gov/content/judge-martin-glenn.**

Dated: January 7, 2022
      New York, New York

           /s/ *Matthew P. Goren*
           WEIL GOTSHAL & MANGES LLP
           767 Fifth Avenue
           New York, New York 10153
           Telephone: (212) 310-8000
           Facsimile: (212) 310-8007
           Gary Holtzer
           Jacqueline Marcus
           Matthew P. Goren

           *Proposed Attorneys for the Parent Debtor*

Presentment Date and Time: January 28, 2022 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline:  January 21, 2022 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objections Filed):  To Be Determined

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Proposed Attorneys for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------X | : | |
| In re | : | **Chapter 11** |
| | : | |
| **ALL YEAR HOLDINGS LIMITED,** | : | **Case No. 21-12051 (MG)** |
| | : | |
| **Debtor.**[1] | : | |
| | : | |
| **Fed. Tax Id. No. 98-1220822** | : | |
| ------------------------------------------------------------X | | |

**MOTION OF PARENT DEBTOR PURSUANT**
**TO 11 U.S.C. §§ 105(a), 327, 328 AND 330 FOR AUTHORITY TO**
**EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

All Year Holdings Limited, as debtor and debtor in possession
(the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"),
respectfully represents as follows in support of this motion (the "**Motion**"):

**Relief Requested**

1. By this Motion, pursuant to sections 105(a), 327, 328, and 330 of title 11 of
the United States Code (the "**Bankruptcy Code**"), the Parent Debtor requests entry of an order

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

approving certain procedures (i) to retain and compensate those professionals that the Parent Debtor and its direct and indirect non-debtor subsidiaries (the "**PropCos**") employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date (as defined below), without (a) the submission of separate employment applications or (b) the issuance of separate retention orders for each individual Ordinary Course Professional, and (ii) to compensate and reimburse such Ordinary Course Professionals without individual fee applications.

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").  An initial list of Ordinary Course Professionals is attached to the Proposed Order as **Exhibit 1** (the "**OCP List**").

## Background

3.      On December 14, 2021 (the "**Petition Date**"), the Parent Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").[2]  The Parent Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in this Chapter 11 Case.

---

[2]     On February 22, 2021, Evergreen Gardens Mezz LLC (the "**Initial Debtor**") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  On September 14, 2021, Evergreen Gardens I LLC and Evergreen Gardens II LLC (the "**Subsidiary Debtors**" and, together with the Initial Debtor, the "**Evergreen Debtors**") commenced their own voluntary cases with the Court under chapter 11 of the Bankruptcy Code.  The Evergreen Debtors are each wholly-owned, indirect subsidiaries of the Parent Debtor.  The Evergreen Debtors' chapter 11 cases are being jointly administered for procedural purposes only under the lead case, *In re Evergreen Gardens Mezz LLC, et al.,* Case No., 21-10335 (MG).  On November 5, 2021, the Court entered an order confirming a joint chapter 11 plan for the Evergreen Debtors [ECF No. 222], which chapter 11 plan became effective and was substantially consummated on December 2, 2021.  The Parent Debtor's Chapter 11 Case is being separately administered from the Evergreen Debtors' chapter 11 cases.

4.      Information regarding the Parent Debtor's business, capital structure, and the circumstances leading to the commencement of this Chapter 11 Case is set forth in the *Declaration of Assaf Ravid Pursuant to Local Bankruptcy Rule 1007-2 in Support of All Year Holdings Limited's Chapter 11 Petition* [ECF No. 4] (the "**Ravid Declaration**").[3]

### Jurisdiction

5.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Proposed Procedures for
### Employment of Ordinary Course Professionals

6.      The Parent Debtor seeks to employ Ordinary Course Professionals to render professional services to the Parent Debtor and the PropCos through which the Parent Debtor owns and holds its various residential and commercial real property interests.  The Parent Debtor seeks to employ such Ordinary Course Professionals in the same manner and for the same or similar purposes as such professionals were retained prior to the Petition Date.  In the past, Ordinary Course Professionals have provided professional services to the Parent Debtor and the PropCos relating to corporate, M&A, litigation, and real estate matters, as well as other issues and matters that have a direct and significant impact on the Parent Debtor and the properties it owns, directly or indirectly, through the PropCos.

---

[3]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Ravid Declaration.

3

7.      To facilitate the efficient operation of the Parent Debtor's businesses, Ordinary Course Professionals performing services for the Parent Debtor and the PropCos were paid by the Parent Debtor—the ultimate beneficiary of those professional services.  It is essential that the employment of Ordinary Course Professionals, many of whom are familiar with the Parent Debtor's businesses, be continued to avoid disruption of the Parent Debtor's and the PropCos' operations and the cost, expense, and delay of securing replacement professionals.

8.      The Parent Debtor submits that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "**Procedures**") are in the best interests of its estate and creditors.  The relief requested will save the Parent Debtor the expense and time associated with applying separately to retain each Ordinary Course Professional and will avoid the incurrence of additional fees for the preparation and prosecution of interim and final fee applications during the Chapter 11 Case.

9.      The Parent Debtor proposes the following Procedures:

(a)     Pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, the Parent Debtor will be authorized to employ the Ordinary Course Professionals listed on **Exhibit 1** to the Proposed Order in accordance with the procedures set forth in the Proposed Order, effective as of the Petition Date.

(b)     Within thirty (30) days of the later of (i) the entry of an order granting this Motion and (ii) the date on which the Ordinary Course Professional commences services for the Parent Debtor or the PropCos, each Ordinary Course Professional will provide the following to the Parent Debtor's attorneys: (a) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed to the Proposed Order as **Exhibit 2** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Parent Debtor or its estate with respect to the matter(s) on which such professional is to be employed and (b) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed to the Proposed Order as **Exhibit 3**.

4

(c)      Upon receipt of the OCP Affidavit and Retention Questionnaire, the Parent Debtor will file the same with the Court and serve a copy upon: (a) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.) (the "**U.S. Trustee**"); (b) the attorneys for any statutory committee appointed in this Chapter 11 Case; and (c) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman & Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.) (collectively, the "**Reviewing Parties**").

(d)      The Reviewing Parties will have seven (7) days following the date of service to notify Parent Debtor's counsel, in writing, of any objection to the retention based on the contents of the OCP Affidavit and/or Retention Questionnaire (the "**Retention Objection Deadline**"). If no objection is filed and served before the Retention Objection Deadline, the retention and employment of such Ordinary Course Professional shall be deemed approved without further order of the Court.

(e)      If an objection is filed by the Retention Objection Deadline and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the matter will be set for hearing before the Court.

(f)      No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(g)      Once the Parent Debtor retains an Ordinary Course Professional in accordance with these Procedures, the Parent Debtor may pay such Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Parent Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Parent Debtor's right to dispute any such invoices); provided that the Ordinary Course Professional's total compensation and reimbursements will not exceed $50,000 for each month starting from the first full month following the Petition Date (the "**Monthly Cap**").

(h)      In the event that an Ordinary Course Professional seeks more than the Monthly Cap for any month during this Chapter 11 Case, such Ordinary Course Professional will file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and disbursements exceeded the Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local

5

Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), the *United States Trustee Fee Guidelines*, and all orders of the Court; <u>provided</u> that the Parent Debtor may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the amount of the Monthly Cap for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court.

(i)     Payment to any one Ordinary Course Professional will not exceed $150,000, for the entire period in which this Chapter 11 Case is pending, subject to further Order of the Court.  In the event that an Ordinary Course Professional's fees and expenses exceed $150,000 for the entire period in which this Chapter 11 Case is pending, such Ordinary Course Professional will be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

(j)     The Parent Debtor may seek to amend the compensation limitations set forth in the Proposed Order upon motion to the Court.

(k)     At three (3) month intervals during the pendency of the Chapter 11 Case (each, a "**Quarter**"), beginning with the Quarter ending March 31, 2022, the Parent Debtor will file with the Court and serve on the Reviewing Parties, no later than 30 days after such Quarter, a statement that will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) all postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional.

(l)     If the Parent Debtor seeks to retain an Ordinary Course Professional not already listed on **<u>Exhibit 1</u>** to the Proposed Order during this Chapter 11 Case, the Parent Debtor will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(m)    If no objection to the Supplemental Notice of Ordinary Course Professionals is filed with the Court and served upon the Parent Debtor's counsel, as set forth above, so as to be actually received within seven (7) days after the service thereof, the list will be deemed approved by the Court in accordance with the provisions of these Procedures and without the need for a hearing or further Court order.  Any Ordinary Course Professionals

6

retained pursuant to the Supplemental Notice of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

10.    The Parent Debtor reserves its right to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time to time as the need arises.

## Employment of Ordinary Course Professionals Should be Authorized

11.    A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate. As explained below, however, the Bankruptcy Code allows a debtor to retain professionals in the ordinary course of business when they are not representing or assisting the debtor in carrying out its duties under the Bankruptcy Code.  11 U.S.C. § 327(a).  The Parent Debtor submits that most, if not all, of the Ordinary Course Professionals subject to this Motion may be retained and paid by the Parent Debtor in the ordinary course of business, without Court approval.  To provide the Court and parties in interest an opportunity to object, and to provide assurance to Ordinary Course Professionals of the Parent Debtor's authority to compensate them for postpetition work, however, the Parent Debtor has proposed the Procedures set forth herein.

12.    Section 327(a) of the Bankruptcy Code provides as follows:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  Section 327(e) of the Bankruptcy Code further provides that, "with the court's approval," a debtor may employ

> for a specified special purpose, other than to represent the trustee in
> conducting the case, an attorney that has represented the debtor, if in the
> best interest of the estate, and if such attorney does not represent or hold
> any interest adverse to the debtor or to the estate with respect to the matter
> on which such attorney is to be employed.

*Id.* § 327(e).

13.     Section 330 of the Bankruptcy Code authorizes the court to award reasonable compensation for actual and necessary services rendered by retained professionals. 11 U.S.C. § 330.  Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing.  11 U.S.C. § 105(a).

14.     To the best of the Parent Debtor's knowledge and belief, none of the Ordinary Course Professionals either hold a prepetition claim against the Parent Debtor or have an interest materially adverse to the Parent Debtor, its creditors, or other parties in interest that should preclude such professionals from continuing to represent the Parent Debtor or the PropCos. Further, section 328(c) of the Bankruptcy Code excludes attorneys retained pursuant to section 327(e) from the requirement that such professional persons be "disinterested."  *Id.* § 328(c). Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

15.     In light of the additional costs associated with the preparation of employment applications for professionals that will receive relatively small fees, it is impractical and economically inefficient for the Parent Debtor to submit individual applications and proposed retention orders for each Ordinary Course Professional.  Accordingly, the Parent Debtor requests that the Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

8

16.     Other than the Ordinary Course Professionals, all professionals employed by the Parent Debtor to assist in the prosecution of this Chapter 11 Case will be retained by the Parent Debtor pursuant to separate retention applications.  Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules, and other orders of this Court.

17.     Based on the foregoing, the Parent Debtor submits that the requested relief is necessary and appropriate, is in the best interests of its estate, and should be granted in all respects.

### **Reservation of Rights**

18.     Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Parent Debtor, (b) a waiver of the Parent Debtor's or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Parent Debtor's rights to dispute such claim subsequently.

### **Notice**

19.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (ii) the Parent Debtor's top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman & Cutler LLP, 1270 Sixth Avenue,

New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron

Krieger, Esq.); (vi) the Ordinary Course Professionals; and (vii) all other persons and entities that

have requested service in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 (collectively,

the "**Notice Parties**").  The Parent Debtor respectfully submits that no further notice is required.

20.     No previous request for the relief sought herein has been made by the Parent

Debtor to this or any other Court.

WHEREFORE the Parent Debtor respectfully requests entry of the Proposed Order

granting the relief requested herein and such other and further relief as the Court may deem just

and appropriate.

Dated: January 7, 2022
      New York, New York

/s/ *Matthew P. Goren*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Proposed Attorneys for the Parent Debtor*

10

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                        :
In re                                   :    Chapter 11
                                        :
ALL YEAR HOLDINGS LIMITED,              :    Case No. 21-12051 (MG)
                                        :
              Debtor.[1]                :
                                        :
Fed. Tax Id. No. 98-1220822             :
------------------------------------------------------------X

## ORDER PURSUANT TO
## 11 U.S.C. §§ 105(a), 327, 328, AND 330 AUTHORIZING PARENT DEBTOR
## TO EMPLOY PROFESSIONALS USED IN ORDINARY COURSE OF BUSINESS

Upon the motion dated January 7, 2022 [ECF No. [●]](the "**Motion**")[2] of All Year

Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-

captioned chapter 11 case (the "**Chapter 11 Case**"), pursuant to sections 105(a), 327, 328, and

330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order approving

certain procedures (i) to retain and compensate those professionals that the Parent Debtor and its

direct and indirect non-debtor subsidiaries (the "**PropCos**") employ in the ordinary course of

business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date,

without (a) the submission of separate employment applications or (b) the issuance of separate

retention orders for each individual Ordinary Course Professional, and (ii) to compensate and

reimburse such Ordinary Course Professionals without individual fee applications, all as more

fully described in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]    Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion

having been given as provided in the Motion, and such notice having been adequate and

appropriate under the circumstances; and it appearing that no other or further notice need be

provided; and a hearing having been held to consider the relief requested in the Motion (the

**"Hearing"**); and upon the record of the Hearing and all of the proceedings had before the Court;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Parent Debtor, its estate, creditors, and all parties in interest, and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor,

#### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      The Parent Debtor is authorized, pursuant to sections 105(a), 327, 328, and

330 of the Bankruptcy Code, to employ the Ordinary Course Professionals listed on **Exhibit 1**

annexed hereto in accordance with the following procedures (the "**Procedures**"), effective as of

the Petition Date:

> (a)      Within thirty (30) days of the later of (i) this Order and (ii) the date on which the Ordinary Course Professional commences services for the Parent Debtor or the PropCo, each Ordinary Course Professional will provide the following to the Parent Debtor's attorneys: (a) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed hereto as **Exhibit 2** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Parent Debtor or its estate with respect to the matter(s) on which such professional is to be employed and (b) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto as **Exhibit 3**.

(b)     Upon receipt of the OCP Affidavit and Retention Questionnaire, the Parent Debtor will file the same with the Court and serve a copy upon: (i) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.) (the "**U.S. Trustee**"); (ii) the attorneys for any statutory committee appointed in this Chapter 11 Case; and (iii) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman & Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.) (collectively, the "**Reviewing Parties**").

(c)     The Reviewing Parties will have seven (7) days following the date of service to notify Parent Debtor's counsel, in writing, of any objection to the retention based on the contents of the OCP Affidavit and/or Retention Questionnaire (the "**Retention Objection Deadline**"). If no objection is filed and served before the Retention Objection Deadline, the retention and employment of such Ordinary Course Professional shall be deemed approved without further order of the Court.

(d)     If an objection is filed by the Retention Objection Deadline and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the matter will be set for hearing before the Court.

(e)     No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(f)     Once the Parent Debtor retains an Ordinary Course Professional in accordance with these Procedures, the Parent Debtor may pay such Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Parent Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Parent Debtor's right to dispute any such invoices); provided that the Ordinary Course Professional's total compensation and reimbursements will not exceed $50,000 for each month starting from the first full month following the Petition Date (the "**Monthly Cap**").

(g)     In the event that an Ordinary Course Professional seeks more than the Monthly Cap for any month during this Chapter 11 Case, such Ordinary Course Professional will file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and disbursements exceeded the Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local**

3

**Bankruptcy Rules**"), the *United States Trustee Fee Guidelines*, and all Orders of the Court; <u>provided</u> that the Parent Debtor may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the amount of the Monthly Cap for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court.

(h)    Payment to any one Ordinary Course Professional will not exceed $150,000 for the entire period in which this Chapter 11 Case is pending, subject to further Order of the Court.  In the event that an Ordinary Course Professional's fees and expenses exceed $150,000 for the entire period in which this Chapter 11 Case is pending, such Ordinary Course Professional will be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

(i)    The Parent Debtor may seek to amend the compensation limitations set forth in these Procedures upon motion to the Court.

(j)    At three (3) month intervals during the pendency of the Chapter 11 Case (each, a "**Quarter**"), beginning with the Quarter ending March 31, 2022, the Parent Debtor will file with the Court and serve on the Reviewing Parties, no later than 30 days after such Quarter, a statement that will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) all postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional.

(k)    If the Parent Debtor seeks to retain an Ordinary Course Professional not already listed on **<u>Exhibit 1</u>** to the during the Chapter 11 Case, the Parent Debtor will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(l)    If no objection to the Supplemental Notice of Ordinary Course Professionals is filed with the Court and served upon the Parent Debtor's counsel, as set forth above, so as to be actually received within seven (7) days after the service thereof, the list will be deemed approved by the Court in accordance with the provisions of these Procedures and without the need for a hearing or further Court order.  Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course

4

Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

3.    Entry of this Order and approval of the Procedures does not affect the Parent Debtor's ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Parent Debtor's rights are reserved with respect thereto.

4.    The form of OCP Affidavit and Retention Questionnaire are approved.

5.    The Parent Debtor is authorized to take all action necessary to the relief granted in this Order.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2022
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**List of Ordinary Course Professionals**

## List of Ordinary Course Professionals

| Professional | Address | Contact | Services Performed by Professional |
|---|---|---|---|
| Archer & Greiner PC | 1211 Avenue of the Americas, Suite 2750, New York, NY 10036 | Allen G. Kadish, Esq. akadish@archerlaw.com | Corporate & Litigation Legal Services |
| Bartov & Co. | HaArba'a Towers, South Tower, 34th fl., 30 HaArba'a Street, Tel Aviv 6473926 | Amir Bartov, Adv. bartov@shimonov.com | Corporate & Regulatory Legal Services |
| Koffsky Schwalb LLC | 500 Seventh Avenue, 8th Floor, New York, New York 10018 | Efrem Schwalb, Esq. eschwalb@koffskyschwalb.com | Corporate & Litigation Legal Services |
| Herrick, Feinstein LLP | Two Park Avenue, New York, New York 10018 | Avery S. Mehlman, Esq. amehlman@herrick.com | Litigation Legal Services |
| Conyers Dill & Pearman | Commerce House, Wickhams Cay 1, PO Box 3140, Road Town, Tortola, British Virgin Islands VG1110 | Richard Evans Richard.Evans@conyers.com | BVI Legal Services |

**<u>Exhibit 2</u>**

**Ordinary Course Professional Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11** |
|  | : |  |
| **ALL YEAR HOLDINGS LIMITED,** | : | **Case No. 21-12051 (MG)** |
|  | : |  |
| Debtor.[1] | : |  |
|  | : |  |
| Fed. Tax Id. No. 98-1220822 | : |  |

-----------------------------------------------------------------X

**AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,**

**ON BEHALF OF _____**

STATE OF _____    )
                                ) s.s.:
COUNTY OF _____  )


_____, being duly sworn, upon his oath, deposes and says as follows:

1.    I am a _____ of _____, located at _____ (the "**Firm**").

2.    All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**") have requested that the Firm provide _____ services to the Parent Debtor and/or its non-debtor direct and indirect subsidiaries (the "**PropCos**"), and the Firm has consented to provide such services (the "**Services**").

3.    The Services include, but are not limited to, the following:

_____

_____.

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

4.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the Chapter 11 Case, for persons that are parties in interest in the Parent Debtor's Chapter 11 Case.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Parent Debtor, or other parties in interest in the Chapter 11 Case. The Firm does not perform services for any such person in connection with this Chapter 11 Case. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Parent Debtor or its estate with respect to the matters on which the Firm is to be retained.

5.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Parent Debtor with any other person other than principals and regular employees of the Firm.

6.      Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Parent Debtor or its estate with respect to the matters on which the Firm is to be retained.

7.      As of the commencement of this Chapter 11 Case, the Parent Debtor owed the Firm $_____ in respect of prepetition services rendered to the Parent Debtor or the PropCos.

8.      The Firm is conducting further inquiries regarding its retention by any creditors of the Parent Debtor, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on _____, 2022, at _____.

_____
Affiant Name

SWORN TO AND SUBSCRIBED before
Me this ____ day of _____, 2022

_____
Notary Public

3

**Exhibit 3**

**Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                      :
In re                                                 :    **Chapter 11**
                                                      :
**ALL YEAR HOLDINGS LIMITED,**                        :    **Case No. 21-12051 (MG)**
                                                      :
                            **Debtor.[1]**            :
                                                      :
**Fed. Tax Id. No. 98-1220822**                       :
-------------------------------------------------------------X

<u>**RETENTION QUESTIONNAIRE**</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**").

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and Address of firm:

      _____

      _____

      _____

2.    Date of retention:  _____

3.    Type of services to be provided:

      _____

      _____

4.    Brief description of services to be provided to the Parent Debtor or PropCo:

      _____
      _____

      _____

5.    Arrangements for compensation (hourly, contingent, etc.):

      _____

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

     (a)     Average hourly rate (if applicable): _____

     (b)     Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

_____

6.     Prepetition claims against the Parent Debtor held by the firm:

Amount of claim: $ _____

Date claim arose: _____

Nature of claim: _____

7.     Prepetition claims against the Parent Debtor held individually by any member, associate, or professional employee of the firm:

Name: _____

Status: _____

Amount of claim: $_____

Date claim arose: _____

Nature of claim: _____

_____

_____

3

8.      Disclose the nature and provide a brief description of any interest adverse to the Parent
        Debtor or to its estate for the matters on which the company is to be employed:

_____

_____

_____

_____

9.      Name and title of individual completing this form:

_____

**Dated: _____, 2022**

4