**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                        :

**In re**                      :

                       :           **Chapter 11**

**ALL YEAR HOLDINGS LIMITED,**  :

                       :           **Case No. 21-12051 (MG)**

    **Debtor.**              :

                       :

                       :

------------------------------------------------------x

### ORDER APPROVING SETTLEMENT PROVIDING FOR RECAPITALIZATION OF ALL YEAR EQUITY PARTNERS LLC

Upon the motion, dated January 13, 2021 (ECF Doc. # 25) (the "**Motion**")[1] of All Year Holdings Ltd. as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Parent Debtor**"), pursuant to sections 105(a) and 363 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking approval of (i) the Recapitalization Agreement, (ii) the MIPA, and (iii) the Second A&R LLCA, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing on January 25, 2022 to

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of Ephraim

Diamond, sworn to on January 13, 2022 in support of the Motion; and upon the record of the

Hearing; and the Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and it appearing that the compromise and

settlement reflected in the Agreements is in the best interests of the Parent Debtor, its estate, its

creditors, and all parties in interest; and upon all of the proceedings had before the Court and after

due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted to the extent set forth herein.

2.      The Parent Debtor's entry into the Agreements, and any ancillary

agreements or documents required in connection therewith, is authorized and approved, pursuant

to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a).

3.      The Parent Debtor is authorized to take all actions necessary to effectuate

the Restructuring including, without limitation, executing the Agreements and related documents

on behalf of the non-debtor subsidiaries of the Parent Debtor, and all such actions are approved.

4.      The Agreements confer substantial benefits on the Parent Debtor's estate

by, among other things, providing for: (a) resolution of the disputes among the Parent Debtor, the

Company, the Preferred Investor, and DCP Kings, (b) the grant of releases to the Parent Debtor

that will materially reduce the claims against the Parent Debtor, (c) a modified Waterfall, as a

result of which the Parent Debtor may share in the certain proceeds of the sale of properties owned

by the Company's direct and indirect subsidiaries, and (d) the payment of $500,000 to Chester.

5.      Given the facts and circumstances of this case and the nature of the claims

and causes of action that may be asserted by the AY Releasing Parties against the Parent Debtor,

including but not limited to certain significant guarantee claims, and the defenses that may be asserted by the Parent Debtor in respect of any such claims or causes of action, the Releases by the Parent Debtor contained in the Recapitalization Agreement, including but not limited to the Parent Debtor's release of the Intercompany Receivables, are fair, reasonable and adequate, and in the best interests of the Parent Debtor's estate and its creditors, and represent a valid and proper exercise of the business judgment of the Parent Debtor.

6.      The compromise and settlement of claims set forth in the Recapitalization Agreement and the Second A&R LLCA substantially exceeds, from the Parent Debtor's perspective, the lowest point in the range of reasonable outcomes and the consideration provided by the Parent Debtor under the Recapitalization Agreement and the Second A&R LLCA, including the Parent Debtor's release of the Intercompany Receivables, therefore, satisfies the business judgment standard and constitutes a proper use of the Parent Debtor's property.

7.      In light of the facts and circumstances of this case, the consideration received by the Parent Debtor pursuant to the Recapitalization Agreement and, indirectly under the Second A&R LLCA, represents reasonably equivalent value for the claims against the AY Released Parties that the Parent Debtor is releasing, including the release of the Intercompany Receivables and the Parent Debtor's agreement to the modified Waterfall.

8.      The consideration provided by the Parent Debtor's estate under the MIPA, including the Parent Debtor's issuance of the Parent Indemnity, satisfies the business judgment standard and constitutes a proper use of the Parent Debtor's property.

9.      In light of the facts and circumstances of this case, the consideration received by the Parent Debtor pursuant to the MIPA, including but not limited to the $432,500 cash payment to Chester and the release of the Parent Debtor from its guarantee of the Chester

3

Loan, represents reasonably equivalent value for the transfer of Chester's equity interests in the

Greens.

          10.    The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  January 25, 2022
       New York, New York

                                      **/s/ Martin Glenn**
                                      MARTIN GLENN
                       United States Bankruptcy Judge