Presentment Date and Time: February 10, 2022 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline:  February 9, 2022 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objections Filed):  To Be Announced

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Proposed Attorneys for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                            :
**In re**                                                  :    **Chapter 11**
                                                            :
**ALL YEAR HOLDINGS LIMITED,**                             :    **Case No. 21-12051 (MG)**
                                                            :
**Debtor.**[1]                                             :
                                                            :
**Fed. Tax Id. No. 98-1220822**                            :
------------------------------------------------------------X

### NOTICE OF PRESENTMENT OF MOTION OF PARENT DEBTOR FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

      **PLEASE TAKE NOTICE** that All Year Holdings Limited, as debtor and debtor

in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case, will present the

annexed motion (the "**Motion**"),[2] pursuant to sections 331 and 105(a) of title 11 of the United

States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern

District of New York (the "**Local Bankruptcy Rules**"), to establish an orderly and regular process

for the monthly allowance and payment of compensation and reimbursement of expenses for

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion.

professionals whose services are authorized by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), all as more fully set forth in the Motion, to the Honorable Martin Glenn, United States Bankruptcy Judge for the Southern District of New York, for signature on **February 10, 2022 at 10:00 a.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules, shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with two single-sided hard copies delivered to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399, the Bankruptcy Rules, and the Local Bankruptcy Rules, so as to be filed and served upon (a) the attorneys for the Parent Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn:  Gary T. Holtzer, Esq., Jacqueline Marcus, Esq., and Matthew P. Goren, Esq.); (b) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); and (c) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.) by no later than **February 9, 2022 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

WEIL:\98456969\10\12817.0007

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the above-referenced Motion, the Parent Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed and served with respect to the Motion, a hearing (the "**Hearing**") will be held to consider the Motion before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, NY 10004-1408 on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default

.

*[Remainder of page intentionally left blank]*

3

**PLEASE TAKE FURTHER NOTICE** that, due to the COVID-19 pandemic, the Hearing, if held, will be conducted using Zoom for Government.  Parties should not appear in person and those wishing to appear or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to 4:00 p.m. (Prevailing Eastern Time) on the day before the Hearing.  Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at http://www.nysb.uscourts.gov/content/judge-martin-glenn.

Dated: January 27, 2022
       New York, New York

                                      /s/ Matthew P. Goren
                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York  10153
                                      Telephone:  (212) 310-8000
                                      Facsimile:  (212) 310-8007
                                      Gary T. Holtzer
                                      Jacqueline Marcus
                                      Matthew P. Goren

                                      *Proposed Attorneys for the Parent Debtor*

4

Presentment Date and Time: February 10, 2022 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: February 9, 2022 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objections Filed): To Be Announced

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Proposed Attorneys for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                          :
In re                                                     :        **Chapter 11**
                                                          :
**ALL YEAR HOLDINGS LIMITED,**                            :        **Case No. 21-12051 (MG)**
                                                          :
                    **Debtor.**[1]                        :
                                                          :
**Fed. Tax Id. No. 98-1220822**                           :
------------------------------------------------------------X

## MOTION OF PARENT DEBTOR FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), respectfully represents as follows in support of this motion (the "**Motion**"):

### Relief Requested

1. By this Motion, pursuant to sections 331 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

(the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Bankruptcy Rules**"), the Parent Debtor requests entry of an order establishing an orderly and regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 328, 330, and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) (collectively, the "**Retained Professionals**").

2.      The proposed Interim Compensation Procedures are in accordance with the standing General Order M-447 of the Bankruptcy Court for the Southern District of New York, dated January 29, 2013, Local Bankruptcy Rule 2016-1(c) establishing procedures for monthly compensation and reimbursement of expenses of professionals, and pursuant to sections 105(a) and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016(a).

3.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

5.      On December 14, 2021 (the "**Petition Date**"), the Parent Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Parent

2

Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this Chapter 11 Case.

6.      Information regarding the Parent Debtor's business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Case is set forth in the *Declaration of Asaf Ravid Pursuant to Local Bankruptcy Rule 1007-2 in Support of Subsidiary Parent Debtor's Chapter 11 Petitions and Related Relief* [ECF No. 4] and is incorporated herein by reference.

## Retention of Professionals

7.      The Parent Debtor believes that establishing orderly procedures to pay the Retained Professionals will streamline the administration of the Chapter 11 Case and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest. Specifically, a streamlined process for serving fee applications and notices thereof is in the best interest of the Parent Debtor, because it will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Parent Debtor unnecessary copying and mailing expenses.

## Proposed Compensation and Reimbursement Procedures

8.      The Parent Debtor proposes that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows:

(i)   On or before the **last day** of each month following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each Retained Professional seeking compensation shall file with the court and serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on the following parties (collectively, the "**Fee Notice Parties**"):

(a)   the Parent Debtor, All Year Holdings Limited, 199 Lee Avenue, Suite 693, Brooklyn, New York 11121 (Attn: Assaf Ravid, Chief Restructuring Officer, and Ephraim Diamond, Associate Restructuring Officer);

3

(b) the proposed attorneys for the Parent Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq., Jacqueline Marcus, Esq., and Matthew P. Goren, Esq.);

(c) the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Andrea Schwartz, Esq. and Shara Cornell, Esq.);

(d) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); and

(e) the attorneys for any statutory committees appointed in the Chapter 11 Case.

(ii) Courtesy Copies of Monthly Statements need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

(iii) Except as otherwise permitted in an order of the Court, each Monthly Statement shall contain a list of the individuals who provided services during the period covered by the Monthly Statement, their respective titles (e.g., attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013, or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "**Fee Guidelines**")), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour**.

(iv) Each Fee Notice Party shall have at least **fourteen (14) days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the fourteenth (14th) day (or the next business day if such day is not a business day) following the filing and service of the Monthly Statement (the "**Objection Deadline**"), serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other Fee Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

4

(v)     At the expiration of the Objection Deadline, the Parent Debtor shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (iv) above.

(vi)    If an Objection to a particular Monthly Statement is served, the Parent Debtor shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (v) above.

(vii)   If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Fee Notice Parties a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Parent Debtor shall promptly pay, in accordance with paragraph (v) above, that portion of the Monthly Statement that is no longer subject to the Objection.

(viii)  All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (x) below.

(ix)    The service of an Objection in accordance with paragraph (iv) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(x)     Commencing with the period ending April 30, 2022 and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **forty-five (45) days** after the end of the Interim Fee Period.  Each Retained Professional shall file its <u>first</u> Interim Fee Application on or before June 14, 2022 and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including April 30, 2022.  All professionals not retained as of the Petition Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Order.

(xi)    The Parent Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**"), which shall be scheduled no earlier than forty-five (45) days after the expiration of the forty-five (45) day period set forth in paragraph (x) above, unless otherwise agreed to by the Parent Debtor, any statutory committee of creditors, and

5

the U.S. Trustee.  At least **thirty (30) days** prior to the Interim Fee Hearing, the Parent Debtor's attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Parent Debtor's attorneys a fully executed copy with original signatures, along with service copies, three (3) business days before the filing deadline.  The Parent Debtor's attorneys shall file and serve such Interim Fee Application.

(xii)   Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall (a) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (b) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(xiii)  The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(xiv)   Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(xv)    The attorneys for any statutory committee appointed in the Chapter 11 Case may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such committee; *provided that* these reimbursement requests must comply with the Fee Guidelines.

### **Relief Requested Should Be Granted**

9.      Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one-hundred and twenty (120) days, or more often if the Court permits.  Section 331 of the Bankruptcy Code provides, in part, as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for

6

relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.  Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

10.    The proposed Interim Compensation Procedures will enable the Parent Debtor to closely monitor the costs of administration, forecast cash flows, and implement efficient cash management procedures.  They also will allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

11.    Based upon the foregoing, the Parent Debtor submits that the relief requested herein is essential, appropriate, and in the best interest of the Parent Debtor's estates, creditors, and all parties in interest, and, therefore should be granted in this Chapter 11 Case.

**<u>Notice</u>**

12.    Notice of this Motion will be provided to (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (ii) the Parent Debtor's top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); and (vi) all other persons and entities that have requested service in this Chapter 11 Case

7

pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").   The Parent Debtor

respectfully submits that no further notice is required.

13.     No previous request for the relief sought herein has been made by the Parent

Debtor to this or any other Court.

WEIL:\98456969\10\12817.0007

WHEREFORE the Parent Debtor respectfully requests entry of the Proposed Order

granting the relief requested herein and such other and further relief as the Court may deem just

and appropriate.

Dated: January 27, 2022
      New York, New York

                                      */s/ Matthew P. Goren*
                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York  10153
                                      Telephone:  (212) 310-8000
                                      Facsimile:  (212) 310-8007
                                      Gary T. Holtzer
                                      Jacqueline Marcus
                                      Matthew P. Goren


                                      *Proposed Attorneys for the Parent Debtor*

WEIL:\98456969\10\12817.0007

**Exhibit A**

**Proposed Order**

10

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Proposed Attorneys for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                           :
**In re**                                                  :    **Chapter 11**
                                                           :
**ALL YEAR HOLDINGS LIMITED,**                             :    **Case No. 21-12051 (MG)**
                                                           :
                    **Debtor.**[1]                          :
                                                           :
**Fed. Tax Id. No. 98-1220822**                            :
------------------------------------------------------------X

**ORDER ESTABLISHING PROCEDURES FOR INTERIM**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion dated January 27, 2022 [ECF No. [•]] (the "**Motion**")[2] of All Year

Holdings Limited as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned

chapter 11 case, pursuant to sections 331 and 105(a) of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York

(the "**Local Bankruptcy Rules**"), for entry of an order establishing an orderly and regular process

for the monthly allowance and payment of compensation and reimbursement of expenses (the

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms
in the Motion.

"**Interim Compensation Procedures**") for professionals whose services are authorized by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other notice need be provided; and the Court having reviewed the Motion; and upon the Ravid Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Parent Debtor, its estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals and members of any statutory committee of creditors may seek interim compensation and/or reimbursement of expenses in accordance with the following Interim Compensation Procedures.

(i) On or before the **last day** of each month following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each

2

Retained Professional seeking compensation shall file with the Court and serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on the following parties (collectively, the "**Fee Notice Parties**"):

> (a) the Parent Debtor All Year Holdings Limited, 199 Lee Avenue, Suite 693, Brooklyn, New York 11121 (Attn: Asaf Ravid, Chief Restructuring Officer, and Ephraim Diamond, Associate Restructuring Officer);
>
> (b) the proposed attorneys for the Parent Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq., Jacqueline Marcus, Esq., and Matthew P. Goren, Esq.);
>
> (c) the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Andrea Schwartz, Esq. and Shara Cornell, Esq.);
>
> (d) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); and
>
> (e) the attorneys for any statutory committees appointed in this Chapter 11 Case.

(ii) Courtesy copies of Monthly Statements need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

(iii) Except as otherwise permitted in an order of the Court, each Monthly Statement shall contain a list of the individuals who provided services during the period covered by the Monthly Statement, their respective titles (e.g., attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013, or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "**Fee Guidelines**")), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour**.

(iv) Each Fee Notice Party shall have at least **fourteen (14) days** after receipt of a Monthly Statement to review it and, if such party has an objection to the

3

compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the fourteenth (14th) day (or the next business day if such day is not a business day) following the filing and service of the Monthly Statement (the "**Objection Deadline**"), serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other Fee Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(v)    At the expiration of the Objection Deadline, the Parent Debtor shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (iv) above.

(vi)    If an Objection to a particular Monthly Statement is served, the Parent Debtor shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (v) above.

(vii)    If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Fee Notice Parties a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Parent Debtor shall promptly pay, in accordance with paragraph (v) above, that portion of the Monthly Statement that is no longer subject to the Objection.

(viii)    All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (x) below.

(ix)    The service of an Objection in accordance with paragraph (iv) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(x)    Commencing with the period ending April 30, 2022 and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **forty-five (45) days** after the end of the Interim Fee Period.  Each Retained Professional shall file its <u>first</u> Interim Fee Application on or before June 24, 2022 and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including April 30, 2022. All professionals not retained as of the Petition Date shall file their first Monthly Statement for the period from the effective date of their

4

retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Order.

(xi)  The Parent Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**"), which shall be scheduled no earlier than forty-five (45) days after the expiration of the forty-five (45) day period set forth in paragraph (x) above, unless otherwise agreed to by the Parent Debtor, any statutory committee of creditors, and the U.S. Trustee.  At least **thirty (30) days** prior to the Interim Fee Hearing, the Parent Debtor's attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Parent Debtor's attorneys a fully executed copy with original signatures, along with service copies, three (3) business days before the filing deadline.  The Parent Debtor's attorneys shall file and serve such Interim Fee Application.

(xii)  Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall (a) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (b) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(xiii)  The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(xiv)  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(xv)  The attorneys for any statutory committee appointed in the Chapter 11 Case may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such committee; *provided that* these reimbursement requests must comply with the Fee Guidelines.

3.    The Parent Debtor shall include all payments to Retained Professionals on its monthly operating reports, detailed so as to state the amount paid to each Retained Professional.

WEIL:\98456969\10\12817.0007

4.      Any party may object to requests for payments made pursuant to this Order on the grounds that the Parent Debtor has not timely filed monthly operating reports, remained current with its administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case.

5.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.      The Parent Debtor shall serve a copy of this Order on each of the Retained Professionals.

7.      Notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Fee Notice Parties and any party who files a notice of appearance and requests notice in the Chapter 11 Case.

8.      Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

[*Remainder of page intentionally left blank*]

6

9.      The Parent Debtor is authorized to take all action necessary to effectuate the

relief granted in this Order.

10.     The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation and/or enforcement of this Order.


Dated: _____, 2022
      New York, New York


                         _____
                         HONORABLE MARTIN GLENN
                         UNITED STATES BANKRUPTCY JUDGE

WEIL:\98456969\10\12817.0007