UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
: 
In re : Chapter 11
:
ALL YEAR HOLDINGS LIMITED, : Case No. 21-12051 (MG)
:
Debtor.[1] :
:
Fed. Tax Id. No. 98-1220822 :
----------------------------------------------------------------X

**ORDER PURSUANT TO
11 U.S.C. §§ 105(a), 327, 328, AND 330 AUTHORIZING PARENT DEBTOR
TO EMPLOY PROFESSIONALS USED IN ORDINARY COURSE OF BUSINESS**

Upon the motion dated January 7, 2022 [ECF Doc. # 21] (the "**Motion**")[2] of All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order approving certain procedures (i) to retain and compensate those professionals that the Parent Debtor and its direct and indirect non-debtor subsidiaries (the "**PropCos**") employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date, without (a) the submission of separate employment applications or (b) the issuance of separate retention orders for each individual Ordinary Course Professional, and (ii) to compensate and reimburse such Ordinary Course Professionals without individual fee applications, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Parent Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

2. The Parent Debtor is authorized, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to employ the Ordinary Course Professionals listed on **Exhibit 1** annexed hereto in accordance with the following procedures (the "**Procedures**"), effective as of the Petition Date:

   (a) Within thirty (30) days of the later of (i) this Order and (ii) the date on which the Ordinary Course Professional commences services for the Parent Debtor or the PropCo, each Ordinary Course Professional will provide the following to the Parent Debtor's attorneys: (a) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed hereto as **Exhibit 2** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Parent Debtor or its estate with respect to the matter(s) on which such professional is to be employed and (b) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto as **Exhibit 3**.

   (b) Upon receipt of the OCP Affidavit and Retention Questionnaire, the Parent Debtor will file the same with the Court and serve a copy upon: (i) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.) (the "**U.S. Trustee**"); (ii) the attorneys for any statutory

|     |     |
| --- | --- |
|     | committee appointed in this Chapter 11 Case; and (iii) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman & Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.) (collectively, the "**Reviewing Parties**"). |
| (c) | The Reviewing Parties will have seven (7) days following the date of service to notify Parent Debtor's counsel, in writing, of any objection to the retention based on the contents of the OCP Affidavit and/or Retention Questionnaire (the "**Retention Objection Deadline**"). If no objection is filed and served before the Retention Objection Deadline, the retention and employment of such Ordinary Course Professional shall be deemed approved without further order of the Court. |
| (d) | If an objection is filed by the Retention Objection Deadline and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the matter will be set for hearing before the Court. |
| (e) | No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures. |
| (f) | Once the Parent Debtor retains an Ordinary Course Professional in accordance with these Procedures, the Parent Debtor may pay such Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Parent Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Parent Debtor's right to dispute any such invoices); <u>provided</u> that the Ordinary Course Professional's total compensation and reimbursements will not exceed $50,000 for each month starting from the first full month following the Petition Date (the "**Monthly Cap**"). |
| (g) | In the event that an Ordinary Course Professional seeks more than the Monthly Cap for any month during this Chapter 11 Case, such Ordinary Course Professional will file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and disbursements exceeded the Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), the *United States Trustee Fee Guidelines*, and all Orders of the Court; <u>provided</u> that the Parent Debtor may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the amount of the Monthly Cap for each month so long |

3

as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court.

(h) Payment to any one Ordinary Course Professional will not exceed $150,000 for the entire period in which this Chapter 11 Case is pending, subject to further Order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed $150,000 for the entire period in which this Chapter 11 Case is pending, such Ordinary Course Professional will be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

(i) The Parent Debtor may seek to amend the compensation limitations set forth in these Procedures upon motion to the Court.

(j) At three (3) month intervals during the pendency of the Chapter 11 Case (each, a "**Quarter**"), beginning with the Quarter ending March 31, 2022, the Parent Debtor will file with the Court and serve on the Reviewing Parties, no later than 30 days after such Quarter, a statement that will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) all postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional.

(k) If the Parent Debtor seeks to retain an Ordinary Course Professional not already listed on **Exhibit 1** to the during the Chapter 11 Case, the Parent Debtor will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(l) If no objection to the Supplemental Notice of Ordinary Course Professionals is filed with the Court and served upon the Parent Debtor's counsel, as set forth above, so as to be actually received within seven (7) days after the service thereof, the list will be deemed approved by the Court in accordance with the provisions of these Procedures and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

3. Entry of this Order and approval of the Procedures does not affect the Parent Debtor's ability to (i) dispute any invoice submitted by an Ordinary Course Professional or

4

(ii) retain additional Ordinary Course Professionals from time to time as needed, and the Parent Debtor's rights are reserved with respect thereto.

        4.        The form of OCP Affidavit and Retention Questionnaire are approved.

        5.        The Parent Debtor is authorized to take all action necessary to the relief granted in this Order.

        6.        This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  February 1, 2022
          New York, New York

                                              **_/s/ Martin Glenn_**
                                                MARTIN GLENN
                                                United States Bankruptcy Judge

# Exhibit 1

**List of Ordinary Course Professionals**

**List of Ordinary Course Professionals**

| Professional | Address | Contact | Services Performed by Professional |
|---|---|---|---|
| Archer & Greiner PC | 1211 Avenue of the Americas, Suite 2750, New York, NY 10036 | Allen G. Kadish, Esq. akadish@archerlaw.com | Corporate & Litigation Legal Services |
| Bartov & Co. | HaArba'a Towers, South Tower, 34th fl., 30 HaArba'a Street, Tel Aviv 6473926 | Amir Bartov, Adv. bartov@shimonov.com | Corporate & Regulatory Legal Services |
| Koffsky Schwalb LLC | 500 Seventh Avenue, 8th Floor, New York, New York  10018 | Efrem Schwalb, Esq. eschwalb@koffskyschwalb.com | Corporate & Litigation Legal Services |
| Conyers Dill & Pearman | Commerce House, Wickhams Cay 1, PO Box 3140, Road Town, Tortola, British Virgin Islands VG1110 | Richard Evans Richard.Evans@conyers.com | BVI Bankruptcy Legal Services |

**Exhibit 2**

**Ordinary Course Professional Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                            :
In re                                                       :    Chapter 11
                                                            :
**ALL YEAR HOLDINGS LIMITED,**                              :    Case No. 21-12051 (MG)
                                                            :
          Debtor.[1]                                        :
                                                            :
**Fed. Tax Id. No. 98-1220822**                             :
------------------------------------------------------------X

**AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,**

**ON BEHALF OF _____**

STATE OF _____    )
                       ) s.s.:
COUNTY OF _____  )

_____, being duly sworn, upon his oath, deposes and says as follows:

1. I am a _____ of _____, located at _____ (the "**Firm**").

2. All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**") have requested that the Firm provide _____ services to the Parent Debtor and/or its non-debtor direct and indirect subsidiaries (the "**PropCos**"), and the Firm has consented to provide such services (the "**Services**").

3. The Services include, but are not limited to, the following:

_____

_____.

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

4.     The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the Chapter 11 Case, for persons that are parties in interest in the Parent Debtor's Chapter 11 Case.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Parent Debtor, or other parties in interest in the Chapter 11 Case. The Firm does not perform services for any such person in connection with this Chapter 11 Case. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Parent Debtor or its estate with respect to the matters on which the Firm is to be retained.

5.     Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Parent Debtor with any other person other than principals and regular employees of the Firm.

6.     Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Parent Debtor or its estate with respect to the matters on which the Firm is to be retained.

7.     As of the commencement of this Chapter 11 Case, the Parent Debtor owed the Firm $_____ in respect of prepetition services rendered to the Parent Debtor or the PropCos.

8.     The Firm is conducting further inquiries regarding its retention by any creditors of the Parent Debtor, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

3

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on _____, 2022, at _____.

_____
Affiant Name

SWORN TO AND SUBSCRIBED before
Me this ___ day of _____, 2022

_____
Notary Public

# Exhibit 3

**Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 |
| **ALL YEAR HOLDINGS LIMITED,** | Case No. 21-12051 (MG) |
| Debtor.[1] |  |
| Fed. Tax Id. No. 98-1220822 |  |

**RETENTION QUESTIONNAIRE**

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**").

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and Address of firm:
   _____
   _____
   _____

2. Date of retention: _____

3. Type of services to be provided:
   _____
   _____

4. Brief description of services to be provided to the Parent Debtor or PropCo:
   _____
   _____
   _____

5. Arrangements for compensation (hourly, contingent, etc.):
   _____

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

     (a)    Average hourly rate (if applicable): _____

     (b)    Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):
_____

6. Prepetition claims against the Parent Debtor held by the firm:

    Amount of claim: $ _____

    Date claim arose: _____

    Nature of claim: _____

7. Prepetition claims against the Parent Debtor held individually by any member, associate, or professional employee of the firm:

    Name: _____

    Status: _____

    Amount of claim: $_____

    Date claim arose: _____

    Nature of claim: _____

    _____

    _____

8. Disclose the nature and provide a brief description of any interest adverse to the Parent Debtor or to its estate for the matters on which the company is to be employed:

_____

_____

_____

_____

9. Name and title of individual completing this form:

_____

**Dated: _____, 2022**

3