UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
: 
In re                                                              :     Chapter 11
                                                                       :
ALL YEAR HOLDINGS LIMITED,               :     Case No. 21-12051 (MG)
                                                                       :
            Debtor.[1]                                           :
                                                                       :
Fed. Tax Id. No. 98-1220822                      :
-------------------------------------------------------------X

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion dated January 27, 2022 (ECF Doc. # 39) (the "**Motion**")[2] of All Year Holdings Limited as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case, pursuant to sections 331 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order establishing an orderly and regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing

---

[1]     The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]     Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other notice need be provided; and the Court having reviewed the Motion; and upon the Ravid Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Parent Debtor, its estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals and members of any statutory committee of creditors may seek interim compensation and/or reimbursement of expenses in accordance with the following Interim Compensation Procedures.

   (i) On or before the **last day** of each month following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each Retained Professional seeking compensation shall file with the Court and serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on the following parties (collectively, the "**Fee Notice Parties**"):

      (a) the Parent Debtor All Year Holdings Limited, 199 Lee Avenue, Suite 693, Brooklyn, New York 11121 (Attn: Asaf Ravid, Chief Restructuring Officer, and Ephraim Diamond, Associate Restructuring Officer);

      (b) the proposed attorneys for the Parent Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:

     Gary T. Holtzer, Esq., Jacqueline Marcus, Esq., and Matthew P. Goren, Esq.);

  (c) the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Andrea Schwartz, Esq. and Shara Cornell, Esq.);

  (d) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); and

  (e) the attorneys for any statutory committees appointed in this Chapter 11 Case.

(ii) Courtesy copies of Monthly Statements need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

(iii) Except as otherwise permitted in an order of the Court, each Monthly Statement shall contain a list of the individuals who provided services during the period covered by the Monthly Statement, their respective titles (e.g., attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013, or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "**Fee Guidelines**")), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour**.

(iv) Each Fee Notice Party shall have at least **fourteen (14) days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the fourteenth (14th) day (or the next business day if such day is not a business day) following the filing and service of the Monthly Statement (the "**Objection Deadline**"), serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other Fee Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

3

   (v)    At the expiration of the Objection Deadline, the Parent Debtor shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (iv) above.

  (vi)    If an Objection to a particular Monthly Statement is served, the Parent Debtor shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (v) above.

 (vii)    If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Fee Notice Parties a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Parent Debtor shall promptly pay, in accordance with paragraph (v) above, that portion of the Monthly Statement that is no longer subject to the Objection.

(viii)    All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (x) below.

 (ix)    The service of an Objection in accordance with paragraph (iv) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

  (x)    Commencing with the period ending April 30, 2022 and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **forty-five (45) days** after the end of the Interim Fee Period.  Each Retained Professional shall file its <u>first</u> Interim Fee Application on or before June 24, 2022 and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including April 30, 2022.  All professionals not retained as of the Petition Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Order.

 (xi)    The Parent Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**"), which shall be scheduled no earlier than forty-five (45) days after the expiration of the forty-five (45) day period set forth in paragraph (x) above, unless otherwise agreed to by the Parent Debtor, any statutory committee of creditors, and

4

the U.S. Trustee. At least **thirty (30) days** prior to the Interim Fee Hearing, the Parent Debtor's attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline. Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Parent Debtor's attorneys a fully executed copy with original signatures, along with service copies, three (3) business days before the filing deadline. The Parent Debtor's attorneys shall file and serve such Interim Fee Application.

(xii) Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall (a) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (b) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(xiii) The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(xiv) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(xv) The attorneys for any statutory committee appointed in the Chapter 11 Case may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such committee; *provided that* these reimbursement requests must comply with the Fee Guidelines.

3. The Parent Debtor shall include all payments to Retained Professionals on its monthly operating reports, detailed so as to state the amount paid to each Retained Professional.

4. Any party may object to requests for payments made pursuant to this Order on the grounds that the Parent Debtor has not timely filed monthly operating reports, remained current with its administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Parent Debtor shall serve a copy of this Order on each of the Retained Professionals.

7. Notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Fee Notice Parties and any party who files a notice of appearance and requests notice in the Chapter 11 Case.

8. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

9. The Parent Debtor is authorized to take all action necessary to effectuate the relief granted in this Order.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**IT IS SO ORDERED.**

Dated: February 10, 2022
       New York, New York

                                                   **/s/ Martin Glenn**
                                                   MARTIN GLENN
                                        United States Bankruptcy Judge