WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Proposed Attorneys for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
In re                                                                    :    Chapter 11
:
ALL YEAR HOLDINGS LIMITED,               :    Case No. 21-12051 (MG)
:
Debtor.[1]                                                         :
:
Fed. Tax Id. No. 98-1220822                          :
------------------------------------------------------------X

**SUPPLEMENTAL DECLARATION OF MATTHEW P. GOREN IN SUPPORT OF THE APPLICATION OF THE PARENT DEBTOR PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016, AND L.B.R. 2014-1 AND 2016-1 FOR AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE PARENT DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

I, Matthew P. Goren, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

**BACKGROUND**

1. I am a member of the firm of Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New York 10153 and regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston,

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

Massachusetts; Princeton, New Jersey; Redwood Shores, California; and foreign offices in London, United Kingdom; Frankfurt and Munich, Germany; Paris, France; and Beijing, Hong Kong and Shanghai, China.

2. This declaration (the "**Supplemental Declaration**") supplements my prior declaration, dated January 5, 2022 [ECF No. 17, Ex. B] (the "**Prior Declaration**"),[2] and is filed in further support of the Application, dated January 5, 2022 [ECF No. 18] (the "**Application**"), of All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), for authority to retain and employ Weil as its attorneys in the Chapter 11 Case *nunc pro tunc* to December 14, 2021 (the "**Petition Date**"). I have personal knowledge of the facts set forth herein.

**Weil's Engagement by All Year and
the Appointment of the Joint Provisional Liquidators**

3. Weil was retained by the Parent Debtor and its direct and indirect subsidiaries (collectively, "**All Year**") to advise on potential restructuring alternatives related to All Year's and the Parent Debtor's outstanding funded debt obligations. Weil's engagement was approved by the Parent Debtor's board of directors (the "**Board**") at a meeting held on December 31, 2020. In addition, the Board's resolution authorizing the commencement of the Chapter 11 Case approved Weil's retention as attorneys for the Parent Debtor in its Chapter 11 Case [ECF No. 1].

4. As set forth in my Prior Declaration, on December 16, 2021, the Parent Debtor filed an application with the Eastern Caribbean Supreme Court in the British Virgin Islands (the "**BVI**") seeking the appointment of joint provisional liquidators (the "**JPLs**" and the appointment thereof, the "**JPL Appointment**") over the Parent Debtor to assist the Parent Debtor in its ongoing

---

[2] Capitalized terms used but not otherwise defined herein have the respective meanings ascribed to such terms in the Prior Declaration.

2

restructuring efforts and, in particular, to support the Chapter 11 Case. An order approving the appointment of Ms. Charlotte Caulfield and Mr. Paul Pretlove of Kalo (BVI) Limited, a Caribbean-based independent advisory firm, as the JPLs was entered by the BVI Court on December 20, 2021 (the "**JPL Order**"). The BVI Court file relating to the JPL Appointment has been sealed by order of the BVI Court.

5. Pursuant to the JPL Appointment, the Board was divested of all of its powers and decisional authority over the Parent Debtor was transferred to the JPLs. In accordance with the JPL Order, the JPLs have been vested with the exclusive authority to, among other things: (a) conduct the Chapter 11 Case on behalf of the Parent Debtor, (b) appoint attorneys and professional advisors, whether in the BVI, United States, Israel or elsewhere, as they may consider necessary to advise and assist them in the performance of their duties, and (c) to take all acts and execute all documents in the name and on behalf of the Parent Debtor in furtherance of the restructuring.

6. To assist with the provisional liquidation, a protocol was agreed to and made part of the JPL Order (the "**JPL Protocol**"), pursuant to which the JPLs delegated certain powers to specified individuals to maintain the Parent Debtor's operations, pursue the restructuring, and to continue to pursue and oversee the Chapter 11 Case. These specific individuals (each an "**Authorized Manager**") are: (i) Mr. Shaul Schneider (an external director of the Parent Debtor), (ii) Mr. Assaf Ravid (the Parent Debtor's Chief Executive Officer and Chief Restructuring Officer), (iii) Mr. Ephraim Diamond (the Parent Debtor's Associate Restructuring Officer), and (iv) Mr. Yizhar Shimoni (the Parent Debtor's Chief Financial Officer).

7. Although Weil's engagement of the Parent Debtor was originally approved by the Board, in accordance with the JPL Protocol, Weil will continue to act on behalf of the Parent Debtor in the Chapter 11 Case. As the power and authority of the Board has vested in the JPLs

3

pursuant to the JPL Order, Weil will take its instruction from the JPLs during the Chapter 11 Case as well as from the Authorized Managers, subject to the JPLs' oversight and monitoring.

8.  To the best of my knowledge and belief, as of the date of this Supplemental Declaration, the JPLs have not retained separate legal counsel to represent them in their capacities as joint provisional liquidators of the Parent Debtor.

**Weil's Representation of All Year and its Other Debtor and Non-Debtor Subsidiaries**

9.  As set forth above, Weil was retained prior to the Petition Date by the Parent Debtor and its direct and indirect subsidiaries to advise on potential restructuring alternatives. As wholly-owned subsidiaries of the Parent Debtor, Weil also represents Evergreen Gardens Mezz LLC, Evergreen Gardens I LLC, Evergreen Gardens II LLC (collectively, the "**Evergreen Debtors**"), each of which was previously a debtor in its own chapter 11 case before the Court. The Evergreen Debtors' chapter 11 cases are being jointly administered for procedural purposes only under the lead case, In re Evergreen Gardens Mezz LLC, et al., Case No., 21-10335 (MG). The chapter 11 plan for the Evergreen Debtors (the "**Evergreen Plan**") was confirmed by order of the Court dated November 5, 2021, and became effective on December 2, 2021.

10.  Weil is only representing the Parent Debtor in connection with the Chapter 11 Case. In the event a conflict arises between the Parent Debtor and (i) any of its non-debtor subsidiaries or (ii) with respect to the Evergreen Debtors, the respective Post-Effective Debtors (as defined in the Evergreen Plan), Weil will not represent any of the parties, including the Parent Debtor, with respect to such matters, and each of the parties will retain separate counsel to represent it in connection with such matters.

**Professional Compensation**

11.  During the ninety (90) day period prior to the Petition Date, Weil was paid approximately $804,483 in fees and approximately $2,512.26 in expenses on account of

4

professional services performed and to be performed on behalf of the Parent Debtor. As of the Petition Date, Weil had a remaining credit balance in favor of the Parent Debtor for future professional services to be performed, and expenses to be incurred, in the approximate amount of $96,560.71. A summary of payments received by Weil on account of work performed for the Parent Debtor in the ninety (90) days prior to the Petition Date is set forth on **Schedule 1** attached hereto, including the payment amounts, dates, and the entity that made the payment.

**Additional Weil Disclosures**

12. As set forth in my Prior Declaration, Weil used its Firm Disclosure Procedures to ensure compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York regarding the retention of professionals by a debtor under the Bankruptcy Code. Through this process, Weil compared the names of each entity or individual identified as a potential party in interest in the Chapter 11 Case to the names associated with the client matters in Weil's master client database (the "**Client Database**") for which professional time was recorded during the two years prior to the comparison. Any matches to names in the Client Database generated by the comparison were compiled, together with the names of the respective Weil personnel responsible for the identified client matters (the "**Client Match List**").

13. The Disclosure Schedule, annexed as **Annex 2** to my Prior Declaration, summarizes the results of Weil's conflicts review in accordance with the Firm Disclosure Procedures, including the name of the matched entity and its relationship to the Parent Debtor and Weil. To the best of my knowledge and information, the annual fees for each of the last two years incurred by any entity listed on **Annex 2** or its affiliates for work performed by Weil did not exceed 1% of the Firm's annual gross revenue.

14. Weil has in the past represented, currently represents, and may in the future represent entities that are claimants or interest holders of the Parent Debtor in matters wholly unrelated to the Parent Debtor and the Chapter 11 Case. Using information in the Client Database concerning entities on the Client Match List, and making general and, if applicable, specific inquiries of Weil personnel, Weil verified that it does not represent and has not represented any entity on the Client Match List in connection with the Parent Debtor or this Chapter 11 Case. Further, Weil will not represent any such entity in any matters related to the Parent Debtor or this Chapter 11 Case in the future.

15. The Client Match List identified three matches to prior Weil engagements involving Davidson Kempner Capital Management LP ("**Davidson Kempner**"). Davidson Kempner was listed on the Retention Checklist as being affiliated with one of the Parent Debtor's representatives. Specifically, Mr. Ephraim Diamond, the Associate Restructuring Officer of the Parent Debtor, was previously employed by Davidson Kempner from January 2008 to July 2018. To the best of my knowledge and belief, no other current or former officers of the Parent Debtor have been employed by Davidson Kempner and I am not aware of any other connection of Davidson Kempner to the Parent Debtor or the Chapter 11 Case. Davidson Kempner has been a Weil client since July 2012. The following is a summary of each of the three Weil matters involving Davidson Kempner that appeared on the Client Match List, none of which relate to the Parent Debtor or the Chapter 11 Case or would cause Weil to cease to be a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code:

   a. Prior to Weil's retention by All Year in December 2020, Weil represented Davidson Kempner, an investment advisory firm, in connection with a strategic review of All Year's Israeli debt issuances. The work performed by Weil for Davidson Kempner with respect to All Year was unrelated to the Chapter 11 Case, and the matter formally closed in April 2019. To the best of my knowledge and belief, as of the date hereof, Davidson Kempner had not

6

  purchased and does not hold any of All Year's foreign debt as a result of the strategic review.

 b. Weil represented an ad hoc group of creditors to a company unrelated to All Year in connection with their consideration of various strategic matters, including potential sale, refinancing or restructuring transactions. Davidson Kempner was a member of this ad hoc group. In connection with this matter, Weil only represented the ad hoc group, and did not represent Davidson Kempner in its individual capacity. The work performed by Weil for the ad hoc group was wholly unrelated to the Parent Debtor and the Chapter 11 Case, and the matter formally closed in December 2020.

 c. Weil represented an ad hoc group of creditors to Digicel Group One Limited, of which Davidson Kempner was a member. Weil was initially retained in that matter by Ashmore Group before the engagement was expanded to represent an ad hoc group of creditors that included, among others, Ashmore Group and Davidson Kempner. In connection with this matter, Weil only represented Ashmore Group and, later, the ad hoc group, and did not represent Davidson Kempner in its individual capacity. The work performed by Weil for the ad hoc group was unrelated to the Parent Debtor and the Chapter 11 Case, and the matter formally closed in June 2021.

16. Except as set forth above with respect to Mr. Diamond and Davidson Kempner, to the best of my knowledge and belief, I am not aware of any other current or former officers or directors of the Parent Debtor being previously employed by entities that are or were members of any ad hoc or official creditors' committees represented by Weil.

17. Weil currently represents, and has represented in the past, JP Morgan Chase Bank, N.A., the mortgage lender to Evergreen Gardens I LLC, in connection with a variety of matters including, without limitation, matters relating to debt underwritings, bond and debt issuances, credit facilities and other financing matters, and regulatory matters. To the best of my knowledge and belief, each of these matters is wholly unrelated to the Parent Debtor or the Chapter 11 Case.

18. As set forth in the Prior Declaration, Weil, from time to time, is engaged by various entities that buy and/or sell distressed debt to analyze the capital structure of a distressed company based on a review of publicly available information. Since being retained by the Parent Debtor,

Weil has not been engaged by any party to perform a review of the Parent Debtor's capital structure and will not perform any such review for any other parties with respect to the Parent Debtor in the future.

19.    I reviewed the connections between Weil and the clients identified on the Client Match List and the connections between those entities and the Parent Debtor and determined, in each case, that Weil does not hold or represent an interest that is adverse to the Parent Debtor's estate and, therefore, I believe that Weil is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. Weil will continue to apply the Firm Disclosure Procedures and will promptly file a supplemental disclosure with the Court to the extent that any new material relevant facts or relationships arise.

Dated: February 24, 2022
       New York, New York

/s/ *Matthew P. Goren*
Matthew P. Goren
Member, Weil, Gotshal & Manges LLP

**Schedule 1**

**Summary of Payments**

**Summary of 90-day Payment History for All Year Holdings Limited**

| Invoice Date | Invoice # | Description | Fees | Costs | Total Fees & Costs Billed | Fee Advance Requests | Payment Type | Payment Date | Payment Received | Fee Advance Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/28/21 | 2021009533 | Services performed for Parent Debtor through August 31, 2021 | $ 80,043.00 | $ - | $ 80,043.00 | $ - | Wire | 10/01/21 | $ 80,043.00 | $ - |
| 09/30/21 | 2021010786 | Services performed for Parent Debtor through September 30, 2021 | $ 99,057.00 | $ - | $ 99,057.00 | $ - | Wire | 10/21/21 | $ 99,057.00 | $ - |
| 11/17/21 | 2021012197 | Services performed for Parent Debtor through October 31, 2021 | $ 151,130.50 | $ - | $ 151,130.50 | $ - | Wire | 11/18/21 | $ 151,130.50 | $ - |
| 12/08/21 | 2021013286 | Services performed for Parent Debtor through November 30, 2021 | $ 196,453.50 | $ 1,871.97 | $ 198,325.47 | $ - | Wire | 12/09/21 | $ 198,325.47 | $ - |
| 12/13/21 | 2021013459 | Fee Advance | $ - | $ - | $ - | $ 375,000.00 | Wire | 12/13/21 | $ 375,000.00 | $ - |
| 12/14/21 | 2021013479 | Services performed for Parent Debtor through December 13, 2021 | $ 277,799.00 | $ 640.29 | $ 278,439.29 | $ - | Retainer Application | 12/14/21 | $ - | $ 96,560.71 |

| | |
|---|---|
| **Total Fees & Costs Billed for Services for Parent Debtor** | **$ 806,995.26** |
| **Fee Advance Balance** | **$ 96,560.71** |