WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
In re                                              :    Chapter 11
:
**ALL YEAR HOLDINGS LIMITED,**                     :    Case No. 21-12051 (MG)
:
Debtor.[1]                                         :
:
**Fed. Tax Id. No. 98-1220822**                    :
------------------------------------------------------------X

### NOTICE OF FILING OF ORDINARY COURSE
### PROFESSIONAL AFFIDAVIT AND RETENTION QUESTIONNAIRE

**PLEASE TAKE NOTICE** that, on February 1, 2022, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing Parent Debtor to Employ Professionals Used in Ordinary Course of Business* [ECF No. 41] (the "**OCP Order**")[2] approving the motion of All Year Holdings Limited (the "**Parent Debtor**") in the above captioned chapter 11 case (the "**Chapter 11 Case**") to retain and compensate certain professionals in the ordinary course of business (collectively, the "**Ordinary Course Professionals**").

---

[1]  The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]  Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the OCP Order.

**PLEASE TAKE FURTHER NOTICE** that the Parent Debtor hereby files and submits the OCP Affidavit and Retention Questionnaire of Allen G. Kadish, on behalf of Archer & Greiner, P.C. ("**Archer**"), attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the OCP Order, the Parent Debtor will serve the OCP Affidavit and Retention Questionnaire on: (i) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (ii) the attorneys for any statutory committee appointed in this Chapter 11 Case; and (iii) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman & Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.) (collectively, the "**Reviewing Parties**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the OCP Order, the Reviewing Parties have seven (7) days from the date hereof (the "**Retention Objection Deadline**") to notify the Parent Debtor, in writing, of any objection to the retention, employment, or compensation of Archer based on the OCP Affidavit and/or Retention Questionnaire.

[*Remainder of Page Intentionally Left Blank*]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the OCP Order, if no objection to the Parent Debtor's retention of Archer is filed and served by the Retention Objection Deadline, the retention and employment of Archer shall be deemed approved without further order of the Court. If an objection is filed and served by the Retention Objection Deadline and such objection cannot be resolved within fourteen (14) days, the matter will be set for a hearing before the Court.

Dated: March 1, 2022
      New York, New York

/s/ *Matthew P. Goren*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Parent Debtor*

# Exhibit A

**OCP AFFIDAVIT AND RETENTION QUESTIONNAIRE**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                    Chapter 11

ALL YEAR HOLDINGS LIMITED,                                Case No. 21-12051 (MG)

               Debtor.

-----------------------------------------------------------x

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

### AFFIDAVIT AND DISCLOSURE STATEMENT OF
### ALLEN G. KADISH ON BEHALF OF ARCHER & GREINER, P.C.

Allen G. Kadish, being duly sworn, upon his oath, deposes and says as follows:

1.    I am a partner of Archer & Greiner, P.C. (the "**Firm**"), with an office located at 1211 Avenue of the Americas, New York, New York 10036.

2.    All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**") has requested that the Firm provide corporate and litigation legal services to the Parent Debtor and/or its non-debtor direct and indirect subsidiaries (the "**PropCos**"), and the Firm has consented to provide such services (the "**Services**").

3.    The Services include, but are not limited to, the following:

We are counsel to Parent Debtor in respect of discrete matters unrelated to the core conduct of its Chapter 11 case. This includes:

(1) Representing the Parent Debtor in respect of its rights in the case of *In re MY 2011 Grand LLC, et al.*, Chapter 11 Case No. 19-23957 (RDD). A Rule 9019 Order was entered approving settlement between that debtor and the Parent Debtor, and that debtor filed a plan and disclosure statement in its case reflecting the settlement. The settlement is to be paid on the effective date of that debtor's plan. In the event of delay or failure of confirmation and effective date, remedies are in place to compel sale and payment upon closing.

(2) Representing the Parent Debtor as requested in respect of certain of its rights in connection with, and its claims filed in, the cases of the PropCos.

The Firm has also provided litigation, transactional and general legal services in other matters outside the Parent Debtor's core Chapter 11 case.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the Chapter 11 Case, for persons that are parties in interest in the Parent Debtor's Chapter 11 Case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Parent Debtor, or other parties in interest in the Chapter 11 Case. The Firm does not perform services for any such person in connection with this Chapter 11 Case. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Parent Debtor or its estate with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Parent Debtor with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Parent Debtor or its estate with respect to the matters on which the Firm is to be retained.

7. As of the commencement of this Chapter 11 Case, the Parent Debtor owed the Firm $0.00 in respect of pre-petition services rendered to the Parent Debtor or the PropCos. The Firm holds a $25,000 pre-petition retainer.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Parent Debtor, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

9. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on March 1, 2022, at New York, New York.

_____
ALLEN G. KADISH

Sworn to and subscribed before me
this 1st day of March, 2022.

_____
Notary Public

JILL L. NIEDERMAN
Notary Public, State of New York
No. 01NI6192670
Qualified in New York County
Commission Expires Sept. 2, 2024

223325246v1

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                    Chapter 11

ALL YEAR HOLDINGS LIMITED,                                Case No. 21-12051 (MG)

          Debtor.

-----------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**").

All questions must be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.  Name and Address of firm:

    Archer & Greiner, P.C.
    1211 Avenue of the Americas
    New York, New York 10036

2.  Date of (Pre-Petition) Retention:

    February 25, 2021

3.  Type of services to be provided:

    We are counsel to the Parent Debtor in respect of discrete matters unrelated to the core conduct of its Chapter 11 case. This includes:

    (1) Representing the Parent Debtor in respect of its rights in the case of *In re MY 2011 Grand LLC, et al.*, Chapter 11 Case No. 19-23957 (RDD). A Rule 9019 Order was entered approving settlement between that debtor and the Parent Debtor, and that debtor filed a plan and disclosure statement in its case reflecting the settlement. The settlement is to be paid on the effective date of that debtor's plan. In the event of delay or failure of confirmation and effective date, remedies are in place to compel sale and payment upon closing.

    (2) Representing the Parent Debtor as requested in respect of certain of its rights in connection with claims filed in, and the cases of, the PropCos.

       The Firm has also provided litigation, transactional and general legal services in other matters outside the Parent Debtor's core Chapter 11 case.

4.    Brief description of services to be provided to the Parent Debtor or PropCo:

       See Paragraph 3.

5.    Arrangements for compensation (hourly, contingent, etc.):

       Hourly

       a. Hourly rates (current, subject to periodic adjustment):

| | |
|---|---|
| Partners: | $340 – 750 |
| Associates: | 250 – 440 |
| Paralegals: | 50 – 295 |

       b. Estimated approximate average monthly compensation based on pre-petition retention: $40,000.

6.    Pre-petition claims against the Parent Debtor held by the firm:

       N/A

7.    Pre-petition claims against the Parent Debtor held individually by any member, associate, or professional employee of the firm:

       N/A

8.    Disclose the nature and provide a brief description of any interest adverse to the Parent Debtor or to its estate for the matters on which the company is to be employed:

       N/A

9.    Name and title of individual completing this form:

       Allen G. Kadish
       Partner

Dated: March 1, 2022

223358349v1