

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Gary T. Holtzer
+1 (212) 310-8463
gary.holtzer@weil.com

March 11, 2022

**Via Email and ECF**

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

*Re: In re All Year Holdings Limited, Chapter 11 Case No. 21-12051 (MG)*

Dear Judge Glenn:

We represent All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-referenced chapter 11 case (the "**Chapter 11 Case**"). We submit this letter to apprise the Court of certain key developments that have occurred since the Parent Debtor's February 14, 2022 status conference. Specifically, the Parent Debtor wishes to update the Court regarding its selection of a final exit transaction and execution of a definitive agreement for the restructuring and reorganization of the Parent Debtor and the Parent Debtor's perspective on the timeline and path forward for the Chapter 11 Case.

*The Parent Debtor's Selection of an Exit Transaction and Execution of the Investment Agreement*

As previously discussed with the Court, the Parent Debtor has been engaged in a robust and wide-ranging public process to solicit interest and offers from potential third-party investors to either recapitalize the Parent Debtor or undertake an outright purchase of the Parent Debtor. As part of that process, the Parent Debtor engaged Meridian Capital Group, LLC ("**Meridian**") in April 2021 to assist with the sale and marketing process.[1] At the Parent Debtor's direction, Meridian has, among other things, (i) conducted site visits of all properties, (ii) created and distributed a detailed 260 plus page offering memorandum, (iii) identified approximately 40 potential bidders with the financial capabilities to sponsor an exit transaction, and (iv) conducted over 100 zoom and telephonic sessions with potential bidders. As part of its prior status reports,

---

[1] The Parent Debtor filed an application to retain Meridian, as its exclusive real estate finance broker, on January 14, 2022 [ECF No. 30]. The Parent Debtor and Meridian are working with the U.S. Trustee's Office to finalize a supplemental declaration with respect to Meridian's retention application and hope to be in a position to submit a consensual retention order to the Court shortly.

the Parent Debtor reported that it was primarily focused on two potential bidders but hoped to finalize its selection of an exit transaction shortly.

The Parent Debtor can now report that those negotiations have concluded successfully and, with the approval of the joint provisional liquidators (the "**JPLs**"),[2] the Parent Debtor has entered into a definitive investment agreement (the "**Investment Agreement**") with Paragraph Partners LLC (the "**Plan Investor**") to acquire one hundred percent of the equity of the reorganized Parent Debtor (as reorganized, the "**Reorganized Debtor**").[3] On March 6, 2022, the Parent Debtor published a report on the Tel Aviv Stock Exchange announcing the agreed form of Investment Agreement.

The Investment Agreement contemplates that, in exchange for one hundred percent (100%) of the new equity in the Reorganized Debtor, the Plan Investor will contribute $60,000,000 to the Parent Debtor comprised of $40,000,000 in cash and promissory notes in the aggregate amount of $20,000,000.[4] The Investment Agreement is to be implemented in the United States pursuant to a chapter 11 plan (the "**Plan**"), which the Parent Debtor anticipates filing with the Court in short order. Under the terms of the Investment Agreement, the Plan Investor has agreed, upon the occurrence of the Escrow Date[5], to provide (a) a deposit in the amount of $4,500,000, and (b) a limited corporate guaranty in the amount of $4,500,000 to guaranty the closing of the transaction.

Importantly, as part of the Investment Agreement, the Plan Investor has agreed to assume all unsecured claims against the Parent Debtor other than the claims of holders of the Parent Debtor's various series of bonds (the "**Bondholders**") and certain other discrete categories of claims set forth therein. Mishmeret Trust Company Ltd., as trustee for the Bondholders (the "**Trustee**"), is a party to certain provisions of the Investment Agreement and has indicatively approved of, and consented to, the Parent Debtor's entry into the Investment Agreement.

As is commonplace in chapter 11, the Investment Agreement contemplates that, in exchange for setting a floor for any proposed transaction and securing the Plan Investor's firm commitment to move forward with the transaction, the Plan Investor will be entitled to a break-up fee if the Investment Agreement is terminated in certain circumstances by either the Parent Debtor or the Plan Investor and an alternative transaction for the Parent Debtor is consummated

---

[2] The approval of the JPLs is subject to the approval of the BVI court, as outlined below.

[3] The Plan Investor is an affiliate of The Graph Group LLC and the Cammbeys International Group, and is also affiliated with Taz Partners LLC, which has asserted a disputed claim against the Parent Debtor in the amount of $37,870,000 in connection with a certain confession of judgment that was entered prior to the commencement of the Chapter 11 Case.

[4] The amount of the promissory notes may increase to $22,000,000 if the Plan Investor or an affiliate purchases substantially all of the rights of the Trustee for the Series C Notes in and to the William Vale hotel.

[5] Pursuant to the terms of the Investment Agreement, "**Escrow Date**" means the date that is within five (5) business days of the later to occur of (i) Court approval of the break-up fee motion (as discussed in further detail below) and (ii) the date on which a Plan that is reasonably acceptable to the Plan Investor is annexed to the Investment Agreement.

WEIL:\98532996\1\12817.0007

within a specified time period.[6] In the event an alternative transaction for the Parent Debtor is consummated within six months of a termination of the Investment Agreement, the Plan Investor would in certain circumstances be entitled to a break-up fee of $1,800,000; however, if the Parent Debtor does not engage in an alternative transaction during such six-month period but still confirms a chapter 11 plan of reorganization that is expected to provide a recovery to the Bondholders of not less than $30,000,000 within twelve months of confirmation thereof, then the break-up fee would be reduced to $900,000. In certain limited circumstances, if the Parent Debtor or Plan Investor terminates the Investment Agreement and no break-up fee is due and owing, the Parent Debtor has agreed to pay the Plan Investor $300,000 as a reimbursement for its reasonable and documented fees and expenses. Under the terms of the Investment Agreement, the Parent Debtor is required to file a motion seeking approval of the break-up fee and expense reimbursement protections within 14 days of execution. The Parent Debtor anticipates moving forward in accordance with that schedule.

In addition to being subject to Bankruptcy Court approval, the parties contemplate seeking certain approvals from the courts in both the British Virgin Islands (the "**BVI**") and Israel as a condition to closing on the Plan and the Investment Agreement. With respect to the Bondholders' claims, the Parent Debtor anticipates that it will be necessary to obtain court approval in Israel to convene a meeting and commence solicitation of the Bondholders' votes on the Plan to comply with Israeli securities law. The Investment Agreement provides an initial time period of sixty days following approval of the break-up and expense reimbursement protections to obtain the necessary approvals in Israel to solicit the Bondholders' votes on the Plan; however, that deadline may be extended up to an additional 90 days if certain intermediate deadlines and milestones are met. The Parent Debtor anticipates initiating the proceeding in Israel to obtain the necessary approvals in the next 7 to 10 days.

The Investment Agreement further provides that a hearing on confirmation of a Plan must be held by August 8, 2022 and that the Parent Debtor must obtain entry of an order confirming the Plan by August 23, 2022. These deadlines, however, may also be extended in certain circumstances. Upon obtaining approval of a Plan from this Court, the parties anticipate that further approvals from the courts in the BVI and Israel may be necessary prior to closing under the Investment Agreement. A chart summarizing certain key dates and deadlines under the Investment Agreement is set forth below.

| Key Milestone / Event | Deadline under Investment Agreement |
| --- | --- |
| Investment Agreement Date | March 11, 2022 |
| Recognition Proceeding to be Commenced in Israel | On or about March 21, 2022 |
| Deadline to File Break-Up Fee Motion with U.S. Bankruptcy Court | March 25, 2022 |

---

[6] The Investment Agreement provides the Parent Debtor with a "fiduciary out" should the Parent Debtor determine, in the exercise of its fiduciary duties, to proceed with an alternative transaction. The Parent Debtor is not subject to a "no shop" or any other provision restricting its ability to consider any alternative offers that may be presented during the Chapter 11 Case.

| Deadline to File Disclosure Statement and Solicitation Procedures Motion with U.S. Bankruptcy Court | 14 days from Escrow Date (On or about May 9, 2022) |
|---|---|
| Deadline for Holding Bondholder Vote in Israel to Approve Plan | 60 days from Escrow Date (On or about June 24, 2022)[7] |
| Deadline for Holding Confirmation Hearing in U.S. Chapter 11 Case | August 8, 2022 (150 days from execution of Investment Agreement ) |
| Deadline for Entry of Confirmation Order in U.S. Chapter 11 Case | August 23, 2022 (165 days from execution of Investment Agreement )[8] |
| Outside Date for Closing | September 23, 2022[9] |

The Parent Debtor and its professionals are diligently working to move forward with the proposed transaction and are expeditiously working to finalize and file a Plan and supporting disclosure statement to implement the terms of the Investment Agreement.

We are available should the Court have any questions.

Respectfully submitted,

/s/ *Gary T. Holtzer*
    Gary T. Holtzer

---

[7] If (i) the Parent Debtor has filed a motion with the Bankruptcy Court seeking approval of a disclosure statement in respect of the Plan within 14 days of the Escrow Date and (ii) the Parent Debtor seeks approval of disclosure materials in respect of the Plan in the Israeli proceedings within 7 days of the entry of an order by the Bankruptcy Court approving a disclosure statement in support of the Plan, then this 60-day period shall be extended automatically, as needed, to a maximum of up to an additional 90 days.

[8] The deadlines under the Investment Agreement for holding the hearing on confirmation and obtaining entry of the order confirming the Plan may be extended by mutual agreement of the parties or as may be necessary to accommodate the availability of the Bankruptcy Court and shall be subject to any extension granted under the Investment Agreement with respect to the deadline for holding the Bondholder vote to approve the Plan.

[9] This deadline may be extended in certain circumstances to December 31, 2022.