Hearing Date and Time:  March 29, 2022 at 2:00 p.m. (Eastern Time)
Objection Date and Time:  March 22, 2022 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
In re                                                    :    Chapter 11
:
**ALL YEAR HOLDINGS LIMITED,**          :    Case No. 21-12051 (MG)
:
Debtor.[1]                                          :
:
**Fed. Tax Id. No. 98-1220822**              :
------------------------------------------------------------X

### NOTICE OF MOTION OF PARENT DEBTOR FOR ENTRY OF ORDER PURSUANT TO FED. R. BANKR. P. 9006(b) AND 9027 ENLARGING TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**")[2] of All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case, pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order enlarging the time within which the Parent Debtor may file notices of removal of civil actions and proceedings to which the Parent Debtor is or may be party shall take place on

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

**March 29, 2022 at 2:00 p.m. (Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Martin Glenn, Chief Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, NY 10004.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules, shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with two single-sided hard copies delivered to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399, the Bankruptcy Rules, and the Local Bankruptcy Rules, so as to be filed and served upon (a) the attorneys for the Parent Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq., Jacqueline Marcus, Esq., and Matthew P. Goren, Esq.); (b) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); and (c) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.) by no later than **March 22, 2022 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if no Objections are timely filed and served with respect to the Motion, the relief requested shall be deemed unopposed, and the

Parent Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE that, due to the COVID-19 pandemic, the Hearing, if held, will be conducted using Zoom for Government. Parties should not appear in person and those wishing to appear or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to 4:00 p.m. (Prevailing Eastern Time) on the day before the Hearing. Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at http://www.nysb.uscourts.gov/content/judge-martin-glenn.**

Dated: March 14, 2022
      New York, New York

                                               */s/ Jacqueline Marcus*
                                               WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
                                             New York, New York  10153
                                             Telephone:  (212) 310-8000
                                             Facsimile:  (212) 310-8007
                                             Gary T. Holtzer
                                             Jacqueline Marcus
                                             Matthew P. Goren

                                             *Attorneys for the Parent Debtor*

WEIL:\98535176\1\12817.0007

**Hearing Date and Time:** March 29, 2022 at 2:00 p.m. (Eastern Time)
**Objection Date and Time:** March 22, 2022 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Parent Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
In re                                                       :    Chapter 11
                                                            :
**ALL YEAR HOLDINGS LIMITED,**                              :    Case No. 21-12051 (MG)
                                                            :
                      Debtor.[1]                            :
                                                            :
**Fed. Tax Id. No. 98-1220822**                             :
------------------------------------------------------------X

**MOTION OF PARENT DEBTOR FOR ENTRY OF ORDER PURSUANT
TO FED. R. BANKR. P. 9006(b) AND 9027 ENLARGING TIME WITHIN
WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

TO THE HONORABLE MARTIN GLENN
CHIEF BANKRUPTCY JUDGE:

       All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), respectfully represents as follows in support of this motion (the "**Motion**"):

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

## Background

1. On December 14, 2021 (the "**Petition Date**"), the Parent Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Parent Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Case.

2. Information regarding the Parent Debtor's business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Case is set forth in the *Declaration of Assaf Ravid Pursuant to Local Bankruptcy Rule 1007-2 in Support of Subsidiary Parent Debtor's Chapter 11 Petitions and Related Relief* [ECF No. 4] and is incorporated herein by reference.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. By this Motion, pursuant to Rules 9006(b) and 9027(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-2 of the Local Bankruptcy Rules of the Southern District of New York (the "**Local Bankruptcy Rules**"), the Parent Debtor requests an extension of time for the Parent Debtor to file notices of removal (the "**Removal Period**") of the civil actions and proceedings in state courts to which the Parent

Debtor is a party (the "**Civil Actions**") from March 14, 2022[2] until the date an order is entered confirming a chapter 11 plan in the Chapter 11 Case. As reflected on the *Amended Statement of Financial Affairs* filed on January 25, 2022 [ECf No. 37], the Parent Debtor is aware of multiple actions pending in the Kings County Supreme Court.

5. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Basis for Relief

6. Section 1452(a) of title 28 of the United State Code provides for the removal of actions related to bankruptcy cases and provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

7. Bankruptcy Rule 9027 sets forth the time periods for the filing of notices to remove claims or causes of action and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days

---

[2] The Removal Period is set to expire on March 14, 2022. Local Bankruptcy Rule 9006-2 provides that if a motion to extend time to take an action is filed prior to the expiration of such period, with a return date that is no later than 14 days after the date of the filing of the motion or, "if the Court is unable to schedule a return date within such period, as soon thereafter as the return dater may be scheduled by the Court," the applicable deadline shall be automatically extended "until the Court resolves the motion to extend the time." By filing this Motion prior to the expiration of the Removal Period, Local Bankruptcy Rule 9006-2 automatically extends the Removal Period until the Court resolves the Motion.

> after a trustee qualifies in a chapter 11 reorganization case but not later than180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

8. Accordingly, the time within which the Parent Debtor must file notices to remove any pending prepetition Civil Actions is currently set to expire on March 14, 2022.

9. Bankruptcy Rule 9006 permits the Court to enlarge the Removal Period and provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

10. It is well established that, pursuant to Bankruptcy Rule 9006(b)(1), this Court has authority to enlarge the Removal Period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (indicating that Bankruptcy Rule 9006(b) permits enlargement of time to remove state court actions "if the request therefor is made before the expiration of the period originally prescribed"); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382 (1993) ("[Bankruptcy] Rule 9006 is a general rule governing the computation, enlargement, and reduction of periods of time prescribed in other bankruptcy rules."); *In re Piesner*, 130 B.R. 399, 400-01 (Bankr. E.D.N.Y. 1991) ("Bankruptcy Rule 9006, dealing generally with time periods, permits the Court to enlarge the time before the expiration of a specified period if a motion is made before the expiration of the original

period . . . ."); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that Supreme Court intended to give bankruptcy judges power to enlarge filing period set forth in Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

11. In fact, courts in this district have granted similar extensions of the removal period in other large chapter 11 cases. *See, e.g.*, *In re Avianca Holdings S.A., et al.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. Jan. 19, 2021) (extending debtors' removal deadline through the later of 180 days and thirty days following entry of an order terminating the automatic stay with respect to a particular action); *In re Tops Holding II Corp., et al.*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. May 10, 2018) (ECF No. 355) (extending debtors' removal deadline through the date an order is entered confirming a chapter 11 plan); *In re 21st Century Oncology Holdings, Inc., et al.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. Sept. 6, 2017) (ECF No. 393) (extending debtors' removal deadline through the earlier of six months, confirmation of a plan of reorganization, and thirty days following entry of an order terminating the automatic stay with respect to a particular action sought to be removed); *In re Westinghouse Elec. Co. LLC, et al.*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Jul. 25, 2017) (ECF No. 993) (extending debtors' removal deadline through the date an order is entered confirming a chapter 11 plan); *In re The Great Atlantic & Pacific Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Oct. 2, 2015) (ECF No. 1138) (extending debtors' removal deadline through the date an order is entered confirming a chapter 11 plan); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Jan. 27, 2012) (ECF No. 882) (extending debtors' removal deadline through the date an order is entered confirming a chapter 11 plan).

### Relief Requested Should be Granted

12. The facts and circumstances of this Chapter 11 Case justify an extension of the Removal Period. During the first 90 days of this Chapter 11 Case, the Parent Debtor's

8

resources have been divided between overseeing its approximately 108 residential and commercial properties and negotiating a transaction that will provide a framework for a successful conclusion of this Chapter 11 Case. Specifically, the Parent Debtor has allocated most of its limited resources to a robust and wide-ranging public process to solicit interest and offers from potential third-party investors and selecting and negotiating a final exit transaction. As a result, the Parent Debtor has not had an opportunity to determine the feasibility or benefit of removing each Civil Action.

13. The Parent Debtor is continuing its analysis of whether it would benefit its estate to remove any of the Civil Actions. Given the unique circumstances and foreign implications of this Chapter 11 Case, the Parent Debtor requires additional time to consider whether to file notices of removal of the Civil Actions. The Parent Debtor recently announced that it has selected an exit transaction. *See Status Letter to the Court*, filed on March 11, 2022 [ECF No. 56]. Accordingly, the Parent Debtor's highest priority at this time is implementing its exit transaction and taking the steps required to prepare and prosecute the chapter 11 plan and disclosure statement.

14. The Parent Debtor believes that the extension requested will provide sufficient additional time for them to consider, and decide upon, removal of the Civil Actions. Absent the requested relief, the Parent Debtor will not have sufficient time to consider removal of the Civil Actions.

15. Based on the foregoing, the Parent Debtor submits that there exists sufficient cause to grant this Motion.

## Notice

16.     Notice of this Motion will be provided to (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (ii) the Parent Debtor's top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); and (vi) all other persons and entities that have requested service in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Parent Debtor respectfully submits that no further notice is required.

17.     No previous request for the relief sought herein has been made by the Parent Debtor to this or any other Court.

WHEREFORE the Parent Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 14, 2022
      New York, New York

                          /s/ Jacqueline Marcus
                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007
                          Gary T. Holtzer
                          Jacqueline Marcus
                          Matthew P. Goren

                          *Attorneys for the Parent Debtor*

**Exhibit A**

**Proposed Order**

11

WEIL:\98535176\1\12817.0007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
In re                                              :    Chapter 11
:
ALL YEAR HOLDINGS LIMITED,                         :    Case No. 21-12051 (MG)
:
Debtor.[1]                                         :
:
Fed. Tax Id. No. 98-1220822                        :
------------------------------------------------------------X

**ORDER PURSUANT TO FED. R. BANKR. P. 9006(b) AND 9027 ENLARGING TIME
TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

Upon the motion, dated March 14, 2022 [ECF No. [●]] (the "**Motion**")[2], of All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order enlarging the time within which to file notices of removal (the "**Removal Period**") of civil actions and of related proceedings to which the Parent Debtor is a party (the "**Civil Actions**"), all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

12

to the Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on March 29, 2022 (the "**Hearing**"); and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Parent Debtor, its estate, its creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The time period provided by Bankruptcy Rule 9027 within which the Parent Debtor may file notices of removal of the Civil Actions is extended until the date an order is entered confirming a chapter 11 plan in the Chapter 11 Case.

3. The Parent Debtor is authorized to take all action necessary to effectuate the relief granted in this Order.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2022
        New York, New York

_____
HONORABLE MARTIN GLENN
CHIEF BANKRUPTCY JUDGE