Hearing Date and Time: April 20, 2022 at 11:00 a.m. (Eastern Time)
Objection Date and Time: April 13, 2022 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
: 
In re : Chapter 11
: 
**ALL YEAR HOLDINGS LIMITED,** : Case No. 21-12051 (MG)
: 
Debtor.[1] : 
: 
Fed. Tax Id. No. 98-1220822 : 
------------------------------------------------------------X

# NOTICE OF HEARING ON MOTION OF PARENT DEBTOR PURSUANT TO 11 U.S.C. § 1121(d) TO EXTEND EXCLUSIVE PERIODS

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**") of All Year Holdings Limited, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Parent Debtor**"), for entry of an order pursuant to section 1121(d) of title 11 of the United States Code, extending the Parent Debtor's exclusive periods in which to file a chapter 11 plan and solicit acceptances thereof, all as more fully set forth in the Motion, will be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green,

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

New York, New York 10004 (the "**Bankruptcy Court**") on **April 20, 2022 at 11:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), shall be filed with the Bankruptcy Court by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399, dated May 17, 2010, the Bankruptcy Rules, and the Local Bankruptcy Rules, so as to be filed and served upon (a) the attorneys for the Parent Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq., Jacqueline Marcus, Esq., and Matthew P. Goren, Esq.); (b) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); and (c) counsel to Mishmeret Trust Company Ltd., as Trustee for the Bondholders, Chapman & Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); by no later than **April 13, 2022 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Parent Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE that, due to the COVID-19 pandemic, the Hearing will be conducted using Zoom for Government. Parties should not appear in person and those wishing to appear or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to 4:00 p.m. (Prevailing Eastern Time) on the business day before the Hearing. Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at http://www.nysb.uscourts.gov/content/judge-martin-glenn.**

Dated: April 6, 2022
      New York, New York

/s/ *Matthew P. Goren*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Parent Debtor*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                                              :
In re                                                         :    Chapter 11
                                                              :
**ALL YEAR HOLDINGS LIMITED,**                                :    Case No. 21-12051 (MG)
                                                              :
             Debtor.[1]                                       :
                                                              :
Fed. Tax Id. No. 98-1220822                                   :
---------------------------------------------------------------X

**MOTION OF PARENT DEBTOR PURSUANT TO**
**11 U.S.C. § 1121(d) TO EXTEND EXCLUSIVE PERIODS**

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), respectfully represents as follows in support of this motion (the "**Motion**"):

**Relief Requested**

1. At the outset of the Chapter 11 Case, the Parent Debtor stated its intent to use the period immediately following the Petition Date (as defined below) to continue negotiating with potential bidders and other stakeholders and promptly propose a path forward for an efficient

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

and value-maximizing restructuring. To that end, since the Petition Date, the Parent Debtor has actively engaged with the trustee (the "**Trustee**") for the Parent Debtor's various series of bonds (the "**Bondholders**"), and its other constituents, and diligently pursued a sale and marketing process for a recapitalization or outright sale of the Parent Debtor.

2. The Parent Debtor's efforts resulted in the execution of the Investment Agreement, dated March 11, 2022 (the "**Investment Agreement**"), with Paragraph Partners LLC (the "**Plan Investor**").[2] Under the Investment Agreement, the Plan Investor will acquire one hundred percent of the equity of the reorganized Parent Debtor. The Investment Agreement is to be implemented pursuant to a chapter 11 plan of reorganization (the "**Plan**"). The Parent Debtor and its professionals are working diligently to finalize and file the Plan, together with a supporting disclosure statement ("**Disclosure Statement**") and proposed solicitation procedures.

3. In addition to pursuing the sale and marketing process, the Parent Debtor has used the period following the commencement of the Chapter 11 Case to pursue transactions and take actions designed to maximize the value of the Parent Debtor's estate and preserve the integrity of its restructuring process. These include (i) securing the appointment of joint provisional liquidators for the Parent Debtor (the "**JPLs**") from the Eastern Caribbean Supreme Court in the British Virgin Islands (the "**BVI Court**") under the applicable provisions of the BVI Insolvency Act, 2003, to assist the Parent Debtor in its ongoing restructuring efforts and to support the Chapter 11 Case, (ii) negotiating and securing Court approval for a recapitalization of the Parent Debtor's indirect subsidiary, All Year Equity Partners LLC, and the settlement and release of certain disputes and related claims (the "**DCP Recapitalization**"), and (iii) finalizing a

---

[2] A copy of the Investment Agreement is annexed as **Exhibit A** to the *Motion of Parent Debtor Pursuant to 11 U.S.C. §§ 105(a), 363, and 503(b) and Fed. R. Bankr. P. 2002, 6004, and 9014 for Entry of Order (i) Approving Bid Protections and (ii) Granting Related Relief* (ECF No. 66).

transaction to sell the Parent Debtor's indirect 50% interest in the William Vale Hotel which, together with a companion transaction to be entered into by the Trustee for the Series C Bonds, will result in a significant reduction of the Series C Bondholders' claims against the Parent Debtors.  At the same time, the Parent Debtor filed its schedules of assets and liabilities, held the section 341 meeting of creditors, filed its monthly operating reports and initial periodic report under Rule 2015.3 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and took other administrative actions and steps required in connection with the Chapter 11 Case.

4.     The Parent Debtor's Exclusive Filing Period and Exclusive Solicitation Period (each as defined below) are set to expire on April 13, 2022 and June 13, 2022, respectively. In light of the Parent Debtor's good faith and diligent efforts to progress the Chapter 11 Case, the Parent Debtor should be afforded an extension of its Exclusive Periods (as defined below) so that it can continue to proceed with a Plan that will maximize value for all parties in interest. Accordingly, by this Motion, pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), the Parent Debtor requests a 120-day extension of the Exclusive Filing Period to and including August 11, 2022, and the Exclusive Solicitation Period, to and including October 11, 2022, without prejudice to the Parent Debtor's right to seek additional extensions of such periods.  If granted, it is anticipated that the requested 120-day extension of the Exclusive Periods would provide sufficient time for the Parent Debtor to file, solicit, and, hopefully, confirm the Plan prior to the initial outside closing date provided under the Investment Agreement.

5.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Jurisdiction

6.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January

3

31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

7. On December 14, 2021 (the "**Petition Date**"), the Parent Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Parent Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Case.

8. On December 16, 2021, the Parent Debtor determined that it was necessary to file an application under the laws of the British Virgin Islands with the BVI Court seeking the appointment of Paul Pretlove and Charlotte Caulfield of Kalo (BVI) Limited as JPLs under the applicable provisions of the BVI Insolvency Act 2003. On December 20, 2021, the BVI Court entered an order appointing the JPLs.

9. Information regarding the Parent Debtor's business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Case is set forth in the *Declaration of Assaf Ravid Pursuant to Local Bankruptcy Rule 1007-2 in Support of All Year Holdings Limited Chapter 11 Petition* [ECF No. 4] (the "**First Day Declaration**") and is incorporated herein by reference.

## Basis for Relief Requested

10. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**"). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the Exclusive Filing Period, it has an exclusive period of 180 days after the commencement of a chapter 11 case to obtain acceptances

4

of its plan (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**").

11. Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods for cause. *See* 11 U.S.C. § 1121(d)(1) ("[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").[3] However, the 120-day period "may not be extended beyond a date that is 18 months after the [petition] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [petition] date." *Id*. §§ 1121(d)(2)(A), (B).

12. The Exclusive Periods established by Congress were incorporated in the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a chapter 11 plan and solicit acceptances with respect thereto, without the deterioration and disruption of a debtor's business that might be caused by the filing of multiple competing plans. Indeed, the primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual restructuring plan.

13. The Bankruptcy Code does not define the term "cause" for purposes of section 1121(d) and does not establish formal criteria for an extension. The legislative history of section 1121, however, indicates that "cause" is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231–32 (1978),

---

[3] Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**") provides that if a motion to extend time to take an action is filed prior to the expiration of such period, with a return date that is no later than 14 days after the date of the filing of the motion or, "if the Court is unable to schedule a return date within such period, as soon thereafter as the return date may be scheduled by the Court," the applicable deadline shall be automatically extended "until the Court resolves the motion to extend the time." By filing this Motion prior to the expiration of the Exclusive Periods, Local Bankruptcy Rule 9006-2 automatically extends the Exclusive Periods until the Court resolves the Motion.

5

*reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give Bankruptcy Courts great flexibility to protect a debtor's interests by allowing a debtor unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

14. In exercising its broad discretion to determine whether "cause" exists, the Court can look to a variety of well-established factors for guidance. *See In re Borders Grp., Inc.*, 460 B.R. 818, 821−22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying factors used by courts to determine whether cause exists to extend exclusivity). These factors include, without limitation:

   i. the size and complexity of the debtor's case;
   ii. the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;
   iii. the existence of good faith progress towards reorganization;
   iv. the fact that the debtor is paying its bills as they become due;
   v. whether the debtor has demonstrated reasonable prospects for filing a viable plan;
   vi. whether the debtor has made progress in negotiations with its creditors;
   vii. the amount of time which has elapsed in the case;
   viii. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
   ix. whether an unresolved contingency exists.

6

*Adelphia Commc'ns*, 352 B.R. at 587 (noting the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *see also Borders*, 460 B.R. at 822 (evaluating the nine factors set forth in *Adelphia* to hold that debtor established cause to extend exclusivity); *In re GMC Capital Partners III, L.P.*, 503 B.R. 596, 601 (Bankr. S.D.N.Y. 2014) (evaluating the factors established by *Adelphia* to determine whether the debtor's exclusivity should be extended); *accord In re Express One*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed cause to extend exclusive period based upon certain of the nine factors). The above factors are illustrative and are not meant to be exclusive. *See Adelphia Commc'ns*, 352 B.R. at 586-87.

### Cause Exists for Extending the Exclusive Periods

15. Ample cause exists to grant the Parent Debtor's requested extensions of the Exclusive Periods. Each of the nine *Adelphia* factors makes a compelling argument for an extension of the Exclusive Periods in this case. Additionally, the Trustee, on behalf of the Bondholders, has consented, and the U.S. Trustee has indicated it does not object, to the relief requested herein.

**A.    Substantial Good Faith Progress Has Been Made to Achieve the Objectives of Chapter 11.**

16. The Parent Debtor has made good use of its initial Exclusive Periods and has made substantial progress towards achieving the objectives of chapter 11 – namely a confirmable Plan that maximizes value for the benefit of the estate and its creditors.

17. Since the Petition Date, the Parent Debtor and its professionals completed the sale and marketing process, culminating in the execution of the Investment Agreement. The

7

Investment Agreement has the following key dates and deadlines which ensure the Parent Debtor will continue to work towards an expeditious conclusion of the Chapter 11 Case:

| Key Milestone / Event | Deadline under Investment Agreement |
|---|---|
| Deadline to File Disclosure Statement and Solicitation Procedures Motion with the U.S. Bankruptcy Court | 14 days from Escrow Date (On or about May 9, 2022) |
| Deadline for Holding Bondholder Vote in Israel to Approve the Plan | 60 days from Escrow Date (On or about June 24, 2022)[4] |
| Deadline for Holding Confirmation Hearing in the U.S. Chapter 11 Case | August 8, 2022 (150 days from execution of the Investment Agreement) |
| Deadline for Entry of Confirmation Order in the U.S. Chapter 11 Case | August 23, 2022 (165 days from execution of the Investment Agreement)[5] |
| Outside Date for Closing | September 23, 2022[6] |

18. In addition to running an open and competitive marketing process, the Parent Debtor obtained the appointment of the JPLs from the BVI Court to assist in the prosecution of the Chapter 11 Case and protect the integrity of the chapter 11 and Plan process. The Parent Debtor and its professionals have coordinated with counsel in both Israel and the British Virgin Islands, as well as counsel for other constituents, to develop a path forward for the consummation

---

[4] If (i) the Parent Debtor has filed a motion with the Bankruptcy Court seeking approval of a disclosure statement in respect of the Plan within 14 days of the Escrow Date (as defined in the Investment Agreement) and (ii) the Parent Debtor seeks approval of disclosure materials in respect of the Plan in the Israeli proceedings within 7 days of the entry of an order by the Bankruptcy Court approving a disclosure statement, then this 60-day period shall be extended automatically, as needed, to a maximum of up to an additional 90 days.

[5] The deadlines under the Investment Agreement for holding the hearing on confirmation and obtaining entry of the order confirming the Plan may be extended by mutual agreement of the parties or as may be necessary to accommodate the availability of the Bankruptcy Court and shall be subject to any extension granted under the Investment Agreement with respect to the deadline for holding the Bondholder vote to approve the Plan.

[6] This deadline may be extended in certain circumstances to December 31, 2022.

8

of a Plan premised on the Investment Agreement and to secure the necessary approval from the courts in Israel and the British Virgin Islands.

19. Additionally, the Parent Debtor negotiated agreements regarding several value-maximizing transactions with respect to its non-debtor subsidiaries, including with respect to the DCP Recapitalization and the William Vale Hotel, which will result in material benefits to creditors. Much, if not all, of this progress was achieved without burdening the Court with any disputed matters.

20. In light of the substantial progress the Parent Debtor has made, and its good faith prospects for successfully consummating an exit transaction and emerging from chapter 11, an extension of the Exclusive Periods is warranted.

**B.    There Has Not Been Sufficient Time to Permit the Parent Debtor to Negotiate a Chapter 11 Plan and Prepare Adequate Information.**

21. Now that the Investment Agreement has been finalized, the Parent Debtor has shifted its focus towards negotiating a confirmable Plan with the consent of its significant creditors, namely the Bondholders, and creating a Disclosure Statement for the solicitation of votes for such a Plan. Additional coordination with the Parent Debtor's counsel in Israel and the British Virgin Islands is required to finalize a Plan so that it comports with the requirements in the Bankruptcy Code, as well as the laws of these international jurisdictions.

22. The Parent Debtor is a reporting company in Israel and, to comply with applicable Israeli securities law, it will be necessary to commence a recognition proceeding in Israel to, among other things, obtain court approval to convene a Bondholder meeting and solicit the Bondholders' votes on a Plan. The process for securing approval in Israel to commence the Bondholder solicitation is tied to the approval of a Disclosure Statement and solicitation materials in the Chapter 11 Case and those steps must run sequentially – meaning the Parent Debtor would

first seek this Court's approval of the Disclosure Statement and other solicitation materials before seeking recognition of those materials and requesting authority from the court in Israel to convene a Bondholder meeting. Although the Parent Debtor anticipates initiating the recognition proceeding in Israel shortly, the sequential nature of this approval process will likely affect the timeline for soliciting a Plan in the Chapter 11 Case.

### C.    The Parent Debtor is Part of a Large and Complex Structure.

23.    The size and complexity of a debtor's case alone may constitute cause to extend the Exclusive Periods. *See In re Texaco Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.") (citing *Gaines v. Perkins* (*In re Perkins*), 71 B.R. 294, 298 (W.D. Tenn. 1987); *In re Pine Run Trust*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986); *In re United Press International, Inc.*, 60 B.R. 265, 270 (Bankr. D.C. 1986); *In re American Federation of Television and Radio Artists*, 30 B.R. 772, 774 (Bankr. S.D.N.Y. 1983)). Further, the relevant legislative history provides that "if an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595 at 232 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963.

24.    Although the Parent Debtor is not an operating company, as explained in the First Day Declaration, the Parent Debtor's business and capital structure is complex. The Parent Debtor, through its direct and indirect non-debtor subsidiaries, owns over 100 properties, consisting of approximately 1,648 residential units and approximately 69 commercial units in Brooklyn, New York. The international aspects of the Chapter 11 Case make the resolution of the Chapter 11 Case particularly complex. The Parent Debtor is a British Virgin Islands company and

its primary creditors are the Bondholders, which hold bonds issued by the Parent Debtor traded on the Tel Aviv Stock Exchange in New Israel Shekel and the deeds of trust and other documents governing the relationship between the Parent Debtor and the Bondholders are governed by Israeli law. Accordingly, the Parent Debtor is part of a large and complex corporate structure and its restructuring will require relief from Courts in multiple jurisdictions.

D.  **The Parent Debtor is Not Seeking to Use Exclusivity to Pressure Creditors to Submit to the Parent Debtor's Demands.**

25. The Parent Debtor's relationship with its stakeholders, including the Bondholders and their professionals, has been transparent, cooperative, and constructive. The Parent Debtor's conduct in the Chapter 11 Case and, in particular, the absence of any contested issues that have required judicial intervention, demonstrates the Parent Debtor is acting in a prudent and transparent manner and is not seeking these extensions to artificially delay the administration of the Chapter 11 Case. Most importantly, the Trustee, on behalf of the Bondholders – the Parent Debtor's largest creditor constituency – has preliminarily approved the Investment Agreement and supports the relief requested in the Motion.

E.  **Important Contingencies Must be Resolved by the Parent Debtor.**

26. Courts have recognized the need to resolve important contingencies as justification for extending the Exclusive Periods. *See, e.g.*, *Borders*, 460 B.R. at 826; *Adelphia Commc'ns*, 352 B.R. at 587.

27. Due to the multi-jurisdictional nature of the Parent Debtor's business and capital structure, the parties contemplate seeking certain approvals from the courts in both the British Virgin Islands and Israel as conditions to closing on the Plan and the Investment Agreement. As discussed above, the Parent Debtor must commence a recognition proceeding and obtain approval from the court in Israel to convene a Bondholder meeting and to commence

11

solicitation of the Bondholders' votes on a Plan. That relief, however, can only be requested from the court in Israel after this Court approves a Disclosure Statement and solicitation materials for the Parent Debtor. Although the Parent Debtor anticipates commencing the Israeli recognition proceeding shortly, the sequencing of these events will impact the Parent Debtor's Plan timeline and process. In addition, as the Parent Debtor is a British Virgin Islands corporation, the issuance of any new equity in the reorganized Parent Debtor will likely require BVI Court approval.

28. Resolution of these multi-jurisdictional contingencies are critical to the Parent Debtor's ability to confirm a Plan and must be resolved if the Parent Debtor is to emerge successfully from chapter 11.

**F.    Little Time Has Elapsed Since the Commencement of the Chapter 11 Case.**

29. This is the Parent Debtor's first request for extension of the Exclusive Periods. Courts in this District have routinely granted initial requests by debtors to extend their exclusive period to file and solicit a chapter 11 plan. *See In re Evergreen Gardens Mezz LLC*, No. 21-10335 (MG) (Bankr. S.D.N.Y. Sept. 9, 2021) (ECF No. 61); *In re Tops Holding II Corp., et al.*, No. 18-22279 (Bankr. S.D.N.Y. Oct. 24, 2018) (ECF No. 715) (extending exclusive period by 120 days); *In re Avaya Inc., et al.*, No. 17-10089 (ECF No. 673) (Bankr. S.D.N.Y. May 5, 2017) (same); *In re Breitburn Energy Partners LP, et al.*, No. 16-11390 (Bankr. S.D.N.Y. Dec. 14, 2016) (ECF No. 844) (same); *In re The Great Atlantic & Pacific Tea Company, Inc., et al.*, No. 15-23007 (Bankr. S.D.N.Y. Nov. 13, 2015) (ECF No. 1838) (same).

## Conclusion

30. The Parent Debtor's first requested extension of the Exclusive Periods is warranted and necessary for the reasons stated above. Allowing the Exclusive Periods in the Chapter 11 Case to lapse would jeopardize the progress that the Parent Debtor has made with respect to the exit transaction represented by the Investment Agreement and would be contrary to

the purpose of section 1121(a) of the Bankruptcy Code. The Parent Debtor, therefore, requests that this Court extend the Exclusive Periods "for cause" as provided for in section 1121(d) of the Bankruptcy Code.

**Notice**

31. Notice of this Motion will be provided to (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (ii) the Parent Debtor's top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Mishmeret Trust Company Ltd., as Trustee for the Bondholders, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); (vi) counsel to the Plan Investor, Gissin & Co., Habarzel 38B, Tel Aviv 6971054, Israel (Attn: Yael Hershkovitz, Esq.), Locke Lord LLP, 200 Vesey Street, 20th Floor, New York, NY 10281 (Attn: Shalom Jacob, Esq.), Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 (Attn: Avi D. Feinberg, Esq.), and (vii) all other persons and entities that have requested service in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. The Parent Debtor respectfully submits that no further notice is required.

32. No previous request for the relief sought herein has been made by the Parent Debtor to this or any other Court.

13

WHEREFORE the Parent Debtor respectfully requests that the Court enter the Proposed Order and grant the Parent Debtor such other and further relief as it deems just and proper.

Dated: April 6, 2022
      New York, New York

/s/ *Matthew P. Goren*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Parent Debtor*

# **EXHIBIT A**

WEIL:\98574324\1\12817.0007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                          :

In re                                                    :         Chapter 11

ALL YEAR HOLDINGS LIMITED,        :         Case No. 21-12051 (MG)

Debtor.[1]                           :

Fed. Tax Id. No. 98-1220822           :
---------------------------------------------------------------X

## ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING PARENT DEBTOR'S EXCLUSIVE PERIODS

Upon the motion, dated April 6, 2022 (the "**Motion**")[2] of All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case, pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order extending the Parent Debtor's exclusive periods in which to file a chapter 11 plan (the "**Exclusive Filing Period**") and solicit acceptances thereof (the "**Exclusive Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given as provided in the Motion; and such notice having been adequate and

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Parent Debtor, its estate, its creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Parent Debtor's Exclusive Filing Period is extended through and including August 11, 2022.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Parent Debtor's Exclusive Solicitation Period is extended through and including October 11, 2022.

4. The extensions of the Exclusive Periods granted herein are without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Parent Debtor or any party in interest, for cause shown, upon notice and a hearing.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____
New York, New York

_____
HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

2

WEIL:\98574324\1\12817.0007