

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Gary T. Holtzer
+1 (212) 310-8463
gary.holtzer@weil.com

April 19, 2022

**Via Email and ECF**

Honorable Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

*Re: In re All Year Holdings Limited, Chapter 11 Case No. 21-12051 (MG)*

Dear Chief Judge Glenn:

      We represent All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-referenced chapter 11 case (the "**Chapter 11 Case**"). We submit this letter in advance of the upcoming hearing scheduled for April 20, 2022, at 11:00 a.m. (Prevailing Eastern Time) (the "**Hearing**"), to update the Court on, among other things, (i) the Parent Debtor's ongoing efforts and timeline for filing its chapter 11 plan of reorganization and related disclosure statement, (ii) the recent commencement by the Parent Debtor of the Israeli Recognition Proceeding (as defined below), and (iii) the status of potential transactions involving the William Vale hotel.

*The Status of the Parent Debtor's Plan and Disclosure Statement*

      The Parent Debtor and its professionals continue to work diligently to prepare and file (i) a chapter 11 plan of reorganization (the "**Plan**") that implements the transactions contemplated by the Investment Agreement, dated March 11, 2022 the "**Investment Agreement**"), between the Parent Debtor and Paragraph Partners LLC (the "**Plan Investor**"), and (ii) a supporting disclosure statement for the Plan (the "**Disclosure Statement**"). The Parent Debtor anticipates filing the Plan and the Disclosure Statement together with a motion to approve the Disclosure Statement and solicitation and voting procedures (the "**Solicitation Procedures Motion**") reasonably promptly following the Hearing. The Investment Agreement requires the Parent Debtor to file its Disclosure Statement and Solicitation Procedures Motion no later than the fourteen (14) days following the Escrow Date.[1]

---

[1] Pursuant to the terms of the Investment Agreement, "**Escrow Date**" means the date that is within five (5) business days of the later to occur of (i) Court approval of the Bid Protections Motion (as defined below) and (ii) the date on which a Plan that is reasonably acceptable to the Plan Investor is annexed to the Investment Agreement.

*The Israeli Recognition Proceeding*

With the consent of the Parent Debtor's joint provisional liquidators and the approval and direction of the Eastern Caribbean Supreme Court presiding over the Parent Debtor's provisional liquidation proceeding (the "**BVI Court**"), the Parent Debtor commenced a proceeding on April 14, 2022, in the District Court of Tel Aviv-Yafo (the "**Israeli Court**") for recognition of the Chapter 11 Case as a foreign main proceeding under the applicable provisions of Chapter C, Part I of the Insolvency and Rehabilitation Law of Israel 5778-2018 (the "**Israeli Recognition Proceeding**").

The Parent Debtor commenced the Israeli Recognition Proceeding in furtherance of its efforts to achieve a global resolution of claims against, and interests in, the Parent Debtor, including with respect to the Parent Debtor's various series of Israeli-issued notes (the "**Notes**" and the holders of the Notes, the "**Noteholders**"). In addition, as the Parent Debtor is a reporting company in Israel, the Parent Debtor determined, based on the advice of its Israeli counsel, that it was necessary to commence the Israeli Recognition Proceeding to obtain court approval to convene a meeting of the Parent Debtor's Noteholders (the "**Noteholder Meeting**") to vote on the Plan and the Investment Agreement to comply with applicable Israeli securities laws. The Parent Debtor also anticipates seeking recognition of the Plan and the confirmation order in the Israeli Recognition Proceeding following confirmation of the Plan.

The Parent Debtor will continue to update the Court with respect to the Israeli Recognition Proceeding, including with respect to the status of any request by the Parent Debtor to convene a Noteholder Meeting whenever such application is ultimately filed.

*Status of the William Vale Hotel Transactions*

As discussed at the prior status hearing before the Court on March 29, 2022, the Parent Debtor has finalized the terms of a transaction for the sale of 49.9% of the Parent Debtor's indirect 50% ownership interest in the William Vale hotel, in exchange for $200,000.[2] The proposed purchaser for that transaction is Mr. Zelig Weiss who holds the remaining 50% interest in the William Vale. That transaction is conditioned upon the Parent Debtor receiving authorization from this Court and the BVI Court to enter into the sale transaction on behalf of its non-debtor subsidiaries.

The Parent Debtor understands that the Trustee has also finalized the terms of a transaction to sell the Loan and Mortgage securing the Series C Notes to Mr. Weiss, which would result in a significant reduction of the Series C Noteholders' claims against the Parent Debtor's estate. Each of the Parent Debtor's and the Noteholders' proposed transactions with Mr. Weiss is conditioned upon the closing of the other transaction. Notice of the finalized transaction documents was

---

[2] The Parent Debtor indirectly holds a 50% ownership interest in non-debtor Wythe Berry Fee Owner LLC ("**Wythe Berry Fee Owner**"). Wythe Berry Fee Owner owns the William Vale hotel. The Parent Debtor's Series C Notes are secured by a loan and mortgage on the William Vale property (the "**Loan and Mortgage**"), which is held by Mishmeret Trust Company Ltd., as trustee for the Noteholders (the "**Trustee**").

2

published with the Tel Aviv Stock Exchange on March 27, 2022, and that report was filed with the Court on March 29, 2022 [ECF No. 68].

A subsequent offer from the Plan Investor to purchase the Loan and Mortgage was published with the Tel Aviv Stock Exchange on April 13, 2022, which the Parent Debtor filed with the Court on April 15, 2022 [ECF No. 81]. The closing on the Plan Investor's proposed agreement with the Noteholders is subject to several conditions, including the acquisition by the Plan Investor of 49.9% of the Parent Debtor's indirect 50% ownership interest in non-debtor Wythe Berry Fee Owner, which agreement has yet to be finalized.

The Parent Debtor, in consultation with the Trustee, is considering the two pending offers. The Parent Debtor understands that a Noteholder meeting has been scheduled for April 26, 2022, at which time the Series C Noteholders will vote on whether to approve one of the two competing offers for the Loan and Mortgage. Once that occurs, the Parent Debtor will provide a further update to the Court on next steps regarding any necessary approvals from this Court and the BVI Court.

### *The Bid Protections Motion and the Exclusivity Extension Motion*

The Bid Protections Motion. On March 25, 2022, the Parent Debtor filed the *Motion of Parent Debtor Pursuant to 11 U.S.C. § 105(a), 363, and 503(b) and Fed. R. Bankr. P. 2002, 6004, and 9014 for Entry of Order (I) Approving Bid Protections and (II) Granting Related Relief* [ECF No. 66] (the "**Bid Protections Motion**") seeking approval of a break-up fee and expense reimbursement for the Plan Investor in connection with the Parent Debtor's entry into the Investment Agreement. The deadline to object to the Bid Protections Motion was April 13, 2022 at 4:00 p.m. (Prevailing Eastern Time). No formal or informal objections or responses to the Bid Protections Motion were filed or received and the Parent Debtor filed a certificate of no objection on April 18, 2022 [ECF No. 82].

The Exclusivity Extension Motion. On April 6, 2022, the Parent Debtor filed the *Motion of Parent Debtor Pursuant to 11 U.S.C. § 1121(d) to Extend Exclusive Periods* [ECF No. 70] (the "**Exclusivity Extension Motion**"), which sought 120-day extensions of the Parent Debtor's periods to exclusively file a chapter 11 plan and to solicit votes in connection therewith. The deadline to object to the Exclusivity Extension Motion was April 13, 2022 at 4:00 p.m. (Prevailing Eastern Time). No formal or informal objections or responses to the Exclusivity Extension Motion were filed or received and the Parent Debtor filed a certificate of no objection on April 18, 2022 [ECF No. 83].

### *Miscellaneous Administrative Matters*

In addition to the matters discussed above, set forth below is a summary of the status of certain other administrative matters concerning the Parent Debtor's Chapter 11 Case:

- Meridian Retention Application. On January 14, 2022, the Parent Debtor filed an application to retain and employ Meridian Capital Group LLC ("**Meridian**") to serve as its exclusive real estate finance broker [ECF No. 30]. Following discussions with the U.S.

3

Trustee, the Parent Debtor filed a supplemental declaration in support of Meridian's retention application on April 14, 2022 [ECF No. 78]. On April 15, 2022, the Court entered an order approving Meridian's retention [ECF No. 79].

- <u>CFGI Retention Application</u>. On April 7, 2022, the Parent Debtor filed an application to retain and employ CFGI to serve as its financial advisor [ECF No. 71]. The objection deadline with respect to CFGI's retention application passed on April 14, 2022, and no responses or objections were received by the Parent Debtor. The Parent Debtor is coordinating with the U.S. Trustee and anticipates submitting an order for the Court's approval in short order.

- <u>Donlin Recano Retention Application</u>. The Parent Debtor anticipates filing an application shortly seeking authority to retain Donlin, Recano & Company, Inc. to serve as the Parent Debtor's solicitation and voting agent.

We are available should the Court have any questions.

Respectfully submitted,

/s/ *Gary T. Holtzer*
    Gary T. Holtzer

WEIL:\98585030\13\12817.0007