

200 West 41st Street
17th Floor
New York, NY 10036-7203
Telephone (212) 972-3000
Telefax (212) 972-2245
www.klestadt.com

April 19, 2022

**VIA E-MAIL AND ECF**

Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
mg.chambers@nysb.uscourts.gov

      Re:    All Year Holdings Limited, Chapter 11 Case No.: 21-12051 (MG)

Dear Judge Glenn:

      We represent Tracy L. Klestadt, in his capacity as court appointed Plan Administrator ("EGM Plan Administrator") for Post-Effective Date Evergreen Gardens Mezz LLC ("EGM") in *In re Evergreen Gardens Mezz LLC, et al.* Case No. 21-10335 (MG) (the "Subsidiary Debtor Cases"). Consistent with your directive at the status conference held before this Court on March 29, 2022, the EGM Plan Administrator submits this letter to provide notice to the Court of his reservation of rights with respect to anticipated filings in All Year Holdings Limited's (the "Parent Debtor") chapter 11 case, including with respect to any filed plan of reorganization or motion to approve a sale transaction.

      As part of the chapter 11 plan approved by this Court in the Subsidiary Debtor Cases, the EGM Plan Administrator retained, among other things, all claims and causes of action of the Subsidiary Debtors against the Parent Debtor, including claims and causes of action relating to or arising as a result of that certain Contract of Sale, dated January 15, 2020, by and between Melrose Noll Brooklyn LLC (the "2020 PSA Claimant"), Evergreen Gardens I LLC and Evergreen Gardens II LLC (as amended, the "2020 PSA") and the Parent Debtor's use or diversion of the deposit paid by the 2020 PSA Claimant in connection with the 2020 PSA.

      The EGM Plan Administrator does not by this letter object to the *Motion of Parent Debtor Pursuant to 11 U.S.C. §§ 105(a), 363, and 503(b) and Fed. R. Bankr. P. 2002, 6004, and 9014 For Entry of Order (I) Approving Bid Protections, and (II) Granting Related Relief* [Docket No. 66] (the "Bid Protections Motion"), and does not object, in principle, to the proposed sale of the Parent Debtor. It does, however, reserve all rights to object at a later date to any motion by the Parent Debtor to approve a sale and/or plan of reorganization to the extent that any such sale or plan purports to improperly impair the EGM Plan Administrator's claims or causes of action against the Parent Debtor. As this Court is aware, the Investment Agreement, dated as of March

Hon. Martin Glenn
April 19, 2022
Page 2 of 2

11, 2022, between the Parent Debtor and the potential purchaser, contemplates an equity purchase of the Parent Debtor while expressly leaving behind claims brought by the EGM Plan Administrator, which claims, along with the other remaining claims, will presumably be addressed through the Parent Debtor's forthcoming chapter 11 plan.

As of the date hereof, the Parent Debtor has not filed a proposed disclosure statement or chapter 11 plan, and the EGM Plan Administrator and his counsel are not certain regarding the anticipated treatment of EGM Plan Administrator's claims. As such, the EGM Plan Administrator reserves all rights to object to the treatment of its claims under the Parent Debtor's forthcoming chapter 11 plan, including on the basis of lack of good faith, unfair discrimination, improper classification, or any other issue related to confirmation of the chapter 11 plan or consummation of a proposed sale transaction.

To the extent that the EGM Plan Administrator determines that he must act upon any of the above issues, the EGM Plan Administrator reserves all rights and remedies, including the right to appear and be heard on these issues at the relevant hearings, to call and cross-examine witnesses, and to make oral argument.

Respectfully submitted,

*/s/ Tracy L. Klestadt*

Tracy L. Klestadt