**Hearing: May 26, 2022, 2:00 p.m. ET**
**Objection deadline: May 19, 2022, 4:00 p.m. ET**

WINSTON & STRAWN LLP
Carey D. Schreiber (cschreiber@winston.com)
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (facsimile)
cschreiber@winston.com

Attorneys for Zelig Weiss

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

| | |
|---|---|
| In re: | : **Chapter 11** |
| | : |
| **ALL YEAR HOLDINGS LIMITED**, | : |
| | : **Case No. 21-12051 (MG)** |
| Debtor.[1] | : |
| | : : |
| **Fed. Tax Id. No. 98-1220822** | : |

-------------------------------------------------------- x

**NOTICE OF HEARING ON MOTION OF ZELIG WEISS TO (A) CONFIRM**
**AUTOMATIC STAY DOES NOT APPLY OR, (B) TO THE EXTENT NECESSARY**
**GRANTING WEISS RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that a hearing on the attached motion (the "Motion") of Zelig

Weiss ("Weiss"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedures (the

"Bankruptcy Rules") and Rules 4001-1 and 9013-1 of the Local Bankruptcy Rules for the Southern

District of New York (the "Local Bankruptcy Rules"), for entry of an order (i) confirming that the

automatic stay does not apply to commencing state court litigation or, (ii) an order granting relief,

pursuant to section 362(d)(1) or (d)(3) of the Bankruptcy Code, to permit Weiss to prosecute such

action in a court of competent jurisdiction, as all more fully set forth in the Motion, will be held

---

[1] The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York on **May 26, 2022 at 2:00 p.m. (Eastern Time)** (the "<u>Hearing</u>") or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "<u>Objections</u>") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with two single-sided hard copies delivered to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399, the Bankruptcy Rules, and the Local Bankruptcy Rules, so as to be filed and served upon (i) attorneys for the Debtor; (ii) the Office of the U.S. Trustee; and (iii) all parties who have formally appeared and requested notice in this bankruptcy case, by no later than **May 19, 2022 at 4:00 p.m. (Eastern Time)** (the "<u>Objection Deadline</u>").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, Weiss may, on or after the Objection Deadlines, submit to the Bankruptcy Court an order substantially in the form of the proposed order attached to the Motion as **<u>Exhibit B</u>**, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE,** that the Hearing will be conduced using Zoom for Government. Parties should not appear in person and those wishing to appear or participate at

the Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to 4:00 p.m. (Eastern Time) on the day before the Hearing. Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at http://www.nysb.uscourts.gov/content/judge-martin-glenn.

Dated: New York, New York
       May 6, 2012

                              **WINSTON & STRAWN LLP**

                              By: /s/ *Carey D. Schreiber*

                              Carey D. Schreiber (cschreiber@winston.com)
                              200 Park Avenue
                              New York, New York 10166
                              Telephone No.:  (212) 294-6700
                              Facsimile No.:  (212) 294-4700

                              *Attorneys for Zelig Weiss*

Hearing:  May 26, 2022, 2:00 p.m. ET
Objection deadline:  May 19, 2022, 4:00 p.m. ET

WINSTON & STRAWN LLP
Carey D. Schreiber (cschreiber@winston.com)
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (facsimile)
cschreiber@winston.com

Attorneys for Zelig Weiss

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
                                                         :
In re:                                                   :    **Chapter 11**
                                                         :
**ALL YEAR HOLDINGS LIMITED**,                           :
                                                         :    **Case No. 21-12051 (MG)**
                             Debtor.[1]                  :
                                                         : :
**Fed. Tax Id. No.  98-1220822**                         :
-------------------------------------------------------- x

**MOTION OF ZELIG WEISS (A) TO CONFIRM AUTOMATIC STAY**
**DOES NOT APPLY OR, (B) TO THE EXTENT NECESSARY,**
<u>**GRANTING WEISS RELIEF FROM THE AUTOMATIC STAY**</u>

Zelig Weiss, individually ("<u>Weiss</u>"), hereby moves for entry of an order confirming that

the automatic stay imposed pursuant section 362 of the United States Bankruptcy Code, 11 U.S.C.

§101 *et seq.*  (the "<u>Bankruptcy Code</u>") does not apply to commencing state court litigation against

non-debtor defendant YG WV LLC ("<u>YG WV</u>"), or, in the alternative, granting Weiss relief from

the automatic stay, and for related relief, and respectfully represents as follows:

<u>**Preliminary Statement**</u>

1.        Weiss seeks an order confirming the automatic stay of section 362 of the

Bankruptcy Code does not apply to YG WV, or, in the alternative, granting him relief from the

---

[1] The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

automatic stay in order for him to pursue state law litigation claims against YG WV , a non-debtor

entity, as set forth in the draft Complaint attached as **Exhibit A** (the "Complaint").[2]

2.       Weiss intends to commence an action before a court of competent jurisdiction.[3]

Such action will not involve the Debtor, nor will Weiss seek by declaratory judgment or otherwise

to execute or recover on account of his claim against the Debtor in the state court action.   The state

court action will not seek to take any act to obtain possession of property of the Debtor's estate or

exercise property of the estate.   Instead, the state court proceeding will be an action against only non-

Debtor subsidiaries.

3.       Weiss believes that the automatic stay is not implicated by such an action by non-

debtors against non-debtors.   In an abundance of caution, Weiss files this motion seeking entry of an

order confirming that the automatic stay does not apply to commencing state court litigation.

4.       Alternatively, if this Court concludes that the automatic stay is implicated, Weiss

seeks an order granting such relief, pursuant to section 362(d)(1) or (d)(3) of the Bankruptcy Code,

to permit Weiss to commence and prosecute his lawsuit against YG WV as set forth in the

Complaint.

## **Jurisdiction and Venue**

5.       This court has jurisdiction over this motion pursuant to 28 U.S.C.  §§ 157 and 1334.

Venue is proper pursuant to §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28

U.S.C. § 157(b)(2)(G).

---

[2] As set forth in the draft Complaint, Weiss asserts direct and derivative claims against YG WV.  For the latter, non-debtor Wythe Berry Member LLC ("WB Member") is named as the nominal defendant, as required by law.   To the extent it is necessary to do so, this motion seeks relief also in connection with including WB Member as a nominal defendant in the state court action.

[3] As set forth in the draft Complaint, Weiss intends to commence the action in New York State Supreme Court.  Weiss reserves the right to commence the action instead in a court of competent jurisdiction in the State of Delaware, as WB Member is a Delaware limited liability company, and the claims are governed by Delaware law.

2

6.     The statutory predicate for the relief sought herein are sections 105(a) and 362 of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 4001-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## Background

7.     On December 14, 2021 (the "Petition Date"), All Year Holdings Limited (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

**A.     WB Member, YG WV, Fee Owner, and Weiss Relationship**

8.     At all times relevant to the state court proceeding, Weiss and YG WV were the only members of WB Member; each owned fifty percent (50%) of the membership interests, and YG WV was the Managing Member of WB Member.

9.     WB Member owns one hundred percent (100%) of Wythe Berry Fee Owner LLC ("Fee Owner").

10.    The Debtor owns one hundred percent (100%) of YG WV.

**B.     Sale Transaction**

11.    Prior to the Petition Date, Wythe Berry LLC ("WBLLC") entered into a transaction (the "Sale Transaction") whereby Fee Owner acquired the real property commonly known as "The William Vale Hotel" and located at 55 Wythe Avenue, Brooklyn, New York and certain personal property equipment and interest from WBLLC (collectively, the "Property").

3

12.     On or about February 28, 2017, in order to finance the Sale Transaction, Fee Owner borrowed $166,320,000.00 from the Debtor pursuant to a promissory note (the "Loan"), secured by a mortgage lien on the Property.

13.     The proceeds of the Loan in excess of payoff obligations to prior third-party lenders/mortgagees, transaction fees, and closing costs amounted to approximately $57 million (the "Excess Proceeds").

14.     At the time of the Loan (and for many subsequent years), YG WV had failed to establish a bank account for either WB Member or Fee Owner.

15.     Consequently, at the Closing of the Loan, the Excess Proceeds (together with an additional amount of approximately $5 million due Fee Owner) were placed into the Attorney Trust Account of Tratner & Associates PLLC ("Tratner").

16.     Against instructions, Tratner released the Excess Proceeds, and, upon information and belief, the recipient was non-party Yoel Goldman and/or one or more non-party entities controlled by Yoel Goldman ("Goldman").

17.     Weiss objected to Tratner's release of the Excess Proceeds and demanded return of the Excess Proceeds.

18.     The Excess Proceeds were an asset of, and the property of, Fee Owner.

19.     As the sole member of Fee Owner, WB Member had and has an indirect interest in the Excess Proceeds.

## C.     Sale Process

20.     Upon information and belief, YG WV is seeking to sell its ownership interests in Fee Member to third parties in contravention of its operating agreement.

4

## Relief Requested

21.     As set forth above, the automatic stay is not implicated by the proposed state court action among non-debtors.     However, in an abundance of caution, Weiss seeks an Order confirming that the automatic stay does not apply to commencing state court litigation. Alternatively, if this Court concludes that the automatic stay is implicated, Weiss seeks an order granting such relief, pursuant to section 362(d)(1) or (d)(3) of the Bankruptcy Code, to permit Weiss to commence and prosecute his lawsuit against YG WV.

22.     Weiss seeks to assert causes of action against YG WV before a court of competent jurisdiction, as set forth in the draft Complaint attached as **Exhibit A**, as follows: (a) a Declaratory Judgment that YG WV may not assign or otherwise transfer all or any part of its membership interests in the Fee Member without first obtaining the written consent of Weiss; (b) a permanent injunction prohibiting YG WV from assigning or otherwise transferring all or any part of its membership interests in Fee Member without first obtaining the written consent of Weiss; and (c) derivative causes of action seeking a money judgment against YG WV for its failure to commence a lawsuit prior to the expiration of the statute of limitations to recover the Excess Proceeds.

23.     Alternatively, in the event that this Court concludes that the automatic stay is implicated, Weiss seeks an order granting relief, pursuant to section 362(d)(1) or (d)(3) of the Bankruptcy Code, to permit Weiss to prosecute such action in a court of competent jurisdiction.

## Argument

### A.    Basis for Relief Requested

24.     Section 362(a) provides, in relevant part, as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 f this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against

5

the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.  .  .  .

11 U.S.C. § 362(a).

25.    Where the automatic stay is implicated, parties are entitled to relief on, among other things, the following bases:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

…

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that—

(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or

11 U.S.C. § 362(d)(1), (3).

6

**B.       The Automatic Stay Does Not Apply to YG WV**

26.       By its very terms, the automatic stay under section 362 of the Bankruptcy Code applies only to debtors.   11 U.S.C. § 362.   The filing of a state court action would not violate the automatic stay because the matter, solely between non-debtors, will not be against the Debtor. Nor is the proposed action an action to obtain possession or control over property of the Debtor's estate.   The action is not an act to create, perfect, or enforce a lien against the Debtor or its property. Finally, the proposed action also is not an action to collect, assess, or recover a claim against the Debtor.

27.       Based upon the foregoing, the automatic stay is not implicated.   However, given the reference to the Debtor in Weiss' draft Complaint against YG WV, Weiss is filing this Motion in an abundance of caution.

**C.       Relief From the Automatic Stay is Warranted**

28.       In the alternative, if this Court does determine that the automatic stay applies to YG WV, relief from the automatic stay is warranted.

29.       Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section ... for cause." 11 U.S.C. § 362(d)(1).   Because section 362 does not offer guidance as to what constitutes "cause," the court must determine whether "cause" exists on a case-by-case basis.   *In re Everton Aloysius Sterling*, 543 B.R. 385, 393 (Bankr. S.D.N.Y. 2015); *In re Bennett Funding Group, Inc.*, 212 B.R. 206, 211 (2d Cir. 1997).

30.       The United States Court of Appeals for the Second Circuit has identified twelve factors to be considered in determining whether "cause" exists to grant relief from the automatic stay to continue litigation in another forum: (a) whether relief would result in a partial or complete

7

resolution of the issues; (b) lack of connection with or interference with the bankruptcy case; (c) whether the other proceeding involves the debtor as a fiduciary; (d) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (e) whether the debtor's insurer has assumed full responsibility for defending it; (f) whether the action primarily involves third parties; (g) whether litigation in another forum would prejudice the interests of other creditors; (h) whether the judgment claim arising from the other action is subject to equitable subordination; (i) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (j) the interests of judicial economy and the expeditious and economical resolution of litigation; (k) whether the parties are ready for trial in the other proceeding; and (l) impact of the stay on the parties and the balance of harms. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).

31.     A movant need not satisfy every one of the twelve factors. *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999); *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994); *Sterling*, 543 B.R. at 393; *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002). A court need only consider the factors "that are relevant to the particular case, and does not need to give each factor equal weight." *In re Project Orange Assocs., LLC*, 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010) (applying *Sonnax* factors and granting relief from the stay). The court should weigh the particular circumstances of each case to reach the solution that is most just to all parties. *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

32.     In light of the *Sonnax* factors, cause exists to grant Weiss relief from the automatic stay. In particular, Weiss' litigation lacks a connection with or interference with the bankruptcy case and the action primarily involves third parties. Further, no creditors' interests would be prejudiced by Weiss' litigation, as the transfer in question is not a part of the bankruptcy estate.

8

33.     The *Sonnax* factors strongly lean in favor of granting relief from the automatic stay to Weiss.  Accordingly, Weiss respectfully submit that valid grounds exist for the relief sought in this Motion.

### **Memorandum of Law**

34.     Pursuant to Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York, no separate memorandum of law is required.

### **Notice**

35.     Notice has been provided to: (a) attorneys for the Debtor; (b) the Office of the U.S. Trustee; and (c) all parties who have formally appeared and requested notice in this bankruptcy case.   In light of the nature of the relief requested herein, Weiss submits that no other or further notice is required.

WHEREFORE, for all the foregoing reasons, Weiss requests that the Bankruptcy Court confirm that the automatic stay does not apply to YG WV, and Weiss' commencement of a proceeding against YG WV and grant such other relief as is just and necessary, including with respect to the actions of the Debtor, its principal, and its attorney.

Dated:  New York, New York
        May 6, 2012

                                     **WINSTON & STRAWN LLP**

                                     By:  /s/ *Carey D. Schreiber*

                                     Carey D. Schreiber (cschreiber@winston.com)
                                     200 Park Avenue
                                     New York, New York 10166
                                     Telephone No.:  (212) 294-6700
                                     Facsimile No.:  (212) 294-4700

                                     *Attorneys for Zelig Weiss*

### Exhibit A

**Draft Complaint**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
ZELIG WEISS

<em>Plaintiff,</em>

-against-

YG WV LLC,

<em>Defendant,</em>

-and-

WYTHE BERRY MEMBER LLC.

<em>Nominal Defendant.</em>
------------------------------------------------------------------------X

**<u>VERIFIED COMPLAINT</u>**

Index No. _____

Plaintiff, Zelig Weiss ("Weiss" or "Plaintiff"), through his attorney, Abramson Brooks LLP, as and for its Verified Complaint, respectfully alleges and shows as follows:

<strong><u>NATURE OF PROCEEDING</u></strong>

*<u>Introduction</u>*

1.      In this lawsuit, Weiss – the owner of fifty (50%) percent of the membership interests of Wythe Berry Member LLC ("WB Member" or "Company") – asserts separate direct and derivative causes of action against YG WV LLC ("YG WV" or "Defendant"), an entity that, at all times relevant hereto, was the owner of the other fifty (50%) percent of WB Member and the Managing Member of WB Member.

2.      The direct causes of action seek (a) a Declaratory Judgment that Defendant may not assign or otherwise transfer all or any part of its membership interests in the Company without first obtaining the written consent of Weiss, and (b) a permanent injunction prohibiting Defendant from assigning or otherwise transferring all or any part of its membership interests in the Company without first obtaining the written consent of Weiss.

3.       The derivative causes of action seek a money judgment against Defendant for its

failure to commence a lawsuit prior to the expiration of the statute of limitations to recover $57

million of Company assets improperly diverted from the Company.

## PARTIES

4.       At all times hereinafter mentioned, the Plaintiff, Zelig Weiss, was and still is an

individual who resides in the State of New York, Kings County.

5.       Upon information and belief, at all times hereinafter mentioned, the Defendant,

YG WV LLC, was and still is a limited liability company organized and existing pursuant to the

laws of the State of New York, with its principal office in Kings County.

6.       At all times hereinafter mentioned, Nominal Defendant WB Member was and still

is a limited liability company organized and existing pursuant to the laws of the State of

Delaware, with its principal office in Kings County.

## FACTUAL BACKGROUND

7.       WB Member was established on or about February 1, 2017.

8.       According to the Limited Liability Company Agreement of WB Member, dated

February 28, 2017 ("WBM OA"), Weiss and Defendant are the only members of the Company,

and each of them owns fifty (50%) percent of the membership interests. *See* WBM OA §§ 3.1(a)

& 3.2(b) & Ex. A. A true and correct copy of the WBM OA is annexed hereto as Exhibit 1.

9.       In relevant part, the WB Member Operating Agreement provides:

> 3.5    Admission of Additional Members. Additional
> members of the Company may be admitted to the Company only
> upon the unanimous written consent of the Members.
>
> * * *
>
> 8.1    Assignments; Death.   (a) Subject to any transfer
> restrictions set forth in the Loan Documents, a Member may not
> assign in whole or in part any interest in the Company without the

2

written consent of the other Members. … If a Member assigns an interest in the Company in violation of this <u>Section 8.1</u> and <u>Article XI</u>, such assignment shall be null and void and such Member shall be liable to the Company for breach of this Agreement.

(b)    Notwithstanding the restrictions set forth in <u>Section 8.1(a)</u> above, the Members shall have the right to transfer all or a portion of its Interest to a family member, a trust or other entity controlled by such Member, which is formed for estate planning purposes or other legitimate business purposes.

(c)    Upon the death of a Member, such Member's heirs or successors may acquire or succeed to such Member's Interest.

*See* WBM OA §§ 3.5 & 8.1.[1]

10.    Notwithstanding the restrictions imposed by the WBM OA on the assignment or transfers of membership interests, upon information and belief YG WV has been and is negotiating the assignment all or a portion of its membership interest in WB Member to one or more third parties that YG WV does not control.

11.    Weiss has objected, and continues to object, to any such assignment or transfer.

12.    Weiss does not consent to the assignment or transfer by YG WV of all or any portion of its membership interest to any such third party.

## AS AND FOR A
## <u>FIRST CAUSE OF ACTION</u>
### (Declaratory Judgment)

13.    The allegations in paragraphs 1 through 11 are incorporated here by reference with the same force and effect as if set forth at length.

14.    Weiss and YG WV dispute whether YG WV may assign or otherwise transfer all or any part of its membership interest in WB Member without the consent of Weiss.

---

[1] Notwithstanding the reference to Article XI in Section 8.1(a), no part of Article XI concerns assignment of membership interests.

15.     This case presents a present, ripe and justiciable controversy as to the rights and other legal relations of the parties.

16.     Weiss now seeks to resolve before this Court whether YG WV is prohibited from assigning or otherwise transferring all or any part of its membership interest in WB Member without the consent of Weiss.

17.     Declaratory relief is appropriate to resolve that issue.

## AS AND FOR A
## SECOND CAUSE OF ACTION
### (Permanent Injunction)

18.     The allegations in paragraphs 1 through 16 are incorporated here by reference with the same force and effect as if set forth at length.

19.      The WBM OA prohibits the Members from assigning or otherwise transferring all or any part of their membership interests to third parties without the written consent of the other Members.

20.     Despite the known and continuing objection of Weiss to YG WV's efforts to assign or otherwise transfer all or any part of its membership interest in the Company to a third party, YG WV has persisted in such efforts.

21.     Injunctive relief is appropriate to prevent YG WV from violating the prohibition imposed by the WBM OA on assigning or otherwise transferring all or any part of its membership interest in the Company.

## AS AND FOR A
## THIRD CAUSE OF ACTION
### (Breach of Contract)

22.     The allegations in paragraphs 1 through 8 are incorporated here by reference with the same force and effect as if set forth at length.

4

23.     WB Member owns one hundred (100%) percent of the membership interests of Wythe Berry Fee Owner LLC ("Fee Owner" or "Propco"). *See* WBM OA § 2.1.

24.     At all times hereinafter mentioned, WB Member had and has "the sole power and authority to … act as manager of [Fee Owner]." *See* Limited Liability Company Agreement of Wythe Berry Fee Owner LLC, dated February 28, 2017, § 3.1(v).

25.     According to the WBM OA, YG WV is the Managing Member of WB Member. *See* WBM OA § 5.1.

26.     On or about February 28, 2017, Fee Owner borrowed $166,320,000 from non-party All Year Holdings Ltd. pursuant to a promissory note (the "Loan"), and the same was secured by a mortgage on real property owned by Fee Owner (the "Mortgage").

27.     The proceeds of the Loan in excess of payoff obligations to prior third-party lenders/mortgagees, transaction fees, and Closing costs amounted to approximately $57 million (the "Excess Proceeds").

28.     At the time of the Loan (and for many subsequent years), YG WV had failed to establish a bank account for either WB Member or Fee Owner.

29.     Consequently, at the Closing of the Loan, the Excess Proceeds (together with an additional amount of approximately $5 million due Fee Owner) were placed into the Attorney Trust Account of Tratner & Associates PLLC ("Tratner").

30.     Weiss, through counsel, instructed Tratner not to release all or any part of the Excess Proceeds without Weiss' consent.

31.     Notwithstanding said instruction, Tratner released the Excess Proceeds and, upon information and belief, the recipient was non-party Yoel Goldman and/or one or more non-party entities controlled by him, even though neither WB Member nor Fee Owner owed him any debt.

5

32.     The Excess Proceeds were an asset of, and the property of, Fee Owner.

33.     As the sole member of Fee Owner, WB Member had and has an indirect interest in the Excess Proceeds.

34.     As Managing Member of WB Member, YG WV had an affirmative contractual duty to "[p]rotect and preserve the title to and interest of the Company in all of its property and assets, real, personal and mixed," including the Excess Proceeds. *See* WBM OA § 5.1.2.

35.     Despite the improper diversion of the Excess Proceeds, YG WV failed to commence an action to recover all or any part of the Excess Proceeds (the "Recovery Lawsuit").

36.     Upon information and belief, under applicable law, the statute of limitations to commence the Recovery Lawsuit expired.

37.     By failing to commence the Recovery Lawsuit prior to the expiration of the statute of limitations, YG WV breached its contractual duty to protect and preserve the title to and interest of the Company in the Excess Proceeds.

38.     By virtue of YG WV's breach of its contractual duties, WB Member has suffered damages in an amount to be determined at trial, but not less than $57 million.

39.     Weiss objected to the release of the Excess Proceeds by Tratner, and he demanded return of the Excess Funds.

40.     From the time of the improper diversion of the Excess Proceeds through and beyond the expiration of the statute of limitations, YG WV was owned by All Year Holdings Ltd., which in turn was owned and/or controlled by Yoel Goldman.

41.     Weiss, therefore, did not demand YG WV commence an action to recover the Excess Proceeds, as any such demand would have been futile because it would have been tantamount to asking Yoel Goldman to sue himself.

6

## AS AND FOR A
## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

42.     The allegations in paragraphs 1 through 8 and 23 through 41 are incorporated here by reference with the same force and effect as if set forth at length.

43.     The WBM OA does not include any language limiting, let along eliminating, traditional common law fiduciary duties. *See generally*, WBM OA.

44.     By failing to commence the Recovery Lawsuit prior to the expiration of the statute of limitations, YG WV permitted its indirect owner, Yoel Goldman, to benefit at the expense of Weiss, YG WV's co-member in WB Member.

45.     YG WV, therefore, breached its fiduciary duties.

46.     By virtue of YG WV's breach of its fiduciary duties, WB Member has suffered damages in an amount to be determined at trial, but not less than $57 million.

**WHEREFORE**, Plaintiff Zelig Weiss respectfully prays that this Court enter judgment in his favor and against Defendant YG WV LLC as follows:

(a)     On the First Cause of Action, declaring the WBM OA prohibits Defendant YG WV LLC from assigning or otherwise transferring all or any part of its membership interest in the Company to a third party not controlled by YG WV LLC without the written consent of Zelig Weiss;

(b)     On the Second Cause of Action, enjoining Defendant YG WV LLC from assigning or otherwise transferring all or any part of its membership interest in the Company to a third party not controlled by YG WV LLC without the written consent of Zelig Weiss;

7

(c)      On the Third Cause of Action, holding Defendant YG WV LLC in breach of its contractual duties, and entering judgment in favor of Wythe Berry Member LLC in an amount to be determined at trial, but not less than $57 million;

(d)      On the Fourth Cause of Action, holding Defendant YG WV LLC in breach of its fiduciary duties, and entering judgment in favor of Wythe Berry Member LLC in an amount to be determined at trial, but not less than $57 million;

(e)      On the Third and Fourth Causes of Action, and pursuant to 6 Del. Code § 18-1004, awarding Plaintiff Zelig Weiss the reasonable expenses, including without limitation legal fees, he incurred relating to this action; and

(f)      Awarding Plaintiff Zelig Weiss such additional and further relief as the Court deems just and proper.

Dated: Nassau County, New York
       May __, 2022

ABRAMSON BROOKS LLP

By: _____
        Jon Schuyler Brooks
1051 Port Washington Blvd. #322
Port Washington, New York 11050
(516) 455-0215
*Attorney for Plaintiff*
*Zelig Weiss*

8

## Exhibit B

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

In re:                                                                :        **Chapter 11**
                                                                          :
**ALL YEAR HOLDINGS LIMITED**,                      :
                                                                          :        **Case No. 21-12051 (MG)**
                                          Debtor.[4]          :
                                                                          : :
**Fed. Tax Id. No.  98-1220822**                          :

-------------------------------------------------------- x

### ORDER APPROVING THE MOTION OF ZELIG WEISS CONFIRMING THE AUTOMATIC STAY DOES NOT APPLY

Upon the motion (the "Motion")[5] [Docket No. ____] filed by Zelig Weiss ("Weiss"), seeking entry of an order, pursuant to section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), confirming that the automatic stay does not apply to his claims against non-debtor entity YG WV LLC ("YG WV"); and upon the hearing held to consider the relief sought in the Motion on May 26, 2022 (the "Hearing"); and based upon the affidavit of service on file, Weiss gave due and proper notice of the Motion and Hearing and no additional or further notice need be given; and the Court having reviewed and considered the Motion and any objections thereto; and this Court having jurisdiction over this matter; and it appearing that approval of the Motion is proper; and after due deliberation thereon, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.        The Motion is GRANTED.

---

[4] The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[5] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

1.      The automatic stay is held to be inapplicable to Weiss' litigation claims against YG

WV and WB Member and he may pursue them without further order of this Court.

2.      This Order is without prejudice to any and all other rights of Weiss, all of which

are hereby reserved.

3.      The Court retains jurisdiction to all matters arising from or related to the

implementation of this Order.

Dated: New York, New York
          _____, 2022


                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE