ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10036

TEL: (212) 223-0400

NATHAN SCHWED

(212) 826-5317

nschwed@zeklaw.com

WWW.ZEKLAW.COM

May 23, 2022

BY ECF and Email

Honorable Martin Glenn, Chief Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

     Re:  <u>In Re All Year Holdings Limited, Chapter 11 Case No. 21-12051 (MG)</u>

Dear Judge Glenn,

     We represent Zelig Weiss ("Weiss"), a competing bidder with respect to estate assets, including without limitation assets relating to the William Vale Hotel. As set forth in greater detail in Weiss's objection [Docket No. 106] (the "DIP Objection") to the Debtor's DIP Motion scheduled to be heard on May 26, 2022, Weiss is a 50% owner of Wythe Berry Member LLC; the Debtor owns the other 50% through its wholly-owned subsidiary YG WV LLC.

     We write concerning the Debtor's May 20, 2022 "Status Letter" which reveals, among other things, that on April 21, 2022, the Debtor signed a purported "Amendment No. 1" to the Court-approved Investment Agreement dated March 11, 2022 (the "Purported Amendment").[1]

     There are several troubling aspects regarding the information belatedly revealed in the Status Letter. The Debtor's stunning disclosure, on the day after the DIP

---

[1] The Debtor sought approval of the Investment Agreement and bid protection in connection therewith pursuant to a Motion dated March 25, 2022 [Docket No. 66] (the "Bid Protections Motion"). The Bid Protections Motion was not heard by the Court given the Debtor filed a Certificate of No Objection Pursuant to LR 9075-2 / Certificate of No Objection Under 28 U.S.C. § 1746 Regarding Motion of Parent Debtor Pursuant to 11 U.S.C. §§ 105(a), 363, and 503(b) and Fed. R. Bankr. P. 2002, 6004, and 9014 for Entry of Order (I) Approving Bid Protections and (II) Granting Related Relief on April 18. The Court approved the Bid Protections Motion on April 19, 2022 [Docket No. 85] (the "Bid Protections Order"). Two days later, on April 21, 2022, the Debtor purportedly signed a material amendment (i.e., the Purported Amendment). It is obvious that the Debtor was negotiating and drafting such amendment while the Court was considering the Bid Protections Motion and opted not to inform the Court for over a month.

Zeichner Ellman & Krause LLP

Honorable Martin Glenn, Chief Judge
May 23, 2022
Page 2

Motion Objection Deadline, of the Purported Amendment entered into by the Debtor and third parties on April 21, 2022, two days after the Court entered the Bid Protections Order and weeks prior to the filing of the DIP Motion, requires, at a minimum, that the Court adjourn the DIP Motion, and that the Court grant such other relief as may be just and proper.

The Debtor never sought Court approval for the Purported Amendment. The Debtor's May 5, 2022 DIP Motion exhibits and discusses the Court-approved Investment Agreement and seeks approval of an unexecuted Amendment No. 2 dated May __, 2022 (Docket No. 92, p. 61), which, in essence, consists of a "for the sake of clarity" addition to the Investment Agreement, presumably because (i) the DIP Motion is inextricably intertwined with the Investment Agreement and with the Plan that was to have been annexed to the Investment Agreement no later than May 10, 2022 and (ii) an amendment to the Investment Agreement (which itself required Court approval) clearly requires Court approval. Shockingly, the Debtor never sought approval to enter into the fully executed Purported Amendment. Moreover, the fact that a material Purported Amendment was executed a mere two days after entry of the Bid Protections Order, two weeks prior to the filing of the DIP Motion and was only first disclosed to the Court and parties in interest a day *after* the Objection Deadline renders this omission inexcusable.

The Investment Agreement provided for the sale of substantially all of the Debtor's assets to the Plan Investor, which assets consist of interests in numerous entities, subject to certain exclusions. The Investment Agreement expressly excluded the Debtor's interest in the William Vale Hotel (the "WV Interest") from the assets to be acquired by the Plan Investor.[2]

The Purported Amendment would materially alter the Court-approved Investment Agreement by committing the Debtor to sell the WV Interest to the Plan Investor for $200,000 without Court approval and without providing any real opportunity for submission of higher and better offers pursuant to a Court approved bid

---

[2] Additional assets are Excluded Assets under the Investment Agreement. [Docket No. 66, p. 73]. However, as noted in the DIP Objection, the Debtors have yet to file the Schedules to the Investment Agreement with the Court thus making it impossible for parties in interest to address any issues related thereto. Weiss has requested such information from the Debtor, but it has not been provided. See Email from C. Schreiber, counsel to Weiss, Wednesday May 4, 2022, 8:53 PM, attached as **Exhibit 1** hereto.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Martin Glenn, Chief Judge
May 23, 2022
Page 3

procedure process.[3] At the time the Bid Protection Motion was filed, the WV Interest was excluded because the Debtor was negotiating Weiss' purchase of the WV Interest. Had the Investment Agreement and the Debtor's motion to approve the Investment Agreement included the WV Interest, Weiss would have objected to the relief that was sought. Indeed, Weiss (and potentially other bidders) relied on the fact that the Investment Agreement expressly excluded the WV Interest and on the Debtor's representation in the Bid Protection Motion that the Plan Investor's Proposal would be subject to better and higher bids in not objecting to same. The Debtor should not now be permitted to bootstrap the sale of the WV Interest into the Investment Agreement via a Purported Amendment neither approved by the Court nor subject to notice and hearing, and that does not provide for a bid process for the WV Interest.[4]

A process is important in the context. Among other reasons, as the Debtor is upon information and belief aware, Weiss offered $2 million more for the WV Interests than the Plan Investor at the time Weiss made the "further revised offer" referred to by the Debtor in the Status Report letter. See Docket No. 108, p. 2.

In addition, the Debtor advised the Court that the Plan had been annexed to the Investment Agreement on May 10, 2022, days before the DIP Motion Objection Deadline. Yet, the Debtor has failed to file such Plan with the Court. It is simply unfair that the Debtor failed to file the Plan in advance of the Objection Deadline to provide parties in interest with the information necessary to object to the DIP.[5]

---

[3] A court approved process is important because, although the Debtor has stated that in its Bid Protection Motion that the Plan Investor's proposal would be "establishing a floor such that interested parties may still submit proposals for an Alternative Transaction that represents a higher or better offer" (Bid Protection Motion, Paragraph 31), the Debtor has since taken the inexplicable position that it can impose whatever restriction it wants: "The Debtor is not conducting a 363 sale process and no bidding procedures have been approved by the Court. Rather, the sale transaction is to be implemented pursuant to a chapter 11 plan and the Debtor has discretion to determine if an improved offer for an Alternative Transaction provides a greater benefit to the estate." See Email from Justin Kanoff of Weil to counsel for Weiss, C. Schreiber, Sunday, May 15, 2022, 2:42 PM, attached as **Exhibit 2** hereto.

[4] Weiss reserves his rights (i) to object to the transfer to the Plan Investor or any third-party of anything more than an economic interest held by the Debtor and YGWV in Member LLC, (ii) with respect to his interest in submitting a proposal for an Alternative Transaction (as defined in the Bid Protection Motion) that represents a higher or better offer and (iii) with respect to the Debtor's refusal to provide him with access to information necessary to formulate such a view.

[5] The fact that the relief sought in the DIP Motion was intertwined with the Plan made it incumbent on the Debtor to provide the Plan at the time it filed the non-emergent DIP Motion, especially since the Plan was finalized, at the latest, five (5) days later.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Martin Glenn, Chief Judge
May 23, 2022
Page 4

The Court, the U.S. Trustee and parties in interest including competing bidders, have been misled and unfairly prejudiced by the Debtor's deliberate timing of dribbling out of information. The Court should not abide this conduct and, at minimum, should (i) adjourn the DIP Motion because the Debtor withheld disclosure of Purported Amendment and the Plan and (ii) require the Debtor to seek Court approval of the Purported Amendment and a bidding process, on notice, giving parties in interest an opportunity to be heard. Given that the Debtor has admitted that it will not need the DIP funds until at least July, the Debtor would not be prejudiced. However, approval of the DIP in the face of this would prejudice third parties, including Weiss.

Weiss reserves all of his rights at law and in equity.

Respectfully,

/s/    Nathan Schwed
NATHAN SCHWED

Attachments

4853-8063-8241, v. 2