# EXHIBIT 2

# Schreiber, Carey

| | |
|---|---|
| **From:** | Kanoff, Justin <Justin.Kanoff@weil.com> |
| **Sent:** | Wednesday, May 18, 2022 3:45 PM |
| **To:** | Schreiber, Carey; Marcus, Jacqueline |
| **Cc:** | Holtzer, Gary; Goren, Matthew; Lovric, Maggie; EvergreenRxWeilAssociates |
| **Subject:** | RE: All Year Holdings - NDA / Stipulation |

Carey,

We have tried several times now to provide guidance for your client to assist him in his preparation and submission of a potential bid for an Alternative Transaction.  A debtor in chapter 11 is not obligated to provide every potential bidder with access to its non-public financial information and records.  Access to financial information must be made subject to reasonable confidentiality restrictions, which the Debtor believes it has proposed, as well as reasonable evidence of your client's capabilities to close on an Alternative Transaction.  These are standard and routine requirements and completely consistent with the goal of protecting and maximizing the value of the estate.  The Debtor is neither obligated nor does it intend to waste valuable estate resources engaging in a lengthy negotiation process if it cannot be confident that such efforts are likely to result in a transaction that provides a greater net benefit to the estate than the current transaction with the Plan Investor.

The terms of other parties' agreements with the Debtor are not relevant to your client and the Debtor has no obligation to provide your client with copies of the NDA executed by Phillipson or any other parties.  The restrictions on communicating with those parties set forth in paragraph 5 of the NDA, however, were included in the form that was executed by other parties, including the Plan Investor.

We are happy to have a further call and the Debtor welcomes a bid from your client but dataroom access will not be provided to your client unless he agrees to these basic parameters.

Thanks,
Justin



**Justin Kanoff**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Justin.Kanoff@weil.com
+1 212 310 8521 Direct
+1 646 420 0585 Mobile

---

**From:** Schreiber, Carey <CSchreiber@winston.com>
**Sent:** Tuesday, May 17, 2022 3:30 PM
**To:** Kanoff, Justin <Justin.Kanoff@weil.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Cc:** Holtzer, Gary <gary.holtzer@weil.com>; Goren, Matthew <matthew.goren@weil.com>; Lovric, Maggie <Maggie.Lovric@weil.com>; EvergreenRxWeilAssociates <EvergreenRxWeilAssociates@weil.com>
**Subject:** RE: All Year Holdings - NDA / Stipulation

Justin,

As a potential bidder, the bankruptcy process requires that Mr. Weiss be given access to the information in the dataroom and access to third-parties in order to formulate an Alternative Transaction that represents a higher or better offer. (We reserve all rights with respect to the additional information that we requested in our email on May 4, attached again for your reference, which we similarly believe should be provided.)

Your comments to the draft NDA that attempt to condition access to the dataroom and that would preclude Mr. Weiss from contacting non-debtors (both affiliates and non-affiliates), Meridian (who is in charge of the dataroom) and Mishmeret, put the cart before the horse and are practically unworkable. Obviously, we recognize that Mr. Weiss would not be permitted to share Confidential Information with such parties (unless otherwise permitted under the NDA to do so), and nothing in the NDA requires parties to talk to Mr. Weiss, so the Debtor is protected by our draft NDA.

Upon information and belief, other potential bidders, including the Plan Investor, have been in contact with such other third parties. Presumably, they executed NDAs that permit them such access. At a minimum, Mr. Weiss must be permitted the same level of access enjoyed by other potential bidders. In that regard, we would like to see a copy of the Plan Investor's NDA and any communications confirming a right to contact third parties.

Requiring evidence from Mr. Weiss of financial wherewithal for an as-yet-to-be formulated or proposed Alternative Transaction as a pre-condition to providing access lacks any basis in the Bid Protections Motion; furthermore, it runs counter to the Debtor's stated goal of permitting parties to submit higher or better offers and therefore is inconsistent with maximizing value for the benefit of the Debtor's creditors. Nor can the Debtor rely on an unfiled plan and the notion that a "363 sale" is purportedly not being run as support for this requirement.

Until an Alternative Transaction is proposed, it is simply not possible for the Debtor to say what that proposal would be required to include to be higher or better, although we certainly appreciate the guidance as to what the Debtor is thinking directionally. Once an Alternative Transaction is proposed, we certainly understand that additional information may be necessary for the Debtor to be able to evaluate such proposal and whether it is indeed better or higher.

However, to restrict Mr. Weiss's access to information and predetermine what the proposal needs to be and refuse to provide information prior to getting proof of same is inappropriate.

We're available if you would like to have a follow up call to discuss these issues.

Regards,
Carey


**Carey D. Schreiber**
**Partner**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
D: +1 212-294-3547
M: +1 917-597-4625
F: +1 212-294-4700
Bio | VCard | Email | winston.com

WINSTON & STRAWN LLP

---

**From:** Kanoff, Justin <Justin.Kanoff@weil.com>
**Sent:** Sunday, May 15, 2022 2:42 PM
**To:** Schreiber, Carey <CSchreiber@winston.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>

2

**Cc:** Holtzer, Gary <gary.holtzer@weil.com>; Goren, Matthew <matthew.goren@weil.com>; Lovric, Maggie <Maggie.Lovric@weil.com>; EvergreenRxWeilAssociates <EvergreenRxWeilAssociates@weil.com>
**Subject:** RE: All Year Holdings - NDA / Stipulation

Carey,

A $75 million bid represents the Debtor's good faith estimate of the value that an Alternative Transaction would need to provide to result in a greater net benefit to the estate and impaired creditors than the transaction contemplated under the Investment Agreement. The Debtor is not conducting a 363 sale process and no bidding procedures have been approved by the Court. Rather, the sale transaction is to be implemented pursuant to a chapter 11 plan and the Debtor has discretion to determine if an improved offer for an Alternative Transaction provides a greater benefit to the estate. In the event the Debtor pursues an alternative transaction that does not provide for the assumption of General Unsecured Claims by the proposed purchaser, the estate will likely face an increased unsecured claims pool and will need to bear the cost and expense of litigation with respect to certain claims (and the additional time of the Chapter 11 Case), including, without limitation, the $37 million claim asserted by Taz Partners LLC.

We are providing this information as guidance and to hopefully assist your client if he wishes to submit a proposal for an Alternative Transaction. The Debtor will review the financial information provided by your client if he chooses to submit a bid for an Alternative Transaction and respond accordingly.

Thanks,
Justin



**Justin Kanoff**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Justin.Kanoff@weil.com
+1 212 310 8521 Direct
+1 646 420 0585 Mobile

---

**From:** Schreiber, Carey <CSchreiber@winston.com>
**Sent:** Saturday, May 14, 2022 10:20 PM
**To:** Kanoff, Justin <Justin.Kanoff@weil.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Cc:** Holtzer, Gary <gary.holtzer@weil.com>; Goren, Matthew <matthew.goren@weil.com>; Lovric, Maggie <Maggie.Lovric@weil.com>; EvergreenRxWeilAssociates <EvergreenRxWeilAssociates@weil.com>
**Subject:** Re: All Year Holdings - NDA / Stipulation

I'm still not following why this is necessary at all.  But leaving that aside for the moment, why does the cash bid for an alternative transaction need to be more than the Plan Investor's cash bid plus the break up fee and expense reimbursement?  And what is the back up for the 75mln?  I don't see anything in the Bid Procedures motion on this point.

---

**From:** Kanoff, Justin <Justin.Kanoff@weil.com>
**Sent:** Friday, May 13, 2022 7:55:22 PM
**To:** Schreiber, Carey <CSchreiber@winston.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Cc:** Holtzer, Gary <gary.holtzer@weil.com>; Goren, Matthew <matthew.goren@weil.com>; Lovric, Maggie <Maggie.Lovric@weil.com>; EvergreenRxWeilAssociates <EvergreenRxWeilAssociates@weil.com>
**Subject:** RE: All Year Holdings - NDA / Stipulation

3

Thanks. The $75M represents the approximate amount the Debtor estimates will be necessary to cover the amount of the initial bid under the Investment Agreement, cover the cost of the break-up fee and expense reimbursement under the Bid Protections Order, and to fund the additional costs and expenses necessary to administer the case through consummation of an Alternative Transaction.

Best,
Justin



**Justin Kanoff**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Justin.Kanoff@weil.com
+1 212 310 8521 Direct
+1 646 420 0585 Mobile

---

**From:** Schreiber, Carey <CSchreiber@winston.com>
**Sent:** Friday, May 13, 2022 5:55 PM
**To:** Kanoff, Justin <Justin.Kanoff@weil.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Cc:** Holtzer, Gary <gary.holtzer@weil.com>; Goren, Matthew <matthew.goren@weil.com>; Lovric, Maggie <Maggie.Lovric@weil.com>; EvergreenRxWeilAssociates <EvergreenRxWeilAssociates@weil.com>
**Subject:** RE: All Year Holdings - NDA / Stipulation

Good afternoon. We're working through the stipulation and will get back to you with our thoughts on the attached. In the interest of time, can you explain exactly where the $75 million comes from?

**Carey D. Schreiber**
**Partner**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-3547
M: +1 917-597-4625
F: +1 212-294-4700

Bio | VCard | Email | winston.com



**From:** Kanoff, Justin <Justin.Kanoff@weil.com>
**Sent:** Friday, May 13, 2022 5:36 PM
**To:** Schreiber, Carey <CSchreiber@winston.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Cc:** Holtzer, Gary <gary.holtzer@weil.com>; Goren, Matthew <matthew.goren@weil.com>; Lovric, Maggie <Maggie.Lovric@weil.com>; EvergreenRxWeilAssociates <EvergreenRxWeilAssociates@weil.com>
**Subject:** RE: All Year Holdings - NDA / Stipulation

Carey,

Attached please find the Debtor's comments to your client's markup of the Form NDA, both clean and marked against the version you provided. Please note that the attached Form NDA remains subject to further comment and review by the Debtor in all respects.

Before your client can be granted access to the dataroom please provide (i) evidence of your client's financial wherewithal to consummate an Alternative Transaction (as defined in the Bid Protections Motion, ECF No. 66) of at least $75,000,000, including, without limitation, a description of the sources of funding for any such transaction and the status of any financing commitments referenced therein, and (ii) a list of names and e-mail addresses for the individuals that will need access to the dataroom.

In addition, can you please update us on the status of the lift stay stipulation (also attached)? Let us know if you have any comments or are otherwise signed off. We'd like to get the stipulation on file with the Court as soon as possible.

Let us know of any questions.

Best,
Justin



**Justin Kanoff**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Justin.Kanoff@weil.com
+1 212 310 8521 Direct
+1 646 420 0585 Mobile

---

**From:** Schreiber, Carey <CSchreiber@winston.com>
**Sent:** Friday, May 13, 2022 2:05 PM
**To:** Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Cc:** Holtzer, Gary <gary.holtzer@weil.com>; Goren, Matthew <matthew.goren@weil.com>; Lovric, Maggie <Maggie.Lovric@weil.com>; EvergreenRxWeilAssociates <EvergreenRxWeilAssociates@weil.com>
**Subject:** RE: All Year Holdings - Stipulation Regarding Stay Relief - Subject to FRE 408

Thanks.  Safe travels. The NDA is higher priority.  Please let us know your thoughts on that.  We'd really like to get that process started.

Regards,
Carey

**Carey D. Schreiber**
**Partner**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-3547
M: +1 917-597-4625
F: +1 212-294-4700
Bio | VCard | Email | winston.com



**From:** Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Sent:** Thursday, May 12, 2022 11:08 AM
**To:** Schreiber, Carey <CSchreiber@winston.com>
**Cc:** Holtzer, Gary <gary.holtzer@weil.com>; Goren, Matthew <matthew.goren@weil.com>; Lovric, Maggie <Maggie.Lovric@weil.com>; EvergreenRxWeilAssociates <EvergreenRxWeilAssociates@weil.com>
**Subject:** All Year Holdings - Stipulation Regarding Stay Relief - Subject to FRE 408

Following up on our conversation yesterday, attached is a draft stipulation granting Zelig Weiss limited relief from the automatic stay (the "Stipulation").  Please let us know if the Stipulation is acceptable or if you have any questions. We propose presenting the Stipulation to Judge Glenn by notice of presentment.

FYI, I will be out of the country starting later this afternoon, so Matt Goren will be your primary contact on this.



**Jacqueline Marcus**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jacqueline.marcus@weil.com
+1 212 310 8130 Direct
+1 212 310 8007 Fax
+1 917-658-6209 Mobile

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended

recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, [postmaster@weil.com](mailto:postmaster@weil.com), and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, [postmaster@weil.com](mailto:postmaster@weil.com), and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.