**Presentment Date and Time:  June 10, 2022 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  June 9, 2022 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objections Filed):  To Be Determined**

HERRICK, FEINSTEIN LLP
Avery S. Mehlman
Janice Goldberg
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
amehlman@herrick.com
jgoldberg@herrick.com

*Proposed Special Litigation Counsel for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
**In re**                                                          :    **Chapter 11**
:
**ALL YEAR HOLDINGS LIMITED,**        :    **Case No. 21-12051 (MG)**
:
**Debtor.**[1]                                             :
:
**Fed. Tax Id. No. 98-1220822**             :
------------------------------------------------------------X

**NOTICE OF PRESENTMENT OF APPLICATION OF PARENT DEBTOR PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014 AND 2016, AND L.B.R. 2014-1 AND 2016-1 FOR AUTHORITY TO RETAIN AND EMPLOY HERRICK, FEINSTEIN LLP AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

　　　　　**PLEASE TAKE NOTICE** that All Year Holdings Limited, as debtor and debtor

in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11**

**Case**"), will present the annexed application (the "**Application**"),[2] pursuant to section 327(e) of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1

of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy**

---

[1]　　The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]　　Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Application.

Rules"), for entry of an order authorizing the Parent Debtor to retain and employ Herrick Feinstein

LLP ("**Herrick**"), as special litigation counsel for the Parent Debtor, *nunc pro tunc* to the Petition

Date, all as more fully set forth in the Application, to the Honorable Martin Glenn, Chief United

States Bankruptcy Judge for the Southern District of New York, for signature on **June 10, 2022**

**at 10:00 a.m. (Prevailing Eastern Time)**.

        **PLEASE TAKE FURTHER NOTICE** that any responses or objections

(the "**Objections**") to the Application shall be in writing, shall conform to the Bankruptcy Rules

and the Local Bankruptcy Rules, shall be filed with the Bankruptcy Court (i) by attorneys

practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and

(ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format

(PDF) (with two single-sided hard copies delivered to the Judge's Chambers), in accordance with

the customary practices of the Bankruptcy Court and General Order M-399, to the extent

applicable, and shall be served in accordance with General Order M-399, the Bankruptcy Rules,

and the Local Bankruptcy Rules, so as to be filed and served upon (a) proposed special litigation

counsel for the Parent Debtor Herrick, Feinstein LLP, 2 Park Avenue, New York, NY 10016 (Attn:

Avery S. Mehlman, Esq. and Janice Goldberg, Esq.); (b) the attorneys for the Parent Debtor, Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Gary T. Holtzer,

Esq. and Matthew P. Goren, Esq.); (c) the Office of the United States Trustee for Region 2, 201

Varick Street, Suite 1006, New York, NY 10014 (Attn:  Andrea B. Schwartz, Esq. and Shara

Cornell, Esq.); (d) counsel to Mishmeret Trust Company Ltd., as Trustee for the Bondholders,

Chapman & Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael

Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); and (e) counsel to the Plan

Investor, (i) Gissin & Co., Habarzel 38B, Tel Aviv 6971054, Israel (Attn: Yael Hershkovitz, Esq.),

(ii) Locke Lord LLP, 200 Vesey Street, 20th Floor, New York, NY 10281 (Attn: Shalom Jacob,

Esq.), and (iii) Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York,

NY 10004 (Attn: Avi D. Feinberg, Esq.), by no later than **June 9, 2022 at 4:00 p.m. (Prevailing**

**Eastern Time)** (the "**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and

served with respect to the above referenced Application, the Parent Debtor may, on or after the

Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed to the Application, which order may be entered without further notice or

opportunity to be heard.

      **PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed and

served with respect to the Application, a hearing (the "**Hearing**") will be held to consider the

Application before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, at the

United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One

Bowling Green, New York, NY 10004-1408 on a date to be announced.

      **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted upon default.

      **PLEASE TAKE FURTHER NOTICE that, due to the COVID-19 pandemic,**

**the Hearing, if held, will be conducted using Zoom for Government.  Parties should not**

**appear in person and those wishing to appear or participate at the Hearing (whether "live"**

**or "listen only") must make an electronic appearance through the Court's website prior to**

**4:00 p.m. (Prevailing Eastern Time) on the business day prior to the Hearing.  Instructions**

for making an eCourtAppearance and additional information on the Court's Zoom

procedures can be found at http://www.nysb.uscourts.gov/content/judge-martin-glenn.

Dated: June 3, 2022
       New York, New York

                          /s/ *Avery S. Mehlman*
                          HERRICK, FEINSTEIN LLP
                          Avery S. Mehlman
                          Janice Goldberg
                          2 Park Avenue
                          New York, New York 10016
                          (212) 592-1400
                          (212) 592-1500 (fax)
                          amehlman@herrick.com
                          jgoldberg@herrick.com

                          *Proposed Special Litigation Counsel*
                          *for the Parent Debtor*

**Presentment Date and Time:  June 10, 2022 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  June 9, 2022 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objections Filed):  To Be Determined**

HERRICK, FEINSTEIN LLP
Avery S. Mehlman
Janice Goldberg
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
amehlman@herrick.com
jgoldberg@herrick.com

*Proposed Special Litigation Counsel for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

In re                                                                   :      **Chapter 11**
                                                                        :
**ALL YEAR HOLDINGS LIMITED,**                :      **Case No. 21-12051 (MG)**
                                                                        :
                        Debtor.[1]                            :
                                                                        :
**Fed. Tax Id. No. 98-1220822**                     :

---------------------------------------------------------------X

**APPLICATION OF PARENT DEBTOR PURSUANT TO 11 U.S.C. § 327(e),**
**FED. R. BANKR. P. 2014 AND 2016, AND L.B.R. 2014-1 AND 2016-1 FOR**
**AUTHORITY TO RETAIN AND EMPLOY HERRICK, FEINSTEIN LLP AS**
**SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), respectfully represents as follows in support of this application (the "**Application**"):

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

## **Relief Requested**

1.    By this Application, pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), the Parent Debtor requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing and approving the employment and retention of Herrick, Feinstein LLP ("**Herrick**") as special litigation counsel for the Parent Debtor in connection with the Special Counsel Matter (as defined herein), effective *nunc pro tunc* to the Petition Date (as defined herein), in accordance with the terms and conditions set forth in that certain engagement letter dated as of May 14, 2021, attached hereto as **Exhibit B** (the "**Engagement Letter**"), and granting related relief.

2.    In support of this Application, the Parent Debtor submits (i) the declaration of Avery S. Mehlman, a member of Herrick, attached hereto as **Exhibit C** (the "**Mehlman Declaration**"), and (ii) the declaration of Ephraim Diamond, the Associate Restructuring Officer of the Parent Debtor, attached hereto as **Exhibit D** (the "**Diamond Declaration**").

3.    The Parent Debtor has requested that Herrick provide litigation and related services to Wythe Berry Fee Owner LLC (the "**PropCo**"), a 50% owned subsidiary of the Parent Debtor, in connection with the matter styled *Wythe Berry Fee Owner LLC v. Wythe Berry LLC et al.*, Index No. 514152/2021, which is currently pending in the Supreme Court of the State of New York, Kings County (the "**Special Counsel Matter**").  As discussed in greater detail below, the Special Counsel Matter is a state court litigation pertaining to a commercial lease dispute involving the William Vale Hotel in which Herrick represents the PropCo.

## Jurisdiction

4.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5.     On December 14, 2021 (the "**Petition Date**"), the Parent Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.[2]  The Parent Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in this Chapter 11 Case.

6.     On December 16, 2021, the Parent Debtor determined that it was necessary to file an application under the laws of the British Virgin Islands (the "**BVI**") with the Eastern Caribbean Supreme Court in the High Court of Justice, Commercial Division Virgin Islands (the "**BVI Court**") seeking the appointment of Paul Pretlove and Charlotte Caulfield of Kalo (BVI) Limited as joint provisional liquidators (the "**JPLs**") under the applicable provisions of the BVI Insolvency Act 2003.  On December 20, 2021, the BVI Court entered an order appointing the JPLs.

---

[2]     On February 22, 2021, Evergreen Gardens Mezz LLC (the "**Initial Debtor**") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  On September 14, 2021, Evergreen Gardens I LLC and Evergreen Gardens II LLC (the "**Subsidiary Debtors**" and, together with the Initial Debtor, the "**Evergreen Debtors**") commenced their own voluntary cases with the Court under chapter 11 of the Bankruptcy Code.  The Evergreen Debtors are each wholly-owned, indirect subsidiaries of the Parent Debtor.  The Evergreen Debtors' chapter 11 cases are being jointly administered for procedural purposes only under the lead case, *In re Evergreen Gardens Mezz LLC, et al.,* Case No., 21-10335 (MG).  On November 5, 2021, the Court entered an order confirming a joint chapter 11 plan for the Evergreen Debtors [ECF No. 222], which chapter 11 plan became effective and was substantially consummated on December 2, 2021.  The Parent Debtor's Chapter 11 Case is being separately administered from the Evergreen Debtors' chapter 11 cases.

7.      7. On April 14, 2022, with the consent of the JPLs and the approval and direction of the BVI Court, the Parent Debtor commenced a proceeding in the Tel Aviv District Court – Yafa (the "**Israeli Court**") for recognition of the Chapter 11 Case as a foreign main proceeding under the applicable provisions of Chapter I, Part C of the Insolvency and Rehabilitation Law of Israel 5778-2018.  The Israeli Court entered an order recognizing the Chapter 11 Case on May 4, 2022.

8.      Information regarding the Parent Debtor's business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Case is set forth in the *Declaration of Asaf Ravid Pursuant to Local Bankruptcy Rule 1007-2 in Support of Subsidiary Parent Debtor's Chapter 11 Petitions and Related Relief* [ECF No. 4] (the "**Ravid Declaration**") and is incorporated herein by reference.[3]

### Herrick's Qualifications

9.      Herrick is a prominent mid-sized law firm headquartered in New York City, providing top-tier legal services.  As described in the Mehlman Declaration, Herrick has (i) extensive experience and expertise with, among other things, complex commercial and business litigation, including with respect to securities and real estate matters, in both state and federal courts in New York; and (ii) background knowledge and detailed information regarding the Parent Debtor, the PropCo, and issues giving rise to and related to the Special Counsel Matter as a result of Herrick's prepetition representation of the PropCo on behalf of the Parent Debtor.

10.      In light of the foregoing, the Parent Debtor believes that Herrick is well-qualified and uniquely able to provide the legal services sought by the PropCo as requested

---

[3]   Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Ravid Declaration.

by the Parent Debtor—the ultimate beneficiary of those professional services—in connection with the Special Counsel Matter.

### Herrick's Prepetition Services

11.    On May 14, 2021 (the "**Engagement Date**"), the Parent Debtor signed the Engagement Letter in connection with the Special Counsel Matter.  As previously noted, the Special Counsel Matter pertains to a commercial lease dispute involving the William Vale Hotel.  Specifically, PropCo is the fee owner of the William Vale Hotel, office space, retail space, and parking located at 55 Wythe Avenue, Brooklyn, New York (the "**Complex**").  Pursuant to a certain ground lease dated February 28, 2017 (the "**Lease**"), PropCo leased the Complex to Wythe Berry LLC (the "**Lessee**") for a term of 15 years to operate the Complex through 2032.  On February 1, 2021, Lessee defaulted in its obligation to pay rent to PropCo pursuant to the Lease and subsequently breached other express obligations contained in the Lease.  After Lessee was served with notice of its defaults and then failed to cure such defaults, PropCo terminated the Lease effective as of May 20, 2021 and thereafter initiated the Special Counsel Matter seeking, among other things, a declaratory judgment that the Lease has been terminated, Lessee's ejectment from the Complex, and pre- and post-termination damages for Lessee's breaches of the Lease.  Herrick has played a significant role in the Special Counsel Matter and has developed a familiarity and expertise with the complex issues underpinning the dispute.

12.    In connection with the Special Counsel Matter, Herrick has, among other things, engaged in extensive motion practice to (i) obtain pendente lite relief in the form of an order compelling Lessee to pay use & occupancy for its holdover of the leased premises; (ii) seek expedited discovery from the defendants; (iii) temporarily restrain Lessee from entering into new subleases; (iv) defend against the defendants' unsuccessful attempt to dismiss the action; and (v)

compel non-parties to comply with subpoenas issued to obtain information relevant to the claims asserted by PropCo.

13.     On May 19, 2022, the court in the Special Counsel Matter denied a motion brought by two of the defendants for leave to reargue a prior Decision and Order of the court, dated December 1, 2021, denying their motion to dismiss the Special Counsel Matter in its entirety.  The Special Counsel Matter is currently in the discovery stage and is proceeding.  On May 16, 2022, PropCo filed a motion seeking to hold non-parties in contempt for their failure to comply with subpoenas and an Order dated January 13, 2022 compelling them to comply with the subpoenas.

14.     The Parent Debtor submits that both the interruption and the duplicative cost involved in obtaining substitute counsel to replace Herrick's unique role at this juncture would be harmful to the Parent Debtor and its estate.  Accordingly, if the Parent Debtor was required to retain counsel other than Herrick in connection with the Special Counsel Matter, the Parent Debtor, its estate, and all parties in interest would be unduly prejudiced by the time and expense necessary to replicate Herrick's familiarity with the issues and circumstances related to the Special Counsel Matter.

## **Professional Compensation**

15.     As set forth in the Mehlman Declaration, in the period between the Engagement Date and the Petition Date, Herrick received total payments from the Parent Debtor in the amount of $123,355.44 for services rendered and $4,454.03 for expenses incurred in connection with the Special Counsel Matter.  On March 3, 2022, per an agreement with an affiliate of the opposing party in the Special Counsel Matter (the "**Opposing Party Affiliate**"), Herrick received a non-refundable $15,000.00 from the Opposing Party Affiliate to be applied only to the reasonable cost of expenses, including legal fees, incurred by PropCo in connection with the

negotiation and preparation of documentation related to the potential settlement of the Special Counsel Matter (the "**Opposing Party Expense Payment**").  As of the date of this application, the Special Counsel matter is proceeding and has not settled.  Herrick has not yet applied the Opposing Party Expense Payment to any fees or expenses.

16.     Herrick bills the Parent Debtor for its services on a monthly basis by providing itemized statements, comprised of the time entries of each individual timekeeper who provided services to the PropCo with respect to the Special Counsel Matter and expenses incurred.

17.     The Parent Debtor understands that Herrick will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with General Order M412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (collectively, the "**Fee Guidelines**"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of the Court (the "**Orders**"), both in connection with this Application and any interim and final fee applications to be filed by Herrick in this Chapter 11 Case, in accordance with the terms and conditions of the Engagement Letter.  Moreover, the Parent Debtor is advised that Herrick intends to make a reasonable effort to comply with the requests of the United States Trustee (the "**U.S. Trustee**") for information and additional disclosures, as set forth in the Fee Guidelines.

18.     As of the Petition Date, Herrick holds a prepetition claim of approximately $44,593.83 against the Parent Debtor.  As more fully described in the Engagement Letter, in

consideration for the services provided by Herrick, the Parent Debtor has agreed to pay Herrick the following fees (the "**Fees**"):

    a.    **Hourly Rate Personnel**:  Unless agreed otherwise, the Parent Debtor has agreed to pay any services performed by Herrick on the basis of the following hourly rates, which are consistent with the firm's customary time charges:[4]

| Professional Services | Hourly Rate(s) |
|---|---|
| Avery S. Mehlman, Partner | $860 |
| Dov Weinstock, Counsel | $645 |
| Associates | $380–$580 |

    b.    **Expenses**:  In addition, the Parent Debtor will be responsible for any expenses incurred by Herrick on the Parent Debtor's behalf in relation to the Special Counsel Matter, such as filing fees, duplication, binding, and postage.  A more detailed schedule of such expenses is attached to the Engagement Letter.

19.    The Herrick professionals who have worked the most on this matter are Avery Mehlman, Janice Goldberg, Meghan Roe, and Stephen DiMaria.  Avery Mehlman's rate has increased to $880/hour in 2022.  Janice Goldberg's rate was $650/hour in 2021 and has increased to $670/hour in 2022.  Meghan Roe and Stephen DiMaria are associates, whose rates fall into the above-noted range for associates' hourly rates.

20.    Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and the Orders, the Parent Debtor proposes to compensate Herrick for services rendered as set forth in the Engagement Letter and in this application and to reimburse Herrick according to its customary reimbursement policies.  The Parent Debtor respectfully submits that Herrick's rates and policies are reasonable.

---

[4]    As set forth in the Engagement Letter, Herrick's hourly rates are subject to periodic adjustment.

**Duplication of Services**

21.     The Parent Debtor currently seeks to retain Herrick, subject to the approval of this Court, solely with respect to the Special Counsel Matter.  The Parent Debtor intends that the services of Herrick will complement and not duplicate, the services being rendered by other professionals retained in this Chapter 11 Case.  Herrick understands that the Parent Debtor has retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Parent Debtor.

**Disinterestedness**

22.     To the best of the Parent Debtor's knowledge, and based upon the Mehlman Declaration, Herrick does not represent or hold any interest adverse to the Parent Debtor, the PropCo, or its estate with respect to the matters on which Herrick is to be employed.  Furthermore, to the best of the Parent Debtor's knowledge and based upon the Mehlman Declaration, Herrick does not have any connection with any creditor or other parties in interest, or their respective attorneys or accountants, or the U.S. Trustee or any of its employees, except as set forth in the Herrick Declaration.  The Parent Debtor has been informed that Herrick will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered, Herrick will file a supplemental disclosure with the Court.  Herrick has represented to the Parent Debtor that it will not represent any other party or creditor in connection with the Parent Debtor's Chapter 11 Case and related matters.

**Basis for Relief**

I.    **The Parent Debtor Should Be Permitted to Retain and Employ Herrick Pursuant to Sections 327(e) and 1107 of the Bankruptcy Code**

23.    Section 327(e) of the Bankruptcy Code provides for the appointment of special counsel where the proposed counsel does not possess any interest that is materially adverse to the debtor with regard to the matter(s) that will be handled by counsel.  Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

24.    Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

25.    Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed, and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession.  *See In AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand"); *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994).  As explained more fully above, the Parent Debtor submits that Herrick's retention should be approved under section 327(e) of the Bankruptcy Code.

26.     As indicated above, notwithstanding its retention pursuant to section 327(e) of the Bankruptcy Code, Herrick intends to submit applications for payment of compensation in this Chapter 11 Case.  Herrick intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case, pursuant to the procedures set forth in sections 330 of the Bankruptcy Code and applicable Bankruptcy Rules, Local Bankruptcy Rules, the Fee Guidelines, and any other applicable procedures and orders of the Court.

## II.    Herrick Will Not Conduct the Parent Debtor's Chapter 11 Case

27.     By order entered on February 25, 2022, the Court approved the retention and employment of Weil, Gotshal & Manges LLP as counsel to the Parent Debtor under section 327(a) of the Bankruptcy Code [ECF No. 52].  By contrast, Herrick's postpetition work will pertain exclusively to the Special Counsel Matter, which does not involve conduct of the Chapter 11 Case itself.  Additionally, because Herrick is not serving as the Parent Debtor's general bankruptcy counsel, the Parent Debtor believes that Herrick has not rendered "services … in contemplation of or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.

28.     Based on the foregoing, the Parent Debtor submits that the relief requested herein is essential, appropriate, and in the best interests of the Parent Debtor's estate, creditors, and all parties in interest, and therefore should be granted.

### *Nunc Pro Tunc* **Relief Is Warranted**

29.     The Parent Debtor believes that employment of Herrick effective *nunc pro tunc* to the Petition Date is warranted under the circumstances of this Chapter 11 Case so that Herrick may be compensated for its services prior to entry of an order approving the firm's

retention.  Further, the Parent Debtor believes that no party-in-interest will be prejudiced by the granting of *nunc pro tunc* employment because Herrick provided, and will continue to provide, valuable legal services in connection with the Special Counsel Matter, and has been doing so since the Petition Date.

## Notice

30.     Notice of this Application will be provided to (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (ii) the Parent Debtor's top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); (vi) counsel to the Plan Investor, (i) Gissin & Co., Habarzel 38B, Tel Aviv 6971054, Israel (Attn: Yael Hershkovitz, Esq.), (ii) Locke Lord LLP, 200 Vesey Street, 20th Floor, New York, NY 10281 (Attn: Shalom Jacob, Esq.), and (iii) Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 (Attn: Avi D. Feinberg, Esq.); and (vii) all other persons and entities that have requested service in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Parent Debtor respectfully submits that no further notice is required.

31.     No previous request for the relief sought herein has been made by the Parent Debtor to this or any other Court.

WHEREFORE the Parent Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 3, 2022
        New York, New York

**ALL YEAR HOLDINGS LIMITED**

/s/ *Ephraim Diamond*
Ephraim Diamond
Associate Restructuring Officer

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                                :

In re                                :        **Chapter 11**
                                                :

**ALL YEAR HOLDINGS LIMITED,**      :        **Case No. 21-12051 (MG)**
                                                :

               **Debtor.**[1]             :
                                                :

**Fed. Tax Id. No. 98-1220822**          :
-----------------------------------------------------------------X

### ORDER PURSUANT TO 11 U.S.C. § 327(e), FED. R.BANKR. P. 2014 AND 2016, AND L.B.R. 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF HERRICK, FEINSTEIN LLP AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**"),[2] dated June 3, 2022 [ECF Doc. #[●]] of All Year Holdings Limited, as debtor and debtor in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order authorizing and approving the employment and retention of Herrick, Feinstein LLP ("**Herrick**") as special litigation counsel for the Parent Debtor in connection with the Special Counsel Matter, effective *nunc pro tunc* to the Petition Date (as defined herein), in accordance with the terms and conditions set forth in that certain engagement letter dated as of May 14, 2021 (the "**Engagement Letter**"), annexed to the Application as **Exhibit B**, and granting

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

related relief, all as more fully set forth in the Application; and upon consideration of the Mehlman

Declaration and Diamond Declaration, annexed to the Application as **Exhibit C** and **Exhibit D**,

respectively; and the Court being satisfied, based upon the representations made in the Mehlman

Declaration, that Herrick represents no interest adverse to the Parent Debtor or its estate with

respect to the matters on which it is to be engaged; and the Court having jurisdiction to consider

the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Application and the requested relief being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Application having been provided to the Notice Parties,

and such notice having been adequate and appropriate under the circumstances, and it appearing

that no other notice need be provided; and the Court having reviewed the Application; and all

objections to the Application, if any, having been withdrawn, resolved, or overruled; and the Court

having determined that the legal and factual bases set forth in the Application establish just cause

for the relief granted herein; and it appearing that the relief requested in the Application is in the

best interests of the Parent Debtor, its estate, creditors, and all parties in interest; and upon all of

the proceeding had before the Court and after due deliberation and sufficient cause appearing

therefor,

### IT IS HEREBY ORDERED THAT

1.      The Application is granted to the extent set forth herein.

2.      The Parent Debtor is authorized, pursuant to section 327(e) of the

Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Local Bankruptcy Rules 2014-1 and 2016-1,

to employ and retain Herrick as special litigation counsel in the Special Counsel Matter in

2

accordance with the Engagement Letter (as modified by this Order), incorporated herein by reference, effective *nunc pro tunc* to the Petition Date.

3.      Herrick shall be compensated for fees and reimbursed for reasonable and necessary expenses in accordance with, and will file, interim and final fee applications for the allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, and any further order of the Court.

4.      Herrick shall use its best efforts to avoid any duplication of services provided by any of the Parent Debtor's other retained professionals.

5.      Prior to any increases in Herrick's rates for any individual retained by Herrick and providing services in this case, Herrick shall file a supplemental affidavit with the Court and provide ten business days' notice to the Parent Debtor, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.      The Parent Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

7.      To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

8.      The terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or enforcement of this Order.

Dated: _____, 2022
        New York, New York


_____
HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Engagement Letter**



**Avery S. Mehlman**
**Partner**
Phone: 212.592.5985
Fax: 212.545.3424
amehlman@herrick.com

May 14, 2021

**VIA ELECTRONIC MAIL**

All Year Holdings Limited
12 Spencer Street, 3rd Fl.
Brooklyn, NY 11205
Attn: Asaf Ravid and Ephraim Diamond

Re:    Litigation Over Lease

Dear Gentlemen:

We are pleased that you have selected Herrick, Feinstein LLP ("Herrick") to represent you in connection with the matter referenced above. If at any time you have any questions, or if there is an action you believe we should be taking, please do not hesitate to contact us right away. We want you to be fully satisfied at all times with the services we provide you.

We believe that a clear understanding of the scope of our engagement and of our fee arrangement will assist both of us to establish a positive relationship, and help us to avoid any misunderstandings. This letter is intended, therefore, to outline the scope of our services in this matter, and to confirm the terms and fee arrangements upon which Herrick will render services to you. You agree that the provisions of this engagement letter shall apply, not only to the matters specifically described herein, but also to any other engagements in connection with which you employ us, unless we specifically agree otherwise in writing.

It is understood that these services will be performed by us principally in the State of New York and that the substantive law of New York will govern any issues that may arise concerning this representation.

We will render monthly invoices for our services at our customary time charges, which are subject to adjustment by us from time to time. Currently, my time is billed at $860 per hour; Dov Weinstock's time is billed at $645 per hour; the hourly rates for associates who may work on this matter currently range from $380 to $580; and the hourly rates of paralegals and specialists who may work on this matter currently range from $335 to $390. Our invoices will also set forth all expenses which we incur on your behalf. A schedule showing the current basis upon which we compute certain costs and expenses is attached for your reference.

Our invoices are payable when rendered. If any invoice is not paid in full when due, we reserve the right to charge interest upon the unpaid balance, from the date the invoice is rendered until the date it is paid, at the legal rate of 9% *per annum*. If any payment becomes delinquent without our consent, we may treat your failure to make payment in accordance with the terms of this agreement as a decision on your part to terminate our services and may cease any pending work until satisfactory arrangements have been made. In such event, we shall, upon written notice to you, have the right to withdraw as counsel in any matter or action in which we have appeared on your behalf, or on behalf of any entity in which you have an interest, which withdrawal shall not relieve you of the obligation to pay any fees and expenses incurred by you.



May 14, 2021
Page 2

It is understood that before we commence our representation of you, you will deliver to us a retainer fee in the amount of $15,000.00.  From this sum, $15,000.00 shall be credited against fees and expenses as they are incurred, and the balance shall be held as a retainer against payment of our final invoice. Any balance of such payment which remains after the payment of our last invoice shall be returned to you at once. Our wiring instructions for the retainer are attached to this letter.

In connection with litigations or investigations, the firm's charges may include litigation support services, including data hosting, incurred in connection with the preservation, processing, review, production, or project management of electronically stored information.  Upon request, we will provide detailed billing information regarding litigation support charges or disbursements from an outside provider which Herrick regularly engages. Other providers can be engaged if the Client requests. Data hosting charges will continue until the data is removed.

If you disagree with the amount of our fees or other charges, or if you have any concerns about our work for you, please bring that to our attention as soon as possible.  In the event any dispute between us arising from or relating to our work cannot be resolved informally, we both agree to forego the right to trial by jury and to resolve any disputes between us, or any disputes you have with any of our lawyers or staff, including but not limited to disputes over fees and charges, exclusively through private and confidential binding arbitration in New York City before either JAMS or NAM, established and respected mediation and arbitration services, in accordance with the rules and procedures of the selected agency, and in accordance with Article 75 of New York's Civil Practice Law and Rules relating to Arbitration, the costs of which arbitration shall be born equally by the parties.  The arbitrator or arbitrators will be authorized to award any damages or relief that a court of law having jurisdiction over the dispute could award.  You acknowledge by signing this letter that you have had the opportunity to consult with other counsel about the consequences of agreeing to binding arbitration and that we recommended that you do so.  You understand that, by agreeing to the provisions of this paragraph, you are waiving the right you may have to request non-binding arbitration of fee disputes in New York under Part 137 of the Rules of the Chief Administrator of the Office of Court Administration of the New York State Unified Court System or under applicable bar association procedures.  By signing this engagement letter, you expressly waive that potential right and agree to binding private arbitration as provided above.

Please confirm that the foregoing reflects our agreement by signing and returning a copy of this letter together with your $15,000 retainer payment.

We are proud to represent you and trust that we will justify your confidence in us.

Very truly yours,

HERRICK, FEINSTEIN LLP

By:    *Avery S. Mehlman*
          Avery S. Mehlman



May 14, 2021
Page 3

Confirmed and Agreed to:

ALL YEAR HOLDINGS LIMITED

By:

**WIRE INSTRUCTIONS**

Bank:          Citibank, N.A.
               666 Fifth Avenue, Fifth Floor
               New York, NY 10103

**ABA#:**       021000089              **Acct#:**    004971716165

**Acct Name:**   Herrick, Feinstein LLP

Herrick, Feinstein LLP
Rate Schedule for Support Services

|  | Current |
|---|---|
| Duplication | $0.18/page |
| Color Duplicating | $0.22/page |
| Duplication Supplies | at cost |
| Facsimile | no charge |
| Binding | $2.00/bind |
| Postage | US Post Office cost |
| Deliveries (local or outside 5 boroughs) | invoiced cost plus $5.00/delivery |
| Off-Site Files | cost - pick-ups and deliveries no charge – storage |
| Filing Fees | invoiced cost |
| Online Research | invoiced cost |
| Document Processing | $52.00/hour |
| Authorized Overtime | $75.00/hour |
| CD/DVD Disks | $10.00/disk |
| Hard Drives | $100.00/drive |
| USB Drives | $25.00/drive |
| Relativity review software monthly user license fee (External User) | $110/user |
| E-Discovery Data Hosting | $100 minimum/matter/mo. plus $12/GB/mo. for matters larger than 1 GB |

## Exhibit C

**Mehlman Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| ALL YEAR HOLDINGS LIMITED, | : | Case No. 21-12051 (MG) |
| | : | |
| Debtor.[1] | : | |
| | : | |
| Fed. Tax Id. No. 98-1220822 | : | |

----------------------------------------------------------------X

**DECLARATION OF AVERY S. MEHLMAN IN SUPPORT OF APPLICATION OF
PARENT DEBTOR PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014
AND 2016, AND L.B.R. 2014-1 AND 2016-1 FOR AUTHORITY TO RETAIN AND
EMPLOY HERRICK, FEINSTEIN LLP AS SPECIAL LITIGATION COUNSEL
*NUNC PRO TUNC* TO THE PETITION DATE**

I, Avery S. Mehlman, pursuant to 28 U.S.C. § 1746, hereby declare that the

following is true and correct to the best of my knowledge, information, and belief:

1.      I am a member of the firm Herrick, Feinstein LLP ("**Herrick**"), an

international law firm with principal offices at Two Park Avenue, New York, New York 10016

and a regional office in Newark, New Jersey; and a foreign office in Istanbul, Turkey.

2.      I submit this Declaration in connection with the application submitted on

the date hereof (the "**Application**")[2] by All Year Holdings Limited, as debtor and debtor in

possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11

Case**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**")

and in accordance with sections 329 and 504 of the Bankruptcy Code, and Rules 2014(a) and

2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such
terms in the Application.

to employ and retain Herrick as special litigation counsel for the Parent Debtor in connection with the Special Counsel Matter (as defined herein), effective *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in that certain engagement letter dated as of May 14, 2021 (the "**Engagement Letter**"), annexed to the Application as <u>**Exhibit B**</u>, and related relief.

3.     I submit this Declaration as evidence of the qualifications of Herrick to serve as special litigation counsel to the Parent Debtor regarding the matter styled *Wythe Berry Fee Owner LLC v. Wythe Berry LLC et al.*, Index No. 514152/2021, which is currently pending in the Supreme Court of the State of New York, Kings County (the "**Special Counsel Matter**"), and the issues or litigation arising therefrom.

4.     The facts set forth below are based upon my personal knowledge or discussions with other partners and associates of Herrick, and client/matter records of Herrick reviewed by myself or by associates of Herrick acting under my supervision and direction.

### <u>Herrick's Qualifications</u>

5.     Herrick is a prominent midsize New York-based law firm with a reputation for legal excellence in an array of practice areas, and employs approximately 144 attorneys. Herrick's Litigation Department is a full-service practice comprised of attorneys with extensive experience in all phases of litigation and dispute resolution in state and federal courts. Herrick has expertise in a wide range of litigation fields, including—as may be relevant to the Application—complex commercial and business litigation, including with respect to securities and real estate matters, in both state and federal courts in New York.

**Herrick's Pre-Petition Services**

6.        On May 14, 2021 (the "**Engagement Date**"), the Parent Debtor signed the

Engagement Letter in connection with the Special Counsel Matter.  The Special Counsel Matter

pertains to a commercial lease dispute involving the William Vale Hotel.  Specifically, PropCo is

the fee owner of the William Vale Hotel, office space, retail space and parking located at 55 Wythe

Avenue, Brooklyn, New York (the "**Complex**").  Pursuant to a certain ground lease dated February

28, 2017 ("**Lease**"), PropCo leased the Complex to Wythe Berry LLC ("**Lessee**") for a term of 15

years to operate the Complex through 2032.   On February 1, 2021, Lessee defaulted in its

obligation to pay rent to PropCo pursuant to the Lease and subsequently breached other express

obligations contained in the Lease.  After Lessee was served with notice of its defaults and then

failed to cure such defaults, PropCo terminated the Lease effective as of May 20, 2021 and

thereafter initiated the Special Counsel Matter seeking, among other things, a declaratory judgment

that the Lease has been terminated, Lessee's ejectment from the Complex, and pre- and post-

termination damages for Lessee's breaches of the Lease.  Herrick has played a significant role in

the Special Counsel Matter and has developed a familiarity and expertise with the complex issues

underpinning the dispute.

7.        In connection with the Special Counsel Matter, Herrick has, among other

things, engaged in extensive motions practice to (i) obtain pendente lite relief in the form of an

order compelling Lessee to pay use & occupancy for its holdover of the leased premises; (ii) seek

expedited discovery from the defendants; (iii) temporarily restrain Lessee from entering into new

subleases; (iv) defend against the defendants' unsuccessful attempt to dismiss the action; and (v)

compel non-parties to comply with subpoenas issued to obtain information relevant to the claims

asserted by PropCo.

3

8.    On May 19, 2022, the court in the Special Counsel Matter denied a motion brought by two of the defendants for leave to reargue a prior Decision and Order of the court, dated December 1, 2021, denying their motion to dismiss the Special Counsel Matter in its entirety.  The Special Counsel Matter is currently in the discovery stage and is proceeding.  On May 16, 2022, PropCo filed a motion seeking to hold non-parties in contempt for their failure to comply with subpoenas and an Order dated January 13, 2022 compelling them to comply with the subpoenas.

### Herrick's Disclosure Procedures

9.    To the best of my knowledge and information after due inquiry, except as disclosed herein, Herrick (i) does not represent or hold any interest adverse to the interest of the Parent Debtor or its estate on the matters on which Herrick is to be employed, and (ii) is a disinterested person within the meaning of sections 101(14) and 327(e) of the Bankruptcy Code.

10.    As more fully described hereinafter, Herrick maintains a computer client database (the "**Client Database**") containing the names of all of Herrick's current and former clients.  In connection with preparing this Declaration, I caused to be submitted and checked against the Client Database the names of the "Parties in Interest" in this Chapter 11 Case, which included parties falling into the categories set forth on **Schedule A** hereto.  The list of Parties in Interest was provided to Herrick by the Parent Debtor.  The results of this review were compiled and analyzed by Herrick employees acting under my supervision.  These searches date back to Herrick's inception.  Where appropriate, general and specific inquiries were made of Herrick attorneys to ensure that any previous representation did not engender conflict with Herrick's retention as special litigation counsel to the Parent Debtor.

11.    **Schedule B** hereto lists the parties in interest for whom Herrick currently acts as counsel or has acted as counsel.  **Schedule B** has been compiled with the assistance of

4

employees at Herrick who have reviewed the conflicts records, and, to the best of my knowledge, **Schedule B** is accurate and complete.

### <u>Herrick's Connections with Parties in Interest in This Chapter 11 Case</u>

12.    To the best of my knowledge, and based on the review procedures described above, Herrick does not have any "connection" to parties in interest in this Chapter 11 Case, except as disclosed in **Schedule B** to this Declaration.

13.    In addition, through a firm wide e-mail, the conflicts department also solicited information from its attorneys and paraprofessionals to determine whether any of them were aware of other conflicts in connection with our proposed representation of the Parent Debtor in the Special Counsel Matter.   Any connections that were identified have been disclosed in **Schedule B**.

14.    Based on the foregoing, neither Herrick nor any partner, counsel, or associate thereof, including me, insofar as I have been able to ascertain, represents any adverse interest to the Parent Debtor in connection with matters upon which Herrick is to be employed.

15.    To the extent that Herrick discovers any facts bearing on matters described in this Declaration, Herrick will supplement the information contained in this Declaration.

16.    Herrick has previously, may currently, and may in the future represent other clients in matters that are unrelated to the Parent Debtor's Chapter 11 Case.  Herrick believes such work does not create an interest adverse to the Parent Debtor with respect to the Special Counsel Matter on which Herrick is to be retained.

17.    Furthermore, as indicated in **Schedule B**, Herrick has represented and currently represents other entities and individuals listed as Parties in Interest in this matter, along with other entities or individuals that may have business relationships with the Parent Debtor, in

5

connection with matters that are unrelated to the Debtor, the Chapter 11 Case, or the Special Counsel Matter.  To the best of my knowledge, Herrick has not represented, and will not represent, these entities or individuals, or any other parties in interest in this Chapter 11 Case, except for those representations outlined above, in connection with any matters that would be adverse to the interests of the Parent Debtor or its estate.  Moreover, pursuant to section 327(e) of the Bankruptcy Code, Herrick respectfully submits that none of the connections disclosed herein render Herrick adverse to the Parent Debtor or its estate with respect to the Special Counsel Matter on which Herrick is to be employed.

18.      I am not related to and, except as set forth below, to the best of my knowledge, no other attorney at Herrick is related to, any United States Bankruptcy Judge for the Southern District of New York, any District Judge for the Southern District of New York who handles bankruptcy cases, or any employee of the United States Trustee for Region 2.

## **Compensation of Herrick**

19.      In the period between the Engagement Date and the Petition Date, Herrick received total payments from the Parent Debtor in the amount of $123,355.44 for services rendered and $4,454.03 for expenses incurred in connection with the Special Counsel Matter.  On March 3, 2022, per an agreement with an affiliate of the opposing party in the Special Counsel Matter (the "**Opposing Party Affiliate**"), On March 3, 2022, per an agreement with an affiliate of the opposing party in the Special Counsel Matter (the "**Opposing Party Affiliate**"), Herrick received a non-refundable $15,000.00 from the Opposing Party Affiliate to be applied only to the reasonable cost of expenses, including legal fees, incurred by PropCo in connection with the negotiation and preparation of documentation related to the potential settlement of the Special Counsel Matter (the "**Opposing Party Expense Payment**").  As of the date of this application, the Special Counsel

6

matter is proceeding and has not settled.  Herrick has not yet applied the Opposing Party Expense

Payment to any fees or expenses. Herrick bills the Parent Debtor for its services on a monthly basis

by providing itemized statements, comprised of the time entries of each individual timekeeper who

provided services to the PropCo with respect to the Special Counsel Matter and expenses incurred.

20.    Herrick has agreed to provide services rendered at its customary hourly

rates, as set forth in the Engagement Letter.  Pursuant to the Engagement Letter and as more fully

set forth therein, the Parent Debtor agreed, in May 2021, to pay Herrick the following fees (the

"**Fees**") in connection with the Special Counsel Matter:

a.    **Hourly Rate Personnel**:  Unless agreed otherwise, the Parent
Debtor has agreed to pay any services performed by Herrick on the
basis of the following hourly rates, which are consistent with the
firm's customary time charges:[3]

| Professional Services | Hourly Rate(s) |
|---|---|
| Avery S. Mehlman, Partner | $860 |
| Dov Weinstock, Counsel | $645 |
| Associates | $380–$580 |

b.    **Expenses**:  In addition, the Parent Debtor will be responsible for any
expenses incurred by Herrick on the Parent Debtor's behalf in
relation to the Special Counsel Matter, such as filing fees,
duplication, binding, and postage.  A more detailed schedule of such
expenses is attached to the Engagement Letter.

21.    My rate has increased to $880/hour in 2022.  Janice Goldberg, a partner at

Herrick, works closely with me on this matter.  Her rate was $650/hour in 2021 and has increased

to $670/hour in 2022.  The associates working on this matter are Meghan Roe and Stephen

DiMaria.  Their rates are within the above-noted range for associates' hourly rates.

22.    Herrick's compensation will turn on the amount of time spent by its

professionals on the Special Counsel Matter.  The billing rates for Herrick personnel providing

---

[3] Herrick's hourly rates are subject to periodic adjustment.

services in the Special Counsel Matter correspond to the level of experience and expertise of each and are competitive with the prevailing rates in the legal community for complex litigation of the type in which Herrick is retained.  As required under Local Bankruptcy Rule 2014-1, the terms and conditions of this retention are reasonable, and I confirm my belief that they are such.

23.    Herrick's hourly rates are subject to periodic adjustment from time to time. Herrick agrees that, if it determines that the hourly rates relevant to the Special Counsel Matter are subject to an increase, Herrick will provide notice to the Parent Debtor, the U.S. Trustee, and counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders.

24.    Herrick intends to seek compensation in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, and any applicable orders of the Court.

25.    As required by Bankruptcy Rule 2016, I confirm that Herrick has not shared or agreed to share any of its compensation from the Parent Debtor with any person, other than with partners, counsel, associates, or other employees of Herrick as permitted be section 504 of the Bankruptcy Code.

**Information Requested in U.S. Trustee Guidelines**

26.    I also provide the following information addressed in Paragraph D.1 of the

U.S. Trustee Guidelines:

| | |
|---|---|
| Question (a): | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No. |
| Question (b): | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | Herrick professionals sometimes vary their rate depending on geographic location of the case. |
| Question (c): | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | My rate is now $880/hr in accordance with a 2022 rate change.  Janice Goldberg is the other attorney who performs the bulk of the work on this matter, and her rate is $670/hr. Meghan Roe and Stephen DiMaria are the associates on this matter.  Their rates currently fall within associates' hourly rates, as outlined in the Engagement Agreement. |
| Question (d): | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| Response: | No. |

**Coordination with Other Professionals for the Parent Debtor**

27.    Herrick understands that the Parent Debtor has retained and may retain

additional professionals during the term of the engagement and will work cooperatively with such

professionals to integrate any respective work conducted by the professionals on behalf of the

Parent Debtor.

9

I declare under penalty of perjury that to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: June 3, 2022
New York, New York

/s/ *Avery S. Mehlman*
Avery S. Mehlman
Member, Herrick, Feinstein LLP

## Schedule A

### Categories of Parties on the Parent Debtor's Retention Checklist

- Parent Debtor
- Parent Debtor's Trade Names and Aliases
- Non-debtor Affiliates and Subsidiaries
- Bank Accounts
- Bankruptcy Judges and Staff
- Benefit Providers
- Bondholders and Indenture Trustees
- Committee Members and Professionals
- Contract Counterparties
- Current Officers and Directors
- Affiliations of Current Officers and Directors
- Debtors Professionals
- 5 Largest Secured Claims
- Former Officers and Directors
- Insurance/Insurance Provider/Surety Bonds
- Landlords and parties to Leases
- Lenders
- List of the Creditors Holding 20 Largest Unsecured Claims (Excluding Insiders)
- List of the Creditors on Creditor Matrix
- Litigation Counterparties/Litigation Pending Lawsuits
- Members of Any Ad Hoc Committee
- Non-Debtor Professionals
- Ordinary Course Professionals
- Other Secured Parties
- Other Parties in Interest
- Potential Bidders
- Regulatory and Government
- Settlement Parties
- Significant Competitors
- Significant Customers
- Significant Shareholders (more than 5% equity)
- Taxing Authorities
- UCC Search Results/UCC Lien Search Results
- Unions
- United States Trustee Office
- Utility Providers
- Vendors/Suppliers

**Schedule B**

**Disclosure Schedule**

| Matched Entity | Relationship to Debtor | Relationship to Herrick |
|---|---|---|
| Bank Leumi/Bank Leumi USA | Bank Accounts<br><br>Creditors on Matrix | Current Client |
| Mishmeret Trust Co. Ltd. | Bondholders/Noteholders/Indenture Trustees<br><br>Five (5) Largest Secured Claims<br><br>List of Creditors Holding 20 Largest Unsecured Claims (Excluding Insiders)<br><br>Creditors on Matrix<br><br>Resolved Litigation – Parties<br><br>Notices of Appearance/Parties in Interest<br><br>UCC Search Results/UCC Lien Search Results | Current Client. A partner at Herrick performed work for Mishmeret in connection with the Series C bonds. The Series C bondholders originally held a pledge from Parent Debtor on Parent Debtor's mortgage on the William Vale Hotel. In March 2021, Parent Debtor assigned the mortgage directly to Mishmeret for the benefit of the Series C bondholders. That partner continues to represent Mishmeret in matters unrelated to All Year. |
| Israel Discount Bank | Bank Accounts<br><br>Creditors on Matrix | Current Client |
| Cammeby's | Potential Bidder | Current Client |
| Yoel Goldman | Current Directors<br><br>Creditors on Matrix | Former Client |

**<u>Exhibit D</u>**

**Diamond Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
In re                                               :      **Chapter 11**
                                                    :
**ALL YEAR HOLDINGS LIMITED,**                      :      **Case No. 21-12051 (MG)**
                                                    :
                        Debtor.[1]                  :
                                                    :
Fed. Tax Id. No. 98-1220822                         :
-------------------------------------------------------------X

### DECLARATION OF EPHRAIM DIAMOND IN SUPPORT OF APPLICATION OF PARENT DEBTOR PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014 AND 2016, AND L.B.R.  2014-1 AND 2016-1 FOR AUTHORITY TO RETAIN AND EMPLOY HERRICK, FEINSTEIN LLP AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

I, Ephraim Diamond, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am the Associate Restructuring Officer of All Year Holdings Limited (the "**Parent Debtor**").

2.      On December 14, 2021, the Parent Debtor commenced with this Court a voluntary case in chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  I submit this declaration (the "**Declaration**") in support of the Parent Debtor's application submitted on the date hereof (the "**Application**"),[2] pursuant to section 327(e) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for authority to employ and retain Herrick, Feinstein LLP

---

[1]      The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]      Capitalized terms used by not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

("**Herrick**") as special litigation counsel for the Parent Debtor in connection with the Special Counsel Matter (as defined herein), effective *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in that certain engagement letter dated as of May 14, 2021 (the "**Engagement Letter**"), annexed to the Application as **Exhibit B**, and related relief.

3.      This Declaration is provided pursuant to Paragraph D.2 of the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013.  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Parent Debtor's employees or advisors, or my opinion based upon knowledge and experience as Associate Restructuring Officer of the Parent Debtor. I am authorized to submit this Declaration on behalf of the Parent Debtor.

**The Parent Debtor's Selection of Herrick**

4.      Herrick proposes serving as special litigation counsel for the Parent Debtor in connection with the litigation described in the Application as the "Special Counsel Matter."  The Parent Debtor recognizes that a careful selection should be made when selecting and managing *any* counsel acting for debtors in a chapter 11 case, including special litigation counsel, to ensure that such counsel are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

5.      Here, Herrick was initially chosen by the Parent Debtor to represent the PropCo in the Special Counsel Matter on account of Herrick's reputation for legal excellence and its extensive experience and expertise with, among other things, complex commercial and business litigation, including with respect to securities and real estate matters, in both state and federal

2

courts in New York.  The contemplated engagement continues Herrick's engagement on the same terms set forth in the Engagement Letter.

6.       When Herrick was first retained in May 2021 for the Special Counsel Matter, I considered alternatives as part of choosing the best possible counsel.  The Parent Debtor's choice of Herrick as counsel required me to evaluate cost considerations, but also expertise and litigation capability. Herrick was recommended to me. I was told, and later learned firsthand, that Herrick was a firm that could effectively and flexibly handle matters of high stakes and complexity. I considered alternative counsel choices as well and ultimately decided that Herrick was the best choice under the circumstances.  Given Herrick's established working relationship with the Parent Debtor and its familiarity with the Special Counsel Matter, the Parent Debtor has determined that it is in its best interest, as well as the best interests of the Parent Debtor's estate and creditor, to continue engaging Herrick with respect to the Special Counsel Matter.  It should be emphasized that when selected to represent the PropCo on behalf of the Parent Debtor, Herrick was chosen in a nonbankruptcy environment, and was fully subjected to the competition in the nonbankruptcy marketplace when it was retained.

### Cost Supervision

7.       As Associate Restructuring Officer, I approved the terms of Herrick's engagement on behalf of the Parent Debtor.  Herrick has provided, and will continue providing, professional services to the Parent Debtor for the Special Counsel Matter pursuant to Herrick's typical rate structure, as set forth in the Engagement Letter.  I regard Herrick's typical billing rates to be competitive in comparison to the rates charged by firms that (like Herrick) handle matters of great size and complexity, and that are of Herrick's quality.  I consider Herrick's rate structure for

the Special Counsel Matter to be a competitive approach that allows the Parent Debtor to engage a firm of Herrick's quality to handle a matter of great importance and complexity.

8.      As Associate Restructuring Officer, I, or those working for me, monitor the invoices submitted by our outside counsel.  I can confirm that the rates Herrick would charge for the postpetition period would be no higher than the rates Herrick has charged in the prepetition period since engaged in May 2021. Herrick has informed me, and as is expressly stated in the Engagement Letter, that its rates are periodically adjusted.  It also has informed me that it is agreeable to providing notice of any rate increases at such time as they would go into effect.

9.      I understand that Herrick's fees and expenses will be subject to periodic review on an interim and final basis during the pendency of the Chapter 11 Case by, among other parties, the U.S. Trustee for Region 2 and the Parent Debtor, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court.

*[Remainder of page intentionally left blank]*

10.     As is the Parent Debtor's historical practice, the Parent Debtor will continue to monitor the fees and expense reimbursement process during the Chapter 11 Case and ensure the Parent Debtor is an active participant in that process. Recognizing that every chapter 11 case is unique, the Parent Debtor, together with Herrick, will utilize a budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

I declare under penalty of perjury that to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: June 3, 2022
        New York, New York

                                        **ALL YEAR HOLDINGS LIMITED**

                                        */s/ Ephraim Diamond*
                                        Ephraim Diamond
                                        Associate Restructuring Officer

5