WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Matthew P. Goren

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
|  |  |  |
| :--- | :--- | :--- |
| **In re** | : | **Chapter 11** |
|  | : |  |
| **ALL YEAR HOLDINGS LIMITED,** | : | **Case No. 21-12051 (MG)** |
|  | : |  |
| **Debtor.[1]** | : |  |
|  | : |  |
| **Fed. Tax Id. No. 98-1220822** | : |  |

-------------------------------------------------------------X

## NOTICE OF HEARING ON MOTION OF DEBTOR PURSUANT TO
## 11 U.S.C. § 1121(d) FOR SECOND EXTENSION OF EXCLUSIVE PERIODS

   **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**")

of All Year Holdings Limited, as debtor and debtor in possession in the above-captioned chapter

11 case (the "**Debtor**"), pursuant to section 1121(d) of title 11 of the United States Code, for entry

of an order approving a second extension of the Debtor's exclusive periods in which to file a

chapter 11 plan and solicit acceptances thereof, all as more fully set forth in the Motion, will be

held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, at the United

States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling

Green, New York, New York 10004 (the "**Bankruptcy Court**") on **August 30, 2022 at 11:00**

**a.m. (Prevailing Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

---

[1] The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), shall be filed with the Bankruptcy Court by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399, dated May 17, 2010, the Bankruptcy Rules, and the Local Bankruptcy Rules, so as to be filed and served upon (a) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq. and Matthew P. Goren, Esq.); (b) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (c) counsel to Mishmeret Trust Company Ltd., as Notes Trustee, Chapman & Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); and (d) counsel to the Sponsor, (i) Gissin & Co., Habarzel 38B, Tel Aviv 6971054, Israel (Attn: Yael Hershkovitz, Esq.), (ii) Locke Lord LLP, 200 Vesey Street, 20th Floor, New York, NY 10281 (Attn: Shalom Jacob, Esq.), and (iii) Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 (Attn: Avi D. Feinberg, Esq.); by no later than **August 23, 2022 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served with respect to the Motion, the Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

WEIL:\98697425\9\12817.0007

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE that, due to the COVID-19 pandemic, the Hearing will be conducted using Zoom for Government.  Parties should not appear in person and those wishing to appear or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to 4:00 p.m. (Prevailing Eastern Time) on the business day before the Hearing.  Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at http://www.nysb.uscourts.gov/content/judge-martin-glenn.**

Dated: August 10, 2022
       New York, New York

/s/ *Matthew P. Goren*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Matthew P. Goren

*Attorneys for the Debtor*

WEIL:\98697425\9\12817.0007

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Matthew P. Goren

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                                      :
**In re**                                             :         **Chapter 11**
                                                      :
**ALL YEAR HOLDINGS LIMITED,**                        :         **Case No. 21-12051 (MG)**
                                                      :
                              **Debtor.**[1]          :
                                                      :
**Fed. Tax Id. No. 98-1220822**                       :
---------------------------------------------------------------X

## MOTION OF DEBTOR PURSUANT TO 11 U.S.C. § 1121(d) FOR SECOND EXTENSION OF EXCLUSIVE PERIODS

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

         All Year Holdings Limited, as debtor and debtor in possession (the "**Debtor**") in

the above-captioned chapter 11 case (the "**Chapter 11 Case**"), respectfully represents as follows

in support of this motion (the "**Motion**"):[2]

### Relief Requested

         1.     By this Motion, pursuant to section 1121(d) of title 11 of the United States Code

(the "**Bankruptcy Code**"), the Debtor requests entry of an order approving a second extension of

---

[1]    The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Plan or Amended Disclosure Statement (both as defined herein), as applicable.

(i) the period during which the Debtor has the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**") to and including December 30, 2022, and (ii) the period during which the Debtor has the exclusive right to solicit acceptances thereof (the "**Exclusive Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**") to and including January 31, 2023, without prejudice to the Debtor's right to seek additional extensions of such periods.

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.      On December 14, 2021 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Case.[3]

---

[3]      Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Case is set forth in the *Declaration of Assaf Ravid Pursuant to Local Bankruptcy Rule 1007-2 in Support of All Year Holdings Limited Chapter 11 Petition* [ECF No. 4] (the "**First Day Declaration**") and is incorporated herein by reference.

2

5.      On December 16, 2021, the Debtor determined that it was necessary to file an application under the laws of the British Virgin Islands (the "**BVI**") with the Eastern Caribbean Supreme Court in the High Court of Justice, Commercial Division Virgin Islands (the "**BVI Court**") seeking the appointment of Paul Pretlove and Charlotte Caulfield of Kalo (BVI) Limited as joint provisional liquidators (the "**JPLs**") under the applicable provisions of the BVI Insolvency Act 2003 (the "**BVI Proceeding**").  The BVI Court entered an order appointing the JPLs on December 20, 2021.  In addition, on April 14, 2022, with the consent of the JPLs and the approval of the BVI Court, the Debtor commenced a proceeding in the District Court of Tel Aviv – Yafo (the "**Israeli Court**") for recognition of the Chapter 11 Case as a foreign main proceeding under the applicable provisions of Chapter I, Part C of the Insolvency and Rehabilitation Law 5778-2018 (the "**Israeli Recognition Proceeding**"). The Israeli Court entered an order recognizing the Chapter 11 Case on May 4, 2022.

6.      Following a robust sales and marketing effort, the Debtor entered into an Investment Agreement, dated March 11, 2022 (as amended on April 21, 2022 and May 27, 2022, and as may be further amended, modified, or supplemented from time to time, and together with all schedules and exhibits thereto, "**Investment Agreement**"), with Paragraph Partners LLC (the "**Sponsor**"), among others, to implement a comprehensive restructuring of the Debtor and present a path forward for the Debtor's successful emergence from chapter 11.

7.      On May 31, 2022, following several months of negotiations, the Debtor filed the *Chapter 11 Plan of Reorganization of All Year Holdings Limited* [ECF No. 123] (as may be amended, modified, or supplemented from time to time, and together with all exhibits and schedules thereto, the "**Plan**") together with a disclosure statement in support thereto [ECF No. 124] (as amended on June 15, 2022 [ECF No. 151] and June 20, 2022 [ECF No. 157], and as may

3

be further amended, modified, or supplemented from time to time, and together with all exhibits and schedules thereto, the "**Disclosure Statement**").    The Investment Agreement is the cornerstone of, and is to be implemented pursuant to, the Plan.  That same day, the Debtor filed a motion seeking approval of the Disclosure Statement and certain procedures regarding the solicitation, voting, and tabulation on the Plan [ECF No. 125] (as may be amended, modified, or supplemented from time to time, and together with all exhibits and schedules thereto, the "**Solicitation Procedures Motion**").  Following a hearing on July 19, 2022, the Court entered an order approving the Disclosure Statement and the Solicitation Procedures Motion which, among other things, authorized the Debtor to commence solicitation of votes to accept or reject the Plan [ECF No. 160] (the "**Solicitation Procedures Order**").

8.     After obtaining Bankruptcy Court approval of the Disclosure Statement, on July 28, 2022, to comply with applicable Israeli securities laws, the Debtor filed an application with the Israeli Court ("**Application to Convene the Noteholder Meeting**") requesting authority to convene a meeting of the holders of the Debtor's Israeli-issued notes (the "**Notes**" and the holders of the Notes, the "**Noteholders**") to vote on the Plan and the Investment Agreement (the "**Noteholder Meeting**").

9.     In addition, on June 17, 2022, the Debtor filed an application seeking authority from the BVI Court to implement a plan of arrangement (the "**BVI Plan of Arrangement**") following which, and subject to the occurrence of the effective date of the Plan (the "**Effective Date**"), among other things, (i) the existing equity interests in the Debtor will be cancelled, and (ii) one hundred percent of the equity in the Reorganized Debtor will be held by the Sponsor.  The BVI Court granted the Debtor's application to approve the BVI Plan of Arrangement on July 21, 2022.

4

10.     On April 19, 2022, after demonstrating ample cause and good faith and diligent efforts to progress the Chapter 11 Case, the Court entered an order extending (a) the Debtor's initial Exclusive Filing Period through and including August 11, 2022, and (b) the Debtor's initial Exclusive Solicitation Period through and including October 11, 2022, (together, the "**First Exclusivity Extension Period**") in each case, without prejudice to the Debtor's rights to seek additional extensions of such periods (ECF No. 86) (the "**First Exclusivity Order**").

11.     The hearing before the Court on confirmation of the Plan is scheduled for November 2, 2022.

### Basis for Relief Requested

12.     Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan during the Exclusive Filing Period.  Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the Exclusive Filing Period, it has an Exclusive Solicitation Period of 180 days after the commencement of a chapter 11 case to obtain acceptances of its plan.

13.     Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods for cause.  *See* 11 U.S.C. § 1121(d)(1) ("[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").[4]  However, the 120-day period "may not be extended beyond a date

---

[4] Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**") provides that if a motion to extend time to take an action is filed prior to the expiration of such period, with a return date that is no later than 14 days after the date of the filing of the motion or, "if the Court is unable to schedule a return date within such period, as soon thereafter as the return date may be scheduled by the Court," the applicable deadline shall be automatically extended "until the Court resolves the motion to extend the time." By

that is 18 months after the [petition] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [petition] date." *Id*. §§ 1121(d)(2)(A), (B).

14.    The Exclusive Periods established by Congress were incorporated in the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a chapter 11 plan and solicit acceptances with respect thereto, without the deterioration and disruption of a debtor's business that might be caused by the filing of multiple competing plans.  Indeed, the primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual restructuring plan.

15.    The Bankruptcy Code does not define the term "cause" for purposes of section 1121(d) and does not establish formal criteria for an extension.  The legislative history of section 1121, however, indicates that "cause" is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.  *See* H.R. Rep. No. 95-595, at 231–32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give Bankruptcy Courts great flexibility to protect a debtor's interests by allowing a debtor unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

16.    In exercising its broad discretion to determine whether "cause" exists, the Court can look to a variety of well-established factors for guidance.  *See In re Borders Grp., Inc.*, 460 B.R. 818, 821−22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or

---

filing this Motion prior to the expiration of the Exclusive Periods, Local Bankruptcy Rule 9006-2 automatically extends the Exclusive Periods until the Court resolves the Motion.

WEIL:\98697425\9\12817.0007

terminate exclusivity); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y.

1987) (identifying factors used by courts to determine whether cause exists to extend exclusivity).

These factors include, without limitation:

i.   the size and complexity of the debtor's case;

ii.  the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

iii. the existence of good faith progress towards reorganization;

iv.  the fact that the debtor is paying its bills as they become due;

v.   whether the debtor has demonstrated reasonable prospects for filing a viable plan;

vi.  whether the debtor has made progress in negotiations with its creditors;

vii. the amount of time which has elapsed in the case;

viii. whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

ix.  whether an unresolved contingency exists.

*Adelphia Commc'ns*, 352 B.R. at 587 (noting the nine factors listed above are "objective factors

which courts historically have considered in making determinations of this character"); *see also*

*Borders*, 460 B.R. at 822 (evaluating the nine factors set forth in *Adelphia* to hold that debtor

established cause to extend exclusivity); *In re GMC Capital Partners III, L.P.*, 503 B.R. 596, 601

(Bankr. S.D.N.Y. 2014) (evaluating the factors established by *Adelphia* to determine whether the

debtor's exclusivity should be extended).  The above factors are illustrative and are not meant to

be exclusive.  *See Adelphia Commc'ns*, 352 B.R. at 586-87.

### <u>Cause Exists to Grant the Debtor a Second Extension of its Exclusive Periods</u>

17.    Ample cause exists to grant the Debtor's requested second extension of the

Exclusive Periods.  The Debtor has continued to make good faith and diligent progress towards

7

confirmation of the Plan and consummation of the value-maximizing transactions represented by the Investment Agreement.

18.    As set forth above, during the First Exclusivity Extension Period, the Debtor filed the Plan and secured approval of the Disclosure Statement and the related Solicitation Procedures Motion.  The Debtor now stands poised to commence solicitation of votes on the Plan with the Confirmation Hearing scheduled for November 2, 2022.  However, to commence solicitation of votes from the Noteholders, the Debtor must first obtain approval from the Israeli Court of the Application to Convene the Noteholder Meeting in order to comply with applicable Israeli law. With the Debtor's Exclusive Filing Period set to expire on August 11, 2022, and the Confirmation Hearing scheduled for November 2, 2022, a further extension of the Exclusive Periods is warranted to allow the Debtor the time necessary to obtain approval of the Application to Convene the Noteholder Meeting from the Israeli Court.  A reasonable extension is further warranted to allow the Debtor to proceed with solicitation and confirmation of its Plan in accordance with the schedule previously approved by the Court under the Solicitation Procedures Order without the threat of distraction or interruption from a competing plan at this critical juncture in the Chapter 11 Case.

19.    Each of the nine *Adelphia* factors makes a compelling argument for another extension of the Exclusive Periods in this case.  Additionally, Mishmeret Trust Company Ltd., as trustee for, and on behalf of, the Noteholders (the "**Notes Trustee**"), has consented to the relief requested herein.

A.    **Substantial Good Faith Progress Has Been Made to Achieve the Objectives of Chapter 11 and the Debtor Has Demonstrated Reasonable Prospects for Confirming its Plan**

20.    The Debtor has made good use of its First Exclusivity Extension Period and has continued to make substantial progress towards achieving the objectives of chapter 11 – namely a confirmable Plan that maximizes value for the benefit of the estate and its creditors.

8

21.     During the First Exclusivity Extension Period, the Debtor filed the Plan, the Disclosure Statement, and the Solicitation Procedures Motion.  The Disclosure Statement and the Solicitation Procedures Motion were approved by the Court pursuant to the Solicitation Procedures Order on July 22, 2022.  The Plan seeks to implement the terms of the Investment Agreement, which represents a value maximizing transaction for the benefit of the Debtor's creditors and the estate.  The Debtor is now in the midst of seeking Israeli Court approval of the Application to Convene the Noteholder Meeting so that it can commence solicitation of votes on the Plan and proceed towards confirmation in November.  In addition, the Debtor has already obtained approval from the BVI Court of the BVI Plan of Arrangement, which, subject to confirmation of the Plan, authorizes the Debtor to implement certain corporate transactions required under BVI law to effectuate the Investment Agreement and issue the new equity interests in the Reorganized Debtor under the Plan.

22.     In addition to these Plan related objectives, during the First Exclusivity Extension Period, the Debtor also successfully obtained Court approval of certain bid protections as required in accordance with the Investment Agreement to maintain the Sponsor's commitment to proceed with the transaction. *See* ECF No. 85.  The Debtor negotiated, documented, and obtained Court approval of a $4,500,000 debtor-in-possession term loan (the "**DIP Loan**") made available to the Debtor and funded with "Escrowed Funds" under the Investment Agreement.  *See* ECF No. 120.

23.     During the First Exclusivity Extension Period, the Debtor and its professionals coordinated with counsel in both Israel and the BVI (and the JPLs).  During the First Exclusivity Extension Period, the Debtor filed and received approval of the following applications from the BVI Court to further assist the Debtor in its Chapter 11 Case:

(a)     On April 29, 2022, an application for authority and sanction for the JPLs to (i) sell or otherwise dispose of certain interests in properties co-owned with partners

9

(namely, the Debtor's 50% interest in Ralph and Ralph Properties LLC, which owns property at 194 Ralph Avenue, Brooklyn, New York and the Debtor's 18% interest in 132A Stanhope LLC, which owns property at 132A Stanhope Street, Brooklyn, New York) of the Debtor's property and (ii) to participate in certain U.S. legal proceedings in the name and on behalf of the Debtor. The BVI Court granted the relief sought on June 9, 2022;

(b)    On May 12, 2022, an application for authority and sanction for the JPLs to allow the Debtor to enter into the DIP Loan, subject to the approval by this Court. The BVI Court granted this application on May 24, 2022 and the Court approved the DIP Loan on May 27, 2022 [ECF No. 120]; and

(c)    On June 17, 2022, an application seeking approval from the BVI  Court of the proposed BVI Plan of Arrangement  to implement the terms of the Investment Agreement, to be implemented pursuant to the Plan, which was approved by the BVI Court on July 21, 2022.

24.    In light of the substantial progress the Debtor has made, and its good faith prospects for successfully consummating an exit transaction and emerging from chapter 11, an extension of the Exclusive Periods is warranted.

**B.    Important Contingencies Must be Resolved by the Debtor that Require Additional Time In Order to Solicit the Plan**

25.    Courts have recognized the need to resolve important contingencies as justification for extending the Exclusive Periods.  *See, e.g.*, *Borders*, 460 B.R. at 826; *Adelphia Commc'n*s, 352 B.R. at 587.

26.    As discussed above, the Debtor has commenced the Israeli Recognition Proceeding and is seeking to obtain Israeli Court Approval of the Application to Convene the Noteholder Meeting.  This relief must be secured to comply with applicable Israeli law and to commence solicitation of the Noteholders' votes on the Plan.  The timing for obtaining approval of the Application to Convene the Noteholder Meeting is uncertain and the sequencing of these events will impact the Debtor's Plan timeline and confirmation process.  Further approvals also may be required in the BVI Proceeding as well for the Plan to become effective and to close on the Investment Agreement.

10

27.    Resolution of these multi-jurisdictional contingencies are critical to the Debtor's

ability to confirm the Plan and must be resolved if the Debtor is to emerge successfully from

chapter 11 in accordance with the timeline required under the Investment Agreement and approved

by the Court pursuant to the Solicitation Procedures Order.

**C.    The Debtor is Part of a Large and Complex Structure.**

28.    The size and complexity of a debtor's case alone may constitute cause to extend the

Exclusive Periods.  *See In re Texaco Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large

size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge

debtor with a complex financial structure are important factors which generally constitute cause

for extending the exclusivity periods.") (citing *Gaines v. Perkins* (*In re Perkins*), 71 B.R. 294, 298

(W.D. Tenn. 1987); *In re Pine Run Trust*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986); *In re United

Press International, Inc.*, 60 B.R. 265, 270 (Bankr. D.C. 1986); *In re American Federation of

Television and Radio Artists*, 30 B.R. 772, 774 (Bankr. S.D.N.Y. 1983)).  Further, the relevant

legislative history provides that "if an unusually large company were to seek reorganization under

chapter 11, the court would probably need to extend the time in order to allow the debtor to reach

an agreement."  H.R. Rep. No. 95-595 at 232 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963.

29.    Although the Debtor is not an operating company, as explained in the First Day

Declaration, the Debtor's business and capital structure is complex.  The Debtor, through its direct

and indirect non-debtor subsidiaries, owns over 100 properties, consisting of approximately 1,648

residential units and approximately 69 commercial units in Brooklyn, New York.    The

international aspects of the Debtor's business and operations make the resolution of the Chapter

11 Case particularly complex.  The Debtor is a BVI company and its primary creditors are the

Noteholders, which hold Notes issued by the Debtor on the Tel Aviv Stock Exchange in New Israel

Shekel and the deeds of trust and other documents governing the relationship between the Debtor

11

and the Noteholders are governed by Israeli law. Accordingly, the Debtor is part of a large and complex corporate structure and its restructuring will require relief from Courts in multiple jurisdictions.

**D.     The Debtor is Not Seeking to Use Exclusivity to Pressure Creditors to Submit to the Debtor's Demands.**

30.     The Debtor's relationship with its stakeholders, including the Noteholders and their professionals, has been transparent, cooperative, and constructive. The Plan has been filed with the Court and the Disclosure Statement and Solicitation Procedures Motion have been approved. The Debtor's conduct in the Chapter 11 Case demonstrates the Debtor is acting in a prudent and transparent manner and is not seeking these extensions to artificially delay the administration of the Chapter 11 Case. To the contrary, the Debtor is only seeking a further extension of the Exclusive Periods to allow the Debtor the time necessary to obtain approval of the Application to Convene the Noteholder Meeting from the Israeli Court and proceed, without interruption or distraction, to solicitation and confirmation of the Plan in accordance with the schedule previously approved by the Court under the Solicitation Procedures Order.

31.     Most importantly, the Notes Trustee, on behalf of the Noteholders – the Debtor's largest creditor constituency – supports the relief requested in the Motion.

**E.     Little Time Has Elapsed Since the Commencement of the Chapter 11 Case.**

32.     Less than eight (8) months have passed since the Debtor commenced its Chapter 11 Case. This is only the Debtor's second request for extension of the Exclusive Periods. Courts in this District have routinely granted multiple requests by debtors to extend their exclusive period to file and solicit a chapter 11 plan. *See In re Ditech Holding Corporation, et al.,* No. 19-10412 (Bankr. S.D.N.Y. August 13, 2019) (ECF No. 1156) (initially granting the debtors' request for a four-month extension of the exclusive periods, and subsequently granting the debtors' request for

12

an additional two-month extension of the exclusive periods); *In re Sears Holdings Corp.*, No. 18-23538 (Bankr. S.D.N.Y. June 25, 2019) (ECF No. 4353) (initially granting the debtors' request for a four-month extension of the exclusive periods, and subsequently granting the debtors' request for an additional two-month extension of the exclusive periods); *In re Tops Holding II Corp., et al.*, No. 18-22279 (Bankr. S.D.N.Y. Oct. 24, 2018) (ECF No. 715) (initially granting the debtors' request for a four-month extension of the exclusive periods, and subsequently granting the debtors' request for an additional three-month extension of the exclusive periods).

33.     For all of the reasons set forth above, the facts and circumstances of this case demonstrate that sufficient cause exists to grant the requested relief.

### Conclusion

34.     The Debtor's second requested extension of the Exclusive Periods is warranted and necessary for the reasons stated above.  Allowing the Exclusive Periods in the Chapter 11 Case to lapse would jeopardize the progress that the Debtor has made with respect to the exit transaction represented by the Investment Agreement and would be contrary to the purpose of section 1121(a) of the Bankruptcy Code.  The Debtor, therefore, requests that this Court further extend the Exclusive Periods "for cause" as provided for in section 1121(d) of the Bankruptcy Code.

### Notice

35.     Notice of this Motion will be provided to (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (ii) the Debtor's top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Mishmeret Trust Company Ltd., as Notes Trustee, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); (vi) counsel to the

Sponsor, Gissin & Co., Habarzel 38B, Tel Aviv 6971054, Israel (Attn: Yael Hershkovitz, Esq.),

Locke Lord LLP, 200 Vesey Street, 20th Floor, New York, NY 10281 (Attn: Shalom Jacob, Esq.),

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 (Attn:

Avi D. Feinberg, Esq.), and (vii) all other persons and entities that have requested service in this

Chapter 11 Case pursuant to Bankruptcy Rule 2002.  The Debtor respectfully submits that no

further notice is required.

36.    No previous request for the relief sought herein has been made by the Debtor to this

or any other Court.

14

WHEREFORE the Debtor respectfully requests that the Court enter the Proposed Order and grant the Debtor such other and further relief as it deems just and proper.

Dated: August 10, 2022
        New York, New York

/s/ *Matthew P. Goren*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Gary T. Holtzer
Matthew P. Goren

*Attorneys for the Debtor*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                          :
In re                                                     :        **Chapter 11**
                                                          :
**ALL YEAR HOLDINGS LIMITED,**                            :        **Case No. 21-12051 (MG)**
                                                          :
                        Debtor.[1]                        :
                                                          :
**Fed. Tax Id. No. 98-1220822**                           :
-------------------------------------------------------------X

### ORDER PURSUANT TO 11 U.S.C. § 1121(d) APPROVING
### SECOND EXTENSION OF DEBTOR'S EXCLUSIVE PERIODS

Upon the motion, dated August 10, 2022 (the "**Motion**")[2] of All Year Holdings

Limited, as debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case,

pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), for

entry of an order approving a second extension of the Debtor's exclusive periods in which to file

a chapter 11 plan (the "**Exclusive Filing Period**") and solicit acceptances thereof (the "**Exclusive**

**Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**"), all

as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion

and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Motion having been given as provided in the Motion; and such notice having been adequate and

appropriate under the circumstances; and it appearing that no other or further notice need be

---

[1]    The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such
       terms in the Motion.

provided; and the Court having reviewed the Motion and the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT

1.      The Motion is granted to the extent set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Debtor's Exclusive Filing Period is extended through and including December 30, 2022.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, the Debtor's Exclusive Solicitation Period is extended through and including January 31, 2023.

4.      The extensions of the Exclusive Periods granted herein are without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Debtor or any party in interest, for cause shown, upon notice and a hearing.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____
          New York, New York

                                        _____
                                        HONORABLE MARTIN GLENN
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE