

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Matthew P. Goren
+1 (212) 310-8440
matthew.goren@weil.com

August 23, 2022

**Via Email and ECF**

Honorable Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

*Re: In re All Year Holdings Limited, Chapter 11 Case No. 21-12051 (MG)*

Dear Chief Judge Glenn:

      We represent All Year Holdings Limited, as debtor and debtor in possession (the "**Debtor**") in the above-referenced chapter 11 case (the "**Chapter 11 Case**"). We submit this letter to update the Court and other parties in interest regarding the recent termination of the Mortgage Loan Purchase and Sale Agreement between Paragraph Partners LLC (the "**Sponsor**") and Mishmeret Trust Company Ltd. (the "**Notes Trustee**"), on behalf of the Series C Noteholders, dated April 12, 2022 (the "**MLPSA**"), and the treatment of the Debtor's interest in its wholly-owned subsidiary YG WV LLC ("**YGWV**") under the Investment Agreement and the Proposed Plan as a result of the MLPSA's termination.[1]

      As set forth in the Debtor's prior status update letter filed with the Court on May 20, 2022 [ECF No. 108], the Sponsor and the Notes Trustee, on behalf of the Series C Noteholders, entered into the MLPSA on April 12, 2022, pursuant to which the Sponsor agreed to, among other things, purchase the Series C Noteholders' rights, title, and interest in the William Vale mortgage and loan

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to them in (i) the Investment Agreement, dated March 11, 2022, among the Sponsor, the Notes Trustee and the Debtor (as amended by Amendment No. 1 dated April 21, 2022, Amendment No. 2 dated May 27, 2022, and as may be further amended, modified, or supplemented from time to time, the "**Investment Agreement**"), and (ii) the *Chapter 11 Plan of Reorganization from All Year Holdings Limited*, dated May 31, 2022 [ECF No. 123] (the "**Proposed Plan**"), as applicable.

for approximately $158,612,112 (the "**William Vale Purchase**").[2] The Debtor is not a party to the MLPSA.

In addition, pursuant to the Investment Agreement, the Sponsor agreed, upon consummation of the William Vale Purchase, to (i) increase the principal amount of the New Notes that would be issued by the Reorganized Debtor under the Proposed Plan for the benefit of impaired unsecured claimholders by an additional $2 million and (ii) purchase the Debtor's direct equity interest in YGWV, the non-debtor subsidiary of the Debtor that owns the 50% interest in the entity that owns the William Vale Hotel, for $200,000. To implement the vesting of the Debtor's direct interest in YGWV in the Reorganized Debtor under the Proposed Plan, the Debtor, the Notes Trustee, and the Sponsor entered into an amendment to the Investment Agreement dated April 21, 2022.

In accordance with the MLPSA, the Sponsor provided a $7.5 million deposit. The outside date for the closing of the William Vale Purchase under the MLPSA was July 25, 2022 (the "**MLPSA Closing Date**").

The Debtor was notified by counsel to the Notes Trustee that the closing of the William Vale Purchase did not occur on the MLPSA Closing Date as required under the MLPSA. Thereafter, on July 27, 2022, the Notes Trustee, on behalf of the Series C Noteholders, delivered to the Sponsor a notice of default for failing to consummate the closing of the William Vale Purchase in accordance with the MLPSA (the "**Notice of Default**"). A copy of the Notice of Default is attached hereto as **Exhibit A**. In response, on July 28, 2022, the Sponsor sent a letter to the Notes Trustee in which the Sponsor reserved all rights in connection with the Notice of Default (the "**Sponsor Default Response**"). A copy of the Sponsor Default Response is attached hereto as **Exhibit B**.

The Debtor was informed by counsel to the Notes Trustee that on August 19, 2022, following a vote of the Series C Noteholders, the Notes Trustee, on behalf of the Series C Noteholders, delivered to the Sponsor a notice of termination of the MLPSA as a result of the Sponsor's failure to consummate the closing of the William Vale Purchase and default under the MLPSA (the "**Notice of Termination**"). A copy of the Notice of Termination is attached hereto as **Exhibit C**. In response to the Notice of Termination, on August 23, 2022, the Sponsor sent a letter to the Escrow Agent (as defined in the MLPSA), a copy of which is attached hereto as **Exhibit D**, in which, among other things, the Sponsor (i) disputed the facts and circumstances leading to the termination of the MLPSA, (ii) formally objected to any release of escrowed amounts to the Notes Trustee, and (iii) reserved its rights in connection with the termination of the MLPSA.

As a result of the termination of the MLPSA, the Debtor is no longer obligated to include its interests in YGWV as assets to vest in the Reorganized Debtor or otherwise include such interests as part of the transactions entered into with the Sponsor under the Investment Agreement

---

[2] On May 12, 2022, the Sponsor and the Notes Trustee amended the MLPSA to increase the purchase price from $157,312,112 to $158,612,112 in exchange for the Series C Noteholders assigning certain additional claims to the Sponsor under the MLPSA. The Series C Noteholders approved this amendment on May 24, 2022.

2

or the Proposed Plan.  Specifically, the Proposed Plan and Investment Agreement provide for the following:

As a result of the termination of the MLPSA, the Debtor's membership interests in YGWV will be treated as "Excluded Assets" under Section 1.40 of the Proposed Plan.  As "Excluded Assets", the Debtor's interests in YGWV will vest in the Debtor's remaining wind-down estate, Wind-Down Co., and will not vest in the Reorganized Debtor under the Proposed Plan.  Proposed Plan, §§ 1.115, 5.3, 10.1.

In addition, as the MLPSA has been terminated in accordance with its terms, neither the Debtor nor Wind-Down Co. have any obligation to transfer the Debtor's interests in YGWV.  Proposed Plan, § 1.40, Inv. Agmt., Annex A.

In accordance with the procedures approved by the Court pursuant to its order, dated July 22, 2022 [ECF No. 160], the Debtor anticipates filing a brief disclosure statement supplement shortly to advise parties in interest entitled to vote on the Proposed Plan of the termination of the MLPSA and certain other revisions to the Proposed Plan.

We will continue to apprise the Court with any updates with respect to the William Vale transactions.  We are available should the Court have any questions or wish to discuss this matter, or any other matter, prior to or at the next scheduled hearing.

Respectfully submitted,

/s/ Matthew P. Goren
Matthew P. Goren

# **EXHIBIT A**

WEIL:\98780687\1\12817.0007



July 27, 2022

To: Paragraph Partners LLC

Avi Philipson

And/or Yael Hershkovitz, Gissin & Co.

**By Email and Registered Mail**

Re: **Notice of Default under the MPSA**

Dear Mr. Philipson,

On behalf of our client, Mishmeret Trust Company Ltd., as trustee for the holders of Series C Bonds under that certain Deed of Trust (hereinafter: "**Mishmeret**" or the "**Seller**"),[1] and the representative of the Bondholders, we hereby respectfully approach you as follows:

1. As you are aware, July 25, 2022 was the "Closing Date" as defined in that certain Mortgage Loan Purchase and Sale Agreement between Mishmeret and Paragraph Partners LLC (hereinafter: "**Paragraph**" or the "**Purchaser**"), dated April 12, 2022, as amended by that certain Statement of Obligation executed by Seller and Purchaser on May 12, 2022 (collectively, the "**MPSA**"). Please note that pursuant to Section 2 of the MPSA, the parties agreed that "time is of the essence" with respect to the MPSA.

2. While the Seller was fully prepared and able to consummate the closing of the transaction contemplated under the MPSA on the Closing Date, the Purchaser breached its specific obligation to consummate the closing of the transaction contemplated under the MPSA.

3. In addition, Purchaser's conduct in the weeks leading to the Closing Date breached its obligation to act in a commercially reasonable manner in good faith in order to consummate the transaction contemplated herein.

4. In light of the above-described breaches of the MPSA, Purchaser is currently in default under the MPSA (collectively, the "**Designated Defaults**").

5. As a result of the Designated Defaults, as well as any other defaults that may exist under the MPSA as of the date hereof, the Seller is entitled to exercise any and all default-related rights and remedies under the MPSA and/or applicable law.  Seller hereby reserves all of its

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the MPSA (as defined herein).



- 2 -

rights under the MPSA, and/or any applicable law with respect to the Designated Defaults and any and all such other defaults, including but not limited to the right to terminate the MPSA; to demand specific performance from Purchaser; to pursue any causes of action against Paragraph, its members, officers, shareholders, representatives, and affiliates for any and all damages resulting from Purchaser's breaches under the MPSA; and to seek the release of the Deposit to Seller's account.

6. This letter does not exhaust or prejudice Seller's claims and rights in this matter nor does it constitute a waiver of any right or demand of Seller, and Seller is hereby reserving all of its rights pursuant to any applicable agreement and law.  The Seller may exercise its rights, powers, privileges and remedies, including those set forth in Paragraph 5 above, at any time in its sole and absolute discretion without further notice.  No oral representations or course of dealing on the part of the Seller or any of its officers, employees or agents, and no failure or delay by the Seller with respect to the exercise of any right, power, privilege or remedy under the MPSA or applicable law shall operate as a waiver thereof, and the single or partial exercise of any such right, power, privilege or remedy shall not preclude any later exercise of any other right, power, privilege or remedy.

PP: _____      PP: _____
          Ofer Tzur                              Amnon Biss

Gornitzky & Co.

Cc:

Michael Friedman, Chapman and Cutler LLP

Mishmeret Trust Company, Ltd.

Asaf Ravid

Shalom Jacob, Locke Lord LLP

Avi Feinberg, Fried, Frank, Harris, Shriver & Jacobson LLP



## **EXHIBIT B**

**GISSIN & CO**
ADVOCATES

| | |
|---|---|
| GUY GISSIN, ADV. | גיא גיסין, עו״ד |
| YOEL FREILICH, ADV. | יואל פריילי, עו״ד |
| YAEL HERSHKOVITZ, ADV. | יעל הרשקוביץ, עו״ד |
| AMIR PAZ, ADV. | אמיר פז, עו״ד |
| OREN SHARABANI, ADV. | אורן שהרבני, עו״ד |
| IDAN DANINO, ADV. | עידן דנינו, עו״ד |
| SIMON KEIDAR, ADV (CPA). | סמיון קידר, עו״ד (רו״ח) |
| NURIT AHARONI, ADV. | נורית אהרוני, עו״ד |
| KATY BRONSTEIN, ADV. | קטי ברונשטיין, עו״ד |
| ALON BEN-AVI, ADV (CPA). | אלון בן-אבי, עו״ד (רו״ח) |
| DOR ROMANO, ADV. | דור רומנו, עו״ד |
| KOBY MESHI, ADV. | קובי משי, עו״ד |
| SIGAL RUSSAK-GISSIN, ADV. | סיגל רוסק-גיסין, עו״ד |

Tel Aviv, July 28, 2022

To
Mishmeret Trust Company Ltd.,
the trustee for the holders of
Bonds of All Year Holdings Limited ("**Mishmeret**")
By Adv. Ofer Tzur and Adv. Amnon Biss
Gornitzky & Co.                                                                                    -Without Prejudice-

Dear Madam / Sir,

Re: **Notice of Default under the MPSA**

1. This letter will acknowledge the receipt of the "Notice of Default under the MPSA."

2. On Behalf of Paragraph Partners LLC ("Paragraph") please be advised that the notice of default is hereby rejected. Paragraph has defenses, claims and counterclaims which it reserves its rights to assert.

3. The purpose of this letter is to reserve Paragraph's rights in light of Mishmeret's Notice of Default. Paragraph, with negotiations continuing and progressing, is not interested in arguing the merits of Mishmeret's claims and Paragraph's claims and counterclaims at this time as that will be counterproductive to an amicable resolution. Paragraph is prepared to work with Mishmeret in good faith to resolve all issues and to effectuate a closing.

Respectfully,

Guy Gissin, Adv.            Yael Hershkovitz, Adv.

38 HaBarzel St. Entrance B, 6th Fl. Tel Aviv 69710 Israel         רחוב הברזל 38, ק׳ 6, כניסה ב׳, תל אביב 69710
Tel: 972-3-7467777 Fax: 972-3-7467700     e-mail: office@gissinlaw.co.il : דואר אלקטרוני     טל. 7467777-03 פקס. 7467700-03

**EXHIBIT C**

WEIL:\98780687\1\12817.0007



August 19, 2022

To: Paragraph Partners LLC

Avi Philipson

And/or Yael Hershkovitz, Gissin & Co.

**By Email and Registered Mail**

Re: **Notice of Termination**

Dear Mr. Philipson,

We write to you on behalf of our client, Mishmeret Trust Company Ltd., as trustee for the holders of Series C Bonds (the "**Bondholders**") under that certain Deed of Trust (hereinafter: "**Mishmeret**" or the "**Seller**").

1. Reference is hereby made to that certain Mortgage Loan Purchase and Sale Agreement between Mishmeret and Paragraph Partners LLC (hereinafter: "**Paragraph**" or the "**Purchaser**"), dated April 12, 2022, as amended by that certain Statement of Obligation executed by Seller and Purchaser on May 12, 2022 (collectively, the "**MPSA**").[1]

2. As you are aware, on July 27, 2022, Mishmeret sent you a "*Notice of Default under the MPSA*" (the "**Default Letter**").

3. In the Default Letter, Mishmeret noted, *inter alia*, that while the Seller was fully prepared and able to consummate the closing of the transaction contemplated under the MPSA on the Closing Date; the Purchaser breached its specific obligation to consummate the closing of the transaction contemplated under the MPSA.

4. Hence, and as was noted in the Default Letter, Purchaser is currently in default under the MPSA.

5. Pursuant to section 10(c) of the MPSA, the Seller has a right to terminate the MPSA in the circumstances set forth above and in the Default Letter.

6. On August 18, 2022, the Bondholders voted in favor of terminating the MPSA, due to the Purchaser's default.

7. **This letter constitutes a notice of termination, pursuant to section 10(c) of the MPSA.**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the MPSA.

gornitzky.com    Gornitzky & Co., Advocates | Vitania Tel-Aviv Tower, 20 HaHarash St., TLV Israel
Zip: 6761310 | Tel: +972-3-7109191 | Fax: +972-3-5606555 | Email: office@gornitzky.com | EST. 1938



- 2 -

8. Mishmeret will pursue any and all actions, including filing any claims, in connection with the damages that were or will be caused as a result of the above-mentioned breach of the MPSA by the Purchaser.

9. Without derogating the above, Pursuant to section 5(a)(iii)(3) of the MPSA, upon termination of the MPSA in accordance with section 10(c), the Deposit Amount should be released to the Seller. Thus, simultaneously with sending this Notice of Termination, Mishmeret is sending a Payment Notice (as defined in the Escrow Agreement, attached as Exhibit B to the MPSA) to the Escrow Agent, instructing the Escrow Agent to release the Deposit to the Seller, in accordance with the Escrow Agreement.

10. This letter does not exhaust or prejudice Seller's claims and rights in this matter nor does it constitute a waiver of any right or demand of Seller, and Seller is hereby reserving all of its rights pursuant to any applicable agreement and law. The Seller may exercise its rights, powers, privileges and remedies at any time in its sole and absolute discretion without further notice. No oral representations or course of dealing on the part of the Seller or any of its officers, employees or agents, and no failure or delay by the Seller with respect to the exercise of any right, power, privilege or remedy under the MPSA or applicable law shall operate as a waiver thereof, and the single or partial exercise of any such right, power, privilege or remedy shall not preclude any later exercise of any other right, power, privilege or remedy.

PP: _____
Amnon Biss
Gornitzky & Co.

Cc:
Michael Friedman, Chapman and Cutler LLP
Mishmeret Trust Company, Ltd.
Asaf Ravid
Shalom Jacob, Locke Lord LLP
Avi Feinberg, Fried, Frank, Harris, Shriver & Jacobson LLP



gornitzky.com    Gornitzky & Co., Advocates | Vitania Tel-Aviv Tower, 20 HaHarash St., TLV Israel
Zip: 6761310 | Tel: +972-3-7109191 | Fax: +972-3-5606555 | Email: office@gornitzky.com | EST. 1938

## EXHIBIT D



# HERZOG
## HERZOG FOX & NEEMAN

**David Zailer | Partner**
Tel. +972 3 692 7485 | zailerd@herzoglaw.co.il

23 August, 2022

IBI Trust Management
Ehad Ha'am 9
Tel Aviv (Shalom Tower), 6525101
Attention: Mr. Tzvika Bernstein
E-Mail: Tzvika@102trust.com

Dear Mr. Bernstein,

Re: **Objection of Paragraph Partners LLC to the Payment Notice Submitted by Counsel for Mishmeret Trust Company Ltd. on 19 August 2022**

We are writing to you as the authorized representatives of our client, Paragraph Partners LLC (hereinafter: "**Paragraph**"), with regard the Payment Notice submitted by counsel for Mishmeret Trust Company Ltd. (hereinafter: "**Mishmeret**") on 19 August 2022 – pursuant to article 4.4. of the Escrow Agreement between Paragraph, Mishmeret and IBI Trust Management as escrow agent (hereinafter: "**the Escrow Agreement**") – in formal **objection** to the demand of payment, *inter alia*, on the following basis:

1. Paragraph rejects Mishmeret's assertions of any breach by Paragraph of the MPSA (as defined in the Escrow Agreement), *inter alia*, considering that Paragraph was not required to close on 25 July 2022 (or at all), since already as of that date, Mishmeret was in substantial breach of the agreements between the parties, including the MPSA.

2. Without derogating from any right or claim available to Paragraph, it is to be noted that pursuant to the MPSA, Mishmeret was required to deliver to Paragraph a written estoppel certificate, setting out, *inter alia*, details of the outstanding amounts of the note, the current rate of interest on the note and payments made on the note. Not only did Mishmeret not provide the above in a timely manner, it presented Paragraph with – at the very least – false, conflicting and misleading information, in a material breach of the MPSA. Mishmeret's breaches extremely prejudiced Paragraph, a matter with regard to which all claims are reserved.

3. Additionally, and without derogating from the above, Paragraph became aware, that Mishmeret and/or agents and/or related parties thereof, have acted in bad faith to undermine the transactions with Paragraph, *inter alia*, by asserting that certain parts of the interrelated agreements with Paragraph may not be performed – despite commitments made in this regard to Paragraph. Mishmeret has also provided false or misleading or bad faith representations. These actions directly affect the binding effect of the agreements between the parties, including the MPSA – breaches with regard to which Paragraph reserves all claims.

---

Herzog Tower, 6 Yitzhak Sadeh St., Tel Aviv 6777506, Israel | Tel: +972 3 692 2020 | Fax: +972 3 696 6464 | www.herzoglaw.co.il

4. As a result of Mishmeret's failure to fulfil its obligations which are conditions precedent to closing; as well as its misrepresentations and material breaches, Paragraph is not required to close under the MPSA, and *a fortiori* was (and still is) certainly not under duty to do so at the purported closing time set by Mishmeret.

5. Moreover, contrary to Mishmeret's assertion, in its 19 August 2022 Notice of Termination and its 27 July 2022 Notice of Default, Mishmeret was <u>not</u> "fully prepared and able to consummate the closing" – considering *inter alia*, that various requirements, including procurement of certain documents – had not been performed by Mishmeret.

6. In view of the above, as well as of other additional breaches – with regard to which all rights are reserved there is no justification to Mishmeret's Notice of Termination and "Payment Notice", and no justification for the claim of "an Event of Release to Seller". Furthermore, Mishmeret's notices in and of themselves constitute material breach of Mishmeret's obligations.

7. Attention is drawn to section 4.4. of the Escrow Agreement, which provides that under the present circumstances IBI "**shall not release any portion of the Escrow Account…**". IBI is requested to act accordingly.

8. Nothing contained or omitted from this Objection Notice, shall serve to detract or be considered a waiver of any right or claim – including with regard the effect of Mishmeret's unjustified "Notice of Termination" and "Payment Notice", and other violations of the agreements between Paragraph, Mishmeret and other related parties.

Yours sincerely,

David Zailer. Adv.
Herzog Fox & Neeman

<u>Cc:</u>

- Chapman and Cutler LLP
  1270 Avenue of the Americas
  New York, NY 10020
  Attention: Michael Friedman
  E-Mail: friedman@chapman.com

- Gornitzky & Co.
  Vitania Tel-Aviv Tower
  20 Haharash St. TLV Israel 6761310
  Attention: Amnon Biss
  E-Mail: AmnonB@gornitzky.com

- Mishmeret Trust Company, Ltd. – Rami Sebty ramis@mtrust.co.il
- Shalom Jacob, Locke Lord LLP
- Avi Feinberg, Fried, Frank, Harris, Shriver & Jacobson LLP