**Davis Polk**

Elliot Moskowitz
+1 212 450 4241
elliot.moskowitz@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

September 1, 2022

Re: *In re All Year Holdings Limited, Case No. 21-12051 (MG)*
*Zelig Weiss v. All Year Holdings Limited et al., Adv. Proc. No. 22-1115 (MG)*

Hon. Martin Glenn
Chief U.S. Bankruptcy Judge
U.S. Bankruptcy Court, Southern District of New York
One Bowling Green, Courtroom 523
New York, NY  10004-1408

Dear Judge Glenn:

We represent Yoel Goldman, the Sole Shareholder of the Debtor in the above-referenced Chapter 11 case. We write in response to the Court's order dated August 25, 2022 requiring the submission of letter briefs and in response to the submissions posted to the docket today.[1]

Mr. Goldman takes no position with respect to the schedule concerning confirmation or to the impact of recent developments on the adversary proceeding commenced by Mr. Zelig Weiss (Mr. Goldman is not a party to that adversary proceeding).  The submissions to the Court refer to the dispute over the MLPSA and the purported termination of same by the Notes Trustee.   As described in those letters, the proposed transaction at issue would have involved not only a sale of the Mortgage and Note with respect to the William Vale Hotel but also a sale of the Debtor's interest in YG WV LLC, the Debtor's wholly-owned subsidiary through which it ultimately owns 50% of the William Vale Hotel.  As the Court may already appreciate from the parties' letters, Mr. Weiss—who likewise owns 50% of the hotel and who the Debtor has sued (and sought to hold in contempt) in state court for a variety of breaches—has for some time been attempting to purchase the Debtor's interest in the hotel together with the Mortgage and Note.  While this issue is not before the Court today, Mr. Goldman notes that these attempts by Mr. Weiss constitute breaches of obligations Mr. Weiss owes to Mr. Goldman and Mr. Goldman intends to commence litigation in state court against Mr. Weiss that, if successful, would prevent Mr. Weiss from purchasing these assets in flagrant violation of the agreements they have with one another.

Regarding the path forward in this Chapter 11 case, as far as Mr. Goldman is aware, the Debtor has thus far only been willing to sell its interest in YG WV LLC together with assets that are not property of the estate, the Mortgage and the Note.  Mr. Goldman is interested in purchasing the Debtor's interest in YG WV LLC but has been told repeatedly by the Debtor's representatives (who were selected by the Notes Trustee) that such a sale is not possible if there is not also an agreement with the Notes Trustee regarding the purchase of the Mortgage and the Note.  Mr. Goldman believes that after months of failed negotiations, the Debtor should explore the sale of its interest in YG WV LLC in a stand-alone transaction, and to engage in good faith discussions with him or any other party interested in making an offer for this asset of the estate.

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to them in the Chapter 11 Plan of Reorganization from All Year Holdings Limited, dated May 31, 2022 [ECF No. 123] (the "Proposed Plan").

**Davis Polk**

Hon. Martin Glenn

We are available to discuss this matter at the conference scheduled for today.

Respectfully Submitted,

*/s/ Elliot Moskowitz*

**Via ECF**