HERRICK, FEINSTEIN LLP
Avery Mehlman
Stephen B. Selbst
Janice Goldberg
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
amehlman@herrick.com
sselbst@herrick.com
jgoldberg@herrick.com

*Special Litigation Counsel for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
:
**In re** : **Chapter 11**
:
**ALL YEAR HOLDINGS LIMITED,** : **Case No. 21-12051 (MG)**
:
**Debtor.**[1] :
:
**Fed. Tax Id. No. 98-1220822** :
-------------------------------------------------------------X

**NOTICE OF PRESENTMENT OF AMENDED APPLICATION PURSUANT TO
11 U.S.C. § 327(e), FED. R. BANKR. P. 2014 AND 2016, AND L.B.R. 2014-1 AND 2016-1
TO EXPAND SCOPE OF RETENTION OF HERRICK, FEINSTEIN LLP AS SPECIAL
LITIGATION COUNSEL *NUNC PRO TUNC* TO JULY 5, 2022**

**PLEASE TAKE NOTICE** that All Year Holdings Limited, as debtor and debtor

in possession (the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11**

**Case**"), will present the annexed application (the "**Amended Application**"),[2] pursuant to section

327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.
[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Original Retention Application, as herein defined.

2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order authorizing the Parent Debtor to expand the scope of the retention of its special litigation counsel, Herrick Feinstein LLP ("**Herrick**"), *nunc pro tunc* to the commencement date of the adversary proceeding 22-ap-1115, as more fully set forth in the Amended Application, to the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York, for signature on **October 21, 2022 at 10:00 a.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Amended Application shall be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules, shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with two single-sided hard copies delivered to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399, the Bankruptcy Rules, and the Local Bankruptcy Rules, so as to be filed and served upon (a) special litigation counsel for the Parent Debtor Herrick, Feinstein LLP, 2 Park Avenue, New York, NY 10016 (Attn: Avery S. Mehlman, Esq., Stephen B. Selbst, Esq., and Janice Goldberg, Esq.); (b) the attorneys for the Parent Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq. and Matthew P. Goren, Esq.); (c) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (d) counsel to Mishmeret Trust

2

Company Ltd., as Trustee for the Bondholders, Chapman & Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); and (e) counsel to the Plan Investor, (i) Gissin & Co., Habarzel 38B, Tel Aviv 6971054, Israel (Attn: Yael Hershkovitz, Esq.), (ii) Locke Lord LLP, 200 Vesey Street, 20th Floor, New York, NY 10281 (Attn: Shalom Jacob, Esq.), and (iii) Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 (Attn: Avi D. Feinberg, Esq.), by no later than **October 14, 2022 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

 **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the above referenced Amended Application, the Parent Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Amended Application, which order may be entered without further notice or opportunity to be heard.

 **PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed and served with respect to the Amended Application, a hearing (the "**Hearing**") will be held to consider the Amended Application before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, NY 10004-1408 on a date to be announced.

 **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

 **PLEASE TAKE FURTHER NOTICE that, due to the COVID-19 pandemic, the Hearing, if held, will be conducted using Zoom for Government.  Parties should not appear in person and those wishing to appear or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to**

3

**4:00 p.m. (Prevailing Eastern Time) on the business day prior to the Hearing.  Instructions**

**for making an eCourtAppearance and additional information on the Court's Zoom**

**procedures can be found at http://www.nysb.uscourts.gov/content/judge-martin-glenn.**

Dated: September 30, 2022
        New York, New York

 /s/ *Avery Mehlman*
HERRICK, FEINSTEIN LLP
Avery Mehlman
Stephen B. Selbst
Janice Goldberg
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
amehlman@herrick.com
sselbst@herrick.com
jgoldberg@herrick.com

*Special Litigation Counsel*
*for the Parent Debtor*

4

HERRICK, FEINSTEIN LLP
Avery Mehlman
Stephen B. Selbst
Janice Goldberg
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
amehlman@herrick.com
sselbst@herrick.com
jgoldberg@herrick.com

*Special Litigation Counsel for the Parent Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                              :
**In re**                                     :          **Chapter 11**
                                              :
**ALL YEAR HOLDINGS LIMITED,**                :          **Case No. 21-12051 (MG)**
                                              :
                **Debtor.[1]**                :
                                              :
**Fed. Tax Id. No. 98-1220822**               :
-----------------------------------------------------------------X

**AMENDED APPLICATION PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P.**
**2014 AND 2016, AND L.B.R. 2014-1 AND 2016-1 TO EXPAND THE SCOPE OF**
**RETENTION OF HERRICK, FEINSTEIN LLP AS SPECIAL LITIGATION COUNSEL**
***NUNC PRO TUNC* TO JULY 5, 2022**

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

    All Year Holdings Limited, as debtor and debtor in possession

(the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"),

respectfully represents as follows in support of this application (the "**Amended Application**"):

---

[1] The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

## <u>Relief Requested</u>

1.      By this Amended Application, pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), the Parent Debtor requests entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "**Proposed Order**"), authorizing and approving the expansion of the scope of the employment and retention of Herrick, Feinstein LLP ("**Herrick**") as special litigation counsel for the Parent Debtor to include representation of the Parent Debtor with regard to the Adversary Proceeding (as defined herein) and Special Counsel Matter-related issues raised by the Weiss Plan Objections (as defined herein), effective *nunc pro tunc* to the Adversary Proceeding Date (as defined herein).

2.      In support of this Amended Application, the Parent Debtor submits the declaration of Ephraim Diamond, the Associate Restructuring Officer of the Parent Debtor, attached hereto as **<u>Exhibit B</u>** (the "**Diamond Declaration**").

3.      The Parent Debtor previously requested, and was granted, authority to retain Herrick as special litigation counsel for the Parent Debtor, effective *nunc pro tunc* to the Petition Date (the "**Original Retention Application**" [ECF 128, ECF 133]). The Parent Debtor has requested that Herrick provide litigation and related services in relation to the adversary proceeding styled *Weiss v. All Year Holdings Ltd.*, et al, Case No. 22-ap-1115 (MG), which is currently pending in the United States Bankruptcy Court for the Southern District of New York (the "**Adversary Proceeding**"), commenced July 5, 2022 (the "**Adversary Proceeding Date**"). As discussed in greater detail below, the Adversary Proceeding has been brought against the Parent Debtor, Wythe Berry Member LLC ("**Wythe Berry**"), and YG WV LLC ("**YGWV,**" together

with Parent Debtor and Wythe Berry, the "**Adversary Proceeding Defendants**") disputing Parent Debtor's ability to transfer the ownership interest of YGWV in Wythe Berry to non-party Paragraph Partners LLC.

## Jurisdiction

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5.      On December 14, 2021 (the "**Petition Date**"), the Parent Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.[2]  The Parent Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in this Chapter 11 Case.

6.      On December 16, 2021, the Parent Debtor determined that it was necessary to file an application under the laws of the British Virgin Islands (the "**BVI**") with the Eastern Caribbean Supreme Court in the High Court of Justice, Commercial Division Virgin Islands (the

---

[2]      On February 22, 2021, Evergreen Gardens Mezz LLC (the "**Initial Debtor**") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  On September 14, 2021, Evergreen Gardens I LLC and Evergreen Gardens II LLC (the "**Subsidiary Debtors**" and, together with the Initial Debtor, the "**Evergreen Debtors**") commenced their own voluntary cases with the Court under chapter 11 of the Bankruptcy Code.  The Evergreen Debtors are each wholly-owned, indirect subsidiaries of the Parent Debtor.  The Evergreen Debtors' chapter 11 cases are being jointly administered for procedural purposes only under the lead case, *In re Evergreen Gardens Mezz LLC, et al.,* Case No., 21-10335 (MG).  On November 5, 2021, the Court entered an order confirming a joint chapter 11 plan for the Evergreen Debtors [ECF No. 222], which chapter 11 plan became effective and was substantially consummated on December 2, 2021.  The Parent Debtor's Chapter 11 Case is being separately administered from the Evergreen Debtors' chapter 11 cases.

HF 14588988V.1

"**BVI Court**") seeking the appointment of Paul Pretlove and Charlotte Caulfield of Kalo (BVI) Limited as joint provisional liquidators (the "**JPLs**") under the applicable provisions of the BVI Insolvency Act 2003. On December 20, 2021, the BVI Court entered an order appointing the JPLs.

7.    On April 14, 2022, with the consent of the JPLs and the approval and direction of the BVI Court, the Parent Debtor commenced a proceeding in the Tel Aviv District Court – Yafa (the "**Israeli Court**") for recognition of the Chapter 11 Case as a foreign main proceeding under the applicable provisions of Chapter I, Part C of the Insolvency and Rehabilitation Law of Israel 5778-2018. The Israeli Court entered an order recognizing the Chapter 11 Case on May 4, 2022.

8.    Information regarding the Parent Debtor's business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Case is set forth in the *Declaration of Asaf Ravid Pursuant to Local Bankruptcy Rule 1007-2 in Support of Subsidiary Parent Debtor's Chapter 11 Petitions and Related Relief* [ECF No. 4] (the "**Ravid Declaration**") and is incorporated herein by reference.[3]

9.    On June 16, 2022, this Court approved the Parent Debtor's application for authority to retain Herrick as special litigation counsel [ECF 133].

10.    On July 5, 2022, plaintiff Zelig Weiss ("**Weiss**") commenced the Adversary Proceeding in the United States Bankruptcy Court for the Southern District of New York. The Adversary Proceeding relates to the Weiss's operation of the William Vale Hotel, which, as described below, is the subject of the Special Counsel Matter.

---

[3]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Ravid Declaration.

HF 14588988V.1

11.     Also on July 5, 2022, Weiss filed objections (the "**Weiss Plan Objections**")
to the Parent Debtor's proposed plan of reorganization (the "**Plan**").

### Herrick's Qualifications and Prepetition Services

12.     Herrick respectfully refers the Court to its Original Retention Application
for a description of its qualifications and prepetition services.

### Herrick's Adversary Proceeding-Related Qualifications and Services

13.     As described in the Mehlman Declaration filed with Herrick's Original
Retention Application ("**Mehlman Declaration**" [ECF 128]), Herrick has (i) extensive experience
and expertise with, among other things, complex commercial and business litigation, including
with respect to securities and real estate matters, in both state and federal courts in New York; and
(ii) background knowledge and detailed information regarding the Parent Debtor, the PropCo, the
William Vale Hotel, and issues giving rise to and related to the Special Counsel Matter as a result
of Herrick's prepetition representation of the PropCo on behalf of the Parent Debtor.

14.     In connection with the Adversary Proceeding, Herrick has, among other
things, assisted in the motion practice to oppose Weiss's (i) preliminary injunction application and
(ii) motion for summary judgment. The Adversary Proceeding is simultaneously in the discovery
stage, in which Herrick is also assisting as it relates to matters within Herrick's role as special
litigation counsel, including discovery relating to the operation of the William Vale Hotel. The
Parent Debtor also believes the Weiss Plan Objections raises issues related to the operation of the
William Vale Hotel and intends to use Herrick's expertise in discovery relating to confirmation
issues based on the same.

HF 14588988V.1

15.    In light of the foregoing, the Parent Debtor believes that Herrick is well-qualified and uniquely able to provide the legal services in connection with the Adversary Proceeding.

16.    The Parent Debtor further submits that both the interruption and the duplicative cost involved in obtaining substitute counsel to replace Herrick's unique role at this juncture would be harmful to the Parent Debtor and its estate. Accordingly, if the Parent Debtor was required to retain counsel other than Herrick in connection with the Adversary Proceeding, the Parent Debtor, its estate, and all parties in interest would be unduly prejudiced by the time and expense necessary to replicate Herrick's familiarity with the issues and circumstances related to the Adversary Proceeding.

### Professional Compensation

17.    Herrick respectfully refers the Court to the billing practices as set forth in the Original Retention Application, which would remain in effect for the expanded scope of the retention sought herein.

18.    Herrick supplements the description of its hourly rates and professionals to note that: i) partner Stephen B. Selbst and associates Rodger Quigley and Silvia Stockman will be working on the Adversary Proceeding, along with Meaghan Roe; ii) Stephen B. Selbst's hourly rate is $1,085; iii) the hourly rates of Silvia Stockman and Rodger Quigley fall within the previously-noted ranges for associates' hourly rates; and iv) Dov Weinstock's hourly rate has increased in 2022 to $665.

19.    The Parent Debtor respectfully submits that Herrick's rates and policies are reasonable for the work relating to the Adversary Proceeding.

HF 14588988V.1

### **Duplication of Services**

20.      The Parent Debtor currently seeks to expand the scope of its retention of Herrick, subject to the approval of this Court, solely with respect to the Adversary Proceeding and Special Counsel Matter-related issues raised by the Weiss Plan Objections.  The Parent Debtor intends that the services of Herrick will complement and not duplicate, the services being rendered by other professionals retained in this Chapter 11 Case.  Herrick understands that the Parent Debtor has retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Parent Debtor.

### **Disinterestedness**

21.      To the best of the Parent Debtor's knowledge, and based upon the Mehlman Declaration, Herrick does not represent or hold any interest adverse to the Parent Debtor, the PropCo, or its estate with respect to the matters on which Herrick is to be employed.  Furthermore, to the best of the Parent Debtor's knowledge and based upon the Mehlman Declaration, Herrick does not have any connection with any creditor or other parties in interest, or their respective attorneys or accountants, or the U.S. Trustee or any of its employees, except as set forth in the Mehlman Declaration.  The Parent Debtor has been informed that Herrick will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered, Herrick will file a supplemental disclosure with the Court.  Herrick has represented to the Parent Debtor that it will not represent any other party or creditor in connection with the Parent Debtor's Chapter 11 Case and related matters.

HF 14588988V.1

## Basis for Relief

**I.    The Parent Debtor Should Be Permitted to Expand the Scope of its Retention of Herrick Pursuant to Sections 327(e) and 1107 of the Bankruptcy Code**

22.    Section 327(e) of the Bankruptcy Code provides for the appointment of special counsel where the proposed counsel does not possess any interest that is materially adverse to the debtor with regard to the matter(s) that will be handled by counsel.  Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

23.    Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

24.    Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed, and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession.  *See In AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand"); *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994).  As explained more fully above, the Parent Debtor submits that Herrick's retention should be approved under section 327(e) of the Bankruptcy Code.

HF 14588988V.1

25.     As indicated above, notwithstanding its retention pursuant to section 327(e) of the Bankruptcy Code, Herrick intends to submit applications for payment of compensation in this Chapter 11 Case.  Herrick intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case, pursuant to the procedures set forth in sections 330 of the Bankruptcy Code and applicable Bankruptcy Rules, Local Bankruptcy Rules, the Fee Guidelines, and any other applicable procedures and orders of the Court.

## II.     Herrick Will Not Conduct the Parent Debtor's Chapter 11 Case

26.     By order entered on February 25, 2022, the Court approved the retention and employment of Weil, Gotshal & Manges LLP as counsel to the Parent Debtor under section 327(a) of the Bankruptcy Code [ECF No. 52].  By contrast, Herrick's postpetition work has pertained exclusively to the Special Counsel Matter, which does not involve conduct of the Chapter 11 Case itself, and the proposed expansion of the scope of Herrick's retention will apply only to the Adversary Proceeding and Special Counsel Matter-related issues raised by the Weiss Plan Objections. Additionally, because Herrick is not serving as the Parent Debtor's general bankruptcy counsel, the Parent Debtor believes that Herrick has not rendered "services … in contemplation of or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.

27.     Based on the foregoing, the Parent Debtor submits that the relief requested herein is essential, appropriate, and in the best interests of the Parent Debtor's estate, creditors, and all parties in interest, and therefore should be granted.

HF 14588988V.1

### *Nunc Pro Tunc* Relief Is Warranted

28.     The Parent Debtor believes that expansion of the scope of Herrick's retention effective *nunc pro tunc* to the Adversary Proceeding Date is warranted under the circumstances of this Chapter 11 Case so that Herrick may be compensated for its services prior to entry of an order approving the expansion of the firm's retention.  Further, the Parent Debtor believes that no party-in-interest will be prejudiced by the granting of *nunc pro tunc* employment because Herrick provided, and will continue to provide, valuable legal services in connection with the Adversary Proceeding, and has been doing so since the Adversary Proceeding Date.

### Notice

29.     Notice of this Amended Application will be provided to (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (ii) the Parent Debtor's top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Mishmeret Trust Company Ltd., as Trustee for the Noteholders, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); (vi) counsel to the Plan Investor, (i) Gissin & Co., Habarzel 38B, Tel Aviv 6971054, Israel (Attn: Yael Hershkovitz, Esq.), (ii) Locke Lord LLP, 200 Vesey Street, 20th Floor, New York, NY 10281 (Attn: Shalom Jacob, Esq.), and (iii) Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 (Attn: Avi D. Feinberg, Esq.); and (vii) all other persons and entities that have requested service in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Parent Debtor respectfully submits that no further notice is required.

14

30.     No previous request for the relief sought herein has been made by the Parent Debtor to this or any other Court.

WHEREFORE the Parent Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 30, 2022
         New York, New York

                                        **ALL YEAR HOLDINGS LIMITED**

                                        /s/ *Ephraim Diamond*
                                        Ephraim Diamond
                                        Associate Restructuring Officer

15

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                  :
In re                                             :        **Chapter 11**
                                                  :
**ALL YEAR HOLDINGS LIMITED,**                    :        **Case No. 21-12051 (MG)**
                                                  :
                         Debtor.[1]                :
                                                  :
**Fed. Tax Id. No. 98-1220822**                   :
-------------------------------------------------------------X

**AMENDED ORDER PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014 AND**
**2016, AND L.B.R. 2014-1 AND 2016-1 AUTHORIZING EXPANSION OF THE SCOPE**
**OF RETENTION AND EMPLOYMENT OF HERRICK, FEINSTEIN LLP**
**AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE**
**JULY 5, 2022**

Upon the application (the "**Amended Application**"),[2] dated September 30, 2022

[ECF Doc. #236 of All Year Holdings Limited, as debtor and debtor in possession

(the "**Parent Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), pursuant

to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and

2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1

and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York

(the "**Local Bankruptcy Rules**"), for entry of an order authorizing and approving the expansion

of the scope of employment and retention of Herrick, Feinstein LLP ("**Herrick**") as special

litigation counsel for the Parent Debtor in connection with the Special Counsel Matter to include

certain work relating to include the Adversary Proceeding and Special Counsel Matter-related

---

[1]    The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such
       terms in the Amended Application.

issues raised by the Weiss Plan Objections, effective *nunc pro tunc* to the Adversary Proceeding

Date, in accordance with the terms and conditions set forth in the Original Retention Application;

and upon consideration of the Diamond Declaration, annexed to the Amended Application as

**Exhibit B**, respectively; and the Court being satisfied, based upon the representations made in the

Mehlman Declaration, that Herrick represents no interest adverse to the Parent Debtor or its estate

with respect to the matters on which it is to be engaged; and the Court having jurisdiction to

consider the Amended Application and the relief requested therein pursuant to 28 U.S.C. §§ 157

and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.); and consideration of the Amended Application and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Amended Application having been

provided to the Notice Parties, and such notice having been adequate and appropriate under the

circumstances, and it appearing that no other notice need be provided; and the Court having

reviewed the Amended Application; and all objections to the Amended Application, if any, having

been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual

bases set forth in the Amended Application establish just cause for the relief granted herein; and it

appearing that the relief requested in the Amended Application is in the best interests of the Parent

Debtor, its estate, creditors, and all parties in interest; and upon all of the proceeding had before

the Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Amended Application is granted to the extent set forth herein.

2.      The Parent Debtor is authorized, pursuant to section 327(e) of the

Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Local Bankruptcy Rules 2014-1 and 2016-1,

2

to expand the scope of its employment and retention of Herrick as special litigation counsel in the Special Counsel Matter to include work relating to the Adversary Proceeding and Weiss Plan Objections, effective *nunc pro tunc* to the Adversary Proceeding Date.

3.      Herrick shall be compensated for fees and reimbursed for reasonable and necessary expenses in accordance with, and will file, interim and final fee applications for the allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, and any further order of the Court.

4.      Herrick shall use its best efforts to avoid any duplication of services provided by any of the Parent Debtor's other retained professionals.

5.      Prior to any increases in Herrick's rates for any individual retained by Herrick and providing services in this case, Herrick shall file a supplemental affidavit with the Court and provide ten business days' notice to the Parent Debtor, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

HF 14588988V.1

6.      The Parent Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Amended Application.

7.      To the extent the Amended Application is inconsistent with this Order, the terms of this Order shall govern.

8.      The terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or enforcement of this Order.

Dated: _____, 2022
        New York, New York

_____
HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

4

**<u>Exhibit B</u>**

**Diamond Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                            :
In re                                       :    **Chapter 11**
                                            :
**ALL YEAR HOLDINGS LIMITED,**              :    **Case No. 21-12051 (MG)**
                                            :
                    Debtor.[1]              :
                                            :
**Fed. Tax Id. No. 98-1220822**             :
-------------------------------------------------------------X

**DECLARATION OF EPHRAIM DIAMOND IN SUPPORT OF AMENDED**
**APPLICATION OF PARENT DEBTOR PURSUANT TO 11 U.S.C. § 327(e), FED. R.**
**BANKR. P. 2014 AND 2016, AND L.B.R.  2014-1 AND 2016-1 TO EXPAND SCOPE OF**
**RETENTION OF HERRICK, FEINSTEIN LLP AS SPECIAL LITIGATION COUNSEL**
*NUNC PRO TUNC* **TO JULY 5, 2022**

I, Ephraim Diamond, pursuant to 28 U.S.C. § 1746, hereby declare that the

following is true and correct to the best of my knowledge, information, and belief:

1.      I am the Associate Restructuring Officer of All Year Holdings Limited

(the "**Parent Debtor**").

2.      On December 14, 2021, the Parent Debtor commenced with this Court a

voluntary case in chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  I

submit this declaration (the "**Declaration**") in support of the Parent Debtor's application submitted

on the date hereof (the "**Amended Application**"),[2] pursuant to section 327(e) of the Bankruptcy

Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the

Southern District of New York (the "**Local Bankruptcy Rules**"), for authority to expand the

---

[1]     The Parent Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]     Capitalized terms used by not otherwise defined herein shall have the respective meanings ascribed to such terms
        in the Amended Application.

scope of employment and retention of Herrick, Feinstein LLP ("**Herrick**") as special litigation counsel for the Parent Debtor to include work in connection with to include the Adversary Proceeding and Special Counsel Matter-related issues raised by the Weiss Plan Objections, effective *nunc pro tunc* to the Adversary Proceeding Date, in accordance with the terms and conditions set forth in the Original Retention Application, and related relief.

3.     This Declaration is provided pursuant to Paragraph D.2 of the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Parent Debtor's employees or advisors, or my opinion based upon knowledge and experience as Associate Restructuring Officer of the Parent Debtor. I am authorized to submit this Declaration on behalf of the Parent Debtor.

## The Parent Debtor's Selection of Herrick

4.     Herrick currently serves as special litigation counsel for the Parent Debtor in connection with the litigation described in the Amended Application as the "Special Counsel Matter." The Parent Debtor initially Herrick to represent the PropCo in the Special Counsel Matter on account of Herrick's (i) extensive experience and expertise with, among other things, complex commercial and business litigation, including with respect to securities and real estate matters, in both state and federal courts in New York; and (ii) background knowledge and detailed information regarding the Parent Debtor, the PropCo, the William Vale Hotel, and issues giving rise to and related to the Special Counsel Matter as a result of Herrick's prepetition representation of the PropCo on behalf of the Parent Debtor.

2

5.    The proposed expansion of the scope of Herrick's employment and retention relates to the Adversary Proceeding, commenced July 5, 2022 by plaintiff Zelig Weiss. The Adversary Proceeding relates to the Weiss's operation of the William Vale Hotel, which, as described below, is the subject of the Special Counsel Matter. In connection with the Adversary Proceeding, Herrick has, among other things, assisted in the motion practice to oppose Weiss's (i) preliminary injunction application and (ii) motion for summary judgment. The Adversary Proceeding is simultaneously in the discovery stage, in which Herrick is also assisting as it relates to matters within Herrick's role as special litigation counsel, including discovery relating to the operation of the William Vale Hotel.

6.    The proposed expansion of the scope of Herrick's employment and retention also relates to the Weiss Plan Objections, filed July 5, 2022; to the extent they raise confirmation issues that relate to the operation of the William Vale Hotel or another aspect of the Special Counsel Matter, the Parent Debtor intends to seek Herrick's expertise.

7.    I repeat and reaffirm my rationale in considering and selecting Herrick as Special Litigation Counsel, as set forth in my declaration filed with the Original Retention Application. Given Herrick's established working relationship with the Parent Debtor and its familiarity with the Special Counsel Matter and related Adversary Proceeding, the Parent Debtor has determined that it is in its best interest, as well as the best interests of the Parent Debtor's estate and creditor, to expand the scope of its retention of Herrick with respect to the Special Counsel Matter to include the Adversary Proceeding and Special Counsel Matter-related issues raised by the Weiss Plan Objections.

HF 14588988V.1

### Cost Supervision

8.      As Associate Restructuring Officer, I approved the terms of Herrick's engagement on behalf of the Parent Debtor.  Herrick has provided, and will continue providing, professional services to the Parent Debtor for the Special Counsel Matter and Adversary Proceeding pursuant to Herrick's typical rate structure, as set forth in the Engagement Letter filed with the Original Retention Application.  I regard Herrick's typical billing rates to be competitive in comparison to the rates charged by firms that (like Herrick) handle matters of great size and complexity, and that are of Herrick's quality.  I consider Herrick's rate structure for the Special Counsel Matter to be a competitive approach that allows the Parent Debtor to engage a firm of Herrick's quality to handle a matter of great importance and complexity.

9.      As Associate Restructuring Officer, I, or those working for me, monitor the invoices submitted by our outside counsel.  I can confirm that the rates Herrick would charge for the postpetition period would be no higher than the rates Herrick has charged in the prepetition period since engaged in May 2021. Herrick has informed me, and as is expressly stated in the Engagement Letter, that its rates are periodically adjusted.  It also has informed me that it is agreeable to providing notice of any rate increases at such time as they would go into effect.

10.     I understand that Herrick's fees and expenses will be subject to periodic review on an interim and final basis during the pendency of the Chapter 11 Case by, among other parties, the U.S. Trustee for Region 2 and the Parent Debtor, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court.

4

11.     As is the Parent Debtor's historical practice, the Parent Debtor will continue to monitor the fees and expense reimbursement process during the Chapter 11 Case and ensure the Parent Debtor is an active participant in that process. Recognizing that every chapter 11 case is unique, the Parent Debtor, together with Herrick, will utilize a budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

I declare under penalty of perjury that to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: September 30, 2022
        New York, New York

ALL YEAR HOLDINGS LIMITED

*/s/ Ephraim Diamond*
Ephraim Diamond
Associate Restructuring Officer

5