**Confirmation Hearing Date and Time:  January 31, 2023 and February 1, 2023 at 9:00 a.m. (Eastern Time)**
**Confirmation Objection Date and Time:  January 6, 2023 at 5:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                          :
In re                                  :        Chapter 11
                                          :
ALL YEAR HOLDINGS LIMITED,      :        Case No. 21-12051 (MG)
                                          :
                 Debtor.[1]              :
                                            :
Fed. Tax Id. No. 98-1220822              :
------------------------------------------------------------ X

# NOTICE OF REVISED HEARING DATES AND DEADLINES FOR CONFIRMATION OF THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF ALL YEAR HOLDINGS LIMITED AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN

**PLEASE TAKE NOTICE** that:

1.      **Approval of Disclosure Statement**.  By order dated July 22, 2022 [ECF No. 160] (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved, among other things, the *Disclosure Statement for Chapter 11 Plan of Reorganization of All Year Holdings Limited*, dated May 31, 2022 [ECF No. 124] (as amended on July 15, 2022 [ECF No. 151] and July 20, 2022 [ECF No. 158] and as may be further modified, amended, or supplemented from time to time, and together with all exhibits and schedules thereto, the "**Disclosure Statement**") filed by All Year Holdings Limited, as debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**").  The Debtor filed supplements to the Disclosure Statement on September 14, 2022 [ECF No. 215], November 4, 2022 [ECF No. 257], and December 9, 2022 [ECF No. 290].  Pursuant to the Disclosure Statement Order, the Bankruptcy Court authorized the Debtor to solicit votes to accept or reject the *Chapter 11 Plan of Reorganization of All Year Holdings Limited*, dated May 31, 2022 [ECF No. 123] (as may be modified, amended, or supplemented from time to time, and together with all exhibits and schedules thereto, the "**Plan**").  The Plan was, thereafter, amended on September 14, 2022 [ECF No. 214], November 4, 2022 [ECF No. 256], and December 9, 2022 [ECF No. 289].  References herein to the Plan or the Disclosure Statement refer to such documents as amended, modified, and/or supplemented.[2]

2.      **Confirmation Hearing**.  The hearing to consider confirmation of the Plan (the "**Confirmation Hearing**"), which was originally scheduled for November 2, 2022, has been adjourned.  **The Confirmation Hearing will now be held before the Honorable Martin Glenn,**

---

[1]    The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, each as amended, modified, or supplemented as applicable.

**Chief United States Bankruptcy Judge, in Courtroom 523 of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004, on January 31, 2023 and February 1, 2023 at 9:00 a.m. (Prevailing Eastern Time), which hearing may be adjourned at the request of the Debtor, subject to the Court's availability.**  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtor at the Confirmation Hearing or any continued hearing or as indicated in any notice filed by the Debtor with the Bankruptcy Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.  **Please be advised that, due to the COVID-19 pandemic, the Confirmation Hearing will be conducted using Zoom for Government.  Parties should not appear in person and those wishing to appear or participate at the Confirmation Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to 4:00 p.m. (Prevailing Eastern Time) on the business day before the Confirmation Hearing.  Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn.**

3. The Plan and the Disclosure Statement, as amended, supplemented or modified, may be obtained by request made to Donlin Recano & Company, Inc., the Debtor's voting and solicitation agent (the "**Voting Agent**")  by (i) email at AYHInfo@DonlinRecano.com, (ii) telephone at (877) 896-3192 (domestic toll-free) and (212) 771-1128 (international), or (iii) standard, overnight or hand delivery to: Donlin Recano & Company, Inc., 6201 15th Avenue, Brooklyn, NY 11219.  Copies of the Disclosure Statement and the Plan are also available through the Bankruptcy Court's website (www.nysb.uscourts.gov) and at the Office of the Clerk of the Bankruptcy Court for review during normal business hours.

4. **Voting Deadline**.  The deadline to submit votes to accept or reject the Plan, which was originally set as October 7, 2022, has been revised.  All votes to accept or reject the Plan must now be actually received by the Voting Agent by no later **than 5:00 p.m. on January 6, 2023** (the "**Voting Deadline**"), unless extended by the Debtor.  Holders of claims entitled to vote on the Plan should record their votes on the Ballots they previously received on or about September 1, 2022.  If you are entitled to vote on the Plan and have not received a Ballot or have questions on how to properly complete your Ballot, please contact the Voting Agent in one of the manners set forth below.  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5. **Record Date for Voting Purposes**.  Only parties who are eligible to vote and hold claims against the Debtor as of December 30, 2022 (the "**Voting Record Date**") are entitled to vote on the Plan.

6. **Parties in Interest Entitled to Vote**.  The only class that is Impaired and entitled to receive distributions under the Plan and, therefore, the only class that is entitled to vote to accept or reject the Plan, is Class 4 (Remaining Unsecured Claims) (the "**Voting Class**").  Based upon the Debtor's amended and restated schedules of assets and liabilities and statement of financial affairs filed with the Bankruptcy Court [ECF Nos. 36 and 37] (the "**Schedules**") and the provisions of the Plan, creditors in the Voting Class may vote on the Plan unless:

   (i)  as of the Voting Record Date, the outstanding amount of such claimant's claim is not greater than zero ($0.00);

   (ii)  as of the Voting Record Date, such claimant's claim has been disallowed, expunged, disqualified, or suspended; or

   (iii)  such claimant's claim is subject to an objection or request for estimation as of the Voting Record Date, subject to the procedures set forth below.

Any creditor that is not scheduled in the Debtor's Schedules and that did not file a proof of claim prior to the Voting Record Date shall not be entitled to vote on the Plan.

   7.  **Parties in Interest Not Entitled to Vote**. The Plan does not impair claims in Class 1 (Priority Non-Tax Claims, Class 2 (Other Secured Claims), and Class 3 (General Unsecured Claims) (collectively, the "**Unimpaired Classes**"). Pursuant to section 1126(f) of the Bankruptcy Code, the holders of claims in the Unimpaired Classes are conclusively presumed to accept the Plan and, accordingly, are not entitled to vote. Further, the holders of claims and interests in Class 5 (Subordinated Securities Claims) and Class 6 (Interests) (collectively, the "**Non-Voting Impaired Classes**" and, together with the Unimpaired Classes, the "**Non-Voting Classes**") are not entitled to receive or retain any property under the Plan. Therefore, pursuant to section 1126(g) of the Bankruptcy Code, the Non-Voting Impaired Classes are deemed to reject the Plan and, accordingly, are not entitled to vote.

   8.  **Temporary Allowance / Disallowance of Claims**. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtor to dispute the disallowance or amount of any claim, each claim within the Voting Class shall be temporarily Allowed in an amount equal to the amount of such claim set forth in the Schedules; *provided*, *however*, that:

   (i)  if a claim is allowed pursuant to the Plan or by order of the Court (entered prior to the Voting Deadline), such claim shall be allowed for voting purposes in the allowed amount set forth in the Plan or such order;

   (ii)  if a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed for voting purposes in the amount so estimated or allowed in such order;

   (iii)  if a claim is listed in the Schedules as partially unliquidated, such claim shall be allowed in the partially liquidated amount for voting purposes only;

   (iv)  if a claim is listed in the Schedules as wholly contingent, unliquidated, or disputed, such claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution; and

   (v)  if a creditor holds or has purchased, based on the Schedules, duplicate claims within the same class, such creditor shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class.

If a creditor seeks to challenge the disallowance or amount of its claim for voting purposes, the creditor shall file with the Court a motion for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") temporarily allowing such claim for voting purposes in a different amount. Upon the filing of any such motion, the creditor's Ballot shall not be counted unless temporarily allowed by an order of the Court entered prior to or concurrent with entry of an order confirming the Plan. All motions pursuant to Bankruptcy Rule 3018(a) must be filed on or before the date which is seven (7) days prior to the Voting Deadline.

   9.  **Objections to Confirmation**. Any objections to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; (d) conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York; (e) be filed with the Bankruptcy Court (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and (f) be served in accordance with General Order M-399 **no later than January 6, 2023, at 5:00 p.m. (Eastern Time)**, on the following parties: (i) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq. and Matthew P. Goren, Esq.); (ii) counsel to the Notes Trustee, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Helena Honig, Esq.); (iii) counsel to the Sponsor, (a) Gissin & Co., Habarzel 38B, Tel Aviv 6971054, Israel (Attn: Yael Hershkovitz, Esq.), (b) Locke Lord LLP, 200 Vesey Street, 20th Floor, New York, NY 10281 (Attn: Shalom Jacob, Esq.), and (c) Herzog Fox & Neeman, Herzog Tower, 6 Yitzhak Sadeh St, Tel Aviv 6777506, Israel (Attn: Saar A. Pauker, Esq. and David Zailer, Esq.); and (iv) the Office of the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

   10.  **Reply Deadline and the Conclusion of Briefing.** Replies and any rebuttal evidence in response to any Objections shall be filed and served by January 17, 2023 at 5:00 p.m. (Eastern Time) or, if the Confirmation Hearing is adjourned by the Court, the date which is not less than seven (7) days prior to the Confirmation Hearing. All briefing and evidence, including trial exhibits, shall be submitted to the Court no later than January 24, 2023 at 5:00 p.m. (Eastern Time).

11. **Classification and Treatment.** A chart summarizing the treatment of each class of Claims and Interests under the Plan is included in **Annex A**, which chart is qualified in its entirety by reference to the Plan.

12. **Releases.** Please take notice that if the Plan is confirmed by the Bankruptcy Court, the provisions of the confirmed Plan, including the injunctions, exculpations and releases contained therein, will be binding on holders of claims and interests, regardless of whether such parties are Impaired or not under the confirmed Plan. The injunction, release and exculpation provisions of the Plan are set forth in **Annex B**.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

13. **Additional Information**. Any party in interest wishing to obtain information about the Debtor's solicitation and voting procedures should contact the Voting Agent at (877) 896-3192 (domestic toll-free) or (212) 771-1128 (international) or email AYHInfo@DonlinRecano.com with a reference to "All Year" in the subject line. **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: December 20, 2022
      New York, New York

*/s/ Matthew P. Goren*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Matthew P. Goren

*Attorneys for the Debtor*

## Annex A

## Summary of Plan Classification and Treatment of Claims and Interests

| Class | Designation | Treatment | Impairment | Entitled to Vote |
|---|---|---|---|---|
| 1 | Priority Non-Tax Claims | Except to the extent that a holder of a Priority Non-Tax Claim against the Debtor agrees to less favorable treatment, the legal, equitable, and contractual rights of the holders of Priority Non-Tax Claims are unaltered by the Plan. On and after the Effective Date, the Reorganized Debtor shall continue to satisfy, dispute, pursue, or otherwise reconcile Priority Non-Tax Claims in the ordinary course. The Reorganized Debtor shall retain the rights to any defenses and setoffs against any Priority Non-Tax Claim available to the Debtor. | Unimpaired | No (Presumed to accept) |
| 2 | Other Secured Claims | Except to the extent that a holder of an Other Secured Claim against the Debtor agrees to less favorable treatment, the legal, equitable, and contractual rights of the holders of Other Secured Claims are unaltered by the Plan. On and after the Effective Date, the Reorganized Debtor shall continue to satisfy, dispute, pursue, or otherwise reconcile Other Secured Claims in the ordinary course. The Reorganized Debtor shall retain the rights to any defenses and setoffs against any Other Secured Claim available to the Debtor. | Unimpaired | No (Presumed to accept) |
| 3 | General Unsecured Claims | Except to the extent that a holder of a General Unsecured Claim against the Debtor agrees to less favorable treatment, the legal, equitable, and contractual rights of the holders of Allowed General Unsecured Claims are unaltered by the Plan. On and after the Effective Date, the Reorganized Debtor shall continue to satisfy, dispute, pursue, or otherwise reconcile General Unsecured Claims in the ordinary course of business. | Unimpaired | No (Presumed to accept) |
| 4 | Remaining Unsecured Claims | Except to the extent that a holder of an Allowed Remaining Unsecured Claim against the Debtor agrees to a less favorable treatment of such Claim, in full and final satisfaction, settlement and release of such Allowed Remaining Unsecured Claim, each such holder shall receive (i) on the Effective Date, from the Disbursing Agent (on behalf of the Debtor), its Pro Rata Share of the Class 4 ED Distribution and (ii) on such other date(s) as determined from time to time by the Plan Administrator, from Wind-Down Co, the amounts recovered, if any, from the Excluded Assets (including, but without limitation, from the prosecution of Avoidance Actions and other Causes of Action) and any remaining Wind Down Cash Funding. The right to the foregoing distributions shall be nontransferable except by will, intestate succession, or operation of law. | Impaired | Yes |

| Class | Designation | Treatment | Impairment | Entitled to Vote |
|---|---|---|---|---|
| 5 | Subordinated Securities Claims | The holders of Subordinated Securities Claims against the Debtor shall not receive or retain any property under the Plan on account of such Claims. | Impaired | No (Deemed to reject) |
| 6 | Interests | On or after the Effective Date, and subject to consummation of the BVI Plan of Arrangement and any other necessary approvals in the BVI Proceeding, all Interests in the Debtor shall be cancelled. The existing holders of the Interests in the Debtor shall neither receive nor retain any property of the Debtor or interest in property of the Debtor on account of such Interests. | Impaired | No (Deemed to reject) |

**Annex B**

**IMPORTANT INFORMATION REGARDING THE RELEASES IN THE PLAN:**

**Section 10.5 of the Plan contains the following provision:**

    10.5.   *Injunction.*

    (a)   **Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim extinguished, discharged, or released pursuant to the Plan, provided, however, the foregoing shall not enjoin or prevent any party from taking any action to enforce any rights or obligations granted pursuant to the Plan.**

    (b)   **Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as expressly agreed to by (x) the Reorganized Debtor and a holder of any Unimpaired Claim or (y) Wind-Down Co and a holder of any Impaired Claim or Impaired Interest, all Entities who have held, hold, or may hold Claims against or Interests in the Debtor (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against, or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action against the Debtor that will be or are extinguished, discharged, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting the Debtor, the Reorganized Debtor or Wind-Down Co, or the property of any of the Debtor, the Reorganized Debtor or Wind-Down Co; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, the Reorganized Debtor or Wind-Down Co, or the property of any of the Debtor, the Reorganized Debtor or Wind-Down Co; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Reorganized Debtor or Wind-Down Co, or the property of any of the Debtor, the Reorganized Debtor or Wind-Down Co; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtor, the Reorganized Debtor or Wind-Down Co, or against property or interests in property of any of the Debtor, the Reorganized Debtor or Wind-Down Co, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.**

    (c)   **By accepting distributions pursuant to the Plan, each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan will be**

**deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 10.5.**

**(d)    The injunctions in this Section 10.5 shall extend to any successors of the Debtor (including the Reorganized Debtor and Wind-Down Co), and their respective property and interests in property.**

**Section 10.6(b) of the Plan contains the following provision:**

**(b)    Mutual Releases.**

**As of the Effective Date, except (i) for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect or become effective after the Effective Date; (ii) for the right to defend against any objections to Claims that may be asserted under the Plan; or (iii) as otherwise expressly provided in the Plan or in the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtor under the Plan and the contributions made by the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, the Released Parties shall be deemed released and discharged by each of the other Released Parties, in each case, from any and all claims, Interests, or Causes of Action whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or arising from, in whole or in part, the Debtor, the restructuring, the Chapter 11 Case, the pre- and postpetition marketing and sale process, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation, preparation, or consummation of the Plan (including the Plan Supplement), the Plan Investment Agreement, the Definitive Documents, the Deeds of Trust, the Notes, or any related agreements, instruments, or other documents, the solicitation of votes with respect to the Plan, in all of the foregoing cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that nothing in this Section 10.6(b) shall be construed to release the Released Parties from any gross negligence, willful misconduct, or fraud, in each case as determined by a Final Order. The Persons and Entities in (i) through (iii) of this Section 10.6(b) shall be permanently enjoined from prosecuting any of the foregoing claims or Causes of Action released under this Section 10.6(b) against each of the Released Parties.**

**Section 10.7 of the Plan contains the following provision:**

10.7.   *Exculpation.*

**To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and**

**liability for any conduct occurring on or after the Petition Date and up to and including the Effective Date in connection with or arising out of the filing and administration of the Chapter 11 Case, the marketing and sale process, the purchase, sale, or rescission of the purchase or sale of any security or Asset of the Debtor; the Disclosure Statement, the Plan Investment Agreement, including the formulation, negotiation, preparation, dissemination, implementation, administration, confirmation, and consummation thereof, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or consummation of the Plan; the occurrence of the Effective Date; the administration of the Plan or the property to be distributed under the Plan; or the transactions in furtherance of any of the foregoing; except for acts or omissions of an Exculpated Party that constitute gross negligence, fraud, or willful misconduct, in each case as determined by a Final Order. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.**

**IN ADDITION TO THE RELEASES SET FORTH IN THE PLAN, THE INVESTMENT AGREEMENT PROVIDES FOR CERTAIN MUTUAL RELEASES BETWEEN AND AMONG THE PARTIES THERETO AND THEIR RESPECTIVE REPRESENTATIVES AND ADVISORS. YOU ARE ENCOURAGED TO REVIEW THE RELEASE PROVISIONS UNDER THE INVESTMENT AGREEMENT IN THEIR ENTIRETY.**