Hearing Date & Time: January 31, 2023 at 9:00 a.m. (EST)
Objection Deadline: January 10, 2023 at 5:00 p.m. (EST)

Kristopher M. Hansen
Nicholas A. Bassett
Jason M. Pierce
Will Clark Farmer
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile:  (212) 319-4090
krishansen@paulhastings.com
nicholasbassett@paulhastings.com
jasonpierce@paulhastings.com
willfarmer@paulhastings.com

*Counsel to Zelig Weiss*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x
| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| **ALL YEAR HOLDINGS LIMITED,** | : |
| | : Case No. 21-12051 (MG) |
| Debtor.[1] | : |
| | : Re: ECF Nos. 224, 289 |
| Fed. Tax Id. No. 98-1220822 | : |
---------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ZELIG WEISS
REGARDING CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN**

---

[1] The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

Zelig Weiss ("**Weiss**"), by and through his undersigned counsel, hereby submits this limited objection and reservation of rights (this "**Limited Objection**") in respect of confirmation of the *Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited* [ECF No. 289][2] (the "**Plan**"), and, in support hereof, respectfully represents as follows:[3]

1. Weiss is the owner of 50% of the membership interests in Wythe Berry Member LLC ("**Member LLC**"), an entity that wholly owns Wythe Berry Fee Owner LLC ("**Fee Owner**"), which, in turn, is the titular owner of a commercial real property complex located in Brooklyn, New York that includes The William Vale Hotel.[4] The above-captioned debtor and debtor-in-possession, All Year Holdings Limited ("**All Year**"), indirectly owns the other 50% interest in Member LLC through its wholly owned subsidiary, YG WV LLC ("**YGWV**"). As the managing member of Member LLC, YGWV purports to presently have the ability to direct and control the actions taken by Member LLC and its wholly owned subsidiary, Fee Owner.

2. As the Court is well aware, on July 5, 2022, Weiss commenced an adversary proceeding (the "**Adversary Proceeding**") against All Year, YGWV and Member LLC (as a nominal defendant) (collectively, the "**Defendants**"), seeking, among other things: (a) a declaratory judgment that any direct or indirect transfer of All Year's interests in YGWV—or YGWV's interests in Member LLC—without the express consent of Weiss is prohibited by the transfer restrictions set forth in Member LLC's operating agreement; (b) a declaratory judgment

---

[2] This Limited Objection refers to docket entries in the above-captioned chapter 11 case as "ECF No. __", docket entries in the adversary proceeding styled *Zelig Weiss v. All Year Holdings Ltd. et al.*, Adv. Proc. No. 22-01115 (MG) (Bankr. S.D.N.Y.) as "Adv. Proc. ECF No. __", and docket entries in the involuntary chapter 11 case styled *In re Wythe Berry Fee Owner LLC*, No. 22-11340 (MG) (Bankr. S.D.N.Y.) as "Invol. ECF No. __".

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

[4] On October 6, 2022, certain Series C Noteholders and the Notes Trustee, in its capacity as trustee for the Series C Notes, filed an involuntary petition against Fee Owner [Invol. ECF No. 1] (the "**Involuntary Petition**"). Weiss has moved to dismiss the Involuntary Petition [Invol. ECF No. 12], and an evidentiary hearing on Weiss's motion to dismiss is currently scheduled to begin January 17, 2023 at 9:00 a.m. (Prevailing Eastern Time).

2

that, by operation of applicable provisions of the New York Limited Liability Company Law and the Bankruptcy Code, All Year's chapter 11 filing resulted in the automatic termination of its membership interests in YGWV and, ultimately, YGWV's dissolution, such that All Year could transfer—at most—a mere economic interest (but not a membership interest or any attendant managerial or control rights) in YGWV to Wind-Down Co under the Plan; and (c) related injunctive relief. *See* Adv. Proc. ECF Nos. 1, 10. Also on July 5, 2022, Weiss filed a proof of claim asserting an unliquidated, unsecured claim against All Year based on the substance of the Adversary Proceeding.[5]

3. After a hearing, on October 4, 2022, this Court issued a memorandum opinion and order in the Adversary Proceeding [Adv. Proc. ECF No. 52] (the "***Bankruptcy Court Order***") (i) granting the Defendants' motion to dismiss all claims asserted in Weiss's amended Adversary Proceeding complaint and (ii) denying Weiss's cross-motion for partial summary judgment. Weiss appealed the Bankruptcy Court Order to the United States District Court for the Southern District of New York, which ultimately issued a memorandum decision and order affirming the Bankruptcy Court Order on December 12, 2022 [ECF No. 294] (the "***District Court Order***"). The deadline by which Weiss must file any notice of appeal of the District Court Order is January 12, 2023.

4. Given the intervening deadline by which parties must file objections to confirmation of the Plan, Weiss files this Limited Objection to preserve his rights. Specifically, to ensure that nothing in the Plan or Confirmation Order would prejudice Weiss's challenges to the

---

[5] On December 30, 2022, All Year filed an objection to Weiss's proof of claim [ECF No. 307] (the "***Claim Objection***"), and attaching a copy of Weiss's proof of claim as Exhibit B thereto. Weiss's deadline to respond to the Claim Objection is January 24, 2023, and a hearing on the Claim Objection is scheduled to be held on January 31, 2023 at 9:00 a.m. (Prevailing Eastern Time).

3

transfer of All Year's interests in YGWV to Wind-Down Co under the Plan in the event that Weiss obtains a favorable ruling from the United States Court of Appeals for the Second Circuit upon any appeal of the District Court Order, any Confirmation Order that the Court enters should, at a minimum, include the following language:

> Notwithstanding anything to the contrary in the Plan or herein, the Debtor's interests in YG WV LLC shall constitute Excluded Assets solely to the extent of any interest the Debtor holds in YG WV LLC on the Effective Date, whether economic or non-economic, and solely to the extent permitted or allowed under applicable law, and the rights of any party to challenge the scope and/or nature of such YG WV LLC interests after the Effective Date are expressly reserved.

5. This language should not be objectionable to any party because it is consistent with All Year's disclosure regarding the intended scope of the Excluded Assets as it relates to All Year's interests in YGWV. *See Supplement to Second Amended Disclosure Statement for Chapter 11 Plan of Reorganization of All Year Holdings Limited* ¶ 5.b [ECF No. 215] ("Excluded Assets: Section 1.40 of the Amended Plan has been revised to clarify that any interest the Debtor holds in YG WV LLC on the Effective Date, whether economic or non-economic but solely to the extent permitted or allowed under applicable law, will be included as Excluded Assets to vest on the Effective Date in Wind-Down Co, subject to the other terms and conditions of the Plan.").[6]

6. Additionally, as the indirect 50% owner of Fee Owner, Weiss has concerns regarding the effect of the Plan on any subrogation claim that Fee Owner may have against All Year to the extent of any amounts Fee Owner pays on its guaranty, dated February 28, 2017 (the "**Guaranty**"), of All Year's obligations under the Series C Notes. All Year asserts that, as of

---

[6] To be clear, in the event Weiss successfully appeals the District Court Order, he reserves all his rights under the Member LLC operating agreement to challenge any attempted post-Effective Date sale by Wind-Down Co of any portion of the YGWV interests to any party other than Weiss.

4

the Petition Date, it had approximately $202.4 million in outstanding obligations under the Series C Notes,[7] and the Notes Trustee has served a demand for payment under the Guaranty on Fee Owner.[8] The exposure of Fee Owner under the Guaranty is potentially significant.[9] It is therefore critical that any subrogation claim Fee Owner may hold under applicable law against All Year as a result of any payments made under the Guaranty is both preserved and properly classified and treated under the Plan. In the course of conducting discovery relating to Weiss's motion to dismiss the Involuntary Petition filed against Fee Owner, Weiss has recently become concerned that the representatives for YGWV (who are the same persons as All Year's representatives) have not taken appropriate actions to preserve any such subrogation claim, and he has requested by letter dated January 8, 2023 that Fee Owner's counsel provide him with information sufficient to evaluate what, if any, additional actions should be taken in respect of any such subrogation claim (which information has not yet been provided). Weiss is hopeful that he is provided this critical information sufficiently in advance of the Confirmation Hearing; however, he raises the issue now to expressly preserve his rights and remedies relating to any subrogation claim Fee Owner may be entitled to assert against All Year.

7. This Limited Objection is submitted without prejudice to, and with a full reservation of, Weiss's rights, claims, defenses and remedies, including the right to amend, modify or supplement this Limited Objection, to seek discovery, raise objections and/or introduce evidence at the Confirmation Hearing, and without in any way limiting any other rights, claims, defenses and remedies Weiss under the Bankruptcy Code and applicable non-bankruptcy law.

---

[7] *Second Amended Disclosure Statement for Chapter 11 Plan of Reorganization of All Year Holdings Limited* [ECF No. 157], at 10.

[8] *See Statement on Involuntary Petition Against Wythe Berry Fee Owner* [Invol. ECF No. 2], ¶ 3.

[9] *See id.* (asserting that Fee Owner's obligations under the Guaranty are no less than $188,739,000).

| | |
|---|---|
| Dated: January 10, 2023<br>New York, New York | */s/ Nicholas A. Bassett*<br>Kristopher M. Hansen<br>Nicholas A. Bassett<br>Jason M. Pierce<br>Will Clark Farmer<br>**PAUL HASTINGS LLP**<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 318-6000<br>Facsimile:  (212) 319-4090<br>Email: krishansen@paulhastings.com<br>            nicholasbassett@paulhastings.com<br>            jasonpierce@paulhastings.com<br>            willfarmer@paulhastings.com<br><br>*Counsel to Zelig Weiss* |

6