Efrem Schwalb
KOFFSKY SCHWALB LLC
500 Seventh Avenue, 8th Floor
New York, New York 10018
Tel.: 646-553-1590
Email: eschwalb@koffskyschwalb.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **All Year Holdings Limited,** | **Case No. 21-12051-mg** |
| **Debtor.** | |
| **Fed. Tax Id. No. 98-1220822** | |

**OMNIBUS *EX PARTE* APPLICATION FOR ORDER AUTHORIZING**
**SUBPOENA OF DOCUMENTS FROM MULTIPLE FINANCIAL INSTITUTIONS**
**PURSUANT TO FED. R. BANKR. P. 2004 AND 9016 AND L.B.R. 2004-1 AND 9074-1**

TO THE HON. MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE

All Year Holdings Limited, as debtor and debtor in possession ("AYH" or the "Debtor"),

by its attorneys Koffsky Schwalb LLC,  respectfully submits this omnibus application (the

"Application") for an order, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rules 2004-1 and 9074-1 of the Local Bankruptcy Rules

for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing AYH to issue

subpoenas requiring 17 specified financial institutions to produce documents or other information

requested in **Exhibit 2** attached hereto.

    1.    In support of this Application, AYH states:

## Jurisdiction

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On December 14, 2021 (the "Petition Date"), the Debtor commenced with this

Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The

Debtor is authorized to continue to operate its business and manage its properties as a debtor in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner,

or statutory committee of creditors has been appointed in this chapter 11 case.

4.      AYH was established and incorporated on September 17, 2014 as a BVI Business

Company under the laws of the British Virgin Islands.  AYH was formed by Yoel Goldman, who

acted as its Chief Executive Officer from its inception.

5.       AYH operates as a holding company that, as of the Petition Date, through its non-

debtor direct and indirect subsidiaries (collectively, the "Company"), owns approximately 109

properties in Brooklyn, New York.  AYH focuses on the development, construction, acquisition,

leasing and management of residential and commercial income producing properties.

6.      Like many real estate businesses, the Debtor struggled to service its significant debt

burden as its revenues, derived primarily from residential and commercial rental income streams,

were adversely impacted by the ongoing COVID-19 pandemic. Despite the recent modest uptick

in the New York real estate market, the Debtor's current and projected revenues remain insufficient

to service its debt.

7.     Faced with insolvency, the Debtor engaged with various stakeholders throughout the Company's capital structure to identify a path forward to maximize the value of its assets. Among other things, the Debtor engaged in extensive and ongoing discussions with its bondholders and other creditor constituencies regarding potential transactions to restructure its holdings.

8.     Following AYH's suspension of interest payments on its unsecured bonds in November 2020, AYH entered into an agreement pursuant to which AYH agreed, among other things, to appoint an independent restructuring team.

9.     As part of that Agreement, Yoel Goldman was removed as Chief Executive Officer of AYH, and no longer has a role in AYH's day-to-day operations.

10.     On December 16, 2021, AYH filed an application seeking the appointment of Joint Provisional Liquidators (the "JPLs") from the Eastern Caribbean Supreme Court in the British Virgin Islands (the "BVI Court").  An order appointing the JPLs was made by the BVI Court on December 20, 2021 (the "JPL Order").

11.     Pursuant to the JPL Order, the power of the Board of Directors has been suspended and control of the company was transferred to the JPLs. Furthermore, pursuant to the JPL Order, the JPLs have delegated certain powers to Messrs. Shaul Schneider, Assaf Ravid, Ephraim Diamond, and Yizhar Shimoni[1] (collectively, the "Authorized Managers").

12.     In connection with such delegation, the JPLs have specifically authorized the Authorized Managers to oversee All Year's day-to-day operations, including, without limitation, "the authority to continue managing All Year's existing cash management system, existing bank

---

[1] As of February 19, 2022, Mr. Shimoni resigned from his position as CFO.  Mr. Shimoni continues to be engaged by, and provide services to, the Debtor as a consultant.

accounts, and business forms, as well as implement changes to their cash management system in the ordinary course of business, including opening new or closing existing bank accounts."

13.    By order dated February 1, 2022 [ECF No. 41], Koffsky Schwalb LLC was authorized to perform legal services for the Debtor as an ordinary course professional. The Authorized Managers have authorized the within Application.

## The Accounts at the Financial Institutions

14.    AYH, through itself or its non-debtor subsidiaries, has or had accounts at the following 17 financial institutions, among others: Popular Community Bank, Amalgamated Bank, Citizens Bank N.A f/k/a Investors Bank, Customers Bank, Bank United, Capitol One Bank, Valley Bank f/k/a Oritani Bank, Ridgewood Savings Bank, Country Bank, Santander, Bank of America, M&T Bank f/k/a People's United Bank f/k/a Suffolk County National Bank, M.Y. Safra Bank, Kearny Bank, Flushing Bank f/k/a Empire National Bank, New York Community Bank, and Webster Bank f/k/a Sterling National Bank. (All 17 institutions are collectively referenced herein as the "Financial Institutions").

15.    The restructuring team has contacted the Financial Institutions in an attempt to obtain these documents informally, but so far have received either no response, or a response without agreement to deliver documents.

16.    These records are important to the Chapter 11 Case, so as to allow AYH to assess its financial position, learn about prior transactions, and determine whether any causes of action arising from those transactions exist.

17.    AYH accordingly requests entry of an order, substantially in the form attached as Exhibit 1, authorizing it to subpoena documents from the Financial Institutions, specifically all

4

accounts held in the name of AYH or any of its subsidiaries from inception of those accounts, pursuant to Bankruptcy Rules 2004 and 9016 and Local Bankruptcy Rules 2004-1 and 9074-1.

18.    On May 17, 2022, the Court granted a similar application with respect to authorizing AYH to subpoena documents from other banks.  (*See* ECF Doc. No. 99).

## **The Relief Requested Should be Granted**

19.    Bankruptcy Rule 2004(a) provides, in relevant part, that on "motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).  The scope of the examination is intended to be broad and may include the acts, conduct, or property of a debtor or the financial condition of a debtor as well as any matter that may affect the administration of a debtor's estate.  *See* Fed. R. Bankr. P. 2004(b).

20.    Bankruptcy Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). In this regard, courts have recognized that Rule 2004 examinations are broad and unfettered and may be in the nature of "fishing expeditions." *Id.* Bankruptcy Rule 2004 is meant to provide broad power to investigate any matter that may affect the administration of the estate. *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996). *See also In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991) (the object of the examination of the debtor and other witnesses under Bankruptcy Rule 2004 is to show the condition of the estate, and to enable the court to discover its extent and whereabouts); *In re Sun Med. Mgmt., Inc.*, 104 B.R. 522, 524 (Bankr. M.D. Ga. 1989) (Bankruptcy Rule 2004 examinations are allowed to discover assets and unearth fraud).

5

21.     Pursuant to the Court's Chambers Rules, requests for 2004 orders may be submitted *ex parte* but the Court, in its discretion, may require notice and a hearing.  Judge Glenn's Chambers Rules, *2004 Orders*, United States Bankruptcy Court for the Southern District of New York, https://www.nysb.uscourts.gov/content/juedge-glenns-chambers-rules (last visited Mar. 11, 2022); *see also* L.B.R. 9074-1 (applications for an examination pursuant to Bankruptcy Rule 2004 may made upon notice of presentment "to the extent that the application is not granted *ex parte*").

22.     Here, the requested subpoenas are appropriate to enable the Debtor to fully investigate its assets and liabilities, and those of its subsidiaries, and possible causes of actions.

23.     Bankruptcy Rule 2004(c) provides that the production of documents may be compelled by subpoena.

24.     AYH submits that no notice of this Application is necessary.

Dated: New York, New York
       January 26, 2023

KOFFSKY SCHWALB LLC

By:/s/ Efrem Schwalb
Efrem Schwalb
500 Seventh Avenue, 8th Floor
New York, New York  10018
(646) 553-1590
*Attorneys for Debtor*

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **All Year Holdings Limited,** | **Case No. 21-12051-mg** |
| **Debtor.** | |
| **Fed. Tax Id. No. 98-1220822** | |

### OMNIBUS *EX PARTE* ORDER AUTHORIZING SUBPOENA OF
### DOCUMENTS FROM FINANCIAL INSTITUTIONS PURSUANT
### TO FED. R. BANKR. P. 2004 AND 9016 AND L.B.R. 2004-1 AND 9074-1

Upon the omnibus application dated January 25, 2023 (the "Application"[2]), of All Year

Holdings Limited, as debtor and debtor in possession ("AYH" or the "Debtor"), by its attorneys

Koffsky Schwalb LLC, for an order pursuant to Rules 2004 and 9016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2004-1 and 9074-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules")

authorizing AYH to issue subpoenas requiring 17 financial institutions (Popular Community

Bank, Amalgamated Bank, Citizens Bank N.A f/k/a Investors Bank, Customers Bank, Bank

United, Capitol One Bank, Valley Bank f/k/a Oritani Bank, Ridgewood Savings Bank, Country

Bank, Santander, Bank of America, M&T Bank f/k/a People's United Bank f/k/a Suffolk County

National Bank, M.Y. Safra Bank, Kearny Bank, Flushing Bank f/k/a Empire National Bank,

New York Community Bank, and Webster Bank f/k/a Sterling National Bank or their successors)

to produce documents or other information requested in **Exhibit 2** attached hereto, including but

not limited to all accounts held in the name of All Year Holdings LLC and its other subsidiaries,

---

[2] Capitalized terms used but not herein defined have the meanings ascribed to them in the Application.

and after due deliberation, the Court having determined that the Application has established

sufficient cause for the relief granted herein; and no notice being required, it is

**ORDERED** that the Application is granted; and it is further

**ORDERED** that AYH and its counsel are authorized to cause one or more subpoenas to

be issued and served in accordance with Fed. R. Civ. P. 45, to compel the production of

documents (including electronically stored information) in the Financial Institutions' possession,

custody or control in each or concerning AYH or any of its subsidiaries from inception of those

accounts, in accordance with Bankruptcy Rules 2004 and 9016 and Local Bankruptcy Rules

2004-1 and 9074-1.

**ORDERED** that the documents identified in the foregoing subpoena(s) shall be delivered

to the offices of counsel for AYH within 14 days after the service on each Financial Institution of

a copy of this Order and such subpoenas; provided, that the parties may mutually agree on a

different date and place for the document production.

**ORDERED** that service of the subpoenas and a copy of this Order may be made

by overnight courier or overnight mail or any other method agreed to by each of the Financial

Institutions.

**ORDERED** that the Debtor may request additional documents and/or oral examinations

in connection with this matter, including, without limitation, requests based on any information

that may be revealed as a result of the document production and/or examinations authorized

pursuant to this Order.

**ORDERED** that nothing herein shall create, nor is intended to create, any rights in favor

of or enhance the status of any claim held by any party.

2

**ORDERED** that the Debtor is authorized to take all action necessary to effectuate the

relief granted in this Order.

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:

_____
HON. MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

# <u>EXHIBIT 2</u>

**Document Requests**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of ____ New York _____

In re __All Year Holdings Limited_____
                    Debtor

Case No. _____21-12051-mg_____

*(Complete if issued in an adversary proceeding)*

Chapter ____11_____

_____
                    Plaintiff

                         v.

Adv. Proc. No. _____

_____
                    Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____Amalgamated Bank_____
                    *(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All items on attached Schedule A

| PLACE  Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                    _____
                                                                                    *Server's signature*

                                                                    _____
                                                                                    *Printed name and title*


                                                                    _____
                                                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

Definitions and Rules

1. "Documents" shall include all documents or electronically stored information—
including writings, drawings, graphs, charts, photographs, sound recordings, images,
and other data or data compilations—stored in any medium from which information
can be obtained either directly or, if necessary, after translation by the responding party
into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability
company or other legal entity, which is owned, directly or indirectly, in whole or in
part by All Year Holdings Limited.  Such subsidiaries include, without limitation, any
of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee
Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC,
1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty
LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman
LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place
LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161
Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239
Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401
Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson
LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681
Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View
Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC,
1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis
LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises,
163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A
& M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty
Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St
Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778
Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont
Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236
North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis
LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe
Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC,
199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights
Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty
LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC,
The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC,
259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254
Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

   151014019

5. The following rules of construction apply to all discovery requests:
(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
(c) Number. The use of the singular form of any word includes the plural and vice versa.

6. The time frame for these requests is from the inception of the AYH Account to the present.


Documents to Produce

1. All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2. All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3. All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4. All Documents concerning any AYH Account, including all bank statements for all such accounts.

5. All Documents containing Communications between Amalgamated Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of __ New York _____

In re __ All Year Holdings Limited _____
                            Debtor

*(Complete if issued in an adversary proceeding)*

_____
                            Plaintiff
                               v.
_____
                            Defendant

Case No. _____ 21-12051-mg _____

Chapter _____ 11 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Bank of America _____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All items on attached Schedule A

| PLACE    Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|
|  |  |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

<u>Definitions and Rules</u>

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited. Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 41-21 28th Street Acquisition LLC | Bank of America | 483062117260 |
| The North Flats LLC | Bank of America | 483062070873 |
| The North Flats LLC | Bank of America | 483056443377 |
| The North Flats LLC | Bank of America | 483062135242 |

5. The following rules of construction apply to all discovery requests:
(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
(c) Number. The use of the singular form of any word includes the plural and vice versa.

6.  The time frame for these requests is from the inception of the AYH Account to the present.

Documents to Produce

1.  All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2.  All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3.  All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4.  All Documents concerning any AYH Account, including all bank statements for all such accounts.

5.  All Documents containing Communications between Bank of America and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of ___ New York _____

In re   All Year Holdings Limited _____

                    **Debtor**

*(Complete if issued in an adversary proceeding)*

_____

                    **Plaintiff**

                         v.

_____

                    **Defendant**

Case No. ____ 21-12051-mg _____

Chapter ____ 11 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Bank United _____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   All items on attached Schedule A

| PLACE  Offices of Koffsky Schwalb LLC,  500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    CLERK OF COURT

                         OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ ,  who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                          _____
                                                                     *Server's signature*

                                                          _____
                                                                     *Printed name and title*

                                                          _____
                                                                     *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

<u>Definitions and Rules</u>

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited. Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 1088 Bedford LLC | Bank United | XXXXXXXX8693 |
| 1088 Bedford LLC | Bank United | XXXXXXXX8553 |
| 1136 Willoughby LLC | Bank United | XXXXXXXX8766 |
| 1136 Willoughby LLC | Bank United | XXXXXXXX8561 |
| 1358 Dekalb LLC | Bank United | XXXXXXXX8936 |
| 1358 Dekalb LLC | Bank United | XXXXXXXX8944 |
| 136 Kingsland LLC | Bank United | XXXXXXXX8707 |
| 136 Kingsland LLC | Bank United | XXXXXXXX8715 |
| 145 Driggs LLC | Bank United | XXXXXXXX8758 |
| 145 Driggs LLC | Bank United | XXXXXXXX8731 |
| 161 Troutman LLC | Bank United | XXXXXXXX8774 |
| 161 Troutman LLC | Bank United | XXXXXXXX8790 |
| 163 Troutman Realty LLC | Bank United | XXXXXXXX8820 |
| 163 Troutman Realty LLC | Bank United | XXXXXXXX8847 |

| | | |
|---|---|---|
| 165 Central Avenue Realty LLC | Bank United | XXXXXXXX8898 |
| 165 Central Avenue Realty LLC | Bank United | XXXXXXXX8901 |
| 188 South 3rd LLC | Bank United | XXXXXXXX5609 |
| 188 South 3rd LLC | Bank United | XXXXXXXX8286 |
| 188 South 3rd LLC | Bank United | XXXXXXXX5285 |
| 188 South 3rd LLC | Bank United | XXXXXXXX5617 |
| 189 Menahan LLC | Bank United | XXXXXXXX9159 |
| 189 Menahan LLC | Bank United | XXXXXXXX9221 |
| 189 Menahan LLC | Bank United | XXXXXXXX9191 |
| 189 Menahan LLC | Bank United | XXXXXXXX8294 |
| 3609 15th Avenue LLC | Bank United | XXXXXXXX8618 |
| 3609 15th Avenue LLC | Bank United | XXXXXXXX8596 |
| 3611 15th Avenue LLC | Bank United | XXXXXXXX8685 |
| 3611 15th Avenue LLC | Bank United | XXXXXXXX8650 |
| 401 Suydam St. LLC | Bank United | XXXXXXXX8235 |
| 401 Suydam St. LLC | Bank United | XXXXXXXX4094 |
| 401 Suydam St. LLC | Bank United | XXXXXXXX2364 |
| 54 Lewis LLC | Bank United | XXXXXXXX8756 |
| 54 Lewis LLC | Bank United | XXXXXXXX8324 |
| 54 Lewis LLC | Bank United | XXXXXXXX8713 |
| 574 Broadway LLC | Bank United | XXXXXXXX2356 |
| 574 Broadway LLC | Bank United | XXXXXXXX8200 |
| 591 Franklin LLC | Bank United | XXXXXXXX2372 |
| 591 Franklin LLC | Bank United | XXXXXXXX8251 |
| 79 South 6th Street LLC | Bank United | XXXXXXXX8332 |
| 79 South 6th Street LLC | Bank United | XXXXXXXX8802 |
| 90 Wilson LLC | Bank United | XXXXXXXX8634 |
| 90 Wilson LLC | Bank United | XXXXXXXX8626 |
| 916 Madison St LLC | Bank United | XXXXXXXX8871 |
| 916 Madison St LLC | Bank United | XXXXXXXX8863 |
| All Year Holdings LLC | Bank United | XXXXXXXX5798 |
| Gunther Apartment Corp | Bank United | XXXXXXXX8804 |
| Gunther Apartment Corp | Bank United | XXXXXXXX8782 |
| Hudson View Realty LLC | Bank United | XXXXXXXX8278 |
| Hudson View Realty LLC | Bank United | XXXXXXXX0262 |
| Hudson View Realty LLC | Bank United | XXXXXXXX2885 |
| Hudson View Realty LLC | Bank United | XXXXXXXX6648 |
| Hudson View Realty LLC | Bank United | XXXXXXXX6605 |
| Lofts on Devoe LLC | Bank United | XXXXXXXX8086 |
| Troutman Residence LLC | Bank United | XXXXXXXX8839 |
| Troutman Residence LLC | Bank United | XXXXXXXX8812 |
| Y & M Management LLC | Bank United | XXXXXXXX8162 |
| Y & M Management LLC | Bank United | XXXXXXXX2445 |

5. The following rules of construction apply to all discovery requests:

(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) Number. The use of the singular form of any word includes the plural and vice versa.

6. The time frame for these requests is from the inception of the AYH Account to the present.

<u>Documents to Produce</u>

1. All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2. All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3. All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4. All Documents concerning any AYH Account, including all bank statements for all such accounts.

5. All Documents containing Communications between BankUnited and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____    District of _____ New York _____

In re   All Year Holdings Limited
_____
                    **Debtor**

*(Complete if issued in an adversary proceeding)*

Case No. _____ 21-12051-mg _____

Chapter _____ 11 _____

_____
                    **Plaintiff**

v.

_____
                    **Defendant**

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Capitol One Bank _____
                    *(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  All items on attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

Definitions and Rules

1.  "Documents" shall include all documents or electronically stored information—
    including writings, drawings, graphs, charts, photographs, sound recordings, images,
    and other data or data compilations—stored in any medium from which information
    can be obtained either directly or, if necessary, after translation by the responding party
    into a reasonably usable form.

2.  A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability
    company or other legal entity, which is owned, directly or indirectly, in whole or in
    part by All Year Holdings Limited.  Such subsidiaries include, without limitation, any
    of the following:

    All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee
    Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC,
    1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty
    LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman
    LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place
    LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161
    Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239
    Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401
    Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson
    LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681
    Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View
    Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC,
    1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis
    LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises,
    163 Troutman Realty LLC, 79 South 6th  Street LLC, 165 Central Avenue Realty, A
    & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty
    Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St
    Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778
    Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont
    Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236
    North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis
    LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe
    Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC,
    199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights
    Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty
    LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC,
    The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC,
    259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254
    Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 1159 Dean LLC | Capitol One | 7047596305 |
| 1159 Dean LLC | Capitol One | 7047596313 |
| 679- 681 Classon Avenue LLC | Capitol One | 7527408150 |
| 679- 681 Classon Avenue LLC | Capitol One | 7527408142 |
| Prospect Heights Holdings LLC | Capitol One | 7527988297 |
| Prospect Heights Holdings LLC | Capitol One | 7527988300 |

5. The following rules of construction apply to all discovery requests:
(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) Number. The use of the singular form of any word includes the plural and vice versa.

6. The time frame for these requests is from the inception of the AYH Account to the present.

Documents to Produce

1. All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2. All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3. All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4. All Documents concerning any AYH Account, including all bank statements for all such accounts.

5. All Documents containing Communications between Capitol One Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of ____ New York _____

In re   All Year Holdings Limited _____
Debtor

_(Complete if issued in an adversary proceeding)_

Case No. _____ 21-12051-mg _____

Chapter ____ 11 ____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Citizens Bank f/k/a Investors Bank _____
_(Name of person to whom the subpoena is directed)_

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All items on attached Schedule A

| PLACE  Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
_Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                        _____
                                                                    *Server's signature*

                                                        _____
                                                                   *Printed name and title*


                                                        _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

Definitions and Rules

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited.  Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69
Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC,
Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www
888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166
Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418
Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC,
Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145
Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC,
4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063
Pacific LLC, 188 South 3rd LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St.
Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808
Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks
LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition
LLC

3. "Communications" mean any and all inquiries, discussions, conferences,
   conversations, negotiations, agreements, meetings, interviews, telephone
   conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail
   (email), memoranda, documents, writings, or other forms of communications,
   including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings
   Limited and/or any of its subsidiaries, and shall include, without limitation the
   following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 101 Quincy LLC | Citizens Bank f/k/a Investors Bank | XXXXXXX1690 |
| 101 Quincy LLC | Citizens Bank f/k/a Investors Bank | XXXXXXX1706 |
| 274 Jefferson LLC | Citizens Bank f/k/a Investors Bank | XXXXXXX9356 |
| 274 Jefferson LLC | Citizens Bank f/k/a Investors Bank | XXXXXXX9348 |
| 690 Prospect Pl LLC | Citizens Bank f/k/a Investors Bank | XXXXXXX3249 |
| 690 Prospect Pl LLC | Citizens Bank f/k/a Investors Bank | XXXXXXX3305 |
| 694 Franklin Avenue LLC | Citizens Bank f/k/a Investors Bank | XXXXXXX4347 |

| All Year Holdings LLC | Citizens Bank f/k/a Investors Bank | XXXXXXX4073 |
| Bedford Living LLC | Citizens Bank f/k/a Investors Bank | XXXXXXX4363 |
| Lavan Equities LLC | Citizens Bank f/k/a Investors Bank | XXXXXXX0145 |

5.  The following rules of construction apply to all discovery requests:
    (a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
    (b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
    (c) Number. The use of the singular form of any word includes the plural and vice versa.

6.  The time frame for these requests is from the inception of the AYH Account to the present.

7.  "Citizens Bank" shall mean Citizens Bank and its predecessor, Investors Bank.

8.  The documents that you should produce include documents relating to accounts maintained by Citizens Bank and its predecessor, Investors Bank.

Documents to Produce

1.  All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2.  All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3.  All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4.  All Documents concerning any AYH Account, including all bank statements for all such accounts.

5.  All Documents containing Communications between Citizens Bank f/k/a Investors Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of ___ New York _____

In re ___ All Year Holdings Limited _____
                        Debtor

*(Complete if issued in an adversary proceeding)*

_____
                        Plaintiff
                          v.
_____
                        Defendant

Case No. _____ 21-12051-mg _____

Chapter ____ 11 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Country Bank _____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  All items on attached Schedule A

| PLACE Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                CLERK OF COURT

                              OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

Definitions and Rules

1.  "Documents" shall include all documents or electronically stored information—
    including writings, drawings, graphs, charts, photographs, sound recordings, images,
    and other data or data compilations—stored in any medium from which information
    can be obtained either directly or, if necessary, after translation by the responding party
    into a reasonably usable form.

2.  A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability
    company or other legal entity, which is owned, directly or indirectly, in whole or in
    part by All Year Holdings Limited.  Such subsidiaries include, without limitation, any
    of the following:

    All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee
    Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC,
    1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty
    LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman
    LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place
    LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161
    Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239
    Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401
    Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson
    LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681
    Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View
    Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC,
    1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis
    LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises,
    163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A
    & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty
    Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St
    Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778
    Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont
    Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236
    North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis
    LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe
    Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC,
    199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights
    Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty
    LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC,
    The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC,
    259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254
    Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 234-236 North 11th LLC | Country Bank | 84167 |
| 234-236 North 11th LLC | Country Bank | X4051 |
| 234-236 North 11th LLC | Country Bank | XXXXXXXXXXXX8799 |
| 234-236 North 11th LLC | Country Bank | XXXXXXXXXXXX8802 |

5. The following rules of construction apply to all discovery requests:
(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) Number. The use of the singular form of any word includes the plural and vice versa.

6.  The time frame for these requests is from the inception of the AYH Account to the present.

<u>Documents to Produce</u>

1.  All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2.  All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3.  All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4.  All Documents concerning any AYH Account, including all bank statements for all such accounts.

5.  All Documents containing Communications between Country Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re __ All Year Holdings Limited _____

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. _____ 21-12051-mg _____

Chapter _____ 11 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Customers Bank _____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All items on attached Schedule A

| PLACE Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
Server's signature

_____
Printed name and title

_____
Server's address


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

<u>Definitions and Rules</u>

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited. Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 1020 Pacific LLC | Customers Bank | XXXXXX9209 |
| 1063 Pacific LLC | Customers Bank | XXXXXX9233 |
| 1159 Dean LLC | Customers Bank | XXXXXXX9516 |
| 188 South 3rd LLC | Customers Bank | XXXXXX8608 |
| 307 Devoe LLC | Customers Bank | XXXXXXXX6954 |
| 307 Devoe LLC | Customers Bank | XXXXXXXX8231 |
| 307 Devoe LLC | Customers Bank | XXXXXXXX8215 |
| 483 St. Marks LLC | Customers Bank | XXXXXX8772 |
| 483 St. Marks LLC | Customers Bank | XXXXXX3309 |
| 489 St. Marks LLC | Customers Bank | XXXXXX8813 |
| 515 St. Marks LLC | Customers Bank | XXXXXX8863 |
| 592 Franklin LLC | Customers Bank | XXXXXX8912 |
| 634 Classon LLC | Customers Bank | XXXXXX9001 |
| 649- 651 Classon LLC | Customers Bank | XXXXXX9027 |
| 663 Classon LLC | Customers Bank | XXXXXX9077 |

| 667 Classon LLC | Customers Bank | XXXXXX9093 |
| 808 Bergen LLC | Customers Bank | XXXXXX9118 |
| 818 Bergen LLC | Customers Bank | XXXXXX9134 |
| 872 Bergen LLC | Customers Bank | XXXXXX9150 |
| 916 Madison LLC | Customers Bank | XXXXXX8575 |
| Hudson View Realty LLC | Customers Bank | XXXXXXXX8099 |
| Hudson View Realty LLC | Customers Bank | XXXXXXXX8081 |

5.  The following rules of construction apply to all discovery requests:
    (a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
    (b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
    (c) Number. The use of the singular form of any word includes the plural and vice versa.

6.  The time frame for these requests is from the inception of the AYH Account to the present.

Documents to Produce

1.  All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2.  All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3.  All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4.  All Documents concerning any AYH Account, including all bank statements for all such accounts.

5.  All Documents containing Communications between Customers Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____New York_____

In re __All Year Holdings Limited_____

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____21-12051-mg_____

Chapter ____11____

_____

Plaintiff

v.

_____

Adv. Proc. No. _____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____Flushing Bank f/k/a Empire National Bank_____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All items on attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____


                                                            _____
                                                                            *Server's signature*

                                                            _____
                                                                            *Printed name and title*

                                                            _____
                                                                            *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

Definitions and Rules

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited. Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC, 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC, 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

    9010005915 (Account was maintained at Empire National Bank)

5. The following rules of construction apply to all discovery requests:
   (a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
   (b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
   (c) Number. The use of the singular form of any word includes the plural and vice versa.

6. The time frame for these requests is from the inception of the AYH Account to the present.

7. "Flushing Bank" shall mean Flushing Bank and its predecessor, Empire National Bank.

8. The documents that you should produce include documents relating to accounts maintained by Flushing Bank and its predecessor, Empire National Bank.

Documents to Produce

1. All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2. All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3. All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4. All Documents concerning any AYH Account, including all bank statements for all such accounts.

5. All Documents containing Communications between Flushing Bank f/k/a Empire National Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____  District of  ___ New York ___

In re  __ All Year Holdings Limited _____
                    Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  ___ 21-12051-mg ___

Chapter ___ 11 ___

_____
                    Plaintiff

v.

_____
                    Defendant

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  _____ Kearny Bank _____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  All items on attached Schedule A

| PLACE  Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|
| | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____  ,  who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

<u>Definitions and Rules</u>

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited.  Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 82 Jefferson LLC | Kearny Bank | XXXXXXX9556 |
| 82 Jefferson LLC | Kearny Bank | XXXXXXX1146 |
| All Year Holdings LLC | Kearny Bank | XXXXXXX1674 |

5. The following rules of construction apply to all discovery requests:
(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
(c) Number. The use of the singular form of any word includes the plural and vice versa.

6.  The time frame for these requests is from the inception of the AYH Account to the present.

Documents to Produce

1.  All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2.  All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3.  All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4.  All Documents concerning any AYH Account, including all bank statements for all such accounts.

5.  All Documents containing Communications between Kearny Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re ___All Year Holdings Limited_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

_____
                    Plaintiff
                    v.
_____
                    Defendant

Case No. ____21-12051-mg_____

Chapter ____11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____M&T Bank f/k/a People's United Bank f/k/a Suffolk County National Bank_____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  All items on attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

Definitions and Rules

1.  "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2.  A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited.  Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

   3510000973 (Account was maintained at Suffolk County National Bank)

5. The following rules of construction apply to all discovery requests:
   (a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
   (b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
   (c) Number. The use of the singular form of any word includes the plural and vice versa.

6. The time frame for these requests is from the inception of the AYH Account to the present

7. "M&T Bank" shall mean M&T Bank and its predecessors, People's United Bank and Suffolk County National Bank.

8. The documents that you should produce include documents relating to accounts maintained by M&T Bank and its predecessors, People's United Bank and Suffolk County National Bank.

<u>Documents to Produce</u>

1. All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2. All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3. All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4. All Documents concerning any AYH Account, including all bank statements for all such accounts.

5. All Documents containing Communications between M&T Bank f/k/a People's United Bank f/k/a Suffolk County National Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____New York_____

In re __All Year Holdings Limited__

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. _____21-12051-mg_____

Chapter _____11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____M.Y. Safra Bank_____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  All items on attached Schedule A

| PLACE  Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|
|  |  |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____              _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

<u>Definitions and Rules</u>

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited.  Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 79 South 6th Street LLC | M.Y. Safra Bank | 1228782 |
| 79 South 6th Street LLC | M.Y. Safra Bank | 1228790 |

5. The following rules of construction apply to all discovery requests:
(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
(c) Number. The use of the singular form of any word includes the plural and vice versa.

6. The time frame for these requests is from the inception of the AYH Account to the present

Documents to Produce

1.  All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2.  All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3.  All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4.  All Documents concerning any AYH Account, including all bank statements for all such accounts.

5.  All Documents containing Communications between M.Y. Safra Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____   District of ___ New York _____

In re __All Year Holdings Limited_____

Debtor

<em>(Complete if issued in an adversary proceeding)</em>

_____

Plaintiff

v.

_____

Defendant

Case No. ___ 21-12051-mg _____

Chapter ____11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ New York Community Bank _____

<em>(Name of person to whom the subpoena is directed)</em>

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  All items on attached Schedule A

| PLACE Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
<em>Signature of Clerk or Deputy Clerk</em>          <em>Attorney's signature</em>

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

   My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                    _____
                                              *Server's signature*

                                    _____
                                              *Printed name and title*

                                    _____
                                              *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

<u>Definitions and Rules</u>

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited. Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3.  "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4.  An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

    3209372875

5.  The following rules of construction apply to all discovery requests:
    (a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
    (b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
    (c) Number. The use of the singular form of any word includes the plural and vice versa.

6.  The time frame for these requests is from the inception of the AYH Account to the present

Documents to Produce

1.  All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2.  All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3.  All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4.  All Documents concerning any AYH Account, including all bank statements for all such accounts.

5.  All Documents containing Communications between New York Community Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of ___ New York _____

In re __All Year Holdings Limited_____

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. ____21-12051-mg_____

Chapter ____11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____Popular Community Bank_____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   All items on attached Schedule A

| PLACE   Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ ,  who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

<u>Definitions and Rules</u>

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited. Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69
Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC,
Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www
888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166
Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418
Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC,
Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145
Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC,
4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063
Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St.
Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808
Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks
LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition
LLC

3. "Communications" mean any and all inquiries, discussions, conferences,
conversations, negotiations, agreements, meetings, interviews, telephone
conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail
(email), memoranda, documents, writings, or other forms of communications,
including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings
Limited and/or any of its subsidiaries, and shall include, without limitation the
following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 1000 Broadway LLC | Popular Community Bank | 6809963017 |
| 166 Harman Realty LLC | Popular Community Bank | 1210003107 |
| 166 Harman Realty LLC | Popular Community Bank | 1210003099 |
| 226 Troutman LLC | Popular Community Bank | 6809963470 |
| 277 Classon LLC | Popular Community Bank | 6809262592 |
| 473 Park Pl LLC | Popular Community Bank | 6809963603 |
| A&M Park Place Enterprises LLC | Popular Community Bank | 6809963462 |

5. The following rules of construction apply to all discovery requests:
(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as
encompassing any and all.

(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) Number. The use of the singular form of any word includes the plural and vice versa.

6. The time frame for these requests is from the inception of the AYH Account to the present.

<u>Documents to Produce</u>

1. All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2. All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3. All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4. All Documents concerning any AYH Account, including all bank statements for all such accounts.

5. All Documents containing Communications between Popular Community Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of ___New York___

In re __All Year Holdings Limited__
                        Debtor

*(Complete if issued in an adversary proceeding)*

_____
                        Plaintiff

                            v.

_____
                        Defendant

Case No. ____21-12051-mg____

Chapter ____11____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____Ridgewood Savings Bank_____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  All items on attached Schedule A

| PLACE  Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|
|  |  |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____              _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


    I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                            _____
                                                                        *Server's signature*

                                                            _____
                                                                        *Printed name and title*

                                                            _____
                                                                        *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

Definitions and Rules

1.  "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2.  A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited.  Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 170 Knickerbocker LLC | Ridgewood Savings Bank | 700818810 |
| Knickerbocker St. Holdings LLC | Ridgewood Savings Bank | 700920045 |
| Y & M Management LLC | Ridgewood Savings Bank | 700844641 |

5. The following rules of construction apply to all discovery requests:
(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
(c) Number. The use of the singular form of any word includes the plural and vice versa.

6. The time frame for these requests is from the inception of the AYH Account to the present

<u>Documents to Produce</u>

1. All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2. All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3. All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4. All Documents concerning any AYH Account, including all bank statements for all such accounts.

5. All Documents containing Communications between Ridgewood Savings Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re   All Year Holdings Limited _____

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. _____ 21-12051-mg _____

Chapter _____ 11 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Santander _____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   All items on attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

<u>Definitions and Rules</u>

1. "Documents" shall include all documents or electronically stored information—
including writings, drawings, graphs, charts, photographs, sound recordings, images,
and other data or data compilations—stored in any medium from which information
can be obtained either directly or, if necessary, after translation by the responding party
into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability
company or other legal entity, which is owned, directly or indirectly, in whole or in
part by All Year Holdings Limited.  Such subsidiaries include, without limitation, any
of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee
Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC,
1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty
LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman
LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place
LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161
Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239
Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401
Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson
LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681
Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View
Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC,
1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis
LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises,
163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A
& M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty
Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St
Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778
Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont
Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236
North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis
LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe
Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC,
199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights
Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty
LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC,
The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC,
259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254
Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, , 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3.  "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4.  An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 271 Metropolitan LLC | Santander | 7678008465 |
| 271 Metropolitan LLC | Santander | 7677989616 |
| 392 St. Marks LLC | Santander | 7676489989 |
| 392 St. Marks LLC | Santander | 7676489806 |
| Grand Living LLC | Santander | 7675868587 |

5.  The following rules of construction apply to all discovery requests:
(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
(c) Number. The use of the singular form of any word includes the plural and vice versa.

6.  The time frame for these requests is from the inception of the AYH Account to the present.

Documents to Produce

1.  All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2.  All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3.  All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4.  All Documents concerning any AYH Account, including all bank statements for all such accounts.

5.  All Documents containing Communications between Santander and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of ___ New York _____

In re ___ All Year Holdings Limited _____
Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff
v.

_____

Defendant

Case No. ___ 21-12051-mg _____

Chapter ___ 11 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Valley Bank f/k/a Oritani Bank _____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All items on attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

Definitions and Rules

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited. Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd  LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 143 N8 C3 Realty Investors LLC | Valley Bank f/k/a Oritani Bank | 87015970 |
| 30 Driggs LLC | Valley Bank f/k/a Oritani Bank | 87015822 |
| The Henrica Group LLC | Valley Bank f/k/a Oritani Bank | 87015814 |

5. The following rules of construction apply to all discovery requests:
(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) Number. The use of the singular form of any word includes the plural and vice versa.

6. The time frame for these requests is from the inception of the AYH Account to the present.

7. "Valley Bank" shall mean Valley Bank and its predecessor, Oritani Bank.

8. The documents that you should produce include documents relating to accounts maintained by Valley Bank and its predecessor, Oritani Bank.

Documents to Produce

1. All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2. All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3. All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4. All Documents concerning any AYH Account, including all bank statements for all such accounts.

5. All Documents containing Communications between Valley Bank f/k/a Oritani Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.

| Property | Bank Name | Bank Account Number |
|---|---|---|
| 143 N8 C3 Realty Investors LLC | Valley Bank f/k/a Oritani Bank | 87015970 |
| 30 Driggs LLC | Valley Bank f/k/a Oritani Bank | 87015822 |

| The Henrica Group LLC | Valley Bank f/k/a Oritani Bank | 87015814 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of ____ New York _____

In re   All Year Holdings Limited
_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ____ 21-12051-mg _____

Chapter ____ 11 _____

_____
                    Plaintiff

                    v.

Adv. Proc. No. _____

_____
                    Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Webster Bank f/k/a Sterling National Bank _____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   All items on attached Schedule A

| PLACE   Offices of Koffsky Schwalb LLC, 500 Seventh Avenue, 8th Floor, New York, NY 10018 | DATE AND TIME |
|---|---|
|  |  |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

<u>Definitions and Rules</u>

1. "Documents" shall include all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. A "Subsidiary" of All Year Holdings Limited means any corporation, limited liability company or other legal entity, which is owned, directly or indirectly, in whole or in part by All Year Holdings Limited.  Such subsidiaries include, without limitation, any of the following:

All Year Holdings LLC, 89 North LLC, Spencer Albee Equities LLC, Spencer Albee Holdings LLC, 430 Albee Square LLC, TLG North LLC, 1012 Willoughby LLC, 1044 Flushing Avenue LLC, 1058 Bergen Street LLC, 165 Central Avenue Realty LLC, 192 BSD Realty LLC, 198 Scholes LLC, 222 Stanhope Ii LLC, 226 Troutman LLC, 231 Jefferson LLC, 233 Jefferson LLC, 300 Troutman LLC, 654 Park Place LLC, Dodworth Enterprise LLC, Harman Towers LLC, 1055 Dean LLC, 161 Troutman LLC, 189 Menahan LLC, 215 Himrod LLC, 238 Troutman LLC, 239 Troutman LLC, 242 Troutman LLC, 247 Troutman LLC, 30 Driggs LLC, 401 Suydam St LLC, 461 Park Place LLC, 469 Park LLC, 48 Wilson LLC, 90 Wilson LLC, Grove Palace LLC, 101 Quincy LLC, 170 Knickerbocker LLC, 679 681 Classon Ave LLC, 916 Madison St LLC, 3611 15th Avenue LLC, Hudson View Realty LLC, 136 Kingsland LLC, 161 Meserole LLC, 694 Franklin Avenue LLC, 1159 Dean LLC, 188 South 3rd Street LLC, 1221 Atlantic Avenue LLC, 54 Lewis LLC, Y & M Management LLC, 1358 Dekalb LLC, A & M Park Place Enterprises, 163 Troutman Realty LLC, 79 South 6th Street LLC, 165 Central Avenue Realty, A & M Park Place Enterprises LLC, 132 Havemeyer St LLC, 143 N8 C3 Realty Investors LLC, 271 Metropolitan LLC, 283 Nostrand Avenue Realty LLC, 392 St Marks LLC, 574 Broadway LLC, 591 Franklin LLC, 690 Prospect Pl LLC, 778 Lincoln Place LLC, Bedford Living LLC, Lavan Equities LLC, West Tremont Housing LLC, 57-59 Grand St LLC, 78 Havemeyer LLC, 141 Spencer LLC, 234-236 North 11th LLC, 273 Driggs LLC, 274 Jefferson LLC, 277 Classon LLC, 378 Lewis LLC, 697 Prospect Pl LLC, 716 Jefferson Ave LLC, 1088 Bedford Ave LLC, Wythe Berry LLC, 307 Devoe LLC, 360 Decatur LLC, 473 Park Pl LLC, 1361 Greene LLC, 199 Weirfield LLC, 533 Knickerbocker LLC, 648 Mytrle Ave LLC, Prospect Heights Holdings LLC, 65 Kent Avenue LLC, 252 Grand LLC, 291 Metropolitan Realty LLC, 305 Grand LLC, 735 Bedford LLC, 1000 Broadway LLC, North Flats LLC, The North Flats LLC¸ 82 Jefferson LLC, 132a Stanhope LLC, 236 Meserole LLC, 259 Evergreen Realty LLC, 871 Grand LLC, 1128 36th LLC, 218 Hilltop LLC¸ 254 Palmetto LLC, 273 Skillman St LLC, 28 Wilson LLC, 311 Melrose St LLC, 335 St

Nicholas LLC, 506 Dekalb LLC, 608 Franklin LLC, 61 North 9th LLC, 69 Stockholm Realty LLC, Knickerbocker St Holdings, Smith Street Owner LLC, Wythe Berry Member LLC, Carlilis Realty Inc, Gunther Apartments Corp., Www 888 Realty Inc., 41- 21 28th Street Development LLC, Spencer Northern LLC, 166 Harman Realty LLC, The Henrica Group LLC, Troutman Residence LLC, 1418 Putnam Ave. LLC, 71 Wilson LLC, 1136 Willoughby LLC , All Year Holdings LLC, Evergreene Gardens LLC,  Grand Living LLC, Ralph & Ralph Properties LLC, 145 Driggs LLC, 133-135 Leonard LLC, Lofts On Devoe LLC, 212-214 Grand LLC, 4404 14th Avenue LLC, 1397 Greene LLC, 150 Grove LLC, 1020 Pacific LLC, 1063 Pacific LLC, 188 South 3rd LLC, 483 St. Marks LLC, 489 St. Marks LLC, 515 St. Marks LLC, 592 Franklin LLC, 634 Classon LLC, 649- 651 Classon LLC, 808 Bergen LLC, 818 Bergen LLC, 872 Bergen LLC, 916 Madison LLC, 392 St. Marks LLC, 3609 15th Avenue LLC, 79 South 6th Street LLC, 41-21 28th Street Acquisition LLC

3. "Communications" mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

4. An "AYH Account" shall mean any account held in the name of All Year Holdings Limited and/or any of its subsidiaries, and shall include, without limitation the following accounts:

| Company | Bank Name | Bank Account Number |
|---|---|---|
| 1044 Flushing Avenue LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX5401 |
| 1055 Dean LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX3931 |
| 1221 Atlantic Avenue LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX8841 |
| 1397 Greene LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX7041 |
| 1418 Putnam Avenue LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX3521 |
| 1418 Putnam Avenue LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX3661 |
| 143 N8 C3 Realty Investors LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX9091 |

| 150 Grove LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX4811 |
|---|---|---|
| 192 BSD Realty LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX7361 |
| 198 Scholes LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX5741 |
| 215 Himrod LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX8141 |
| 247 Troutman LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX4561 |
| 283 Nostrand Ave Realty LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX7321 |
| 291 Metropolitan Realty LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX0646 |
| 291 Metropolitan Realty LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX8656 |
| 291 Metropolitan Realty LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX4061 |
| 48 Wilson LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX7761 |
| 71 Wilson LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX5791 |
| 778 Lincoln Place LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX8791 |
| All Year Holdings LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX1731 |
| Spencer Albee Equities LLC | Webster Bank f/k/a Sterling National Bank | 590952383 |
| The Henrica Group LLC | Webster Bank f/k/a Sterling National Bank | XXXXXX7271 |

5. The following rules of construction apply to all discovery requests:

(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) Number. The use of the singular form of any word includes the plural and vice versa.

6. The time frame for these requests is from the inception of the AYH Account to the present.

7. "Webster Bank" shall mean Webster Bank and its predecessor, Sterling National Bank.

8. The documents that you should produce include documents relating to accounts maintained by Webster Bank and its predecessor, Sterling National Bank.

Documents to Produce

1. All Documents concerning All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings Limited.

2. All Documents concerning All Year Holdings LLC, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning All Year Holdings LLC.

3. All Documents concerning any Subsidiary of All Year Holdings Limited, including all bank statements for all accounts held in that name, all loan documents, applications, statements for that entity, all documents related to the opening or maintenance of any such bank accounts, notices of borrowing and payback and any other records concerning any such Subsidiary.

4. All Documents concerning any AYH Account, including all bank statements for all such accounts.

5. All Documents containing Communications between Webster Bank f/k/a Sterling National Bank and any individual acting on behalf of All Year Holdings Limited or its Subsidiaries relating to any accounts held by or loans to All Year Holdings Limited or any of its Subsidiaries.