**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Matthew Goren**
+1 (212) 310-8440
matthew.goren@weil.com

March 13, 2023

Via Email and ECF

Honorable Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

Re:  In re All Year Holdings Limited, Case No. 21-12051 (MG)

Dear Chief Judge Glenn:

We represent All Year Holdings Limited, as debtor and debtor in possession (the "**Debtor**") in the above-referenced chapter 11 case (the "**Chapter 11 Case**").  We write to inform the Court and other parties in interest of certain developments with respect to the proceedings pending in the District Court of Tel Aviv – Yafo (the "**Israeli Court**") regarding the Debtor and its ongoing restructuring (the "**Israeli Recognition Proceeding**").

On May 31, 2022, the Debtor filed that certain *Chapter 11 Plan of Reorganization of All Year Holdings Limited* [ECF No. 123] (as amended on September 14, 2022 [ECF No. 214], November 4, 2022 [ECF No. 256], and December 9, 2022 [ECF No. 289], and as may be further modified, amended, or supplemented from time to time, and together with all exhibits and schedules thereto, the "**Plan**").[1]  The cornerstone of the Plan is that certain Investment Agreement, dated March 11, 2022 (as amended, modified, and supplemented from time to time, the "**Investment Agreement**"), by and among, the Debtor, Paragraph Partners LLC (the "**Sponsor**"), and Mishmeret Trust Company Ltd., in its capacity as trustee to the Debtor's Series B Notes, Series C Notes, Series D Notes, and Series E Notes (the "**Notes Trustee**").  On January 31, 2023, the Court entered an order confirming the Plan [ECF No. 352] (the "**Confirmation Order**").

Following the hearing on confirmation of the Plan, on January 31, 2023, the Debtor, in accordance with the terms of the Plan and the Investment Agreement, filed a motion with the Israeli Court seeking approval of the Investment Agreement and recognition of the Plan and the Confirmation Order. Following a hearing before the Israeli Court, the Debtor, the Notes Trustee, and certain other parties in the Israeli Recognition Proceeding agreed to a compromise whereby the Israeli Court would approve the

---

[1]  Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan.

**Weil, Gotshal & Manges LLP**

March 13, 2023
Page 2

Plan and the Investment Agreement but reserve decision on the treatment of any claims for indemnification or contribution that may be asserted by any of the Debtor's current or former directors and officers.[2] On February 13, 2023, the Israeli Court entered an order approving the Investment Agreement and recognizing the Plan and the Confirmation Order subject to the aforementioned reservation.

In addition, on March 7, 2023, the Eastern Caribbean Supreme Court (the "**BVI Court**") approved an application of the Joint Provisional Liquidators (the "**JPLs**") to terminate the JPLs' appointment and conclude the Debtor's provisional liquidation proceeding before the BVI Court. The appointment of the JPLs shall terminate following the occurrence of the Effective Date.

Accordingly, to the best of the Debtor's knowledge and belief, all necessary approvals required as conditions to the Company's obligation to close under the Investment Agreement, including approvals by the Israeli Court and the BVI Court of the terms of the Investment Agreement, have been obtained and the Parties anticipate the Plan becoming effective no later than the March 31, 2023 Outside Date for Closing under the Investment Agreement.

We are available should the Court have any questions.

Respectfully submitted,

/s/ Matthew P. Goren
Matthew P. Goren

---

[2] The claims, if any, of the Debtor's current or former directors and officers are classified under two classes under the Plan. Any claims of the Debtor's current or former directors and officers that arise out of or relate to the Israeli Securities Actions or other similar class action lawsuits brought in Israel before the Effective Date are Class 6 Subordinated Securities Claims under the Plan and, as such, are statutorily subordinated and not entitled to receive or retain any property or recovery from the Debtor under the Plan. All other claims for indemnification or contribution against the Debtor by any of its current or former officers or directors that are not Subordinated Securities Claims are classified as Class 4 Remaining Unsecured Claims under the Plan. The Plan expressly provides the approval or recognition of the treatment of Subordinated Securities Claims by the courts or regulatory authorities of Israel is not a condition precedent to the Effective Date. Plan, § 9.2(c). Further, in accordance with Section 9.3 of the Plan, the Notes Trustee has agreed to waive the condition precedent to the Effective Date under Section 9.2(f) that the Non-Securities Indemnity Claims be estimated at zero dollars ($0) for all purposes under the Plan (including for purposes of distribution).