**Hearing Date and Time: June 6, 2023 at 11:00 a.m. (Eastern Time)**
**Objection Date and Time: May 30, 2023 at 4:00 p.m. (Eastern Time)**

LOCKE LORD LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone: (212) 415-8600
Facsimile: (212) 303-2754
Shalom Jacob
Alan H. Katz
*Attorneys for Paragraph Partners LLC*
*and Brooklyn Metro Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                            :
In re                                                       :   Chapter 11
                                                            :
**ALL YEAR HOLDINGS LIMITED,**                              :   Case No. 21-12051 (MG)
                                                            :
            Debtor.                                         :
                                                            :
                                                            :
------------------------------------------------------------X

**NOTICE OF HEARING**
**ON MOTION FOR ENTRY OF AN ORDER**
**(I) DETERMINING ESCROWED FUNDS ARE**
**DUE TO PARAGRAPH PARTNERS LLC**
**AND BROOKLYN METRO HOLDINGS LLC**
**AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**") of Paragraph Partners LLC (**"Paragraph"**) and Brooklyn Metro Holdings LLC (**"Brooklyn Metro Holdings"**), pursuant to section 1121(d) of title 11 of the United States Code, for entry of an order determining that Paragraph and Brooklyn Metro Holdings are entitled to a certain $1,000,000.00 fund placed in escrow by agreement of Paragraph, All Year Holdings Limited ("**All Year**") and AYH Wind Down LLC ("**Wind Down Co**") in connection with the closing of the transactions

contemplated in the Investment Agreement,[1] all as more fully set forth in the Motion, will be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") on **June 6, 2023 at 11:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), shall be filed and served in accordance with General Order M-399, dated May 17, 2010 (which can be found at www.nysb.uscourts.gov), the Bankruptcy Rules, and the Local Bankruptcy Rules, by no later than **May 30, 2023 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Paragraph and Brooklyn Metro Holdings may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

      **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted using Zoom for Government. Parties should not appear in person and those wishing to appear or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to 4:00 p.m. (Prevailing Eastern Time) on the business day before the Hearing. Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at http://www.nysb.uscourts.gov/content/judge-martin-glenn.

Dated: May 15, 2023
       New York, New York

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Shalom Jacob*
    Shalom Jacob
    Alan H. Katz
    Brookfield Place
    200 Vesey Street, 20th Floor
    New York, New York 10281
    Telephone: (212) 415-8600
    Facsimile: (212) 303-2754
    sjacob@lockelord.com
    akatz@lockelord.com

*Attorneys for Paragraph Partners LLC and Brooklyn Metro Holdings LLC*

LOCKE LORD LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone: (212) 415-8600
Facsimile: (212) 303-2754
Shalom Jacob
Alan H. Katz

*Attorneys for Paragraph Partners LLC
and Brooklyn Metro Holdings LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                                      :
**In re**                                             :
                                                      :         **Chapter 11**
**ALL YEAR HOLDINGS LIMITED,**                        :
                                                      :         **Case No. 21-12051 (MG)**
    Debtor.                                           :
                                                      :
------------------------------------------------------x

**MOTION FOR ENTRY OF AN ORDER (I) DETERMINING
ESCROWED FUNDS ARE DUE TO PARAGRAPH PARTNERS
LLC AND BROOKLYN METRO HOLDINGS LLC
AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Paragraph Partners LLC ("**Paragraph**") and Brooklyn Metro Holdings LLC ("**Brooklyn Metro Holdings**") respectfully represents as follows in support of this motion (the "**Motion**"):

**Relief Requested**

1.     By this Motion, made pursuant to section 11.1(*i*) of the Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited [ECF 289] (the "**Plan**") and paragraph 27 of the Court's Findings of Fact, Conclusions of Law and Order Confirming Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited [ECF 352] (the "**Confirmation**

132991932V.3

Order"), Paragraph and Brooklyn Metro Holdings request that the Court determine that Paragraph and Brooklyn Metro Holdings are entitled to a certain $1,000,000.00 fund placed in escrow by agreement of Paragraph, All Year Holdings Limited ("**All Year**") and AYH Wind Down LLC ("**Wind Down Co**") in connection with the closing of the transactions contemplated in the Investment Agreement, which closing was completed on April 4, 2023.[1]

2. A proposed form of order granting the relief requested herein (the "**Proposed Order**") is annexed hereto as **Exhibit A**. In support of the Motion, Paragraph and Brooklyn Metro Holdings submit the declaration of Joseph Lehmann (the "**Lehmann Declaration**"), attached hereto as **Exhibit B**.

## Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.) and the Court's retention of jurisdiction pursuant to section 11.1(*i*) of the Plan and paragraph 27 of the Confirmation Order. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A.    General Background

4. On the December 14, 2021, All Year commenced this case under chapter 11 of title 11 of the United States Code. All Year, Paragraph and, with respect to certain limited provisions, the Notes Trustee on behalf of the Noteholders, entered into that certain Investment Agreement, dated March 11, 2022 and subsequently amended on April 21, 2022, May 27, 2022, and December 9, 2022 (as amended, the "**Investment Agreement**"). The Investment Agreement provided a

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan.

2

comprehensive restructuring of All Year and was and is the cornerstone of All Year's now confirmed Plan.[2]

5.      The Investment Agreement and the Plan provided that the restructuring would be accomplished by the payment by Paragraph of a contribution (the "**Sponsor Contribution**"), the cancellation of the existing equity interests in All Year and the merger of All Year with a designee of Paragraph. The Investment Agreement required Paragraph to place $4,500,000.00 into escrow as a deposit that would be credited against the Sponsor Contribution.[3]

6.      All Year subsequently determined that it would need additional financial resources to continue the administration of its Chapter 11 case as it progressed toward implementation of the Investment Agreement and the Plan. After discussions and negotiations, Paragraph agreed to allow All Year to draw upon the $4,500,000.00 held in escrow as a debtor-in-possession loan on favorable terms without payment of any commitment or closing fees or the provision of any postpetition liens.

7.      On May 27, 2022, the Court entered an order [ECF 120] authorizing All Year to use the escrowed funds pursuant to a budget attached to the order. According to the budget, which projected expenses through September 30, 2022, All Year began the budget period with approximately $2,278,000.00 of cash, would not receive cash from its subsidiaries, would provide the subsidiaries approximately $1,000,000.00 to support their operations and would pay approximately $3,760,000.00 to its professionals.

8.      All Year subsequently consumed the entire $4,500,000.00 escrow.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan or the Investment Agreement, as applicable.

[3] Initially, the purchase price included cash and credit components. Subsequently, the cash component was amended, the credit component was eliminated, and an additional $4,500,000.00 deposit was placed in escrow.

132991932V.3

**B.    The Closing**

9.     Paragraph subsequently designated a company organized under the laws of the British Virgin Islands, Brooklyn Metro Partners Limited (**"Partners"**), as the entity with which All Year would merge.

10.    Effective April 4, 2023, Partners and All Year, as reorganized pursuant to the Plan, merged. All Year was the surviving entity. Brooklyn Metro Holdings, a Delaware limited liability company that owned Partners, became the sole shareholder of All Year. Paragraph paid Wind Down Co the remaining balance of the Sponsor Contribution, less the escrowed amount at issue in this Motion and further described below, to be administered as provided in the Plan.

11.    On or about April 20, 2023, the reorganized All Year was merged into its sole shareholder, Brooklyn Metro Holdings, which is the surviving entity.

**C.    The Dispute**

12.    The Investment Agreement recited that All Year, which functioned as a holding company, owned, directly and indirectly, equity interests in certain entities through which All Year's Business (a defined term in the Investment Agreement) was conducted. The Investment Agreement refers to these entities as the **"Transferred Entities."**

13.    Section 6.01 of the Investment Agreement, entitled "Conduct of Business Before the Closing," provided in part that All Year:

> shall use commercially reasonable efforts to, and shall use commercially reasonable efforts to cause (solely to the extent under its control, including in light of not being the manager of certain Transferred Entities), the other Transferred Entities to, maintain the Assets in their current condition (in all material respects) and, preserve in all material respects the present business operations, organization and goodwill of the Business, and the present relationships with Persons having significant business relationships with the Business, and the parties to this Agreement shall cooperate with one another and shall take commercially reasonable steps to stabilize the Company's assets, work with mortgage lenders to lower debt service payments, resolve

4

all open litigation, and pay all outstanding debts to facilitate securing a more stable cash flow, all consistent with recent past practice.

14. After Paragraph entered the Investment Agreement and before the closing, Paragraph became aware that the Transferred Entities had accrued substantial unpaid liabilities in the operation of their businesses, of which approximately $3,731,043.50 is allocable to All Year on the basis of its ownership interests in the Transferred Entities, and that during such time certain Transferred Entities had made distributions to their equity owners rather than reduce their liabilities. On March 27, 2023, Paragraph sent All Year a letter demanding that All Year provide a credit against the Sponsor Contribution on account of these unpaid liabilities (the **"Paragraph Letter,"** copy attached hereto as **Exhibit C**). All Year responded with a letter rejecting Paragraph's demand (the **"All Year Letter,"** copy attached hereto as **Exhibit D**).

15. To enable the closing to proceed, Paragraph, All Year and Wind Down Co entered into an agreement with Madison Title Agency, LLC (**"Madison Title"**) pursuant to which Paragraph paid $1,000,000.00 of the Sponsor Contribution to Madison Title to be held in escrow (the **"Escrow"**), and Paragraph and Wind Down Co would have until May 15, 2023 to commence a motion or proceeding in this Bankruptcy Court concerning the claims made in the Paragraph Letter or the All Year Letter. Paragraph paid the balance of the Sponsor Contribution to Wind Down Co and the closing proceeded.

16. Paragraph and Brooklyn Metro Holdings submit that All Year failed to comply with Section 6.01 of the Investment Agreement, resulting in damage to Paragraph and Brooklyn Metro Holdings, and that they are entitled to the funds held in the Escrow.

17. According to information provided by All Year, since May 23, 2022, the Transferred Entities listed in Schedule 1 have distributed $512,000.00 to All Year. Based on ownership percentages, Paragraph and Brooklyn Metro Holdings assume an additional

5

$405,700.00 was distributed to All Year's co-owners, bringing the total distributions to $917,700.00 (the **"Distributions"**). See **Schedule 1** attached to the Lehmann Declaration.

18. Attached as **Schedule 2** to the Lehmann Declaration is a group of schedules provided by All Year showing that the Transferred Entities listed in Schedule 2 have unpaid accrued liabilities totaling $4,926,801.53, of which $3,731,043.50 is allocable to All Year.

19. The Transferred Entities listed in Schedule 1 should not have made distributions as they had accrued, unpaid liabilities. Further, All Year should have used, or should have caused the Transferred Entities to use, the distributions it received to maintain the assets of the Transferred Entities in the condition they were in as of the execution of the Investment Agreement and to preserve All Year's business operations, as required by the Investment Agreement. It appears, however, that the distributions were used for other purposes.[4]

20. All Year's actions were not consistent with its past practices. It had a history of providing financial support to its subsidiaries. All Year's schedules of assets and liabilities list millions of dollars of notes receivable owed All Year by the Transferred Entities. Further, the budget attached to the Court's May 27, 2022 order [ECF 120] authorizing All Year to borrow the escrowed deposit shows that All Year anticipated that it would continue to provide financial support to its subsidiaries. The Investment Agreement required that All Year use the distributions to support the Transferred Entities. It appears that All Year did not do so.

---

[4] Brooklyn Metro Holdings, the successor to the reorganized debtor, is not responsible for the fees of the Debtor's professionals. To the extent such fees were not paid before the Effective Date, they fees are to be paid from a Professional Fees Escrow Account created pursuant to the Plan that is held and managed by Wind Down Co. The Debtor funded the Professional Fees Escrow Account with approximately $1.4 million. Paragraph Partners and Brooklyn Metro Holdings submit that most, perhaps all, of such funds should have been used to maintain the Debtor's assets and business, as required by Section 6.01 of the Investment Agreement.

21. Finally, it has now come to Paragraph's and Brooklyn Metro Holdings' attention that All Year failed to take reasonable actions to obtain extensions of the maturities of certain mortgage loans, including a multi-property mortgage loan owed to Signature Bank.

22. Signature Bank's mortgage loan secured by 648 Myrtle Avenue, 1361 Greene Avenue and 199 Weirfield Street matured on January 10, 2023. Apparently, All Year did not contact Signature Bank in advance of the maturity. Rather, as shown in the email correspondence attached to the Lehmann Declaration as **Exhibit 1**, Signature Bank reached out to All Year on March 9, 2023, with a request for information. All Year repeatedly promised but did not provide the requested information. The loan maturity has not been extended. As a result, Signature Bank is seeking substantial late charges, as reflected in the invoice attached to the Lehmann Declaration as **Exhibit 2**.

23. Section 6.01 of the Investment Agreement required All Year to take commercially reasonable steps to stabilize the Company's assets and work with mortgage lenders to lower debt service payments. Instead, All Year ignored Signature Bank's information request, and the debt service payments owed to it have increased.

24. In sum, as a result of All Year's above-described actions and inactions, the Transferred Entities are worth less than they would have been worth had All Year complied with the Investment Agreement.

25. The failures of All Year to comply with the pre-closing operating requirements of the Investment Agreement devalued the Transferred Entities by at least the $1,000,000.00 amount being held in escrow by Madison Title. Paragraph and Brooklyn Metro Holdings have been damaged and are entitled to the funds being held in escrow.

132991932V.3

26. Paragraph and Brooklyn Metro Holdings respectfully submit that thy are entitled to $1,000,000.00 Escrow being held by Madison Title.

WHEREFORE, Paragraph and Brooklyn Metro Holdings respectfully request that the Court enter the Proposed Order determining that they are to receive $1,000,000.00 from the escrowed funds and granting and such other and further relief as the Court may deem just and appropriate.

Dated: May 15, 2023
New York, New York

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Shalom Jacob*
    Shalom Jacob
    Alan H. Katz
    Brookfield Place
    200 Vesey Street, 20th Floor
    New York, New York 10281
    Telephone: (212) 415-8600
    Facsimile: (212) 303-2754
    sjacob@lockelord.com
    akatz@lockelord.com

    *Attorneys for Paragraph Partners LLC and Brooklyn Metro Holdings LLC*