## **Exhibit C**

**Paragraph Letter**

132991932V.3



80-02 Kew Gardens
Suite 1030
Kew Gardens, NY 11415
212.981.8440
Facsimile 888-442-0284
www.lipsiuslaw.com

IRA S. LIPSIUS
Direct Line: 212-981-8442
Email: ilipsius@lipsiuslaw.com

March 27, 2023

Matthew Goren, Esq.
(via email: matthew.goren@weil.com)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Re:    5273.0001: In re All Year Holdings Limited ("All Year")

Dear Matt:

As you may recall, this firm represents Paragraph Partners LLC ("Paragraph").

Paragraph Partners as it prepares for the closing has serious concerns regarding the unpaid expenses and proper utilization of DIP loan funds.

Section 6.01 of the Investment Agreement requires that All Year:

> shall use commercially reasonable efforts to, and shall use commercially reasonable efforts to cause (solely to the extent under its control, including in light of not being the manager of certain Transferred Entities), the other Transferred Entities to, maintain the Assets in their current condition (in all material respects) and, preserve in all material respects the present business operations, organization and goodwill of the Business ….

Subsequent to execution of the Investment Agreement, Paragraph provided a $4,500,000.00 DIP Loan, which was approved by the Bankruptcy Court on May 27, 2022. According to the DIP Loan Term Sheet, the DIP Loan Proceeds were to:

> be used … to fund general corporate working capital needs in accordance with the DIP Budget …, including, without limitation, to be used to fund the operations and otherwise make payments on account of [All Year's] direct and indirect non-debtor subsidiaries.

March 27, 2023
Mathew Goren, Esq.

According to information we have been provided, All Year's subsidiaries have accrued approximately $ 3,500,000 in unpaid liabilities in the operation of their businesses. Counsel for Paragraph has raised payment of such liabilities a number of time and has advised me that it was understood that, as is typically the case, the liabilities would be paid at closing. It appears that based upon recent conversations with counsel, conversations in which I did not participate, and review of the closing documents your firm has provided, All Year does not intend to satisfy these liabilities. Please advise whether All Year will satisfy these liabilities.

It appears the DIP Loan Proceeds were used for other purposes, in contravention of All Year's obligation under Section 6.01 of the Investment Agreement.

Paragraph hereby demands that All Year provide a credit against the Purchase Price in the amount of the unpaid liabilities of its subsidiaries.

Paragraph is currently reviewing the documents provide and will provide an exact amount by day's end.

Further, to the extent that such liabilities remain unpaid, Paragraph objects to the transfer of funds into the Professional Fees Escrow Account. To do so would be a further breach of the Investment Agreement and the terms of the DIP Loan.

Please provide a prompt response to this demand.

Paragraph reserves all rights.

Very truly yours,

LIPSIUS-BENHAIM LAW, LLP

Ira S. Lipsius

cc:    Shalom Jacob