CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 655-6000
Michael Friedman
David T. B. Audley
Eric S. Silvestri

*Counsel to Assaf Ravid, as Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
**In re**                                         :    **Chapter 11**
:
**ALL YEAR HOLDINGS LIMITED,**                    :    **Case No. 21-12051 (MG)**
:
**Debtor.**                                       :
:
:
------------------------------------------------------------X

### DECLARATION OF ASSAF RAVID IN SUPPORT OF OMNIBUS *EX PARTE* APPLICATION OF PLAN ADMINISTRATOR FOR ORDER (I) AUTHORIZING ISSUANCE OF SUBPOENAS AND (II) GRANTING RELATED RELIEF

I, Assaf Ravid, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:[1]

1.  Following confirmation of the Plan, I serve as Plan Administrator vested with authority over "Excluded Assets" of the Debtor as defined in the Plan (as defined below), which include "any and all claims and Causes of Action, whether known or unknown, contingent,

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the *Omnibus Ex Parte Application of Plan Administrator for Order (I) Authorizing Issuance of Subpoenas and (II) Granting Related Relief* filed contemporaneously herewith.

liquidated or disputed, that the Debtor, the Noteholders, or the Notes Trustee may have against any third-parties." *See Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited* [ECF No. 289] (the "**Plan**") § 1.42.

2. During the course of the chapter 11 case, the Plan Administrator learned of additional facts that merit further inquiry, particularly concerning the Debtor's cash and real estate assets.

3. In 2019, the Debtor sold a property for approximately $20 million, and deposited the proceeds of that sale in a bank account with UBS (the "**UBS Account**").

4. The account where Goldman deposited the Debtor's $20 million was held by All Year Holdings LLC ("**AYH LLC**"), an entity wholly owned by the Debtor and, to the best of my knowledge, at that time, controlled by Goldman.

5. At the same time, Goldman opened a line of credit with UBS in the name of AYH LLC in the amount of approximately $20 million. As collateral for this line of credit, Goldman pledged the $20 million in sale proceeds in the UBS Account.

6. Later, the independent Board members requested that the $20 million in proceeds from the sale of the property be sent to the Notes Trustee, but Goldman was unable to do so because those he had pledged those funds as collateral for the line of credit.

7. Despite several requests to Goldman, he has refused to provide clarity surrounding these cash transfers. Thus, other than their existence, little else can be discovered about these transfers without the aid of subpoenas for testimony and documents to the individuals and entities who either received funds or caused the transfers to take place.

8. The account statements also showed other unexplained transfers, including: (1) a $5 million transfer to Madison Title Agency in early 2019 (2) an $800,000 transfer to

Rockaway NY Equities, with whom the Plan Administrator is not familiar; (3) a $3.5 million transfer to Greenrock Capital LLC, (4) several multi-million-dollar transfers to Tratner and Associates, (5) a $2,000,000 transfer to Mr. Jeffrey Zwick, and (6) a total of $998,000 in transfers to UBS Financial Services, where the AYH LLC account was known to be held.

9. Since confirmation of the Plan, the Plan Administrator has pursued its investigation with urgency. The Plan Administrator has, for instance, engaged directly with certain of the individuals and entities who may have information or documents on these transfers, and in some cases their legal representatives. However, these efforts have not yielded the clarity required for the Plan Administrator to perform his duties related to administration of the Claims. This is because some of these individuals and entities, particularly Goldman, have yet to offer any forthright cooperation and have not made themselves available for meaningful discussions or interviews nor provided documents to the Plan Administrator.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: September 15, 2023
New York, New York

/s/ Assaf Ravid
Assaf Ravid,
Plan Administrator
Former Chief Executive Officer and
Chief Restructuring Officer of All
Year Holdings Limited